IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DuPREE LAMONT ADKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-0458-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 17). Also before the court is plaintiff's "Motion for Declaratory Judgment" (ECF No. 19).

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Rule 8 requires a complaint contain a short and plain statement of the claim. In this case, plaintiff's first amended complaint consists of 89 hand-written pages of factual allegations, some referencing various exhibits which are not attached. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. In particular, the court is unable to readily evaluate whether plaintiff's first amended complaint cures the defects identified in the court's June 25, 2019, screening order addressing the original complaint. This difficulty is compounded by plaintiff's reference to unattached exhibits. The first amended complaint will be dismissed with leave to amend.

In this regard, the court notes that plaintiff has filed a "Motion for Declaratory Judgment" pursuant to 28 U.S.C. §§ 2201 and 2202. Section 2201 provides that, upon the filing of an appropriate pleading, the court may grant declaratory relief. See 28 U.S.C. § 2201(a) (emphasis added). Section 2202 permits the court to grant further relief as may be necessary based on a declaratory judgment. See 28 U.S.C. § 2202. Neither provision permits declaratory relief by way of motion. To the contrary, declaration relief is sought in an appropriate pleading, such as a complaint. If plaintiff seeks a declaratory judgment pursuant to § 2201, he may seek such relief in any first amended complaint filed pursuant to this order.

Finally, because the original complaint states cognizable claims which are appropriate for service, plaintiff is advised that the action will proceed on the original complaint is plaintiff fails to file an amended complaint within the time provided.

/ / /

/ / /

/ / /

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 17) is dismissed with leave to amend;

2. Plaintiff may file a second amended within 30 days of the date of this order; and

3. Plaintiff's "Motion for Declaratory Judgment" (ECF No. 19) is denied without prejudice to seeking such relief in a second amended complaint.

Dated: October 2, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE