IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | No.  2:19-CV-0458-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's second amended complaint (ECF No. 23) and supplemental complaint (ECF No. 24).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Plaintiff's second amended complaint is generally incoherent and difficult to decipher across its fifty-five pages of allegations.  Additionally, it refers to nearly 170 pages of attached documents which purportedly support the factual allegations against the defendants.  Plaintiff references the attached exhibits in their entirety, which tend to be lengthy themselves and include their own exhibits, rendering plaintiff's allegations indefinite.  Furthermore, plaintiff's supplemental complaint is ambiguous as to whether it attempts to bring a separate § 1983 claim or supplement a claim stated in the second amended complaint.  Plaintiff alleges spoliation of evidence on the basis that either he was prevented from attaining records he is entitled to possess or that unattached documents show defendants are withholding records from plaintiff.  See ECF No. 24.  Plaintiff also appears to allege the records are related to his legal mail claim in the second amended complaint.  See id. at 2.

This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly to give defendants fair notice of plaintiff's claims.  To the contrary, plaintiff's complaint would require the court to comb through 222 pages of documents in order to determine whether plaintiff has stated any claims upon which relief can be granted.  The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims in a way that satisfies the rules.  The complaint will be dismissed with leave to amend.  This is the second screening order directing plaintiff to abide by Rule 8 requirements.  See ECF No. 20. Once again, plaintiff is cautioned that failure to file an amended complaint within the time specified herein may result in dismissal of the entire action.  See Local Rule 110.

1  Accordingly, IT IS HEREBY ORDERED that:

2      1.    Plaintiff's second amended complaint (ECF No. 23) and supplemental complaint (ECF No. 24) are dismissed with leave to amend; and

    3.    Plaintiff shall file a third amended complaint, setting forth all his allegations in a single pleading, within 30 days of the date of this order.

Dated: July 21, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3