**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUPREE LAMONT ADKINS, | No. 2:19-CV-0458-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| SCOTT KERNAN, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for reconsideration (ECF No. 26) of the Court's July 21, 2020 order.

   On July 21, 2020, the Court found that plaintiff's second amended complaint, ECF No. 23, and supplemental complaint, ECF No. 24, did not conform to the required pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Specifically, the Court stated that:

> . . .Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's second amended complaint is generally incoherent and difficult to decipher across its fifty-five pages of allegations. Additionally, it refers to nearly 170 pages of attached documents which purportedly support the factual allegations against the defendants. Plaintiff references the attached exhibits in their entirety, which tend to be lengthy themselves and include their own exhibits, rendering plaintiff's allegations indefinite. Furthermore, plaintiff's supplemental complaint is ambiguous as to whether it attempts to bring a

///

separate § 1983 claim or supplement a claim stated in the second amended complaint.

ECF No. 25, pg. 2.

In response, plaintiff submitted this motion for reconsideration. Specifically, plaintiff wishes to dismiss his supplemental complaint and proceed on his second amended complaint. See ECF No. 26, pg. 1. Accordingly, the Court construes plaintiff's motion as a motion to withdraw the supplemental complaint. So construed, plaintiff's motion is granted and the Clerk of the Court is directed to mark plaintiff's supplemental complaint, ECF No. 24, as withdrawn.

However, plaintiff is also notified that his second amended complaint, even proceeding on its own, violates Rule 8 of the Federal Rules of Civil Procedure for the reasons previously outlined. Therefore, plaintiff is still required to file a third amended complaint pursuant to the Court's July 21, 2020 order. Plaintiff is warned that failure to file an amended complaint within the time provided may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

IT IS SO ORDERED.

Dated:  August 11, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE