1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DUPREE LAMONT ADKINS,              No. 2:19-CV-0458-JAM-DMC-P

12              Plaintiff,

13        v.                           ORDER

14   SCOTT KERNAN, et al.,

15              Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C.

18   § 1983. Before the Court is Plaintiff's third amended complaint. ECF No. 39. The complaint is

19   substantially similar to his previous complaint and does not adequately cure defects identified in

20   the previous screening order. The Court grants Plaintiff leave to amend.

21                          **I. SCREENING REQUIREMENT**

22          The Court must screen complaints from prisoners seeking relief against a

23   governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any

24   cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to

25   state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

26   immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

27          A complaint must contain a short and plain statement of the claim that a plaintiff is

28   entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff brings suit against thirteen defendants. ECF No. 39 at 1–3. Plaintiff names thirteen employees of the California Department of Corrections and Rehabilitation (CDCR): (1) Scott Kernan, former Secretary of CDCR; (2) Deborah Blackwell, a correctional lieutenant at California State Prison, Solano (CSP-Solano); (3) R. Neuschmid, warden of CSP-Solano; (4) Russell Douglas, a correctional lieutenant at CSP-Solano; (5) M. Dernoncourt, a correctional captain at CSP-Solano; (6) M. McComas, a correctional counselor at CSP-Solano; (7) Angela Sherman, a psychologist at CSP-Solano; (8) J. Lee, a correctional officer at CSP-Solano; (9) L. Garcia, a correctional counselor at CSP-Solano; (10)  E. Arnold, a correctional officer at CSP

2

Solano; (11) Ms. M. Doe,[1] a correctional officer at CSP-Solano; (12) J. Gastelo, warden of California Men's Colony (CMC); and (13) McQuaid, a correctional officer at CMC. Id.

Plaintiff's third amended complaint is 204 pages.[2] The substantive complaint is forty-seven pages. See id. at 1–47. Varied attachments, such as medical records and copies of administrative grievances and decisions, comprise the rest.[3] See id. at 48–204. In all, about 160 pages of documents are attached. See id. The complaint is often vague and conclusory, only ever interspersed with specifics. See id. at 1–47. Plaintiff regularly cites to the attachments to support or supplement his allegations. See id. Due to the complaint's length and vagueness (and the similarity to Plaintiff's previous complaints) the Court provides a summary of the allegations derived from Plaintiff's pleading.

As in his previous complaints, Plaintiff contends that Defendants violated his Fourteenth Amendment due process rights by denying him the chance to call witnesses and have other assistance during an Administrative Segregation Unit (ASU) hearing. Id. at 7. Plaintiff also alleges that Defendants falsified the reasons for assigning him to the ASU, denied him proper notice of the reasons for assignment to the ASU, and disregarded his disabilities. See id. at 6–16.

Continuing his Fourteenth Amendment claims, Plaintiff alleges that Defendants denied him equal protection. Id. at 17–23. He contends that he is a member of a protected class, ostensibly because he participates in the Enhanced Outpatient Program (EOP) that provides intensive healthcare to inmates with mental impairments. See id. It appears that Plaintiff argues that Defendants violated his equal protection rights in transferring him to ASU without a legitimate penological interest for doing so. See id.

Plaintiff, finally, alleges a few Eighth Amendment claims related to medical care and conditions of confinement. Id. at 24–44. In sum, he asserts that Defendants denied him adequate care and were deliberately indifferent in assigning him to ASU because they totally deprived him of exercise and other "structured therapeutic activities." Id. Plaintiff, for instance, identifies several

---

[1] "Ms. M. Doe" is, according to Plaintiff, a Jane Doe who's first initial is "M."

[2] The submission is 205 pages, but the Court does not include the certificate of service as part of the page count.

[3] Plaintiff also includes several copies of irrelevant documents, such as crossword puzzles and inspirational quotations. See, e.g., ECF No. 39 at 100, 124, 135, 138, 181, 178.

instances in which Defendants allegedly denied exercise for a handful of days at a time. Id.

