IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTT KERNAN, et al.,<br><br>  Defendants. | No. 2:19-CV-0458-DAD-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for reconsideration of the Court's June 6, 2023, order denying Plaintiff's motions to compel. See ECF No. 91. Defendants have filed an opposition. See ECF No. 94. Plaintiff has filed a reply. See ECF No. 96.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).

/ / /

/ / /

/ / /

1

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

In the June 6, 2023, order denying Plaintiff's motions to compel, the Court stated:

> . . . Pending before the Court are the following:
>
> ECF No. 73    Plaintiff's motion to compel discovery responses.
>
> ECF No. 74    Plaintiff's motion to compel Defendants to provide a return address on mailings.
>
> Defendants have filed a response to both motions. See ECF No. 75. Plaintiff has filed a reply. See ECF No. 76.
> Notwithstanding Defendants' contention that Plaintiff failed to comply with the meet-and-confer requirements for his motions, the Court finds that relief is not warranted. As to Plaintiff's motion to compel discovery from a "Doe" defendant, the Court cannot compel an unknown and unserved party to provide discovery. As to Plaintiff's motion relating to a lack of a return address on mailings, the Court accepts Defendants' representation that any such omission was the result of an innocent oversight which has not since been repeated.
>
> ECF No. 86.

1           Plaintiff states that his motion for reconsideration is brought pursuant to Rule 60(b).

2    <u>See</u> ECF No. 91, pg. 1.  Plaintiff asks the Court to compel Defendant Sherman to provide further

3    responses to his first set of interrogatories.  <u>See</u> <u>id.</u> at 3.  The Court finds no basis for reconsideration

4    of the June 6, 2023, order because that order did not relate to motions to compel further discovery

5    responses from Defendant Sherman.  To date, Plaintiff has not filed any motion to compel related to

6    discovery propounded to Defendant Sherman, and the Court has issued no orders regarding discovery

7    propounded to Defendant Sherman.

8           Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration,

9    ECF No. 91, is DENIED.

10

11   Dated:  February 16, 2024

12                                             _____
                                               DENNIS M. COTA
13                                             UNITED STATES MAGISTRATE JUDGE