IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | No. 2:19-CV-0458-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. §1983. Pending before the Court is Defendants' motion to dismiss. See ECF No. 88. Plaintiff filed an opposition. See ECF No. 90. Defendants have filed a reply. See ECF No. 95.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1

See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

2

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's fifth amended complaint. See ECF No. 79. Plaintiff brings suit against thirteen defendants. ECF No. 79 at 2-4. Plaintiff names thirteen defendants: (1) Scott Kernan, former Secretary of the California Department of Corrections and Rehabilitation (CDCR); (2) Deborah Blackwell, a correctional lieutenant at California State Prison, Solano (CSP-Solano); (3) R. Neuschmid, warden of CSP Solano; (4) Russell Douglas, a correctional lieutenant at CSP-Solano; (5) M. Dernoncourt, a correctional captain at CSP-Solano; (6) M. McComas, a correctional counselor at CSP-Solano; (7) Angela Sherman, a psychologist at CSP-Solano; (8) M. Fergoso, a correctional officer at CSP-Solano; (9) J. Lee, a correctional officer at CSP-Solano; (10) L. Garcia, a correctional counselor at CSP-Solano; (10) E. Arnold, a correctional officer at CSP Solano; (11) E. Arnold, a correctional officer at CSP-Solano who held the rank of Associate Warden; (12) J. Gastelo, warden of California Men's Colony (CMC); and (13) McQuaid, a correctional officer at CMC. See id. Defendant Fergoso, who had been named as a Doe defendant in the fourth amended complaint, is now identified in the fifth amended complaint. Defendant Fergoso has not been served.[1]

Plaintiff brings four claims. See id. at 6-34. Claim I alleges denial of equal protection in violation of the Fourteenth Amendment. See id. at 6. Claim II alleges deliberate indifference to Plaintiff's serious mental health needs in violation of the Eighth Amendment. See id. at 15. Claims III and IV allege deliberate indifference to serious medical needs and deprivation of basic necessities in violation of the Eighth Amendment. See id. at 24.

For Claim I, Plaintiff contends that he is part of a protected class because he is enrolled in the Enhanced Outpatient Program (EOP), which provides intensive outpatient medical care. See id. at 6. Plaintiff claims that Defendants violated his equal protection rights in transferring him to the Administrative Segregation Unit (ASU) without a legitimate penological interest for doing so, which resulted in Plaintiff being denied EOP programming. See id. at 6-14.

///

---

[1] By separate order issued herewith, the Court will direct service on Defendant Fergoso under the Court's E-Service program.

3

1   　　　　　For Claim II, Plaintiff alleges Eighth Amendment claims related to medical care
2   and conditions of confinement.  See id. at 22-24.  In sum, Plaintiff asserts that Defendants denied
3   him adequate care and were deliberately indifferent in assigning him to ASU because they were
4   unable to treat his serious mental health needs and did not allow him to take structured
5   therapeutic activities.  See id. at 23.
6   　　　　　For Claims III and IV, Plaintiff alleges Defendants acted with deliberate
7   indifference in denying Plaintiff his prescription for ointment to treat his scalp.  See id. at 24.  The
8   denial of treatment caused Plaintiff to suffer from an itchy scalp that would blister.  See id.  The
9   blisters would pop, leaving blood and pus in Plaintiff's bedding.  See id.  Plaintiff also alleges that
10  he suffered from elevated blood pressure and reiterates his second claim.  See id. at 25-27.
11  Finally, Plaintiff alleges that he was given itchy soap and defective toothpowder and not
12  consistently fed.  See id. at 32.
13
14  　　　　　　　　　　　　　　**II.  DISCUSSION**
15  　　　　　In their motion to dismiss, Defendants argue: (1) all claims against Defendant
16  Kernan, the former Secretary of the CDCR, should be dismissed because Plaintiff has not alleged
17  facts to show Defendant Kernan's personal involvement in a constitutional violation; and (2) all
18  claims against Defendants acting in their official capacities are barred.  See ECF No. 88.
19  　　　**A.**　　**Capacity**
20  　　　　　Defendants contend that Plaintiff cannot maintain a suit for damages against them
21  in their official capacity.  See ECF No. 88, pgs. 10-11.  Defendants further argue that, to the
22  extent Plaintiff is attempting to pursue official capacity claims for injunctive relief, any such
23  claims have been mooted by Plaintiff's transfer from CSP-Solano.  See id. at 10.
24  　　　　　1.　　Damages Claims
25  　　　　　The Eleventh Amendment prohibits federal courts from hearing suits brought
26  against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.
27  Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition
28  extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc). Consistent with this rule, the Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

Here, to the extent Plaintiff sues Defendants in their official capacities for damages, the case is essentially a suit against the CDCR, the entity for which Defendant works. Such a suit is barred under the Eleventh Amendment.  The Court agrees with Defendants and recommends that any official capacity damages claims be dismissed and that this action proceed on Plaintiff's damages claims only as against Defendants in their individual capacities.

        2.      Injunctive Relief Claims

The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities.  See id.  Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities.  See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).  Defendants argue that, to the extent Plaintiff seeks injunctive relief as against Defendants, who except Kernan are officials at CSP-Solano, his claims are now moot because Plaintiff is no longer incarcerated at that facility.  The Court agrees.  If an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back, which has not been demonstrated here.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

B. **Defendant Kernan**

Defendant Kernan argues that Plaintiff does not sufficiently allege facts that could sustain an action against him. See ECF No. 88, pgs. 5-10.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

For Claim I, Plaintiff alleges that Defendant Kernan intentionally discriminated against Plaintiff by causing him to be housed in a non-EOP facility, which denied Plaintiff EOP level of care for him serious medical needs.  ECF No. 79 at 12. Plaintiff also alleges that Defendant Kernan failed to take any action after being placed on notice of Plaintiff's transfer.  To sustain a claim, Plaintiff would have to allege that Defendant Kernan ordered or caused the transfer.  Merely alleging Defendant Kernan could have but did not stop the transfer is insufficient to sustain a claim of supervisory liability against Defendant Kernan.

For Claim II, Plaintiff alleges Defendant Kernan created a custom allowing such deliberate indifference to Plaintiff's serious mental health needs, thus causing Plaintiff pain, suffering, and mental health trauma. For Claim II, Plaintiff does not allege that Defendant Kernan was **aware** of the denial of his mental health treatment, but instead that Defendant Kernan "created a custom allowing the deliberate indifference. . . ." ECF No. 79 at 23.  However, this is a vague and conclusory allegation unsupported by specific facts as Plaintiff does not describe this alleged "custom."  Rather, it appears that Plaintiff's allegation rests on the notion that Defendant Kernan failed to properly train or supervise subordinates.  Plaintiff's claims against Defendant Kernan cannot survive a motion to dismiss.  Id. at 24.

Defendant Kernan is not named within Claims III or IV. See id. at 25-34

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ /

/ / /

## III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1. Defendants' motion to dismiss, ECF No. 88, be GRANTED.
2. Defendant Kernan be DISMISSED for failure to state a claim.
3. Plaintiff's damages claims against Defendants in their official capacities be DISMISSED.
4. Plaintiff's injunctive relief claims be DISMISSED as moot.
5. This action proceed as against all remaining named Defendants in their individual capacities on Plaintiff's fifth amended complaint.
6. Defendants be required to file an answer to the fifth amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(l) provisions. Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 8, 2024

DENNIS M. COTA  
UNITED STATES MAGISTRATE JUDGE