ROB BONTA, State Bar No. 202668
Attorney General of California
LYNDSAY CRENSHAW, State Bar No. 246743
Supervising Deputy Attorney General
JIAYE ZHOU, State Bar No. 351483
Deputy Attorney General
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone:  (619) 738-9694
  Fax:  (619) 645-2581
  E-mail:  jiaye.zhou@doj.ca.gov
*Attorneys for Defendants Sherman, McComas, McQuaid, Blackwell, Lee, Neuschmid, Garcia, Arnold, Dernoncourt, Gastelo, Douglas, and Fregoso*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DUPREE LAMONT ADKINS,**<br><br>Plaintiff,<br><br>v.<br><br>**KERNAN, et al.,**<br><br>Defendants. | 2:19-cv-00458-DAD-DMC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT; DEMAND FOR A JURY TRIAL**<br><br>Judge:   The Honorable Dale A. Drozd<br>Trial Date:   Not set.<br>Action Filed:   March 14, 2019 |

Defendants Sherman, McComas, McQuaid, Blackwell, Lee, Neuschmid, Garcia, Arnold, Dernoncourt, Gastelo, Douglas, and Fregoso (Defendants) hereby answer Plaintiff Dupree Adkins (K-50645)'s Fifth Amended Complaint (FAC) filed on April 5, 2023, as follows.[1] (ECF No. 79). Except where expressly admitted, Defendants deny all material allegations in the FAC.

---

[1] For ease of reference, Defendants refer to the FAC by its page numbers and paragraph numbers.

1

### A. JURISDICTION

In response to page one, "Jurisdiction," Defendants admit that this Court has jurisdiction over this dispute. Defendants also admit that the alleged violations occurred at California State Prison-Solano (CSP-Solano).

### B. DEFENDANTS

In response to page one, "Defendants," the Court dismissed all claims against Defendant S. Kernan. (ECF No. 108). Accordingly, Defendants need not respond to allegations concerning Defendant Kernan. In the same order, the Court dismissed all damage claims against Defendants in their official capacities. (ECF No. 108). As such, Defendants need not respond to allegations concerning Defendants' official capacities. Defendants admit that the remaining Defendants were employed in the capacity alleged at the time of the alleged incidents.

### C. PREVIOUS LAWSUITS

In response to "Previous Lawsuits," Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them.

### D. CLAIM I - EQUAL PROTECTION

In response to page three, "Claim I," Defendants deny the allegations in this section regarding Plaintiff's equal protection claims and intentional discrimination claims as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to page three, "Injury," Defendants lack sufficient information or knowledge to admit or deny any allegations and, therefore, deny them.

In response to page three, "Administrative Remedies," Defendants admit that an inmate appeal or administrative process is available at Plaintiff's institution. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph one, Defendants admit that the Enhanced Outpatient Program (EOP) provides care to mentally disordered inmate-patients. However, Defendants lack sufficient information or knowledge to admit or deny Plaintiff's allegations and, therefore, deny them.

In response to paragraph two, Defendants admit that the California Department of Corrections and Rehabilitation provides inmates access to mental health services through its Mental Health Services Delivery System (MHSDS).  Defendants also admit that the MHSDS offers comprehensive services and a continuum of treatment for all required levels of care, including treatment services provided by multiple clinical disciplines and development and update of treatment plans by an Interdisciplinary Treatment Team (IDTT).  However, Defendants lack sufficient knowledge or information to admit or deny the remaining allegations about the "Interdisciplinary Treatment Team (IDTT)" and, therefore, deny them.

In response to paragraph three, Defendants lack sufficient knowledge or information to admit or deny Plaintiff's allegations and, therefore, deny them.

In response to paragraph four, Defendants lack sufficient knowledge or information to admit or deny Plaintiff's allegations regarding "ten hours per week of structured therapeutic activities" and, therefore, deny them.

In response to page 3-A, paragraph five, Defendants admit that an inmate appeal or administrative process is available at Plaintiff's institution.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph six, Defendants admit that CSP-Solano was not designated as an EOP hub institution within the Mental Health Services Delivery System.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph seven, Defendants admit that on November 27, 2017, Plaintiff had benign essential hypertension, chest pain (unspecified), dysthymic disorder, esophageal reflux, benign hypertension, lipidemia, recurrent major depressive disorder, severe episode with psychosis, and pure hypercholesterolemia.  Defendants lack sufficient information or knowledge to admit or deny Plaintiff's remaining allegations in this section and, therefore, deny them.