### III. DISCUSSION

The Court has screened three prior complaints. The Court screened Plaintiff's original complaint, first amended complaint, and second amended complaint. See ECF Nos. 16, 20, 25. The Court, in its first screening order, identified several defects in the original complaint. See ECF No. 16. For example, that the Court found Plaintiff had not stated an Eighth Amendment claim related to exercise because he had not been totally deprived of exercise. Id. at 13. The Court, in the two most recent screening orders, dismissed Plaintiff's first and second amended complaints with leave to amend because they did not comply with Rule 8. ECF Nos. 20, 25. The most recent screening order specifically dismissed Plaintiff's complaint because it was excessive (roughly 222 pages), largely incoherent, difficult to understand, and open-endedly referred to lengthy exhibits (some of which included further exhibits). See ECF No. 25 at 2.

Plaintiff now submits a third amended complaint. ECF No. 39. In practical essence, however, the amended complaint is the same as the prior complaint, and nearly as long. Compare ECF No. 23, with ECF No. 39. Most of the factual allegations appear to be the same. Compare ECF No. 23, with ECF No. 39. In addition to including the numerous attachments, Plaintiff, in large part, apparently just regularly inserts language that the Court used in its first screening order (among some other case language). Compare ECF No. 16, with ECF No. 39.

For example, Plaintiff reasserts that he was intermittently denied outdoor exercise for a handful of days as he was transferred among prisons and units, which the Court found inadequate to state an Eighth Amendment claim. See, e.g., ECF No. 39 at 36; see also ECF No. 16 at 13. Now Plaintiff contends that substantially the same conduct resulted in "total deprivation of outdoor exercise," which is language the Court used in the first screening order. See, e.g., ECF No. 39 at 36; see also ECF No. 16 at 13. By way of further example, in finding Plaintiff's Fourteenth Amendment due process claim insufficient, the Court wrote that one of elements that Plaintiff must show in regard to a state-created liberty interest is that a deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." ECF No. 16 at 5. Plaintiff includes that language in attempting to cure the due process claim but otherwise

4

1   reasserts facts and claims that the Court found insufficient. See id.; see also ECF No. 39 at 5, 8–9.

2   Moreover, although Plaintiff occasionally cites to specific pages of his attachments,

3   he usually just includes a citation without explanation. See, e.g., ECF No. 39 at 8–15, 34–43. That

4   is to say, Plaintiff frequently does not indicate how an attachment supports an allegation (e.g., that

5   a Defendant acted with a culpable state of mind or blatantly ignored a claim). E.g., id. What is

6   more, some of the attachments include multiple, distinct documents, rendering any general citation

7   to them unclear in the absence of explanation. See id. at 47–204.

8   The Federal Rules of Civil Procedure do not require any technical form of pleading.

9   Fed. R. Civ. P. 8(d)(1). But Rule 8 does mandate a *short* and *plain* statement that Plaintiff is entitled

10   to relief. Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ.

11   P. 8(d)(1). Even if the factual elements of a cause of action are present in a complaint, if they are

12   scattered and not organized into a short, plain statement of a claim, dismissal for failure to comply

13   with Rule 8 is appropriate. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177–78 (9th Cir. 1996).

14   A complaint's length is not, by itself, grounds for dismissal of a complaint. E.g.,

15   Hearns v. County of San Bernardino Police Dep't, 530 F.3d 1124, 1131–32 (9th Cir. 2008).

16   Nevertheless, to name only a few examples, dismissal is permissible when complaints are

17   excessively long, confusing, redundant, conclusory, largely irrelevant, or when it is impossible to

18   designate the claims or against whom they are alleged. See id. at 1130–33. Indeed, although the

19   United States Court of Appeals for the Ninth Circuit has held that verbosity is not alone grounds

20   for dismissal, no precedent has ever sanctioned complaints of unlimited length and unreadability.

21   E.g., United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058–59 (9th

22   Cir. 2011). At base, a complaint does not comply with Rule 8 if a party cannot determine who is

23   being sued, for what conduct, and on what theory of liability. See, e.g., McHenry, 84 F.3d at 1178.

24   Pleadings that violate Rule 8 defeat the Rule's purpose of giving defendants fair notice of what the

25   claims against them are and the grounds upon which they rest. See id.; Twombly, 550 U.S. at 555.