In response to paragraphs eight and nine, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph ten, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph eleven, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them. Defendants further deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph twelve and thirteen, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph fourteen, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them. Defendants further deny the remaining allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph fifteen, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph sixteen, Defendants admit that on August 30, 2017, and on October 18, 2017, Dr. Sherman was present at the ICC meetings and confirmed the "Subject had the ability to understand ICC proceedings and his mental health was stable with no decompensation." However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph seventeen, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph eighteen, Defendants admit that on October 12, 2017, Nurse Spurgeon observed that Plaintiff's blood pressure was elevated. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph nineteen, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them.

In response to paragraphs twenty to twenty-one, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph twenty-two, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph twenty-three, Defendants admit that the August 30, 2017, Committee Comments state that "[p]revious ICC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to allegations of conspiracy to introduce a controlled substance into the facility."

In response to paragraphs twenty-four to twenty-five, Defendants deny the allegations in the sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations and, therefore, deny them.

In response to paragraph twenty-six, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph twenty-seven, Defendants admit that on October 11, 2017, Lieutenant Douglas prepared the ASU Placement Notice, which reads "[Plaintiff is] deemed a threat to the safety and security of this institution, its staff and inmates…A review of SOMS revealed that [Plaintiff is] not a participant in the Mental Health Services Delivery System at any level of care."

In response to paragraph twenty-eight, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph twenty-nine, Defendants lack sufficient information or knowledge to admit or deny the allegations regarding Plaintiff's threat assessment and, therefore, deny them.

In response to paragraphs thirty to thirty-two, Defendants deny the allegations in the sections as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph thirty-three, Defendants admit that Plaintiff was admitted to Mental Health Crisis Bed briefly in February of 2018.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations regarding Plaintiff's threat assessment and, therefore, deny them.

In response to paragraphs thirty-four and thirty-five, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraphs thirty-six to thirty-nine, the Court dismissed all claims against Defendant S. Kernan.  (ECF No. 108).  Accordingly, Defendants need not respond to allegations concerning Defendant Kernan.

In response to paragraph forty, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph forty-one, Defendants admit to the extent that on October 19, 2017, the committee comments state that "Previous UCC of 12/22/16 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility." Defendants lack sufficient information or knowledge to admit or deny the remaining allegations and, therefore, deny them.

In response to paragraph forty-two, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph forty-three, Defendants lack sufficient information or knowledge to admit or deny the allegations and, therefore, deny them.

In response to paragraphs forty-four to forty-forty-five, Defendants deny the allegations in the sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraphs forty-six to forty-eight, Defendants lack sufficient information or knowledge to admit or deny the allegations and, therefore, deny them.

In response to paragraphs forty-nine to fifty-two, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations. Defendants lack sufficient information or knowledge to deny the remaining allegations in these sections and, therefore, deny them.

In response to paragraph fifty-three, Defendants admit that the California Medical Facility is in close proximity to CSP-Solano. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations and, therefore, deny them.

In response to paragraph fifty-four, Defendants deny the allegations as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

Defendants' Answer to Plaintiff's Fifth Amended Complaint; Demand for a Jury Trial  (2:19-cv-00458-DAD-DMC)

### E. CLAIM II – DELIBERATE INDIFFERENCE CLAIM

In response to page four, Defendants deny the allegations in this section regarding Plaintiff's Eighth Amendment medical deliberate indifference claims as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to page four, "Injury," Defendants lack sufficient information or knowledge to admit or deny any allegations and, therefore, deny them.

In response to page four, "Administrative Remedies," Defendants admit that an inmate appeal or administrative process is available at Plaintiff's institution. Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them.

In response to page four, paragraph fifty-five, Defendants admit that on November 27, 2017, Plaintiff had benign essential hypertension, chest pain (unspecified), dysthymic disorder, esophageal reflux, benign hypertension, lipidemia, recurrent major depressive disorder, severe episode with psychosis, and pure hypercholesterolemia.

In response to paragraphs fifty-six or fifty-seven, Defendants lack sufficient information or knowledge to admit or deny Plaintiff's allegations regarding Defendants' medical qualifications or their medical evaluation of Plaintiff and, therefore, deny them.