26   It is true, of course, that the Court must liberally construe Plaintiff's complaint,

27   especially because this action is a civil rights case E.g., Litman v. Harris, 768 F.3d 1237, 1241 (9th

28   Cir. 2014). But the Court—to say nothing of thirteen defendants—cannot be expected to wade

through a conclusory mass of allegations and facts spread across 204 pages in order to pinpoint the essentials of Plaintiff's claims. E.g., Cafasso, 637 F.3d at 1058–59; McHenry, 84 F.3d at 1178; see Jacobson v. Schwarzenegger, 226 F.R.D. 395, 396–97 (C.D. Cal. 2005). The liberality with which the Court must construe Plaintiff's complaint is not an invitation to wholly disregard the rules that bind each litigant who brings a controversy before the federal judiciary. See Cafasso, 637 F.3d at 1058–59; McHenry, 84 F.3d at 1178–80. It is not the Court's job to cobble together cognizable claims from an inadequate pleading. See Hearns, 530 F.3d at 1132 (citation omitted).

The Court acknowledges that Plaintiff's new complaint is an attempt to comply with the Court's previous order. And his third amended complaint is closer to passing muster. But the submission misses the mark. Haphazardly submitting an additional *160* pages to the Court without adequately explaining their relevance is insufficient.[4] That method does not satisfy Rule 8.

Most importantly, given the length and vagueness of Plaintiff's complaint, it is largely unclear the extent to which he actually amended his factual assertions to cure defects that the Court previously identified. Plaintiff must clearly state his claims and allegations. Merely interspersing language from the Court's orders or other legal codewords is insufficient when Plaintiff has not addressed the substance of identified defects (e.g., by mostly realleging facts insufficient to state a particular claim). The Court will not undertake a side-by-side comparison of Plaintiff's submissions to locate differences scattered across hundreds of pages.

The exceptional prolixity of Plaintiff's complaint, combined with its general indefinite and conclusory nature, warrant dismissal under Rule 8. See Cafasso, 637 F.3d at 1058–59; McHenry, 84 F.3d at 1178–80; see also Hearns, 530 F.3d at 1130–33 (citing cases in which the Ninth Circuit upheld dismissal of a complaint under Rule 8); Calloway v. Martel, No. 2:20-cv-01384-CKD P, 2021 WL 215574, at *1–2 (E.D. Cal. Jan. 21, 2021); Adkins v. Gastelo, No. EDCV 19-1137-FMO-KS, 2019 WL 6435070, at *2, 5–6 (C.D. Cal. Oct. 3, 2019).

The Court will grant Plaintiff leave to amend. Plaintiff must comply with both Rule 8 *and* the Court's prior screening orders. Plaintiff should clearly address the defects that the Court

---

[4] Again, in Plaintiff's defense, he cites to attachments to support various allegations and does not just attach them to the complaint with *no* reference. See, e.g., ECF No. 39 at 8–15, 24–33. But the conclusory citation to attachments in support of often equally conclusory allegations does not satisfy the pleading standard.

identified in its prior order, including by addressing any factual defects. And he should also *concisely* and plainly identify the defendants he is suing, why he sues those defendants, and what relief he is seeking. See Fed. R. Civ. P. 8(a); see also Cafasso, 637 F.3d at 1058–59; McHenry, 84 F.3d at 1178–80. Continued failure to materially follow screening orders or the Federal Rules may result in the Court recommending dismissal under Federal Rule of Civil Procedure 41(b). The Court will direct that Plaintiff be sent a copy of the first screening order so that he may review it and adequately address the substance of the defects identified.

## IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1                Accordingly, IT IS HEREBY ORDERED that:

2                1.     Plaintiff's third amended complaint (ECF No. 39) is dismissed with leave to

3    amend.

4                2.     Plaintiff shall file a fourth amended complaint within 30 days of the date of

5    this order.

6                3.     The Clerk of the Court is directed to send Plaintiff a copy of the Court's first

7    screening order (ECF No. 16) alongside a copy of the present order.

8

9

10    Dated:  August 24, 2021

11    _____

12    DENNIS M. COTA
      UNITED STATES MAGISTRATE JUDGE

8