In response to paragraphs fifty-eight and sixty-one, Defendants deny the allegations in the sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraphs sixty-two, Defendants admit that on August 24, 2017, Water Commander Blackwell prepared an Administrative Segregation Unit Placement Notice, which reads that "[Plaintiff is] deemed a threat to the safety and security of this institution, its staff and inmates." Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

1          In response to paragraphs sixty-three to sixty-six, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

          In response to paragraph sixty-seven, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

          In response to paragraph sixty-eight, Defendants admit that on August 30, 2017, and on October 18, 2017, Dr. Sherman was present at the ICC meetings and confirmed the "Subject had the ability to understand ICC proceedings and his mental health was stable with no decompensation." Defendants deny the remaining allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

          In response to paragraph sixty-nine, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

          In response to paragraph seventy, Defendants admit that on August 29, 2017, medical professionals saw Plaintiff and noted that "[Plaintiff] reports chronic and acute auditory hallucinations." Defendants lack sufficient information or knowledge to admit or deny Plaintiff's allegations concerning his medical conditions and, therefore, deny them.

          In response to paragraph seventy-one, Defendants admit that on October 12, 2017, Nurse Spurgeon observed that Plaintiff's blood pressure was elevated. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

          In response to paragraph seventy-two, Defendants admit that Plaintiff was admitted to Mental Health Crisis Bed. However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph sixty-seven, Defendants deny the allegations regarding Counselor Garcia as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.[2]

In response to paragraph seventy-three, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them.

In response to paragraph seventy-four, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph seventy-five, Defendants admit that the August 30, 2017, Committee Comments state that "[p]revious ICC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to allegations of conspiracy to introduce a controlled substance into the facility."

In response to paragraph seventy-six, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph seven-seven, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph seven-eight, Defendants admit that on October 11, 2017, Lieutenant Douglas prepared the ASU Placement Notice, which reads "[Plaintiff is] deemed a threat to the safety and security of this institution, its staff and inmates…A review of SOMS revealed that [Plaintiff is] not a participant in the Mental Health Services Delivery System at any level of care."

---

[2] Defendants believe this paragraph is incorrectly numbered.

In response to paragraph seven-nine, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph eighty, Defendants admit that on October 12, 2017, Nurse Spurgeon observed that Plaintiff's blood pressure was elevated. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph eighty-one, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph eighty-two, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them.

In response to paragraph eighty-three, Defendants admit that on October 12, 2017, Nurse Spurgeon noted that "custody tells [Nurse Spurgeon] he is here for court and has beenna little uncooperative." Defendants deny the remaining allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph eighty-four, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them. Defendants deny the remaining allegations in this section as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraphs eighty-five to ninety-five, Defendants deny the allegations in the sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations and, therefore, deny them.

In response to paragraphs ninety-six to ninety-eight, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraphs ninety-nine to paragraph 104, the Court dismissed all claims against Defendant S. Kernan. (ECF No. 108). Accordingly, Defendants need not respond to allegations concerning Defendant Kernan.

In response to paragraph 105, Defendants admit that CSP-Solano is not designated to provide the EOP level of care.

In response to paragraphs 106 to 108, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

### F. CLAIM III – DELIBERATE INDIFFERENCE CLAIM

In response to page five, Defendants deny the allegations in this section regarding Plaintiff's Eighth Amendment medical deliberate indifference claims as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to page five, "Injury," Defendants lack sufficient information or knowledge to admit or deny any allegations and, therefore, deny them.

In response to page five, "Administrative Remedies," Defendants admit that an inmate appeal or administrative process is available at Plaintiff's institution. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to page five, paragraph 109, Defendants admit that on July 17, 2017, Plaintiff was prescribed of a selenium sulfide topical lotion.

In response to paragraphs 110 and 111, Defendants lack sufficient information or knowledge to admit or deny Plaintiff's allegations concerning his itchy scalp and, therefore, deny them.

In response to paragraphs 112 to 114, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph 115, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them.

In response to paragraph 116, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph 117, Defendants lack sufficient information or knowledge to admit or deny Plaintiff's allegations regarding Defendants' medical qualifications and, therefore, deny them.

In response to paragraph 118, Defendants deny the allegations in this section as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraphs 119 to 120, Defendants admit that Plaintiff's medical records show that on October 13, 2017, Plaintiff had benign essential hypertension, chest pain (unspecified), dysthymic disorder, esophageal reflux, and benign hypertension, and lipidemia. However, Defendants lack sufficient information or knowledge to admit or deny Plaintiff's allegations regarding his enrollment in any medical program and, therefore, deny them.

In response to paragraphs 121 to 131, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

**G. CLAIM IV – DELIBERATE INDIFFERENCE**

In response to page five-D, Defendants deny the allegations in this section regarding Plaintiff's Eighth Amendment deliberate indifference claims as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to page five-D, "Injury," Defendants lack sufficient information or knowledge to admit or deny any allegations and, therefore, deny them.

In response to page five-D, "Administrative Remedies," Defendants admit that an inmate appeal or administrative process is available at Plaintiff's institution.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to page five-D, paragraphs 132 and 133, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph 134, Defendants admit that CSP-Solano is not designated to provide EOP level of care.  However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraphs 135 to 139, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendants deny such allegations.  Defendant lack sufficient information or knowledge to admit or deny the remaining allegations in these sections and, therefore, deny them.

In response to paragraph 140, Defendants admit that on October 12, 2017, Nurse Spurgeon saw Plaintiff and completed a mental health referral for Plaintiff.  Defendants also admit that Nurse Spurgeon learned from custody staff that Plaintiff had been "a little uncooperative."  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph 141, Defendants admit that on October 13, 2017, Psychologist Faggianelli noted that "[plaintiff] was not eating" and "[plaintiff] feels that 'the administration' is angry at him and may be poisoning him."  Defendants also admit that Psychologist Faggianelli stated that "I believe [Plaintiff] is rather fragile."  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraph 142, Defendants admit that Nurse Spurgeon learned from custody staff that Plaintiff had been "a little uncooperative."  However, Defendants lack sufficient

information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

In response to paragraphs 143 to 153, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations.

In response to paragraph 154, Defendants lack sufficient information or knowledge to admit or deny the allegations in this section and, therefore, deny them.

In response to paragraphs 155 to 160, Defendants deny the allegations in these sections as they set forth legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny such allegations. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in these sections and, therefore, deny them.

**H. RELIEF**

Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

**I. DEMAND FOR JURY TRIAL**

In response to Plaintiff's demand for jury trial, Defendants admit that Plaintiff is entitled to a jury trial.

**J. VERIFICATION**

In response to "Verification," Defendants lack sufficient knowledge or information to admit or deny the allegations in this section and, therefore, deny them.

**K. AFFIRMATIVE DEFENSES**

First Affirmative Defense

Defendants are entitled to qualified immunity because their actions were objectively reasonable and did not violate any clearly established right.

Second Affirmative Defense

To the extent that Plaintiff has failed to exhaust available administrative remedies in accordance with Title 15 of the California Code of Regulations, his claims are barred by 42 U.S.C. § 1997e.

Defendants' Answer to Plaintiff's Fifth Amended Complaint; Demand for a Jury Trial  (2:19-cv-00458-DAD-DMC)

### Third Affirmative Defense

Plaintiff is not entitled to an award of damages, compensatory or special, because Plaintiff did not suffer any actual injury attributable to Defendants' actions.

### Fourth Affirmative Defense

Defendants assert that they exercised due care and acted only in the execution or enforcement of law.

### Fifth Affirmative Defense

To the extent that Plaintiff suffered any damages, he failed to mitigate his damages.

### Sixth Affirmative Defense

To the extent that Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. § 1997e(e). Plaintiff cannot prove he received more than *de minimis* physical injuries as a result of Defendant's alleged actions.

### Seventh Affirmative Defense

Because this Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendant reserves his rights to assert additional affirmative defenses, if and to the extent, such defenses are applicable.

**L. DEMAND FOR JURY TRIAL**

Under the Federal Rule of Civil Procedure 38, Defendants demand that this action be tried by a jury.

## M. PRAYER FOR RELIEF

Defendants pray for relief as follows:

1. That judgment be awarded in favor of Defendants;

2. That Plaintiff takes nothing by this action;

3. That Defendants be awarded costs of suit and attorney's fees; and

4. That Defendants be awarded such other relief as the Court deems proper.

Dated: April 18, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
LYNDSAY CRENSHAW
Supervising Deputy Attorney General

*/s/ Jiaye Zhou*
JIAYE ZHOU
Deputy Attorney General
*Attorneys for Defendants Sherman, McComas, McQuaid, Blackwell, Lee, Neuschmid, Garcia, Arnold, Dernoncourt, Gastelo, Douglas, and Fregoso*

SA2022301558

# CERTIFICATE OF SERVICE

| Case Name: | **Dupree Adkins (K50645) v. Kernan, et al.** | No. | **2:19-cv-00458-DAD-DMC** |

I hereby certify that on <u>April 18, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT; DEMAND FOR A JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>April 18, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

DuPree Lamont Adkins
CDCR No. K50645
California Health Care Facility - Stockton
P.O. Box 213040
Stockton, CA 95213
In Pro Se

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 18, 2024</u>, at San Diego, California.

| S. Garcia | /s/ S. Garcia |
|---|---|
| Declarant | Signature |

SA2022301558
84497417.docx