FILED
AUG 05 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DuPree Lamont Adkins, | NO. 2:19-CV-0458-DMC-P |
| Plaintiff, | Plaintiff's Notice of motion |
| v. | and motion for opposition |
| Deborah Blackwell et, al., | RE: Defendants motion for |
| Defendants. | Partial Summary Judgment |

TO Defendants Defendants Deborah Blackwell et, al., Please take notice under Rule 56, and 56(d) of the Federal Rules of civil Procedure, Plaintiff move this honorable court to Dismiss Defendants motion for Summary Judgement on the Ground's, There were no procedure's that plaintiff knew of that was capable of use to obtain some relief for the action Complained of.

Due to improper screening, machi-nation, misrepresentation and Equitable Ex-ception to exhaustion. Accordingly Plaintiff is entitled to judgment as a matter of law. This motion is based on this notice of motion, the supporting Memorandum Of Points and authorities, the pleadings and Plaintiff's Fifth amended com-plaint with the Honorable court.

//

1

DuPree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

I declare under the penalty of perjury, the law's of the United States of America and the State of California the foregoing is true and correct to the best of my knowledge.

Date: July 24, 2024          Respectfully Submitted,

                             Dupree L. Adki

                             DuPree Lamont Adkins

2

# PROOF OF SERVICE BY MAIL
## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF _San Joaquin_

    I am a citizen of the County of _San Diego_, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR# _K5064_

    My address is:

> California Health Care Facility
> _P.O. Box 213040_
> Stockton, Ca 95213

    On _July 30_, 20 _24_ I served via United States Mail a copy of the following document(s): _Opposition to defendants Summary Judgement Undisputed material facts and supporting evidence_

    The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to: _U.S. D.C, Ed of CA Office of the Clerk 501 I Street, Suite 4-200, Sacramento CA 95814-2322, st. of CA Dept, of Justice Office of Deputy Attorney General J/AYE ZHOU 600 West Broadway Suite 1800 San Diego, CA 92101, P.O. Box 85266 San Diego, CA 92186-5266_ I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on _July 31_, 20 _24_ in San Joaquin County, California.

_Dulcee Lamont Adkins_
Type or Print Name

_Dulaw L. Adkins_
Signature

Dupree L. Adkins #K50645
P.O. Box 213040
Stockton, CA 95213

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| Dupree Lamont Adkins,<br>Plaintiff,<br><br>V.<br><br>Deborah Blackwell et, al.,<br>Defendants. | NO. 2:19-CV-0458-DMC-P<br><br>Plaintiff's verified opposit-<br>ion memorandum of Points<br>and Authorities. |
|---|---|

Dufree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Plaintiff Dufree Lamont Adkins #K50645 Was an inmate-mental health patient at the EOP level of care, A member of the protected "Coleman Class" see EXHIBIT-D of Plaintiff Amended Complaint. Therefore at all times relevant to this lawsuit, out to court process, Administrative appeals process.

    The Defendants are [1] to the Coleman Guidelines, the United States Constitution and the Prison litigation Reform Act.

    As such plaintiff ask this Honorable Court to hold my pleading's to a less strigent standard then those drafted by a lawyer see Haines V. kerner, 404 U.S. 519,520, 92 s.ct.594 30 L.Ed. 2d 652 (1972).

    I ask this Honorable court to construe my pro se pleading's liberaly see Ortiz v. City of Imperial, 884 F. 2d 1312, 1313-14 (9th cir. 1989). The critical inquiry is whether a constitutional claim however in artfully plead has an arguable legal and factual basis. See Jackson v. Arizona, 885, F. 2d 639, 640 (9th cir. 1989).

## PROCEDURAL HISTORY

The essence of our country is to respect the rule of law. The preamble of the constitution is Justice. No external rule or pledge can ever justify or

[1] error should read bound to

1

Dufree L Adkins #K50645
P.O. Box 213040
Stockton, CA 95213

cover the odor of foul speech, or foul sign writting's.
Just as we recognize the kind of tree by the fruit it
bears our speech and signwrittings is a convincing in-
dicator of whether our hearts are in tune with the
Constitution. For our speech, signed writtings, speaks
what the heart is full of.

## RELEVANT FACTS

The PLRA Section 1997e (a) requires that an inm-
ate exhaust only those administrative remedies
as are available. An CDCR 602 grievance adminis-
trative procedure is unavailable when despite what
regulations, court orders, Auditor Actions, program
guidance materials may promise it operates as a
simple dead end with officers unable or consist-
ently unwilling to provide any relief to aggriev-
ed inmates.

The procedure is not then capa-
ble of use for the pertinent purpose, some red-
ress for a wrong is pre suposed by the statutes
requirement of an available remedy, where the
relevant Administrative procedure lacks authority
due to Warden Neuschmid using it to deny autho-
rity of any relief to plaintiff, and shield his secrete-
agreement with defendant's to punish me with a.
11 month SHU-Term, I have nonthing to exhaust.
Section 1997e (a) does not require
me to demonstrate exhaustion nor does the

2

DuPree L. Adkins #K50645
P.O. Box 213040
Stockton, CA 95213

1   Civil 1983 complaint form that's a defense for the
2   defendants.

3                    Summary Judgment means the
4   Honorable Judge decides some or all of your
5   case without a trial. If I give the Honorable
6   judge some evidence that supports my version
7   of the important facts, then there is a real
8   dispute.

9                    The prison officials are
10  not entitled to summary judgment and
11  my case should go to trial. More over, when
12  opposing parties tell two different stories,
13  one of which is blatantly contradicted by
14  the record so that no reasonable jury
15  could beleive it, a Honorable should not
16  adopt that version of the facts for pur-
17  poses of ruling on a motion for Summary
18  judgement see Scott v. Harris 550 U.S.372,
19  380 (2007).

20                   On September 13, 1995 a fede-
21  ral court in Sacramento ruled that the
22  CDCR violated the cruel and unusual pun-
23  ishment clause of the constitution by faili-
24  ng to provide adequate mental Health care.
25                   The Honorable court has ap-
26  proved CDCR's plan for providing mental
27  health care. That plan is now set forth in
28  the "Mental Health services Delivery system
    ① court

3

1  Program Guide", CDCR also is modifying Policies that
2  may have discriminated against prisoners with
3  psychiatric disabilities and will allow class
4  members to request reasonable accommodati-
5  ons. See Coleman v. Brown Case 2:90-CV-00520-
6  KJM-DB Document 5284-2 Filed 03/02/15.
7               Thus it is clearly established
8  and well settled because of that case CDCR
9  must follow it's Program Guide Policies when pr-
10  oviding mental health treatment.
11            ARGUMENT
12  Before The First Court Proceeding August 31,
13  2017. On 11-02-2016 Warden Robert Neuschmid the
14  "Big Dog" was Chair Person at CSP-Solano Inst-
15  itution cls. committee herein after (ICC) Def.
16  Neuschmid wantonly requested a 90 day exten-
17  sion to retain Plaintiff in "ASU".
18            For conspiracy to introduce
19  contraband into CSP-Solano, and Expedited
20  transfer not appropriate See EXHIBIT-A and
21  plain. Decl. at 3.
22            The CDCR Master K. Moore title
23  CSR took Auditor Action, Action against R.-
24  Neuschmid and denied his 90 day retention
25  and issued 30 days for him to cure deficiencies
26  as his ASU-Placement Notice was vague and
27  non-specific See, EXHIBIT-B and plain. Decl. at
28  4. On 11/23/2016 CSP-Solano R. Neuschmid

① See EXHIBIT-E

4

1  Was Audited again and issued a ICC action deny-
2  ing his 90 day retention request see EXHIBIT-C and
3  Plain. Decl at 5. Based on a pre ponderance② Defen-
4  dant Neuschmid took the two Auditor Actions
5  personal and ordered plaintiff transfered on
6  the self created policy "circumventing" the safe-
7  ty and security procedures of this CSP-Solano
8  See EXHIBIT-D and Plain. Decl. at 6.
9  **I. PLAINTIFF WAS INDUCED INTO ABANDON-**
10 **ING ALL MY HEALTH CARE GRIEVANCES AGAIN-**
11 **ST DR. SHERMAN BASED ON A UNFULFILLED**
12 **PROMISE.**
13              On August 23, 2017 Defendants
14 Gastelo and McQuaid violated clearly established, co-
15 urt ordered, "coleman V. Brown case NO. 2:90-CV-00
16 520-KJM-DB Document 5284-2 and the "MHSDS① Pro-
17 gram Guide" which all the defendants have to follow
18 see EXHIBIT-E and EXHIBIT-F.
19              Defendants Gastello and McQuaid
20 began Wantonly setting in motion a series of int-
21 entional unlawful discrimination, Deliberate ind-
22 ifference, cruel unusual punishment by unconsti-
23 tutionally transferring Plaintiff from "CMC-EOP"
24 to NON-Designated EOP housing at CSP-Solano-ASU
25 and refusing to terminate those Act's see Starr V.
26 Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011); Estelle V.
27 Gamble, 429 U.S. 97, 103 (1976). Gastelo and McQ-
28 uaid had a sufficiently Culpable state of mi-

① MHSDS - mental health          5          ② preponderance of
delivery system                                 evidence

1 nd that not following the "MHSDS-Program Guide"
2 would likely cause harm to more of Plaintiff federally
3 protected rights and they callously failed to act
4 see City of Canton v. Harris, 489 U.S. 378, 389, 109
5 S.Ct. 1197, 103 L.Ed. 2d 412 (1980); See Gamble 429
6 U.S. at 106; Plain. Decl. at 7.
7 I. On 8-31-2017 Plaintiff filed a Reasonable Acco-
8 mmodation Request that was approved 9/20/2017
9 and sent to plaintiff 10-5-17 See EXHIBIT-G. Pla-
10 intiff completed the form. Doing so ≠ availed my-
11 self of the Administrative process CDCR gave me.①
12                    The PLRA does not require more,
13 completion of the form followed by a favorable
14 ruling RE: Screening at the first Level Log Numb-
15 er CSP-S-17-02113 administrative appeal's process,
16 acheived the purposes of the PLRA's exhaustion
17 requirement as authoritatively set out in Porter
18 v. Nussle, 534 U.S. 516, 524-25, 152 L.Ed. 2d 12,
19 122 S.Ct 983, 2002; See Butler v. Adams, 397 F.3d
20 1181 and Plain. Decl. at 8. ②
21                    On 8-31-2017 Plaintiff filed a
22 inmate appeal CDCR 602 # CSP-S-17-02113 this grie-
23 vance suffices for exhaustion purposes as it ale-
24 rted the prison to the nature of the staff misc-
25 conduct for which redress is sought, provided
26 sufficient information to resolve the issue This
27 material information plus the Auditor Actions,
28 was sufficient information to allow "AOA Coordinator

① See plain. Decl. 8                    ② See EXHIBIT-H

6

1 T. Wamble" and "Cagnina-title AGPA" to concur and
2 resolve the issue see EXHIBIT-H and EXHIBIT-G. They
3 took appropriate, responsive measures and approved
4 the Mental Health transfer to CMC-EOP thus resolv-
5 ing the issue see Griffin v. Arpaio, 557 F.3d 117,
6 1120-21 (9th cir. 2009) : see Jones 549 U.S. at 219,
7                    which led to Plaintiff receiving a
8 promise of a transfer to "CMF II" EOP. On 9-7-
9 2017 or there abouts my supervisor J. Kurtz infor-
10 med me there's talk of me being transfered.
11 II                On 10-4-17 or there abouts my
12 clinician J. Weschler PHD. informed me my counse-
13 lor Johnson is transfering me. On 10-26-2017 my
14 IDTT ① recommended I transfer to CMF II for
15 EOP mental Health care.
16                    On 10-30-17 or there abouts
17 CCI-S. Baumgardner Notified me I will be trans-
18 fered to CMF II. On 10-31-2017 ICC recommended
19 I transfer to CMF II. I attended classification
20 and it was recommended to receive mental Health
21 EOP care during the court process see EXHIBIT-I.
22                    Thus I exhausted the adminis-
23 trative process received favorable ruilings and was
24 induced into abandoning my Health care grievances
25 against DR. Sherman due to a unfulfilled promise
26 of a transfer to CMF II. See Harvey v. Jordan, 605
27 F.3d (9th cir. 2010; Harvey, 605 F.3d at 685-686; Abney v.
28 McGinnis F.3d 663, 669 (2d cir. 2004) ; see Plain. Dect. at 9

① Inter Disciplinary
Treatment Team          7

1  See Butler v. Adams, 397 F.3d 1181, 2005

2  I was reliably ①informed by C. Cagnina "AGPA" in Log#

3  CSP-S-17-03574 I need to complete a 602 HC grieva-

4  nce with medical but I already abandon that Adminis-

5  trative remedey based on the unfulfilled promise of a

6  medical/mental health transfer to CMF Ⅱ.

7                   See defendants EX-11 and defendants

8  S. Gates Decl. at 7; see Plaintiff decl. at 11

9  Ⅲ. PLAINTIFF EXHAUSTED AVAILABLE ADMINISTRAT-

10 IVE REMEDIES...

11                   RELEVANT FACTS

12 During All times relevant to this lawsuit Plaintiff was

13 an inmate patient and a member of the protected

14 "Coleman Class". The unconstitutional Housing by the

15 defendants, Warden Neuschmid was cruel and unusual

16 punishment which led to there third Audit and AUDIT-

17 OR ACTION on 06/19/2018 see EXHIBIT-O.

18                   The defendants made a secrete

19 agreement to abuse a valid out to court procedure

20 and policies as subterfuge, a cover, a ruse to punish

21 and silence me.

22                   The punishment was a 11 month

23 SHU-Term with the remainder suspended, which was

24 ordered vacated see EXHIBIT-O. The defendants Active

25 unconstitutional conduct included Malice as they used

26 NON-Thera.peutic, CSP-Solano ASU housing as time serve-

27 d for close custody see EX-P and Plain. Decl. at 12

28 and EXHIBIT-C.

① error should read
mis informed

8

1  See Bruce v. YLST, 351 F.3d 1283, 1287 (9th Cir. 2003); Harvey

2  v. Jordan, 605 F.3d at 686; Wolf v. McDonnell, 418 U.S. 539 (1974);

3  Shepard v. Quillen, 840 F.3d 686, 688, 694 (9th cir. 2016).

4          The secrete agreement consisted of a

5  device known as a Template that contained willful false

6  clinician comments. Exhaustion is not a pleading require-

7  ment Plaintiff.

8              ARGUMENT

9  It's clearly established and undisputed that defendant

10 Warden R. Neuschmid was granted an opportunity to

11 correct it's own mistakes with respect to Reasonable

12 Accommodations, Auditor Auditor Actions, Coleman v. Brown

13 Settlement, MHSDS-Program Guide, CDC 1140, ICC chronos,

14 as these are pertinent Documents see plain. Exhibit-L

15 Pg. 3 of 3.

16          As well as the resolved 602 greivance,

17 and the unfulfilled promise of a transfer to CMF II.

18 Defendant Neuschmid was a malicious respondent in

19 the appeals process. Defendant Neuschmid had a suff-

20 iciently culpable state of mind that he and his co-

21 defendants were being deliberate indifferent to my

22 serious medical/mental health needs when he willfully

23 misrepresented the facts by stating "Appeallent was

24 provided Mental Health Care by designated Staff

25 as appropriate. Appealants claim that his rights

26 were violated in regards to Coleman v. Brown

27 settlement appears to be without merit".

28          At ICC dated August 30, 2017

9

Dupree L. Adkins #K50645
P.O. Box 213040
Stockton, CA 95213

1  Defendant Neuschmid were using a device known

2  as a **Template** that contained false Clinician Comm-

3  ents see EXHIBIT-Q. The Template and false clinic-

4  ian comments are blantantly Contradicted by DR. A

5  Sherman see EXHIBIT-R responce to interrogatories,

6  plain. Decl. 13; Plain, FAC pg. 4-A #64, Pg. 4-B #70.

7          The template justifies my lack of

8  Knowledge of M. Fragoso name as she's not documen-

9  ted in the template but Neushmid did see EXHIBIT-J

10 I'm only required under PLRA to alert Defendant

11 Neuschmid of the problem, it does not order me

12 to provide personal notice to any particular defe-

13 ndant that they may be sued.

14          See Jones, 549 U.S. at 219; See

15 Sapp V. Kimbrell, 623 F. 3d 813, 824 (9th Cir. 2010) DR. Sher-

16 man is blatantly contradicted by Deputy Attorney

17 General JIAYE ZHOU, SB NO. 351483 and supervising

18 Deputy Attorney General LynsDay Crenshaw SB NO. 246

19 743 signed writtings in there Answer to Plaintiff's

20 Fifth Amended Complaint Pg. 4 line 22-25 Declare und-

21 er penalty perjury DR. Sherman did make the clini-

22 cian comments see Plain Decl. At 13

23          Moreover Deputy Attorney General A.

24 Smith SB NO. 316344 and DR. Sherman misrepresent the

25 facts in attributing the clinician comments to scri-

26 veners error see EXHIBIT-R response to interroga-

27 tory NO. 1 and NO. 2.

28          "Scrivener's error" is a lethal

① error see Exhibit-U
Classification Chronos      10

1  Weapon in there awesome arsenal of The San Diego Dept.
2  of Justice - civil Division see EXHIBIT-T and Plain. Decl. at 14.
3            There is no scrivener in CDCR as Defend-
4  ant M. McComas is the recorder who prepared the
5  template and the official ICC chrono and he's not
6  board certified/licesence in any medical mental health
7  disciplinaries see EXHIBIT-U, plain. Decl. 15
8            Defendant Garcia Blantantly contra-
9  dicts Neuschmid signed writings in his Memorandum,
10 and JIAYE ZHOU signed writtings that DR. Sherman
11 made the false① clinician comments.
12            Neuschmid State's Plaintiff claim
13 that my rights were violated in regard to Coleman
14 V. Brown settlement has no merit see EXHIBIT-L pg.
15 2 of 3 final paragraph.
16            Defendant Garcia Declared under
17 Penalty of perjury that the Defendants were using the
18 criteria of Cal. Code Reg. Title 15, Division 3, Chapter 1
19 To house Plaintiff as a. EOP inmate patient in CSP-sol-
20 ASU which clearly violates my rights and court order
21 in regard to "Coleman V. Brown" settlement see EXHIBIT-
22 F.
23            Defendant Neuschmid knew he was
24 intentionaly unlawfully punishing me with Active
25 unconstitutional conduct see plain. Decl. 16 and EXHIB-
26 IT-R attachment 1 and 2; Plain. FAC EXHIBIT-A-H, see
27 Coleman V. Wilson 912 F. Supp. at 1320-1321, Coleman V.
28 Brown, 28 F. Supp. 3d 1068 April 10, 2014.

① Preponderance of evidence
JIAYE ZHOU knows the 11
Clinician comments are
false and Template language

1. Atencio v. Arpaio, 161 F. Supp. 3d 789, 811 (D. Ariz. 2015)

2.        Defendant Neuschmid is not board

3. certified in any medical, mental Health disciplinaries

4. and he took the two Audits, Auditor Actions against

5. him personally and did not summoned any medical, men-

6. tal health care for plaintiff See EXHIBIT-W, plain. Decl.

7. 15, 16.

8.        Plaintiff greivance plainly put Defendant

9. Neuschmid on notice of the alleged deprivation of equal

10. protection He and the defendant's chose to house me. in non-

11. thera.peutic CSPSOL-ASU rather then CMFII, mental Health

12. Crisis Bed or EOP-Hub, see FAC EXHIBIT-G

13.        He and the Defendants Used a temp-

14. late containing false clinician comments. He ignored

15. the procedural problems he now complains of and

16. ruled on the merits[1]. See EXHIBIT-L and plain. Decl

17. at 17. See Reyes v. Smith, 810 F.3d 654, 658 (9th cir.

18. 2016); Brown v. Valoff, 422 F.3d at 936 (Booth, 532

19. U.3. at 736-39).

20.      EQUITABLE EXCEPTION TO THE

21. EXHAUSTION REQUIREMENT...

22. A. Defendants should be Equitable. Estopped from

23. using exhaustion defense and plaintiff should be

24. granted equitable estoppel exception as defendants

25. were non compliant with administrative remedies, policies

26. and procedures ...

27.        See Defendants EXHIBIT-3 pg. 31 of

28. 109 Defendant Neuschmid and CDCR Chief of Appeals M.

[1] He read all pertinent documents 1. Coleman v. Brown settlement
2. CDCR-MHSDS Program guide, the entire CDC 114 by Blackwell,
Fregoso defendants, Auditor Actions, Approved RAP, resolved
602 greivance at screening and the promise transfer See EXHIBIT-L
Pg. 2 of 3

12

1 Voong denied me the administrative remedy of a staff

2 misconduct investigation which I'm promised under CDC

3 1858 Rights and Responsibility statement.

4      See Defendants EXHIBIT-5 pg.60 of 109

5 They unleashed Active unconstitutional behavior, they de-

6 nied me the Administrative Remedey of a staff misconduct

7 investigation with improper screening.①

8      See Defendants EXHIBIT-5 Pg. 76 of

9 109 they unlawfully denied me the Administrative rem-

10 edey of a staff misconduct investigation. See De-

11 fendants EXHIBIT-7 pg. 98 of 109 Warden Neuschmid,

12 CDCR Chief of inmate appeals Voong denied me admini-

13 strative remedey of a staff misconduct investigation

14 with Internal over sight by Amy Miller.

15      Director, CDCR Division of Correct-

16 ion Policy research. This made the Administrative remedey

17 of the CDC Rights and responsibility statement unavail-

18 able to investigate Neuschmid and Voong to punish me

19 with a illegal 11 month SHU Term, Intentional misrepres-

20 entation of facts in the CDC 114 D-ASU-policies and

21 process, Violating Coleman court order by not following

22 MHSDS-Program Guide and using a device known as

23 Template language that contained false clinician comme-

24 nt's. See Ross V. Blake, 578, 632, 643, 136 S.Ct.1850, 195

25 L.Ed, 2d 117 (2016), See Plain. Decl. at 18 ; See EXHIBIT-S...

26     B. The Defendants should② Equitable Estopped

27 from using Exhaustion as a defense because they

28 did not afford me the Administrative remedie of

① Allegation Investigation Unit, Internal Affairs

13

② Should be

Dupree L. Adkins #K50645
P.O. Box 213040
Stockton, CA 95213

1  a. Remedies Compliance Coordinator...

2  C.                Plaintiff should be granted Equitable Estop-

3  pel Exception to Exhaustion because today I have access

4  to a Remedies Compliance Coordinator to resolve delays

5  in the implementation of the remedy of the Promise of a

6  Mental Health Transfer to CMFII. see EXHIBIT-X

7             It was reccomended but never occured

8  this effectively makes the Administrative Remedy unavail-

9  able See EXHIBIT-X and plain. Decl. at 19; See Marella 568

10  F.3d at 1207; See Booth 532, U.S. at 738; See Brown, 422 F.3d

11  at 936-37; Nunez v. Duncan... (591 F.3d 1217, 1224 (9th Cir, 2010)

12  D. THE DEFENDANTS SHOULD BE EQUITABLE

13  ESTOPPED TO ASERT LACK OF EXHAUSTION AS A

14  DEFENSE AS I RECEIVED RESOLVED RULINGS TO

15  MY SATISFACTION...

16  1. Reasonable ACCOMMODATION (RAP) Response 1824 Log

17  Number CSP-S-17-02174 Approved my accommodation

18  and I was transfered See. EXHIBIT-G; ADA Title II, section

19  504 RA, and EXHIBIT-E.

20  2. On 8-31-2017 Plaintiff filed a CDCR Inmate Appe-

21  al due to being housed CSP-solano-ASU which is not

22  consistent with the Coleman settlement, which housing

23  is adverse to plaintiffs well being. In said Log

24  Number CSP-S-17-02113 Transfer, Health has been resol-

25  ved. I was satisfied, the document states I cannot

26  appeal. Theres nonthing to appeal because C. Cagn-

27  ina, "AGPA" stated the issue has been resolved See

28  EXHIBIT-H; Harvey v. Jordan, 605 F.3d 681 (9th Cir.

14

1  2010; Harvey 605 F.3d at 686; Abney V. McGinnis, 380 F.3d
2  663,669 (2d Cir. 2004).

3  3. I was promised a Medical/Mental Health transfer
4  to CMF I see EXHIBIT-I. I have no obligation to
5  appeal from a grant of relief or a partial Grant that
6  satisfies me in order to exhaust my administrative re-
7  medy's.

8          Nor is it my responsibility to ensure
9  that the defendants actually provide the relief
10 they promised see plain. Decl. at 8, 9, 20. These
11 Favorable rulings resolved the issue to my satis-
12 faction thus demonstrating exhaustion.

13          The PLRA doesn't require me to file
14 a appeal everytime I'm unlawfully transferred to
15 CSP-Solano-ASU. The grievances in Log NO.Sol-17-028
16 72, Log NO. Sol-18-00315 and CMC-18-00734, Log NO. CSP-
17 S-18-00626/CMC-E-18-00695, Log NO. CSP-S-18-01306.

18          Those Appeals demonstrate:
19 1. Warden Neuschmid provided no relief and violated
20 court ordered MHSOS-Program Guide, ADA Title II, sec.
21 504 RA, COC1858 Rights and Responsibility Statement pursu-
22 ant to Penal Code 148.6. which led to violations of
23 my federally protected rights to due process, equal prot-
24 ection, and the defendants victimize me with cruel
25 and unusual punishment due to CSP-Sol-ASU is non-ther-
26 apeutic and it's excessive detention, deliberate indiff-
27 erence.

28 2. Warden Neuschmid thwarted me from access to

15

Dupree L. Adkins #K50645
P.O. Box 213040
Stockton, CA 95213

1. the Administrative remedy of Amy Miller Director with Inter-
2. -nal oversight who would investigate Warden Neuschmid
3. mishandling of my grievances and staff misconduct complai-
4. -nts see EXHIBIT-S. OR a remedy compliance Coordinator to
5. enforce the favorable rulings.
6. 3. Warden Neuschmid used extreme Active unconstitut-
7. -ional conduct and staff misconduct by using a Device
8. known as a template that contained false Clinician Comm-
9. -ents. Under These "Exceptional Circumstances" plaintiff should
10. be granted "EQUITABLE ESTOPPEL". As I was forced to
11. appeal to Warden Neuschmid who's enforcing he and the def-
12. -endants secrete agreement see Ross V. Blake, 578 U.S. 632,
13. 643-44, 136 S.Ct. 1850, 195 L.Ed 2d 117 (2016) see plein. Decl.
14. at 20.
15. **E. THE DEFENDANTS SHOULD BE EQUITABLE**
16. **ESTOPPED FROM USING EXEHAUSTION AS A DEFENSE**
17. **DUE TO WAIVER ESTOPPEL AND PLAINTIFF**
18. **SHOULD BE GRANTED EQUITABLE EXCEPTION TO**
19. **EXHAUSTION...**
20. see Defendants EXHIBIT-10 pg. 74, 76, 78 of 82 I filed
21. a staff misconduct complaint against DR. Sherm-
22. -an with a Rights And Responsibility Statement Pur-
23. -suant to Penal Code 148.6 Log # CSP-S-17-02574.
24. I included the Document of the ICC
25. chrono see EXHIBIT-10 pg. 79-80 of 82. C. Cagnina,
26. AGPA rejected my staff complaint. This was impro-
27. -per screening, inconsistent screening of the CDC
28. 1858 Rights and responsibility statement Pursuant to

① Amy Miller has Authority over Warden Neuschmid to inforce
the promises of the Coleman settlement, AOA Title II, see
504 RA, and "RAP" 1824   /6   log NO: CSP-S-17-02174

1    Penal code 148.6 See Defendants EXHIBIT-11 pg.82 of 82;

2    See Plain. EXHIBIT-S and Plaintiff Declaration ut 21; See

3    Nunez v. Duncan, 591 F.3d 1217, 1224 (9th cir, 2010) [1]

4           The beat continued on, Chief office

5    of Appeals M. Voong intentionally unlawfully violated

6    Staff misconduct Complaint Policy and Procedures

7    and rejected my Staff Complaint RE: TLR # 1714937

8    on the grounds I submitted, at an inappropriate level

9    EXHIBIT-5 Pg. 71 of 109, Pg. 66 of 109 and pg. 76 of

10    109. of Defendants.

11           Chief office of Appeals M. Voong in-

12    tentionally unlawfully violated Staff misconduct

13    Complaint Policy and Procedures, rejected my staff

14    misconduct complaint RE: TLR # 1711820, circumv-

15    ented said policies and reclassied as PROGRAM on the

16    grounds I submitted the appeal for processing

17    at an inappropriate level See Defendants EXHIBIT-3

18    Pg. 41 of 109, Pg. 31 of 109.

19           On 10-12-2018 chief office of

20    Appeals M. Voong RE: TLR #1811807 Sol-18-0136

21    Active unconstitutional behavior rejected my compla-

22    int by misrepresenting that my complaint was ret-

23    urned on June 20, 2018; See Defendant EXHIBIT-7

24    Pg. 109 of 109.

25           M. Voong is blantantly contradicted

26    by C. Cagnina AGPA who returned Plaintiff comp-

27    laint on Wensday July 18, 2018 so I have till August

28    18, 2018 to file at the third level, it was M. Voong

[1] S. Gates Declaration does not dispute he never
rejected my staff    17    misconduct complaint
against O.R. sherman. It was never routed to S. Gates
or Amy miller

1. C. Cagnina AGPA   not following staff Misconduct Compl-
2. aint procedures by sending the complaint to M. Voong See
3. Defendant EXHIBIT-7 pg. 105 of 109. See [2] EXHIBIT-7 pg. 103
4. of 109 M. Reynoso CCII ordered me to send my corre-
5. sponence [3] to CSP-Sol appeal office,
6.                        See EXHIBIT-7 C. Cagnina AGPA,
7. unconstitutionaly rejected my staff Complaint Log
8. # CSP-S-18-00626 as a duplicate appeal on pg. 97
9. of 109.
10.              This Active unconstitutional Cond-
11. uct renders the Administrative remedies unavailable
12. and inadequate because these prison officials
13. have interfered with plaintiff pursuit of staff
14. misconduct Administrative Remedy See Plaintiff De-
15. claration at 22; See. Sapp V. Kimbrell, 623 F. 3d 813
16. (9th Cir. 2010); See Plaintiff EXHIBIT-S
17. F. THE DEFENDANTS WAIVED THERE EXHAUST-
18. ION DEFENSE AS THEY RULED ON THE MERITS
19. IN THERE MEMORANDUMS, THIRD LEVEL RESP-
20. ONSES. ••
21.              The Defendants breached a duty to
22. me during the administrative Appeals process by cir-
23. cumventing the CDC 1858 Rights And Responsibility
24. Statement Pursuant to Penal Code 148.6 Staff Misconduct
25. Complaint Regulations and choosing to rule on the
26. merits.
27.              For genuine material fact In Mem-
28. orandum Date January 2, 2018  Log# CSP-S-17-02

① Complaints                18          ② Defendants

1  872 Section Discussion pg. 2 and 3 of Plaintiff EXHIBIT-
2  L Warden Neuschmid signed writtings stated ① Plaintiff
3  was medically Cleared for ASU ② You are deemed a
4  threat to the safety and security of this institution, it's
5  staff and inmates.
6              ③ Equally effective communicati-
7  on with Adkins was established by reading the entire
8  CDC 114 D ASU Placement order!
9              ④ Plaintiff is a participant in the
10 Mental Health services Delivery system at EOP. ⑤ Warden Neu-
11 schmid also Plainly referenced Classification Committee
12 Chrono Dated August 30, 2017.
13             ⑥ Expedited transfer not required.[2]
14 ⑦ Warden Neuschmid endorsed CSP-Solano is not designat-
15 ed to house inmates at EOP level of MH-Care. ⑧ Plaintiff was
16 provided mental Health care by designated staff as appro-
17 priate. ⑨ Plaintiff's claim that his rights were violated in re-
18 gards to Coleman v. Brown settlement appears to be without
19 merit. ⑩ In rendering a decision into this matter all
20 pertinent documents have been reviewed.
21             Third Level Review by M. Voong date
22 May 16, 2018, endorsed Neuschmid Decision. See Defendants
23 Exhibit 3 pg. 22 of 109. See Defendants EXHIBIT-5 Pg. 48 of
24 109 M. Voong again endorses Warden Neuschmid Decision
25 and goes a step further and states "Pursuant to penal co-
26 de 3270, the requirement of Custodial security and of
27 staff, inmates public safety must take precedence over
28 all other considerations in the operations of all the pro-

1. Part B identifies Fregoso

19

2. This is a denial of equal Protection as the RAP appro-ved my transfer out of CSP-Solano-ASU

1  grams and activities of the institutions of the Depart-
2  ment. See Defendants EXHIBIT-5 pg. 54 of 109 Warden Neu-
3  schmid circumvented Staff Misconduct Complaints reg-
4  ulations, reclassified my complaint to appeal one issue
5  unconstitutionaly voided my Discrimination, ADA, 8th
6  Amendment claims arising out of the same Act's and
7  omission's that violated my due process rights.
8                    Warden Neuschmid ignored my "Hyper-
9  tensive crisis" injury and was placed in mental health
10 crisis calming. That Active Unconstitutional screening
11 rendered the Administrative Remedy unavailable
12                    ① Warden Neuschmid reviewed all
13 CDC 114 D ASU Placement notices, classification chronos
14 he even stated in EXHIBIT-7 pg. 92 of 109 plaintiffart-
15 iculated my appeal issues eloquently.
16                    Thus he had sufficient notice that
17 he and his codefendant's were deliberate indifferent
18 to my serious medical/mental Health needs as they
19 denied, delayed and intentionaly interfered, delayed,
20 and denied my appropriate mental health treatment by
21 not following the prescribed treatment of my IDTT or
22 the court ordered MitSDS-Program guide, unreasonably
23 On their own non specialized conclusions thats medicaly
24 unaceptable.
25                    None of the defendants are board
26 certified in any medical or mental health or in related
27 discipline See Snow v. McDaniel, 681 F.3d 978; Jett v. Pen-
28 ner, 439 F.3d 1091; See Plaintiff EXHIBITS K, R, U, V, W, X, Z

① All memorandums    20   and 3rd level responses make
the Same Denial's

1  Z, AA. Defendants McQuaid and Gastelo participated in
2  the 602 appeal process. They Wantonly responded and le-
3  ft my EOP care up to Warden Neuschmid. They malici-
4  ously gave me a rape jacket and allowed Neuschmid
5  to unassigned me from my job eventhough I received
6  the highest grade possible see EXHIBIT-BB.
7                Gastelo reviewed each third level and
8  and memorandum response see Defendant's EXHIBIT-3 pg:23
9  of 109; EXHIBIT-4 pg. 46 of 109; EXHIBIT-5 pg.49 of 109; EX-
10 HIBIT-6 pg. 81 of 109 as she's the Warden of CMC.
11               ① Every Memorandum and third level
12 response from M. Voong is blantly contradicted by DR.
13 Sherman, She did not perform ② any ministerial duties at
14 either ICC hearings see plain. EXHIBIT-CC and
15 plaintiff Declaration at 23. see Plain. EXHIBIT-N
16               **VERIFICATION**
17 I have read the foregoing opposition and hereby
18 verify that the matters alleged therein are true,
19 except as to matters alleged on information
20 and belief, and as to those, I believe them to be true.
21 I certify under penalty of perjury that the fore-
22 going is true and correct.
23               **PRAYER FOR RELIEF**
24 Deny the Defendants summary Judge. ment as they
25 Didn't make available. staff misconduct remedy and
26 blantantly said every thing was appropriate.
27 Date: July 23, 2024              Dupree L. Adkis
28 ② should read didn't perform        Dupree Lamont Adkies

① The Defendants  21  Never made the staff
misconduct complaint Administrative remedy ava-
ilable despite violating Due process, equal protection
deliberate indiference, cruel unusual Punishment

Dulree L. Adkins # K50645
P.O. Box 213040
Stockton, CA 95213

1   IN THE UNITED STATE DISTRICT COURT

2   FOR THE EASTERN DISTRICT OF CALIFORNIA

3   SACRAMENTO DIVISION

4

5   Dulree Lamont Adkins,          NO. 2:19-CV-0458-DMC (P)

6          Plaintiff,              Plaintiff's Statement of Oppo-

7   v.                             sition of Undisputed Material

8   Deborah Blackwell, et al.,     Facts In support of Denying

9          Defendants.             Defendants Summary Judgment

10

11  Plaintiff Adkins submit the following Statement of Undisputed

12  Material Facts with supporting evidence. These facts are

13  identified as undisputed solely for purposes of Plaintiff

14  Opposition based on unavailable remedy, Broken promise,

15  and exhaustion of administrative remedy. Plaintiff reser-

16  ve their right to contest all material facts at trial.

17  Lastly when plaintiff refers to Fac. #54, or any other

18  number, that means that entire paragraph, respectfully.

19

20

21

22

23

24

25

26

27

28

1

| Defendant's Undisputed Mat- | |
|---|---|
| erial facts & Supporting evi dence | Plaintiff's clearly established Undisputed facts |
| 1. Plaintiff Dupree Lamont Adkins (Plaintiff is an inmate in the custody of California Department of Corrections and Rehabilitation (CDCR). | 1. Plaintiff Dupree Lamont Adkins during all times relevant to the complaint was a member of the Protected "Coleman Class" at EOP-level of inmate-patient mental health care see. plain. FAC pg. 3 #/, EXHIBIT-E of plain opposition. |
| 2. Defendant Fregose was at all times relevant to the complaint employed by CDCR | 2. ADMIT. |
| 3. Defendant Douglas was at all times relevant to the Complaint employed by CDCR. | 3. ADMIT. |
| 4. Defendant Gastelo was at all times relevant to the Complaint employed by CDCR. | 4. ADMIT. |
| 5. Defendant Dernoncourt was at all times relevant to the Complaint emplo- yed by CDCR. | 5. ADMIT. |
| 6. Defendant Garcia was at all times relevant to | 6. ADMIT. |

2

| | |
|---|---|
| 1 the Complaint employed by | |
| 2 COCR. | |
| 3 7. Defendant Arnold was at | 7. ADMIT. |
| 4 all times relevant to the | |
| 5 Complaint employed by | |
| 6 COCR. | |
| 7 8. Defendant Neuschmid was | 8. ADMIT. |
| 8 at all times relevant to | |
| 9 the Complaint employed | |
| 10 by COCR. | |
| 11 9. Defendant Lee was at | 9. ADMIT. |
| 12 all times relevant to the | |
| 13 Complaint employed by COCR | |
| 14 10. Defendant Blackwell | 10. ADMIT. |
| 15 was at all times relevant | |
| 16 to the Complaint employed | |
| 17 by COCR. | |
| 18 11. Defendant McQuaid was | 11. ADMIT. |
| 19 at all times relevant to the | |
| 20 Complaint employed by CO | |
| 21 CR. | |
| 22 12. Defendant McComas was | 12. ADMIT. |
| 23 at all times relevant to | |
| 24 the Complaint employed by | |
| 25 COCR. | |
| 26 13. Defendant DR. Sherman | 13. ADMIT. |
| 27 was at all times relevant | |
| 28 to the complaint empl- | |

1  oyed by CDCR.

2  14. Plaintiff filed his Fifth          14. ADMIT.
3  Amended Complaint on April
4  5, 2023

5  15. The court granted De-             15. ADMIT.
6  fendant's Motion to dismiss
7  all claims against Defend-
8  ant Kernan and all claim
9  s against the remaining
10 Defendants in their offi-
11 cial capacities.

12 16. The remaining Defend-            16. ADMIT.
13 ants are Fregoso, Douglas,
14 Gastelo, Dernoncourt, Garcia
15 Arnold, Neuschmid, Lee, Blac-
16 kwell, McQuaid, McComas,
17 and Sherman.

18 17. In his FAC Plaintiff alleg-      17. It's clearly established and
19 es that all Defendants vio-          undisputed that the defendants
20 lated his equal protection           intentionaly unlawfully disc-
21 rights under the Fourteen-           riminated against me by not
22 th Amendment for placing             submitting any mental health.
23 him Into the Adminstrative           refferals to insure I recei-
24 Segregation Unit (ASU) at            ve my structured theraput-
25 the California State Prison           ic activities compared to
26 (CSP-Solano).                        similarily situated to GOP
27                                       inmate patients at CMF I,
28                                       or CSP-Solano-Mental Health

4

|  |  |
|---|---|
|  | crisis bed see plain. FAC pg. 3 #4, They did not take a fact specific Investigation to determine what would be a reasonable accomodation see plain. FAC pg. 3-A #5 see plain. opposition EXHIBIT-E, EXHIBIT-F, EXHIBIT-G, FAC pg 3-B #10, #12, #13 see plain. opposition EXHIBIT-B, C, D. FAC pg. 3-C #15, #19, #20, #21 FAC pg. 3-D #22, #27 - pg. 3-E #28, #31, #34 see Plain. Decl. 23 |
| 18. Plaintiff arrived at CSP-Solano on August 31, 2017, October 20, 2017 and February 8, 2018 for out to court proceeding | 18. It's clearly established and undisputed the defendants were using a valid out to court procedure as subterfuge, a cover a r use. to punish me see plain Decl. at 20; with a 11 month shu term see plain. opposition EXHIBIT-C, D. |
| 19. Each time Plaintiff was temporarily transfered back to and housed at CSP-Solano in administrative segregation pending the court proceedings and | 19. It's clearly established and undisputed that the defendants entered a secrete agreement to abuse a valid out to court procedure and policy to punish |

5

| | |
|---|---|
| 1 and return to the sending | ⑥each time my psychosis |
| 2 institution. | and injuries got worser |
| 3 | See plaintiff FAC EXHIBIT- |
| 4 | A, B, C, G. |
| 5 20. On August 24, 2017, Def- | 20. It's clearly established |
| 6 dant Blackwell prepared the | and undisputed that Defen- |
| 7 ASU placement Notice stat- | dant Blackwell filed a false |
| 8 ing that [plaintiff was] | CDC 114 D ASU-Placement by |
| 9 deemed a threat to the | stating Plaintiff is deemed |
| 10 safety and security of | a threat; that medical clea- |
| 11 this institution, it's staff | red Plaintiff for ASU, she |
| 12 and inmates. | did not perfor⑦ a fact specific |
| 13 | investigation into what would |
| 14 | be a reasonable accommodat- |
| 15 | ion for Plaintiff EOP level |
| 16 | of care and she did not |
| 17 | submit any mental health |
| 18 | refferals despite endorsing |
| 19 | I was threat to myself. There |
| 20 | was no administrative remedy |
| 21 | that would give plaintiff rel- |
| 22 | eif from this misconduct |
| 23 | See oppo. EXHIBIT-K Attachme- |
| 24 | nt 1, EXHIBIT-C, EXHIBIT-N, Plain. |
| 25 | Decl. at 5, EXHIBIT-K response |
| 26 | to Interrogatort NO.4, NO.5, |
| 27 | See FAC pg. 3B #10-#11 |
| 28  // | // |

①me

6

| | |
|---|---|
| 21. Defendant Blackwell's notice identified Plaintiff as an Enhanced Outpatient Program (EOP) inmate. | 21. It's clearly established and undisputed that Black-wells notice violated The Federal court order in the Coleman settlement by not following the MHSDS-Program Guide see FAC pg. 3-A #6 see plain. Decl. at 12, 16 |
| 22. On August 29, 2017, Defen-dant Garcia was assigned as a staff assistant for his Institutional Classifi-cation Committee (ICC) meeting for housing assign-ment. | 22. It's clearly established and undisputed Defendant Garcia committed staff misc-onduct by not performing any staff misconduct ① duties that allowed Blackwell and Defendant Fregaso to use intentional misrepresentation of facts in there CDC1140 Asu placement notice see plain. opposition EXHIBIT-K attachment 1, EXHIBIT-M, plain. Decl. at 10, Plaintiff opposition EXHIBIT-J, FAC pg. 3-B #13, #14, FAC pg. 3-C #21, pg. 3-D line 1-3. There was no pertinent relief available. |
| 23. The ICC meeting was held the following day | 23. It's clearly established and undisputed the defendants used a device known as a |

① error should read staff assistant

7

| | |
|---|---|
| 1 | |
| 2 | Template language with false |
| 3 | clinician comments there was |
| 4 | no available administrative |
| 5 | remedy to stop this misconduct |
| 6 | see FAC pg. 3-C *20, plain. opposit- |
| 7 | ion EXHIBIT-R, EXHIBIT V, plain |
| 8 | Decl. at 7, at 12. |
| 9 | 24. Defendant McComas pre- | 24. It's clearly established |
| 10 | pared the classification | that Defendant McComas pre- |
| 11 | chrono, with Defendants | pared the template that does |
| 12 | Dernoncourt, Garcia, DR. Sh- | not identify Defendant Der- |
| 13 | erman, and Neuschmid sit- | noncourt see plain. opposition |
| 14 | ting on the panel | EXHIBIT-Q, plain. Decl. at 3, |
| 15 | | 4, 5, 15. plain. opposition EXHIBIT |
| 16 | | A and P. plain oppo. EXHIBIT-W |
| 17 | 25. DR. Sherman confirmed | 25. It's clearly established |
| 18 | Plaintiff's EOP level of care | and undisputed that DR. She- |
| 19 | and opined that [Plaintiffs] | rman didn't peform any mini- |
| 20 | mental health was stable | sterial Duties at ICC. |
| 21 | with no decompensation. | Defendants were using a |
| 22 | | Template Language device |
| 23 | | see plain. opposition EXHIBIT- |
| 24 | | CC, EXHIBIT-V, plain. Decl. at |
| 25 | | 13. FAC EXHIBITS-A, B, C, D, G, H. |
| 26 | 26. The ICC elected to | 26. It's clearly esta.blished |
| 27 | retain Plaintiff Plaintiff | and undisputed that the |
| 28 | in ASU "pending completion | defendants intentionaly |

| | |
|---|---|
| of court proceedings and | Committed staff misconduct by housing plaintiff in non-theraputic CSP-Solano-Asu see FAC pg 3-D #22-25, pg 3-E #34, pg 3-F line 2-#35, pg 3-G #46 - pg 3-H line 2 #54, see plain opposition EXHIBIT'S-F,W, BB, AA, P, Plain. Decl. at 14,15,17. |
| return to the sending | |
| institution | |
| 27. On October 11, 2017, Plaintiff was again transferred back to CSP-Solano and placed into ASU for a second court proceeding | 27. It's clearly established and undisputed that defendants Gastello and McQuaid violated court order in the Coleman v. Brown settlement by transfering plaintiff to CSP-Solano-ASU, instead of CMF II where they promised and the MHSDS-Program Guide dictates. see plain. Decl 7, 9, 17, FAC pg 3-E to pg 3-F #35, pg. 5-C #127- #131 |
| 28. Defendant Douglas prepared the ASU Placement Notice, Specially, Defendant Douglas's Notice considered Plaintiff as "a threat to the safety and security" because [Plaintiff] arrived at | 28. It's clearly established and undisputed that Defendants Douglas and Dernoncourt comitted Staff misconduct by using intentional false statments in there administrative CDC 1140 ASU-Placement in order to ful- |

① error should read pg.3-E #34

9

CSP-Solano, via transport from
CTF, endorsed to CSP-Solano, there secrete agreement. see.
for an Out to court to Solano plain. Decl. at 20, plain. Opposition
County." EXHIBITS-U, Y, AA, FAC pg. 30
#26- pg. 3-E #32, pg. 40
#77- Pg. 4 E #85, see Plain. Opp-
osition EXHIBIT-C

29. This notice further stated 29. It's clearly established
that "[a] review of [the st- and undisputed that plaintiff-
rategic offender Management s level of care was never
System (SOMS)] revealed that lowered from EOP. Causing
[Plaintiff was] not a partic- more than minimal injury
ipant in the Mental Health called Hypertensive crisis.
Services Delivery system at see plaintiff opposition EXHI-
any level BIT-DD, U, Plain. FAC pg. 3-0
#27- Pg. 3-E #28, Pg. 3-E
#32, #33; FAC-EXHIBIT-G

30. On October 17, 2017, Def- 30. It's clearly established
endant Garcia was assign- and undisputed defend-
ed as Plaintiff's staff ass- ant Garcia breached her
istant before ICC. duty to me and did not
perform any staff assist-
ant duties allowed the de-
fendants to use Template
language at ICC. There w-
as no available adminstra-
tive remedy for this staff
misconduct see FAC pg 4C

10

| | |
|---|---|
| | #72 - 73, plain. opposition EXHIBIT-V. EXHIBITS |
| 31. The following day, an ICC meeting took place to determine Plaintiff's housing assignment | 31. It's clearly established and undisputed defendants had a sufficiently culpable state of mind and chose punishment housing. See FAC pg. 40 #76, pg. 4-H #102, #104-#108 plain. Decl. 17, plaintiff opposition EXHIBIT-G and EXHIBIT-H |
| 32. Dr. Sherman was present and confirmed that Plaintiff's mental health was stable with no decompensation. | 32. It's clearly established and undisputed that DR. Sherman is blantantly contradicted by OR. Sherman! in DR. Sherman interrogatory response's OR. Sherman repeatedely denied making the clinician comments. DR. Sherman also submitted Attachment 1 and 2 to prove that the clinician comments are not in my file, so she didn't make them. However attachment 1 is blantantly contradicted by Vita. Casllari. Attach. ment 2 is blantantly contradicted by Patrick Faggianell |

11

| | |
|---|---|
| | mary spurgeon. See Plain. |
| | opposition EXHIBIT-R and |
| | Plaintiff FAC EXHIBITS, A, B, |
| | C, see Plain. Opposition EXHIBIT |
| | DD |
| 33. Defendant Mc. Comas | 33. It's clearly establishe- |
| prepared the classific- | d and undisputed Defendant |
| ation chrono and record- | used a device called temp- |
| ed Plaintiff was a part- | late language that conta- |
| icipant of the mental | ined false clinician comm- |
| Health Services Delivery | ents. He did not docume- |
| system (MHSDS) and at | nt the fact that Defend- |
| the Correctional Clinical | ant Dernoncourt delayed |
| Case management system | and interferred with Nurse |
| | Mary Spurgeon emergency |
| | treatment. Laymen term's |
| | It's called a high blood |
| | pressure attack, in medical |
| | terms it's called Hypeten- |
| | sive crisis which occurre- |
| | d twice. See FAC pg. 4-C |
| | #74- #76, Pg. 4-D # 80-pg. 4-E |
| | #85, see FAC EXHIBIT-A, B, C, |
| | see plain. opposition EXHIB- |
| | IT-V, EXHIBIT-DD, EXHIBIT- |
| | U, EXHIBIT-Q. |
| 34. Defendant Arnold | 34. It's clearly establi- |

① mc Comas, Newschmid, Arnold

12

| | |
|---|---|
| 1 and Fregoso sat on the | |
| 2 panel. | shed and undisputed that |
| 3 | the Device Template langu- |
| 4 | age hid the Ball. Neither |
| 5 | Template Identifies Fregoso |
| 6 | or Dernoncourt. Defendant |
| 7 | Arnold committed staff |
| 8 | misconduct by using false |
| 9 | Committee coments. Def- |
| 10 | endant Fregoso was compli- |
| 11 | cit. See FAC pg. 4-E #86 - |
| 12 | pg. 4-F #89, see plain. oppo- |
| 13 | sition EXHIBIT-Q and com- |
| 14 | pare to EXHIBIT-U (final 4 |
| 15 | pages) Plain Decl. at 19. |
| 16 35. The ICC reached the | 35. It's clearly established |
| 17 same conclusion as the | and undisputed that the |
| 18 previous time and elect- | defendants held Animas |
| 19 ed to retain Plaintiff | against plaintiff and |
| 20 in ASU pending complet- | punish plaintiff with ad- |
| 21 ion of the court proce- | verse ASU-Housing which is |
| 22 eding and return to the | a violation of The court |
| 23 sending institution. | order under the Coleman |
| 24 | Settlement. As well as |
| 25 | staff misconduct as the |
| 26 | defendants received 3 |
| 27 | Auditor Actions, see FAC |
| 28 | pg. 4 #57-58, see plaintiff |

opposition EXHIBIT- B, C, E, F, G. see FAC, EXHIBIT- B and C.

36. On February 1, 2018 Plaintiff was transferred back to CSP-Solano and placed into ASU for the third time.

36. It's clearly established and undisputed the Defendants Gastelo and McQuaid breached a duty to Plaintiff by breaking there promise to transfer me to CMF II. Instead they violated the court order in "Coleman" and transfered me where they knew I would be treated. Deliberate indifferent to my serious medical and mental Health needs. See FAC pg. 4-F #94 — pg. 46 #98, See plaintiff opposition EXHIBIT- I see plain Decl. at 7.

37. Defendant Lee prepared the ASU Placement notice, stating that Plaintiff was deemed as a threat to the safety and security to CSP-Solano because plaintiff was not endorsed at this facility

37. It's clearly established and undisputed that Defendants Lee and Dernocourt committed exceptional staff misconduct as they used false statements in there ASU-Placement notice, that I am a threat, endangers security

14

| | |
|---|---|
| | they knew I was threat to myself but they did not notify any Medical/Mental Health employee. See Defendants EX-HBIT-6 pg.49, FAC pg. 4-F #90-#92, see plain opposition EXHIBIT-Z, AA, C, F: Plain. Decl. 12 |
| 38. This notice identi-fied Plaintiff as an EOP inmate. | 38. ADMIT |
| 39. On February 4, 2018, Plaintiff's mental health deteriorated. He became distraught and could no longer fall asleep. | 39. It's clearly establish-ed and undisputed that plaintiff suffered more than minimal injuries as Defen-dant Lee and Dernon court Endorsed I was a threat to myself in there COC.114 D placement order in plain. opposition EXHIBIT-Z part A and violated Court order in "Coleman" by not notify-ing any medical or mental Health staff Plaintiff bec-ame distraught and began hearing voices telling me to kill myself and looked |

| | |
|---|---|
| | for ways to hang myself and began banging my head, I also suffered Hypertensive crisis for a second time as my BP 200/100 and treated with Clonidine see EXHIBIT-G of FAC, FAC pg. 4-F #93, Plaintiff opposition EXHIBIT-DD, F and Z. see FAC-EXHIBIT-C |
| 40. On February 5, 2018, Plaintiff's mental health Collapsed. He began banging his head in the treatment module leading up to his admission to the Mental Health Crisis Bed (MHCB) | 40. ADMIT |
| 41. Plaintiff alleges that he is a protected class member under the Coleman v. Brown, 2:90-cv-00520 settlement. | 41. Amit |
| 42. Plaintiff alleges that he is a participant of the Mental Health Services Delivery system (MHSDS) at the Enhanced Outpatient | 42. It's clearly established and undisputed Plaintiff was at Enhanced Outpatient at all times relevant to this case see |

| | |
|---|---|
| 1 Program (EOP) level of Care. | EXHIBIT-O of plaintiff FAC. |
| 2 43. CSP-Solano is not des- | 43. ADMIT |
| 3 ignated as an EOP Hub fac- | |
| 4 ility and not equipped to | |
| 5 provide EOP level of care. | |
| 6 44. Since August 1, 2008, he- | 44. Equitable Exception To |
| 7 alth care appeals/grieva- | exhaustion should apply as |
| 8 nces involving inmate med- | the (CCHCS), S. Gates and |
| 9 ical, dental, and mental hea- | defendants did not make the |
| 10 lth care issues have been | administrative remedy ② of |
| 11 processed by California | a Remedy Compliance Coo- |
| 12 Correctional Health Care | rdinator to resolve the de- |
| 13 Services (CCHCS), under the | lay in the implementation of |
| 14 office of the Federal Rec- | the Broken Promise of a Med- |
| 15 eiver appointed in the cl- | ical/Mental Health Transfer |
| 16 ass action litigation reg- | to California Medical Facility |
| 17 arding prison health care, | (CMF II). Also the admin- |
| 18 Plata v. Newsom, U.S. Distr- | istrative Remedy of a tea- |
| 19 ict court for the Northe- | m at CDCR Headquarters to |
| 20 rn District of California, | review my staff complaints, |
| 21 Case No. 3:01-cv-0135 | or a CDCR Allegation Investi- |
| 22 Declaration of S. Gates In | gation Unit or Internal |
| 23 Support of Defendants Mo- | affairs to investigate my |
| 24 tion for Summary Judgm- | complaints against the corr- |
| 25 ent (Exhaustion), (Gates | ectional officers for viola- |
| 26 Decl.) | ting "Coleman", "Plata" court |
| 27 | orders see plain Decl. 9, 11 ① |
| 28 | 19, EXHIBIT's- 6, H, I, N, S. |

① 18
② error should read administrative
    remedy available

17

| | |
|---|---|
| 45. THE HCCAB receives, reviews, and maintains all health care appeals/grievances, accepted for the final (headquarters) level of review in the inmate health care appeal/grievance process and renders decisions on such appeals/grievances. Gates Decl. ¶ 4. | 45. Equitable Exception to exhaustion should apply as the (CCHCS), S. Gates and defendant's did not make the administrative remedy available of Remedy Compliance Coordinator to resolve the delay in the implementation of the Broken Promise of a Medical/Mental Health Transfer to California Medical Facility (CMF) II. Also the administrative Remedy of a team at CDCR Headquarters to review my staff complaints, or a CDCR Allegation Investigation Unit or Internal affairs to investigate my complaints against the correctional officers for violating "Coleman", "Plata", court orders see plain. Decl. 9, 11, 18, 19, EXHIBITS-G, H, I, N, S. |
| 46. All levels of health care appeals/grievances, including the institutional and headquarters | 46. Equitable Exception to exhaustion should apply as the (CCHCS) S. Gates and defendants did not make the |

18

Dupree L. Adkins #K52645
CHCF
P.O. Box 213040
Stockton, CA 95213

| | |
|---|---|
| 1  levels of review, are tracked | |
| 2  through a computer database | administrative remedy |
| 3  known as the Health Care | available of Remedy Compli- |
| 4  appeals and Risk Tracking | ance Coordinator to resolve |
| 5  System (HCARTS) | the delay in the implementat- |
| 6  Gates Decl. ¶14 | ion of the Broken Promise of |
| 7  | a Medical /Mental Health |
| 8  | Transfer to California Me- |
| 9  | dical Facility (CMF) II. Also |
| 10  | the administrative Remedy |
| 11  | of a team at CDCR Headqua- |
| 12  | rters to review my staff com- |
| 13  | plaint's, or a CDCR Allegation |
| 14  | Investigation Unit or Inte- |
| 15  | rnal affairs to investigate |
| 16  | my complaints against the |
| 17  | correctional officers for |
| 18  | violating "Coleman", "Plata", |
| 19  | Court orders see plain. Decl. |
| 20  | 9, 11, 18, 19, Exhibits-G, H, I, N, S. |
| 21  47. HCARTS also tracks | 47. HCARTS and the Defen- |
| 22  health care appeals/gr- | dants did not make the adm- |
| 23  ievances that were re- | inistrative remedy available |
| 24  ceived and ultimately | of a Remedy Compliance Coo- |
| 25  rejected and the reason | rdinator, a team at CDCR |
| 26  for the rejection. | Headquarters review my sta- |
| 27  | ff misconduct Complaints see |
| 28  | Plain. Decl. 9, 11, 18, 19, Exhibits- |

19

G.H.I.N.S.

48. The HCARTS is kept as a regularly conducted activity, and the computer entries are made at or near the time of the occurrence by the employee who is processing the health care appeal/grievance. Gates Decl. ¶14

49. Title 15 of the California Code of Regulations Governs the inmate appeal/grievance process.

48. HCARTS and the Defendants did not make the administrative remedy available of a Remedy Compliance Coordinator, a team at CDCR Headquarters review my staff misconduct complaints see Plain. Decl. 9,11,18,19, EXHIBITS-G,H,I,N,S,

49. EQUITABLE EXCEPTION TO EXHAUSTION SHOULD BE GRANTED the defendants did not follow the regulations policies of staff misconduct complaints CDC 1858 Rights and Responsibility Statement Pursuant to Penal Code 148.6 and violated court order under "Coleman", ADA-Title II, section 504 RA by not taking a fact specific investigation see Defendant① EXHIBIT-3 pg.31, EXHIBIT-5 pg.66② pg.76, EXHIBIT-7 Pg.98; Plain EXHIBITS-S, E, G; Plain. Decl. 11; EXHIBIT-X.

50. On September 1, 2017    50. EQUITABLE EXCEP-

① Defendant
② EXHIBIT-10 Pg.78; EXHIBIT-4 page 66

| | |
|---|---|
| 1 | new procedures were offic- |
| 2 | ially enacted as regulation- |
| 3 | s under Cal. Code Regs. Tit. 15. |
| 4 | §3087; however, in 2019, the |
| 5 | health care grievances sec- |
| 6 | tion was changed without |
| 7 | regulatory effect and can |
| 8 | now be found at Title 15, |
| 9 | §§3999.225-3999.237 of |
| 10 | the California Code of |
| 11 | regulations. Gates Dec 1 916. |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | 51. Under these regulation- |
| 20 | s, inmates may grieve co- |
| 21 | mplaints regarding health |
| 22 | care policies, decisions, ac- |
| 23 | tions, conditions, or omissi- |
| 24 | ons using a CDCR 602 HC |
| 25 | form within 30 calendar d- |
| 26 | ays of: the action or dec- |
| 27 | ision being grieved; or in- |
| 28 | itial knowledge of the |

Right column:

TION TO EXHAUSTION SHOU-
LD be granted. The defe-
ndants did not follow the
regulations policies of
Staff misconduct Compl-
aints CDC 1858 Rights and
Responsibility Statement
Pursuant to Penal Code 148.6
and violated court order
under "Coleman", ADA
Title II, Section 504 RA,
by not taking a fact
specific investigation
See Defendant EXHIBIT-3 ①
pg. 31, EXHIBIT-5 pg.66, pg.
76, EXHIBIT-7 pg.98; Plain.
EXHIBITS-X, E, e, Plain Decl. 11

51. EXCEPTION TO EXHAUST-
ION is Equitable as it's clearly
established and undisputed that
the Administrative Remedy of
a Remedies Compliance Coor-
dinator would have resolve
the delay in the Promise of a
transfer to CMF II for medic-
al/mental health care was
unavailable see EXHIBIT-X

21    ① EXHIBIT-4 pg.66
       EXHIBIT-10 pg. 78

1  action or decision being
2  grieved. Gates Decl. ¶ 7.         EXHIBIT-I, plain. Decl. ¶ 9
3  **52.** CSP-Solano has a health    **52.** Equitable Exception to
4  care grievance process for         Exhaustion should be granted
5  inmates to grieve issues           and waiver estoppel of exhaus-
6  relating to their healthc-         tion as a defense was waived
7  are.                               CSP-Solano RAP-Panel in conce-
8                                     rt with C. Cagnina, J. Wechsler,
9                                     PH.D approved medical/mental
10                                    health transfer's but there
11                                    was no Administrative remedy
12                                    of a Remedy compliance Coor-
13                                    dinator to implement the appro-
14                                    ved transfers. See EXHIBIT's-G,
15                                    H, I, X, Plain. Decl. 8, 9, 11.
16  **53.** During the relevant pe-   **53.** EQUITABLE EXCEPTION
17  riod on or after August 24,       TO EXHAUSTION should be gra-
18  2017, (the day when Plaintiff     nted as plaintiff was induced
19  was first transferred to          into abandoning my Health
20  California State Prison-          Care grievances against DR.
21  Solano (CSP-Solano)). thr-        Sherman due to the defend-
22  ough March 14, 2019 (the          ants promise of a transfer
23  day when Plaintiff's compl-       to CMFⅡ for medical/men-
24  aint was filed), inmate           tal health care during the
25  Adkins                            court process which was nev-
26                                    er fulfilled. See Plain. Decl. 9
27                                    EXHIBIT-I.
28  **54.** In his first grievance    **54.** Equitable Exception to

(Log No. SOL HC 1700011)

| | |
|---|---|
| received at the California | to exhaustion should be granted |
| Men's Colony on October 12, | as S.Gates intentionaly misrepres- |
| 2017 Plaintiff alleged that | ents the facts and is bluntly con- |
| despite requests, Plaintiff | tradicted by his signed writings. |
| did not receive his hyperte- | It's clearly established the co- |
| nsion medication during his | rrect HC log # is CMC HC 1700 |
| time at the California Me- | 111 see Exhibit 3 pg. 24 of 149②, see |
| n's Colony, instead of Cal- | page 25 of 149 Tracking # CMC HC |
| ifornia State Prison Solano, | 1700011. S.Gates endorsed this was |
| where the alleged incidents | a CMC health care grievance as |
| happened. Gates Decl. ¶12. | the RN contacted (CSR)-SOL |
| | see page 22 signed by T.Macias |
| | Chief Executive Officer, Health |
| | Care Grievance office California |
| | Men's Colony. It was S.Gates |
| | machination changing the |
| | log # to Log No. SOL HC 17000 |
| | 111 when the respondent was |
| | CEO-T.Macias # CMC HC 17000 |
| | 111. See Defendants EXHIBIT-3 ② |
| 55. This grievance (Log No. | 55. Equitable Exception to ex- |
| SOL HC 1700011) did not | haustion as S.Gates did not |
| mention DR.Sherman, delibe- | afford plaintiff the administrat- |
| rate indifference, or any of | ive remedy of the Remedy |
| the allegations relating to | Compliance Coordinator nor did |
| DR.Sherman. | any of the defendants. This Act- |
| | ive unconstitutional conduct |

② See plain EXHIBIT-EE

23

① Its unkown who and why
CMC is lined out and sol
is written. See section
title staff use only 1st
se

| | render the administrative appeals |
| | process and remedies inadequate |
| | as there was no mechanism to |
| | implement the promised transfer |
| | for medical/mental health trans- |
| | fer to CMF II. see plain. Decl.¶19, |
| Gates Decl.¶112 | 11, EXHIBIT-X, I. |
| 56. In his second grieva- | 56. Equitable Exception To |
| nce (Log No.CMC HC 17000 | Exhaustion should be granted |
| 319) received at the Calif- | as S.Gates and the Defendants |
| ornia Men's Colony on Nov- | are blantantly contradicted |
| ember 30, 2017, Plaintiff all- | by the record. Dr. Wechsler and |
| eged that Dr. Wechsler fail- | my Inter Disciplinary Treatment |
| ed to provide confidential | Team (IDTT) approved my tran- |
| assessments in private. Acc- | sfer to "EOP-CMF II. DR. Wech- |
| ordingly, plaintiff request- | sler attended ICC where |
| ed a new clinician other | my promised transfer to CMF |
| than Dr.Wechsler. Addition- | II was approved. It was |
| ally, he requested to be | the defendants and S.Gates, |
| placed in Ms.Johnson's fit- | not affording plaintiff with |
| ness class. Gates Decl.¶113. | the administrative remedy of |
| | a Remedy Compliance Coord- |
| | inator. This remedy was effe- |
| | ctively unavailable. see plain. |
| | EXHIBIT-I, X. Plain. Decl.¶9,11. |
| 57. This grievance (Log No. | 57. Equitable exception to |
| CMC HC 17000319) did not | exhaustion should be gra- |
| mention DR. Sherman's in | nted as the defendants |

| | |
|---|---|
| 1  Gates Decl 9 13. | induced plaintiff into abando- |
| 2 | ning my health care grievance |
| 3 | based on a promise to CMF II |
| 4 | which resolved the issue see |
| 5 | EXHIBIT-I and plain. Decl. 9 9 |
| 6  58. In his third grievance | 58. It's clearly established |
| 7  (Log NO. CMC HC 18000493) | and undisputed the records |
| 8  received by the California | had to be ordered from he- |
| 9  Mens colony on January 30, | ad quarter. see EXHIBIT-FF |
| 10  2018, Plaintiff alleged that | |
| 11  his health records were | |
| 12  deleted from October 12, 20 | |
| 13  i 7, and October 13, 2017. Accord- | |
| 14  ingly, Plaintiff requested a | |
| 15  copy of the health records | |
| 16  from October 12, 2017, and | |
| 17  October 13, 2017 Gates Decl. 9 14 | |
| 18  59. This grievance (Log NO. | 59. EQUITABLE Exception to |
| 19  CMC HC 18000493) did not | exhaustion should be gran- |
| 20  mention DR. Sherman or id- | ted. It's clearly established |
| 21  entify her through her po- | and undisputed the defe- |
| 22  sition as a psychologist. | ndants induced plaintiff |
| 23  Gates Decl. 9 14. | into abandoning my Health |
| 24 | Care grievances against DR. |
| 25 | Sherman and there was |
| 26 | no Remedy Compliance Coor- |
| 27 | dinator to implement the |
| 28 | transfer that was promi- |

1  sed which demonstrate that

2  there was no pertinent relief

3  remained available where at

4  unexhausted levels or through

5  awaiting the results of the

6  transfer. See EXHIBIT's, I, X,

7  Gates Decl. ¶14      plain. Decl. ¶9.

8  60. Through this grievance (Lo-   60. Equitable exhaustion exc-

9  g No. CMC HC 18000493) Plain-   ption should be granted as

10  tiff only requested the med-   Warden Defendant® misrepres-

11  ical records concerning a   ented the facts in all his

12  nurse referral to a non-   memorandum second level res-

13  party psychologist Dr. Faggia-   pond® during the administrative

14  nelli. Gates Decl. ¶14.   appeals process stating I rece-

15       ived appropriate mental health

16       care. DR. Faggianelli blantantly

17       contradicts those unlawful

18       misrepresentation of facts.

19       S. Gate is blantantly contra-

20       dicted by Mary Spurgeon wh-

21       o submitted a mental health

22       referral to DR. Jaystone. See

23       FAC EXHIBIT's- B, C. The def-

24       endants victimized plaintiff

25       with a device known as a

26       template language. see Plain

27       EXHIBIT-Q. FAC-EXHIBIT-C

28  61. In his fourth griev-   61. Equitable Exception to

       ① error should read response
   26  ② Neuschmid

Dupree L. Adkins K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

ance (Log No. CMC HC
18001050) received by the
California State Prison-
Corcoran on July 25,
2018, Plaintiff alleged
that he could not rece-
ive his treatment plan,
Reasonable Accommoda-
tion Panel (RAP), recog-
nized by CDCR. More
specifically, Plaintiff
did not receive enough
staff assistance in dr-
afting inmate grievance
s. Gates Decl. ¶ 15.

exhaustion should be grant-
ed and equitable estoppel
as the defendants denied
Plaintiff staff assistance on
the grounds "I articulated
my appeal issues eloquently".
Thus the defendants are eq-
uitably estopped from asse-
rting any of my complaints
lacked sufficient notice to
any of my claims. It's clearly
established and well settled
that the defendants did not
take a fact specific inves-
tigation into what would
be a reasonable accommo-
dation. See Defendants EXHIBIT-
7 pg. 92 of 109 see Plain. Decl.
18, 19, Plaintiff EXHIBIT - 5, 6.

62. This grievance (Log
No. CMC HC 18001050)
did not mention DR.
Sherman, deliberate in-
difference, false clinic-
ian comments, or itchy
soap and rancid tooth
powder. Gates Decl. ¶ 15

62. EQUITABLE EXCEPTION
TO Exhaustion should be gr-
anted as Warden Neuschmid
and Chief CDCR Appeals comm-
itted staff misconduct by
using a device Template lan-
guage with fake clinician
comments, then not forward-

27

Dupree L. Adkins #50445
CHCF
P.O. Box 213040
Stockton, CA 95213

My complaints to a team at CDCR headquarters or tOC DCR's Allegation investigation Unit. There equitably estopped from using Exhaustion as a denfens. The defendants rendered the administrative appeals staff misconduct unavailable. see plain. EXHIBITS S, R, V/X, plain decl. 11, 13.

63. In his fifth grievance (LOg NO. SATF HC 1800/905) received by the California Substance Abuse Treatment Facility on September 21, 20 18 alleged that he spoke with one unidentified mental health clinician that "[Plaintiff] want [ed] to kill [his] cellie." Plaintiff further contended that upon returning to his cell, he "punched up [his] cellie [and his] hand [was] swollen and in pain." Plaintiff further threatened to keep fucking up [his] cellie Gates Decl. ¶16

63. It's clearly established and undisputed that I have a mental impairment with psychosis. I went to the mental health staff guy for help he told me to handle my business. It was a fair challenge I received a broken metacarpal bone [forth] in my left hand, the cellie had multiple sutures. The king's County District Attorney rejected the case for Great bodily injury as the mental health guy did not follow procedure and have me secured until I receive a assesment. see FAC EXHIBIT - 17 - A, B, G.

28

64. This grievance (Log No. SATF HC 18001905) did not mention DR. Sherman or identify any medical professionals by names. Therefore, this grievance was screened out for lack of specificity Gates Dec.1 ¶16

64. It's clearly established an undisputed that Warden Neuschmiel read all pertinent documents that identified all prison defendants involved. See plain. EXHIBIT-L pg. final paragraph — pg. 3. See Plain Declaration, ¶ 10 and defendants EX-7 pg. 92

65. This grievance (Log No. SATF HC 18001905) did not raise any allegations concerning false clinician comments, itchy soap, and rancid tooth powder. Gates Decl 16.

65. Equitable Exception to Exhaustion should be granted, Equitable Estoppel applies as the defendants did not follow Staff misconduct procedure's, thus there was no available administrative remedy to get relief from the constitutional harm. See Plain. Decl. ¶ 5, 11, 18.

Gates Decl. ¶ 16

66. In his sixth grievance (Log No. COR HC 18001602) received by the California State Prison, Corcoran, on October 17, 2018, Plaintiff alleged that he was denied his Lisinopril blood pressure medication, causing "spotted vision, lightheadedness

66. ADMIT

29

and sharp chest pain," He then requested an investigation with the California Board of Medicine in Sacramento.

67. This grievance (Log No. COR HC 1800/609) did not mention O.R. sherman, false clinician comments, or itchy soap and and rancid tooth powder.

Gates Decl. ¶ 17

67. The O.R. sherman issue was resolved with the Promise of a transfer. As was the illegal unconstitutional ASU-housing. Thus Equitable Exception applies and the defendants should be equitable estopped from asserting exhaustion as a defense. see Plain. Decl. 11, 13, 16, EXHIBIT'S - S, X, G, H, N

68. This healthcare grievance. (Log No. COR HC 1800/609) arose out of a different institution at California State Prison, Corcoran, instead of California State prison, solano, where the alleged incidents.

Gates Decl. ¶ 17

68. Equitable Exception to Exhaustion Should apply and equitable estoppel as the Defendant committed staff misconduct by unlawfully endorsing that plaintiff is a threat. The Defendant's Should be equitable estopped from using exhaustion as a defense see plain. Decl. 5, 16, 9. EXHIBIT-S, A, B, C.

69. In his seventh grievance (Log NO. CMF HC 19000 355) received by the Calif-

69. ADMIT

30

1    Orala Medical Facility on

2    March 8, 2019. Plaintiff

3    alleged that he lacked

4    access to staff assistan-

5    ce to the appeals process

6    and case manager meet-

7    ings. Specifically, Plaintiff

8    contended that he recei-

9    ved a Rule Violation Rep-

10   ort because he did not

11   have sufficient staff as-

12   sistance. Plaintiff also

13   requested single cell sta-

14   tus. Gates Decl. ¶ 18.

15   70. This grievance (Log     70. Equitable Exception to

16   No. CMF HC 19000355) di-   Exhaustion should apply. A

17   d not mention DR. Sherma-   movant claiming lack of

18   n, deliberate indifference,   exhaustion must demons-

19   false Clincian Commen-    trate that pertinent relief

20   ts, or itchy soap and ran-   remained available where

21   cid tooth                     at unexhausted levels or

22                             through awaiting the res-

23                             ults of the relief already

24                             granted as a result of

25                             that process. See Plain. Decl.

26   Gates Decl. ¶ 18           20 EXHIBIT-S, G, H, I.

27   71. In 2019 and before,   71. It's clearly established

28   CDCR had established     and undisputed That the

Dupree L. Adkins 50645
P.O. Box 213040
Stockton, CA 95213

| | |
|---|---|
| a multilevel process that | |
| provided inmates the right to | Office of The Inspector Gene- |
| grieve administratively "any | ral found that the California |
| departmental decision, action, | Department of Corrections and |
| condition, or policy perceived | Rehabilitation has inappropriat- |
| by those individuals as ad- | ely reviewed complaints of |
| versely affecting their welf- | misconduct against incarcera- |
| are." Cal. Code Regs., tit. 15 § | ted people," "Consequently, the |
| 3084.1(a) | department's action circum- |
| Declaration of S. Torres In Supp- | vented regulations and aut- |
| ort of Defendants' Motion | horized prison staff who had |
| for Summary Judgment (Torres | been found to conduct inade- |
| Decl.) ¶12 | quate and potentially biased |
| | investigations to respond to |
| | allegations of staff miscond- |
| | uct." - OIG report. See EXHIBITS |
| 7a. The system consisted | 7a. It's clearly established and |
| of three formal levels of | undisputed. CDCR acknowledges |
| appeal: (1) a first level | the Office of Inspector General's |
| staff response; (2) second | report. In a signed letter resp- |
| level appeal to the institu- | onding to the findings, CDCR |
| tion head or designee; and | secretary Jeffrey Macomber |
| (3) third and final level appe- | said that the reassigned grieva- |
| al to the CDCR office of | nces amounted to less than one- |
| Appeals in Sacramento. Cal. | third of one percent of all grie- |
| Code. Regs., tit. 15 §§ 3084.7, | vances reviewed. When an incarc- |
| 3084.8, | erated person files an appeal, a |
| Torres Decl. ¶12. | team at CDCR headquarters |

|  | is supposed to review the |
|  | complaints and then separate |
|  | staff misconduct claims from |
|  | all other grievances. See EXHIBITS |
| 73. In 2019 and before, the | 73. It's clearly established |
| CSP-Solano appeals office | and undisputed The miscond- |
| was charged with screening, | uct claims are then supposed |
| logging, and routing first- | to be returned to the prison |
| and second-level grievan- | and sent to CDCR's Allegat- |
| ces that are submitted by | ion Investigation Unit, locat- |
| inmates at the institution. | ed in Sacramento, or Internal |
| Torres Decl. ¶3. | Affairs at designated facilit- |
|  | ies. See EXHIBIT-3 |
| 74. The appeals office also | 74. It's clearly established |
| monitored the disposition | and undisputed that plaint- |
| of these non-health care | iff followed the "2019 and |
| related inmate grievances. | before," staff misconduct |
| Torres Decl. ¶13. | policy by attaching the CDC |
|  | 1858 RIGHTS AND RESPONSIBIL- |
|  | ITY STATEMENT pursuant to |
|  | Penal Code 148.6 . See Defenda- |
|  | nts Exhibit-3- pg. 31, Exhibit5 pg |
|  | 66, Exhibit-5 pg. 76, Exhibit-7 |
|  | pg. 98. |
| 75. The formal inquiry and | 75. It's clearly established |
| review of such grievances | and undisputed today Amy |
| were performed and dete- | Miller is the Director CDCR |
| rmined by CDCR staff as | Division of Correctional |

1. designated under Cal. Code.

| | |
|---|---|
| 2. Regs., tit. 15. §3084.7 | Policy and Research and Internal Oversight for Staff |
| 3. Torres Decl. ¶ 3 | misconduct, her policies determine who review Plaintiff staff misconduct complaints in 2019 and before see Defendants Exhibit-3 pg. 31, Exhibit-5 pg. 66, 76 and Exhibit-7 pg. 98. |
| 10. 76. In the regular course | 76. It's clearly established |
| 11. and scope of it's business | and undisputed that Warden Defendant Neuschmid, |
| 12. and administrative prac- | en Defendant Neuschmid, |
| 13. tices, CSP-Solano keeps an | Chief of CDCR Appeals M. Voong |
| 14. electronic record of each | who responded to plaintiff |
| 15. inmate appeal that has pro | Staff misconduct complaints |
| 16. ceeded through the first | violated those procedure, rec- |
| 17. and second levels of rev- | lassified The defendants |
| 18. iew at the institution, as | misconduct instead of All- |
| 19. well as those grievances | owing the complaints to be |
| 20. screened out for proced- | reviewed by appropriate |
| 21. ural deficiencies. | offices as none of the CDC |
| 22. Torres Decl. ¶ 4 | 1858 Rights And Responsibl- |
| 23. | lity statements were never |
| 24. | endorsed. Equitable Excep- |
| 25. | tion to exhaustion should |
| 26. | be granted as the Defendant |
| 27. | s circumvented CDCR's |
| 28. | Allegation Investigation Unit, |

34

Dupree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

| | |
|---|---|
| 1 | or Internal affairs. See Plain. |
| 2 | EXHIBITS, Plain. Decl. 11 and |
| 3 | Defendants EXHIBIT-3 pg. 31, |
| 4 | EXHIBIT-5 pg 66, 76, EXHIBIT-7 |
| 5 | pg. 98 |
| 6 | 77. An electronic tracking · 77. It's clearly established |
| 7 | system for inmate appeals, and undisputed In 2022 |
| 8 | called the "Inmate/Parol- the "OIG" found that CD- |
| 9 | ee Appeals Tracking Syste- CR mishandled with miscon- |
| 10 | m – level I and II" is also duct grievances and suggest- |
| 11 | maintained at the Institu- ed improvement in the CDCR |
| 12 | tion. Torres Decl. ¶ 4 grievance review process |
| 13 | to improve transparency |
| 14 | see. Plain. Exhibits. |
| 15 | 78. Any grievance, which 78. It's clearly established |
| 16 | proceeds to the first or and undisputed that Torres |
| 17 | second level of review is blantantly contradicted |
| 18 | and is assigned a log num- by the record of the Office |
| 19 | ber by the institution where Of The Inspector General, |
| 20 | the grievance originates. A team at CDCR headquarters |
| 21 | Torres Decl. ¶ 6 is supposed to review the |
| 22 | complaints and then separate |
| 23 | staff misconduct claims |
| 24 | from all other grievances. See |
| 25 | Plain. Exhibit-s. |
| 26 | 79. That log number is loca- 79. It's clearly established |
| 27 | ted in the "Appeal History" and undisputed CDC 1858 |
| 28 | section of the electronic Rights AND RESPONSIBILITY |

35

| | |
|---|---|
| 1 | inmate appeals tracking | |
| 2 | record, under the column | statement gives plaintiff |
| 3 | titled "Log Number. | the right to file a staff mis- |
| 4 | | conduct complaint and have |
| 5 | | it investigate. The defendants, |
| 6 | | Warden Neuschmid, Chief Appeals |
| 7 | | M. Voong circumvented those |
| 8 | | procedures. They are equitable |
| 9 | | estopped from asserting plain |
| 10 | | lacks exhaustion as they didn't |
| 11 | | follow regulations so equitable |
| 12 | | estoppel apples. See Plain Decl. |
| 13 | | 18, EXHIBIT-5, Defendants Exhib- |
| 14 | | it-3 pg.31, Exhibits pg. 66, 76, |
| 15 | Torres Decl.G. | EXHIBIT-7 pg.98. |
| 16 | 80. Each grievance is gener- | 80. It's clearly established |
| 17 | ally described in the colu- | and undisputed the CDC |
| 18 | mn of the Appeals History | 1858 Rights And Responsibility |
| 19 | Section in electronic in- | statement has a section title |
| 20 | mate appeals tracking rec- | Receiving Staff's Printed name, |
| 21 | ord under the heading | signature and date. It's blank |
| 22 | Issue,. | Thus plaintiff should be gran- |
| 23 | | ted Equitable Exception to |
| 24 | | Exhaustion as the staff mis- |
| 25 | | conduct investigation woul- |
| 26 | | d have shut down the staff |
| 27 | | misconduct that led to the |
| 28 | | violation of plaintiff's other |

Federally protected rights. see
Defendants Exhibit-3 pg.31, Exhibit
5 pg. 66, 76, EXHIBIT-7 pg. 98
Plaintiff FAC pg. 3-A #6, pg.3-B
line 4-9; plain exhibit B and c

Tortes Decl. 9/9                  Plain. Decl. 5

81. Five relevant appeals      81. It's clearly established
were identified as relevant    and undisputed plaintiff re-
to Plaintiff's claims.         ceived multiple favorable
Tortes Decl. 9/9               rulings through the admi-
                               nistrative process thus the
                               doctrine of exhaustion of
                               administrative remedies, they
                               were deemed resolved, and
                               approved see plain EXHIBITS-
                               G, H, I; Plain. Decl. 8, 9.

82. In his first appeal(Log    82. It's clearly established
NO. CSP-S-17-02872), Plaint-   and undisputed M.Voong
iff alleged that Defendant     and Defendant Neuschmiel
Blackwell inappropriately      circumvented staff misc-
housed Plaintiff in CSP-Sol-   onduct regulations. Neuschm-
ano Administrative segreg-     id rendered his decision
ation Unit in violation of     into this matter all perti-
Plaintiff's rights outlined    nent documents. He stated
in the Coleman v. Brown, 2:90- I was medically cleared,
cv-00520, settlement. Plain-   I'm a treat, the entire
tiff also contended that       CDC1140 was chairman
because CSP-solano was         at ICC which Identifies

37

1. not designated to house inmates
2. at the "EOP" level of care, him self fregoso, stated I was
3. placement was adverse and provided mental Health Care
4. made plaintiff sad and empty. and that my rights were
5. Torres Decl. ¶ 10 ; Moseley Decl. ¶ 11 not violated under coleman
6. v. Brown settle ment see
7. Defendants EXHIBIT'S -3 pg. 31,
8. pg. 30 ; Plain EXHIBIT'S s, N,U,
9. L ; Defendants Exhibit-3 ; Plain.
10. Decl. 17, 10, 5, 7, ; FAC pg. 3-D
11. #22-25 ; Plaintiff Oppo. Exhibit
12. R, ; FAC EXHIBIT-A
13. 83. This grievance was re- 83. It's clearly established
14. ceived at the second level that plaintiffs staff misc-
15. on December 6, 2017, and onduct Complaint was never
16. denied on January 16, 2018. received by the team at COCR
17. headquarter's, Investigation
18. allegation Unit or intern-
19. al affairs. see Defendants
20. EXHIBIT-3 pg. 31 ; plaintiff
21. Torres Decl. ¶ 10 Exhibit-3, Plain Decl. 11
22. 84. In his second appeal (Log 84. It's clearly established
23. NO. CSP-18-00315 and CMC-18- and undisputed That the
24. 00234), Plaintiff alleged Defendants circumvented
25. that Defendant Douglas and The staff misconduct
26. Captain Dernoncourt acted Complaint regulations. Ju-
27. with deliberate indiffere- st as The San Diego Depa-
28. nce to Plaintiffs serious rtment of Justice claim-

1  medical needs by housing
2  Plaintiff in the Administ-
3  rative unit[0] at CSP-Solano
4  on October 11, 2017. Plaintiff
5  alleged violations under
6  the Eighth Amendment
7  for cruel and unusual
8  punishment as well as disc-
9  rimination under the Amer-
10  icans with Disability Act,
11  Plaintiff further alleged
12  that due to hypertension,
13  Plaintiff suffered a medic-
14  al issue, issue and was
15  adversely placed in "cr-
16  isis calming" on October
17  12, 2017. Plaintiff reque-
18  sted an award of a
19  restraining order blockin-
20  g secretary kernan from
21  housing Plaintiff at CSP-So
22  lano. Torres Decl. ¶ 11; Mo-
23  seley Decl. ¶ 11.

24  85. This Grievance was
25  received at the second
26  level on April 25, 2017, and
27  denied on June 6, 2018
28  Torres Decl. ¶ 11.

| | |
| --- | --- |
| Scrivener error the defendant' | |
| s claim error even the memo- | |
| randum under Issue The def- | |
| endants acknowledges delibe- | |
| rate indifference to my serious | |
| medical need, ADA-Act, US | |
| Constitution Amendment 8th proh- | |
| ibitation of cruel or Unusual | |
| Punishment, In DISUSSION | |
| The Defendant's state I was | |
| placed in ASU for my safety | |
| and that is appropriate which | |
| is blantantly contradicted | |
| by the coleman settlement, | |
| ADA Title II, section 504 RA. | |
| See Defendants EXHIBIT-4 | |
| pg.54, 45, 48, 66. See plain. | |
| Decl. 22, 20, 11, 12. EXHIBITS-B,[0] | |
| S,' FAC pg.3-C #19, pg.3-E #30-33, | |
| B, 5-I #160 | |

85. It's clearly established
and undisputed none of
plaintiff staff misconduct
complaint's were processed
properly see Defendants

[0] Administrative segregation39
unit

[0] G

|  | EXHIBIT-3 pg. 31, Exhibit-4 pg 66, |
|---|---|
|  | Exhibit-5 pg. 76, EXHIBIT 7 pg. 98 |
|  | EXHIBIT 11 pg. 78; see Plain. Ded. |
| Torres Decl. 9l 11 | 14, 15, 19, 21 EXHIBIT-S, X. |
| 86. In his third grievance | 86. It's clearly established |
| (Log No. CSP-S-18-00626/ | and undisputed defendants |
| CMC-E-18-00695) Plaint- | concede they were not |
| iff alleged that on Febru- | following regulations, they |
| ary 1, 2018, Defendants ker- | continued to circumvent |
| nan, Neuschmid, Lee and | staff misconduct complaint |
| Dernoncourt were delibe- | regulations. They did not aff- |
| rately indifferent to his | oral plaintiff administrative |
| alleged serious medical | remedy of a Remedy Complia- |
| needs due to his status | nce coordinator despite Derno- |
| as an EOP inmate violati- | ncourt causing hypertensive, |
| ng his rights under the | crisis twice. See Defendants |
| Eighth Amendment. Plaint- | EXHIBIT-7 pg. 71, 76, 82; Plain |
| iff further alleged that | Declaration 12, 16, 18, 23; FAC |
| because the CSP-Solano | EXIBIT-G, B, c; plaintiff opposit- |
| was not an EOP hub, he | ion EXHIBIT'S-DD and Z, AA. |
| was discriminated against |  |
| and denied an Administrati- |  |
| ve segregation Unit in an |  |
| EOP hub facility. He also |  |
| alleged violations under |  |
| the Americans with Disab- |  |
| ilities Act, Rehabilitation |  |
| Act, and Due Process rights |  |

1   under the fourteenth Amen-

2   dment. Plaintiff submitted

3   this appeal on February 21,

4   2018. Torres Decl. ¶ 12.

5   87. On March 12, 2018, the     87. It's clearyly[0] established

6   CSP-Solano screened     and undisputed this was a

7   out Plaintiff's grievanc-     improper screening, rejection

8   e at the second level     and cancellation of Plaintiff

9   and issued a COC Form     staff misconduct complaint.

10   695, stating that Plaint-     See plaintiff EXHIBITS-S, X

11   iff's appeal was "Subj-     and Decl. 11, 18.

12   ect to cancellation for

13   failure to correct note-

14   d deficiencies."

15   Torres Decl. ¶ 12

16   88. Specifically this     88. It's clearly established

17   grievance was canceled     and undisputed the defen-

18   because "[+] his [was] a     dant's circumvented staff

19   duplicative issue as in     misconduct Complaints and

20   appeal CSP-S-17-2872 and     specifically would not allo-

21   CSP-S-18-00365." Plaintiff     w me the right to complain

22   was advised that "[he had]     despite COC 1858 Rights and

23   the right to appeal the     responsibility Statement pursu-

24   cancellation of this app-     ant to penal code 148.6 promis

25   eal by submitting a new     es me that right. See plaintiff

26   602 with the reason     Exhibit-S, X, Plain. Decl. 9, 19, 21

27   [Plaintiff] believed the

28   Cancellation was in

41   [0] error should read clearly

Dufree Lamont Adkins #K50645
CDCR
P.O. Box 213040
Stockton, CA 95213

1  error. Attach all necessary
2  previously submitted doc
3  uments to the new 602
4  including this 602.C Plaint-
5  iff could I only appeal
6  the cancellation issue."
7  Torres Decl. ¶ 12.

8  89. On May 19, 2018, Plain-        89. It's clearly established
9  tiff appealed. He alleged          and undisputed plaintiff
10 that the CSP-S-18-00626            complaint of not receiving
11 grievance was improperly           sufficient staff assistance
12 caceled under Title 15, se-        in preparing all my griev-
13 ction 3084.6(c)(2). He             ances including CSP-S-17-2
14 also contended that he             872, CSP-S-18-00315, CSP-S-
15 did not get sufficient             18-00626, and CSP-S-18-01
16 staff assistance in pre-           306, in response Warden
17 paring all his grievances          Neuschmid stated "I artic-
18 (including CSP-S-17-2872,          ulated my appeal issues elo-
19 CSP-S-18-00315, CSP-S-18-          quently. That triggers
20 00626-, and CSP-S-18-01306         equitable estoppel of Ex-
21 This may 19, 2018, grievance       haustion Defense. The Defen-
22 was assigned with a new            dant's are equitably estop-
23 log number (Log No. CSP-S-18       ped from claiming lack of
24 -01306), i.e., Plaintiff's fou-    sufficient notice of any issue.
25 rth grievance.                     in any of my appeal's as I
26 Torres Decl. ¶ 13.                 articulated my issues eloque-
27                                    ntly. See Defennts Undisputed
28                                    Material Facts & Supporting

42

| | |
|---|---|
| | Evidence page. 15, #89 line |
| | 21-23. See Defendants |
| | EXHIBIT-7 pg. 92 (First |
| | paragraph titled 3084.1(6) |
| Torres Decl. ¶ 13 | Right to Appeal. |
| 90. CSP-S-18-01306 was | 90. ADMIT |
| received by the second | |
| level on May 25, 2018, and | |
| granted in part on June 18, | |
| 2018. Torres Decl. ¶ 13. | |
| 91. More specifically, the | 91. It's clearly established |
| second level decision st- | and undisputed the defen- |
| ates that "appeal CSP-S- | dant's violated unlawfully |
| 18-00626 was canceled | staff misconduct regulat- |
| in error and C was Jeli- | ions and failed to make |
| gible for further revie- | a remedy compliance coo- |
| w." Thus, Plaintiff was ad- | rdinator available. See |
| vised to leave CSP-S-18-01 | Plaintiff's EXHIBITs-S, X. |
| 306 attached to CSP-S-18 | Plain. Decl. 11, 18. |
| -00626 Torres Decl. ¶ 13 | |
| 92. In his fifth grievan- | 92. ADMIT. |
| ce (Institutional Log No. | |
| CSP-S-17-02574), Plaintiff | |
| alleged that Psychologist | |
| Sherman violated his | |
| rights under Coleman v. | |
| Brown by making false | |
| statements concerning | |

1  Plaintiff's mental health
2  status and cognitive ability
3  Torres Decl. ¶ 14.

4  93. This grievance was          93. It's clearly established
5  screened out and rejec-         and undisputed that the
6  ted at the first level for      defendants circumvented
7  failing to state sufficient     the staff misconduct com-
8  facts, requesting a reme-       plaint regulations. See plain.
9  dy beyond the scope of          EXHIBIT-S, X: Decl. 9, 11, 17, 18
10 the appeal process, and
11 failing to submit a staff
12 complaint against medical
13 staff using a 602 Health
14 Care grievance and appeal.

15 94. A further search of Pla-    94. Equitable Exception to
16 intiff's Inmate/Parolee         Exhaustion applies 1. The
17 Appeals Tracking system         defendant's circumvented
18 ("Exhibit 1) reveals that Pla-  the staff misconduct compl-
19 intiff did not appeal this      aint regulations. 2. The de-
20 grievance to the second         fendants induced me into
21 level. Torres Decl. ¶ 14.       abandoning my health care
22                                 grievances against DR. Sh-
23                                 erman based on a promise
24                                 of a health care transfer
25                                 to CMF II. 3. The defend-
26                                 ants state I have to sub-
27                                 mit a health care grie-
28                                 vance and appeal against

Dupree L. Adkins #K50645
CHCF
P.O. Box 213070
Stockton, CA 95213

| | |
|---|---|
| | OR. Sherman. 4. The defendants |
| | now claim I didn't appeal |
| | the screened out Appeal again- |
| | st OR. Sherman. Equitable es- |
| | toppel applies as there was no |
| | administrative remedies to |
| | investigate the staff misconduct, |
| | to implement the trans- |
| | fer to CMF II. See Defenda- |
| | nts undisputed material |
| | Facts & SUPPORTING EVIDE- |
| | NCE pg. 16 #93. Plaintiff EXH- |
| | IBITs- X, S, I. Plain declarat- |
| Torres Decl. ¶14 | ion ¶ 9, 11, 13, 15, 18 & |
| 95. Before August 1, 2008, the | 95. It's clearly established |
| OOA received, reviewed, and | and undisputed plaintiff |
| maintained all offender | filed a minimum of 5 |
| grievances that were | staff misconduct compl- |
| appealed to the final level | aints, the defendants |
| of review (healthcare - | intentionaly misrepresent- |
| related and non-health | ed the facts and deemed |
| care-related). | Plaintiff a threat, 5 times |
| Declaration of H. Moseley In | the defendants circumvent- |
| support of Defendants' Mot- | ed the regulations. See Defen- |
| ion for Summary Jud- | dant's EXHIBIT-3-pg. 31; EXHIBIT- |
| gment (Exhaustion) Mos- | 4-pg. 66; EXHIBIT-5 pg. 76; EXH- |
| ley Decl. ¶2 | IBIT-7 pg. 98; EXHIBIT-10-pg. |
| | 78; Plaintiff EXHIBIT-S, K, I and |

|  | plaintiff Decl. 17. |
|---|---|
| 96. Since August 1, 2008, the Inmate Correspondence and Appeals Branch (ICAB) receives, reviews, and maintains all final-level grievances related to health care issues (medical, dental, and mental health), while the OOA receives, reviews, and maintains all final-level appeals for non-health-care issues. Moseley Decl. ¶12 | 96. It's clearly established and undisputed that a team at CDCR headquarters is supposed to review the complaints see plaintiff EXHIBITS As this promise was broken. |
| 97. The OOA review of a grievance concludes the administrative remedy process for an offender. Moseley Decl. ¶11 3 | 97. It's clearly established and undisputed once the team at CDCR headquarters seperates staff misconduct claims from all other grievances. The misconduct claims are then supposed to be returned to the prison where they originated. See plaintiff EXHIBIT-5 as this promise was broken. |
| 98. The OOA keeps an electronic record of each offender's grievance. Moseley Decl. ¶13 | 98. Then the complaint is sent to CDCR's Allegation Investigation Unit, located in Sacramento, or Internal |

46

| | | |
|---|---|---|
| 1 | | Affairs at designated facilit- |
| 2 | | ies. See Exhibit-S as this promise |
| 3 | | was broken. |
| 4 | 99. When a grievance is re- | 99. "It's clearly established |
| 5 | ceived by the OOA, it is ass- | and undisputed", Consequently |
| 6 | igned to a log number and | the defendant's action is descri- |
| 7 | entered into a computer sy- | bed as, circumvented regulat- |
| 8 | stem. The computer system | ions and authorized Warden |
| 9 | for tracking grievances | Neuschmid who has been found |
| 10 | commenced in 1993. | to conduct inadequate and |
| 11 | Moseley Decl. ¶3. | potentially biased investiga- |
| 12 | | tions to respond to allegation- |
| 13 | | s of staff misconduct wit- |
| 14 | | hout oversight. This active |
| 15 | | unconstitutional conduct is |
| 16 | | what the "OIG-report" unc- |
| 17 | | overed. See Plaintiff EXHIBIT-S. |
| 18 | 100. The following infor- | 100. CDCR has taken respo- |
| 19 | mation is kept in the co- | sibility for the reassigned |
| 20 | mputer system and avail- | grievances, which the depart- |
| 21 | able in the Appeal Histor- | ment said were incorrectly |
| 22 | y Report: the offender's | screened. See Plaintiff Exhibit- |
| 23 | DEPARTMENT number, the | S. |
| 24 | offender's name, the grie- | |
| 25 | vance log number, the gri- | |
| 26 | evance issue, the date | |
| 27 | when the grievance was | |
| 28 | received, the offender's | |

①error delete.

47

1. institutional log number
2. (which includes the acronym
3. of the institution where the
4. underlying grievance arose),
5. the date when the grievance
6. is closed, and the final dispo-
7. sition of the grievance.
8. Moseley Decl. ¶14.
9. 101. All offender grievances
10. are reviewed and screen-
11. ed out or screened in by
12. the OOA. Moseley Decl. ¶4.
13.
14.
15.
16. 102. A grievance is screened
17. out (and not answered sub-
18. stantively) if it does not
19. comply with the regulatio-
20. ns governing the appeal pro-
21. cess. Instead, the grievance
22. is returned with a letter
23. instructing the offender
24. how to cure the defici-
25. ency if a cure is possible.
26. Moseley Decl. ¶4
27. 103. A grievance is scree-
28. ned in (and answered

9. 101. CDCR acknowledges
10. the office of Inspector
11. General's report and rem-
12. ains committed to improvi-
13. ng the staff complaint
14. process. See Plaintiff EXHIB-
15. IT-S
16. 102. CDCR has undertaken
17. a monumental transforma-
18. tion of the way we receive,
19. review and respond to alleg-
20. ation of staff misconduct
21. and appreciate the new
22. director Amy Miller of int-
23. ernal oversight. See Plaintiff
24. Exhibit-S. Plain. Decl. 11.
25.
26.
27. 103. In a new report says
28. that CDCR improperly closed

1  Substantively) if it complies    and reclassified 585 complai-
2  with the governing regulations. nts of staff misbehavior as
3  Moseley Decl. ¶4                 routine appeals between Febr-
4                                    uary 24, 2022 and February 27,
5                                    2023. See plain. EXHIBITS
6  104. The appeal History         104. CDCR circumvented con-
7  Report includes the griev-       trol measures that were put
8  ance, screened out or sc-        in place to prevent prison
9  reened in, and if a grievan-     authorities from making pot-
10 ce is screened out, the          entially biased decisions.
11 report includes the reaso-
12 n for the screen out.
13 Moseley Decl. ¶4
14 105. If filing a grievance       105. In 2022 the office of
15 before June 1, 2020 an           The Inspector General su-
16 offer was required to follo-     ggested improvement in
17 w the procedures set forth       CDCR[13] grievance review pro-
18 in Title 15, sections 3084-      cess to improve transpar-
19 3085 (repealed effective         ency and reduce confli-
20 June 1, 2020).                   cts of interest.
21 Moseley Decl. ¶5.
22 106. If filing a grievance       106. It's clearly established
23 on or after June 1, 2020,        and undisputed California
24 an offender is required          Law Requires Agency To
25 to follow the procedures         have a procedure to inve-
26 set forth in Title 15, Sec-      stigate inmates/parolees
27 tions 3480-3487 (effective       Complaints which the defe-
28 June 1, 2020. Moseley Decl. ¶5   ndants circumvented see

49

Dupree L. Adkins #K89645
CDCR
P.O. Box 213040
Stockton, CA 95213

| | Defendants EXHIBIT-3 pg.31 |
|---|---|
| 107. Decisions by the OOA represent the final level review in the Departments grievance and appeal process and are rendered on behalf of the Secretary of the Department. Moseley Decl. ¶16 | 107. It's clearly established and undisputed that Pursuant to Penal Code 148.6 Plaintiff must read and sign the statement which Plaintiff did. See Defendants EXHIBIT-3 pg. 31. |
| 108. The OOA records of grievances are maintained in the course of the regularly conducted activities of the OOA, and making and maintaining the records is a regular practice of those activities. Moseley Decl. ¶17. | 108. It's clearly established and undisputed that inmate parolee complaints and any reports or findings relating to Complaints Must be Retained by This Agency For At least Five years. See Defendants EXHIBIT-3 pg 31. |
| 109. The grievance Log No. 1711820 Can appeal of Grievance Log No. Sol-17-02878 was received by the OOA on February 20, 2018, and denied on May 16, 2018. Moseley Decl. ¶10. | 109. It's clearly established and undisputed that the defendants intentionaly mishandled all Plaintiff complaints, triggering Equitable Exception To exhaustion. See Defendants Exhibit 3 pg.31; Exhibit-4 pg.66; |

50

| | Exhibit-5 pg.76; Exhibit-7 |
| | pg.98; Exhibit-10 pg.78. |
| 110. The grievance Log No.18 | 110. It's clearly establis- |
| 087836(an appeal of Griev- | hed and undisputed that |
| ance Log No.SOL-18-00365and | the defendants intentionaly |
| CMC-18-00734) was received | mishandled all of Plaintiff |
| by the OOA on June 18, 2018, | Complaints, triggering Equ- |
| and denied on september | itable Exception To exha- |
| 12, 2018. | ustion. See Defendants Exh- |
| Moseley Decl. ¶ 11. | ibit-3 pg.31; Exhibit-4 pg.66; |
| | Exhibit-5 pg.76; Exhibit- |
| | 7 pg.98; Exhibit-10 pg.78: |
| 111. Grievance Log No.1811807 | 111. It's clearly established |
| (an appeal of Grievance Log | and undisputed that the |
| No.Sol-18-01306.) was recei- | defendants Intentionally |
| ved by the OOA on August 6, | mishandled all of plain- |
| 2018, and screened out on | tiff complaints, triggerin- |
| October 12, 2018. | g Equitable Exception |
| Moseley Decl. ¶ 12 | To Exhaustion. See Defen- |
| | dants Exhibit-3 pg.31; Exhibit- |
| | 4 pg.66; Exhibit-5 pg.76; Exhi- |
| | bit-7 pg 98; Exhibit-10 pg.78; |
| | See Plaintiff Exhibit-5, Plain. |
| | Decl. 23, 22. |
| I Dupree Lamont Adkins decl | are and certify under pen- |
| alty of perjury, the laws | of the United States of Am- |
| erica, the state of Calif | ornia, the foregoing is true |
| and correct to the best | of my knowledge. |

Date: July 31, 2024

51

Dupree L. Adkins
Dupree Lamont Adkins

Dupree L. Adkins #K50645
C.H.C.F.
P.O. Box 213040
Stockton, CA 95213

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Dupree Lamont Adkins, Plaintiff, | NO. 2:19-cv-0458-DMC-p |
| | Declaration of Plaintiff |
| V. | Adkins in support of |
| Deborah Blackwell et, al., Defendants. | Plaintiff opposition. |

I, Dupree Lamont Adkins declare as follows.,

1. I have read the foregoing Plaintiff opposition, memorandum of points and Authorities, Exhibits Statement of disputed/undisputed facts and hereby verify that the matters alleged therein are true and correct.

2. I'm the Plaintiff therein and I make this declaration based on my personal knowledge.

3. On 11/02/2016 Warden R. Neuschmid requested 90 retention for plaintiff in ASU for conspiracy to introduce contraband into CSP-Solano and Wantonly declared "Expedited transfer not appropriate.

4. On 11/04/2016 Defendant R. Neuschmid was Audited by Master Auditor K. Moore and received a Auditor Action denying his req-

1

Dufree L. Adkins #50645
CMCF
P.O. Box 213040
Stockton, CA 95213

uest for 90 day retention, and issued him 30
day's to cure defences. Plaintiff was in MHSDS
at CCCMS level of care, CDCR must follow the
"Program Guide", for "Coleman Class" members
which is protected I received a transfer to
SAC: Short term restricted housing for Me-
tal health Care as CSP-Solano-ASU is not de-
signated to house CCCMS or EOP mental Health
inmate-patients.

5. On 11/23/2016 CSP-Solano defendant R.
Neuschmid was Audited a second time and
issued a "Auditor, ICC-Action" which ordered
me back to CSP-solano General population, as
ICC deems plaintiff presence is no longer a
threat to the safety and security of the
institution and if I'm given a SHU it can only
be a 6 month mittigated SHU term with a
projected MERD of 1/22/2017 (based on no pri-
ors of similar nature in previous 5years).
These Auditor Actions put CSP-solano, Neusch-
mid, Deborah Blackwell et al., that I'm not a
threat, in accordance with MHSDS-Program
Guide orders them to transfer me to short
term restricted housing or EOP-Hub. I did not
commit any infraction that warranted ASU-hou-
sing when I returned to CSP-Salano.
//

2

P.O. Box 213040
Stockton, CA 95213

6. Plaintiff never met, spoke to or was interviewed by Master Auditor K. Moore nor did plaintiff attend Auditor-ICC-Action Date 11-23-2016 thus I played no part in the verdict to Audit CSP-Solano and Warden R. Neuschmid, none of the defendant's placed me in CSP-Solano-ASU as a threat, instead Neuschmid ordered ① on the grounds of circumventing. The Honorable Kernan/Blackwell court vacated discovery so I can't file a justifiable opposition to this issue.

7. Plaintiff relied on Defendants Gastello and McQuaid for court ordered, approved level of mental and medical care. Defendants Gastello and McQuaid acted with malice and fraud transferring me to CSP-Solano-ASU who they know is not designated to house EOP inmate Patients. In Pro. se. DR. Bugs Bunny has a patient named Drug Addict, who has a serious medical need called slept foot due to being Gun Shot multiple times. He's prescribed 100 mg of morphine for pain.

DR. Bugs Bunny Conducts a. urine Sample on Patient Drug Addict which came back positive for crystal meth. Dr. Bugs Bunny then discontinues patient Drug Addict morphine medication. Well Dr. Bugs Bunny is deliberate indifferent to Drug Addict serious me-

① error should read Addict

3

② ordered Plaintiff transferred

Dupree L. Adkins #T0645
CHCF
P.O. Box 213040
Stockton, CA 95213

dical need due to his constant pain. DR. Bugs Bunny
Should have weaned Drug Addict off the morphine.
Gastelo and McQuaid were deliberate indifferent
because they cut off my EOP level of care for
my mental/medical Health needs which was pre-
scribed by Pickett Lee Psychologist and my IDTT
has the responsibility to lower my mental health
care to CCCMS and then remove me out of the
"Coleman Class" which they never did.
**8.** Under "Coleman v. Brown" CDCR provided a
form titled Reasonable Accommodation Request.
The form asked Plaintiff to describe my disabi-
lity, to describe the problem, and to describe the
problem, and to declare what specific accomm-
odation or need was requested. The form did not
require identification of any specific persons.
Plaintiff completed the form. I achieved the
purposes of the PLRA's exhaustion requirement.
**9.** I was induced into abandoning my Health
care grievance; and 602 grievance Log #CSP S-
17-02574. There were no available remedies
in 602 grievance Log #CSP-17-02574 as I was
reliably② informed by C. Cagnia "AGPA" that I
need to file a 602 HC-grievance with medical
also this material fact is corroborated by defe-
ndants S. Gates Decl. at 7.
//

① error due to mental
impairment.

4

② reliably misinformed because
the promise transfer was developing

CMCF
P.O. Box 213040
Stockton, CA 95213

I was promised a medical/mental health transfer to California medical facility (CMF II) on 9-7-2017 or there about my supervisor J. Kurtz informed me that she checked with her supervisor regarding why does she keep[①] unasigning me from my job and it was due to CSP-Solano Warden Neuschmid and theres talk of transferring me. She was going to try and get the transfer cancelled.

On 10-4-17 or there about while on the recreational yard at California Men's Colony my clinician J. Wechsler "PHD" approached me with talk of my counselor, is going to transfer me.

On 10-26-2017 or there about my "IOTT- J. Wechsler phd.[②] recommended I transfer to CMF II. On 10-30-2017 or there abouts I met with CCI-S. Baumgardner that I will be transfered to CMF-II. On 10-31-2017 the promise was documented, I was referred to CSR for transfer to CMF II so I can receive my EOP level of mental Health care, which makes it easier for the court process.

I had good faith to beleive the "ICC" because Warden Gastello ordered the transfer and ICC stated "I'll benefit from a Northern Institution Placement as Plaintiff is in the out to court process. The ICC action proved my clinician J. Wechsler, CCI-S. Baumgardner were trustworthy like my supervisor J. Kurtz. In totality the

① J. Kurtz had multiple talks with her supervisor about unasigning me.

5

② This took place at CMC

1. favorable rulings in two Auditor Actions against Warden
2. Neuschmid, The approved RAP response, the resolved
3. 602 log #CSP-S-17-02113 and the Promise of the
4. transfer, I abandon my grievances against OR.She-
5. rman with good faith belief the issue was resolved,
6. RAP approved my accommodation for a EOP transfer
7. and ICC recommended the transfer. The PLRA
8. does not require me to appeal a satisfactory
9. result. Thus I exhausted administrative remed-
10. ies as the transfer to CMF II Would resolve the
11. issue.
12. **10.** I did not know all the defendants name that
13. were involved in the claimed deprivation in
14. grievance Log No. S0/-17-02872. Deputy Attorney
15. General Andrew H. Smith Denied he knew the ident-
16. ity of M. Fregoso AKA-Jane Doe-M Doe. I did not
17. sign Fregoso Administrative Review part B because
18. it's blantanly a misrepresentation of facts.
19. **11.** Chief of CDCR Appeals H. Mosel, M. Voong, Chief of
20. Health care greivances S. Gates, Deputy Attorney General
21. JIAYE ZHOU, Supervising Deputy Attorney General Maris
22. Kirschenbauer, Warden Neuschmid did not make the
23. Administrative remedie Available of Amy miller Dire-
24. ctor CDCR Division of Correctional Policy and Re-
25. search and Internal Oversight for staff miscond-
26. uct or a Remedies Compliance Coordinator Depar-
27. tment of corrections, To enforce the unfulfilled
28. promise or the favorable rulings of the two

① A team at CDCR Head — 6 — quarters, CDCR's Allegation Investigation Unit, Internal Affairs.

1  Auditor actions, Approved RAP 1824 Log Number: CSP-S-17-
2  02174, resolved grievance Log Number: CSP-S-17-02113, Amy
3  Miller has Authority over any staff who commits misco-
4  nduct, or who does not properly handle inmates staff misc-
5  onduct complaint.
6                        Remedies Compliance Coordinator
7  enforces favorable rulings inmates receive, but prison
8  officials refuse to implement. Despite the scathing
9  report by the office of Inspector General in Exhibit-S,
10  which is clearly established and undisputed, the ad-
11  ministrative remedies were unavailable.
12  12. CSP-solano and Warden R. Neuschmid were orde-
13  red to vacate the 11 month SHU term and clearly
14  articulate why I was serving close custody status
15  which restricts Plaintiff to my cell 1 hour everyday
16  during close custody① of inmates on close custody.
17                        All the defendant's acted with
18  malice by giving me a 11 month SHU term wh-
19  en the ICC Auditor Action ordered 6 months,
20  if approved.
21                        All the defendants were callous
22  as they never gave me 1. Written notice of the
23  disciplinary violation warranting a 11 month SHU
24  Term Hearing.
25  2. The right to call witnesses at the ASU-11 month
26  SHU Term Hearing.
27  3. Assistance in preparing for the hearing.
28  4. A written statement of the reasons for being
    ① close custody Count

1  found guilty of a 11 month SHU Term.

2  5. A fair and impartial decision-maker at the

3  hearing.

4      13. DR. Sherman never met Plaintiff while I

5  was in CSP-Solano-ASU. In DR. Sherman Interrog-

6  atorie response #8. The Template ICC-chrono

7  dosen't name Defendant Fregoso but The Complete

8  ICC-chrono does which I didn't receive until

9  Jan 6, 2023 there abouts by recorder Defendant Mat-

10  thew McComas.

11          Deputy Attorney General MR. A. Smith

12  intentionally unlawfully misrepresented the fact in his

13  signed writtings to me that he didn't know the Identity

14  of Jane Doe, but he issued me the ICC chrono that

15  identified M. Fregoso.

16          It's clearly established and

17  undisputed DR. Sherman declared under penalty of per-

18  jury She did not make the clinician Comments at

19  either ICC hearing's at CSP-Solano-ASU.

20          Deputy Attorney General JIAYE

21  ZHOU SB NO. 351483 and Supervising Deputy

22  Attorney General Lynsday Crenshaw SB NO. 2467

23  43, there signed writtings declare under penalty

24  of perjury that DR. Sherman did in fact make the

25  false clinician comments.[1]

26      14. It's clearly established undisputed that

27  the San Diego Dept. of Justice-civil Division use

28  "scriveners error" to justify there intentional un-

[1] Preponderance of evidence the clinician comments
were false

8

1. lawful misrepresentation of facts in there signed
2. writtings, Deputy Attorney General Corinna S. Arbiter
3. SB No. 273074 ordered Plaintiff to send my respo-
4. onses to supervisor Chad A. Stegeman, See EXHIBIT-
5. T Pg.1 and 2. Chad A. Stegeman responded he's not
6. the council of record see EXHIBIT-T Pg.3
7.                    Corinna S. Arbiter responded
8. "the request incorrectly states", and she issued
9. apologies for the confusion See EXHIBIT-T Pg.4. How-
10. ever her Declaration, see EXHIBIT-T Pg.5, unlawfully
11. states it was scrivener's error. Outside Ms. Arbiter
12. Declaration. none of the signed writtings in EXHI-
13. BIT-T state scrivener's error.
14.     15. It's clearly established and undisputed
15. there's no scrivener error as Defendant McCom-
16. as has declared he prepared the ICC chronos.
17.                    ICC chronos that were issued
18. to plaintiff are Template language automatic-
19. ally populated into the field, template language pre-
20. populated into the field. This material fact Blant-
21. antly Contradicts Defendant Neuschmid MeMor-
22. andum and Deputy Attorney Generals JIAYE
23. ZHOU, A. Smith, OR. Sherman. Signed writtings.
24.                    Defendants Neuschmid, McComas,
25. Garcia are not Board certified nor have licens-
26. es in medical, psychology or psychiatry.
27.                    The Defendants were using Cal.
28. Code Reg. Title 15, Division 3 Chapter 1, Sub

9

1. Chapter 4, General Regulations.

2.        The Defendants Active unconstitutional

3. Memorandum and Decision third level appeal by M.V-

4. oong makes the administrative remedies[1], it violates

5. the court order in the Coleman V. Brown settlement

6. and the "MHSDS-Program Guide" for EOP-inmate

7. patients.

8.     16. It would have been clear to any reaso-

9. nable fact finder or prison official that violat-

10. ing a clearly established court order under

11. Coleman and follow[1] the Program guide, led to

12. non EOP therapeutic ASU caused serious psycho-

13. logical harm, including decompensation, exacer-

14. bation of mental illness, inducement of psy-

15. chosis and increased risk of suicide, Hypertensive

16. crisis.

17.     17. Defendant Warden Neuschmid read all pe-

18. rtinent document which include entire CDC 1140's,

19. Auditor Actions, MHSDS-Program Guide, Coleman V. Br-

20. own Settlement, approved RAP 1824 Log Number: CSP

21. S-17-02174.

22.       Warden Neuschmid had a sufficiently

23. culpable state of mind he was using a device

24. called a Template, within contained false clinician

25. Comments. CSP-Solano, Neuschmid knew I wasn't

26. a threat as when The Auditor Action deemed

27. me not a threat none of the defendants placed

28. me in "ASU" as a threat.

① error should read not to follow      ② unavailable

10

1. Neuschmid Active unconstitutional Misconduct ignored
2. the procedural problems he now complains of and exe-
3. cuted the defendants secrete agreement by denying
4. plaintiff Due process by giving me or making available
5. administrative remedey's, to gain relief that my griev-
6. ance complained of despite what the CDC 1858 Rights
7. and Responsibility statement promises.
8.    18. Defendant Neuschmid did not issue me or make
9. available Amy Miller Director CDCR Division of corr-
10. ectional Policy and Research with Internal oversight
11. to investigate the Defendants misconduct, and Neusc-
12. hmid who willfully mishandle all my CDC 1858 Right's
13. and responsibility statement.
14.      Neushmid(1) circumvented those measures
15. that were put in place to prevent the defendants
16. from making biased decisions, inaprepriately review
17. my complaints of staff misconduct.
18.      Neuschmid reclassified his co-defend-
19. ants misconduct into regular appeals when in fact
20. I should have access to the administrative remedy
21. of Amy Miller at 1515 S. Street Room 101 N, Sacramento,
22. CA 95811.
23.      She has Authority oversight over
24. Warden Neuschmid just as the Master Auditor Acti-
25. ons. Amy Miller attacks biased investigation's.
26. Without the Administrative remedy of Amy Miller
27. Neuschmid denied me the promises of the CDC 1858
28. Rights and Responsibility stament which Pursuant

(1) Neuschmid      11      (2) error should read by not

1 to Penal code 148.6 Documents the defendants statement's
2 and includes a indepth unblased investigation. Preponderance
3 of the evidence is Director Amy Miller would not have
4 allowed Neuschmid to use improper screening to deny
5 me the Staff Misconduct investigation into Blackwell
6 et, al., Secrete agreement.

7     19. Plaintiff exhausted administrative remedies
8 of multiple favorable rulings two Auditor, Actions,
9 A resolved 602 grievance at screening, approved
10 RAP accommodation resulting in a promise to issue
11 me a medical, mental health transfer to CMFII
12        The defendants and medical/
13 my Interdisciplinary Treatment Team failure to
14 implement the multiple favorable rulings.
15        The CDCR regulations provided
16 no "remedy Compliance Coordinator" to appeal impl-
17 ementation failures rendered administrative re-
18 leif unavailable for purposes of 42 U.S.C.S. §1997
19 e(a). The only remedy reasonably available was to
20 appeal every time I was transfered to CSP-Sol-ASU
21 which resulted in a never ending cycle of exhaust-
22 ion, which didn't propel me out of stasis and there
23 was no possibility of relief.
24        The defendants breached there duty
25 to me to provide Amy Miller and a Remedy Compliance
26 Coordinator, they have not demonstrated that pertin-
27 ent relief remained available where at unexhau-
28 sted/exhausted levels or through awaiting the

DuPree L. Adkins #K50645
P.O. Box 213040
Stockton, CA 95213

1  results of the promised transfer. See Star v. Baca, 652
2  F. 3d 1202, 1216 (9th cir. 2011); Ross v. Blake 136 S.ct. 1850,
3  1859, 195 L.Ed. 2d 117 (2016).

4    20. It's clearly established under ADA Title II,
5  Section 504 RA and "Coleman v. Brown" theres was a
6  fact specific investigation into what would be re-
7  asonable accommodation under Coleman and Plata
8  settlements. My transfer was approved as CSP-Solano
9  is not designated to house EOP inmate-patients and
10  Selenium Sulfate① lotion in RAP response 1824 Log No.
11  CSP-s-17-02174.

12      My 602 Appeal Log No. CSP-s-17-02
13  113 in which I grieved being a EOP inmate housed in
14  CSP-Solano-ASU which is adverse because it's not desig-
15  nated to house EOP-inmate Patients②. I have no obliga-
16  tion to appeal from a grant of relief or a partial
17  grant that satisfies me inorder to exhaust my
18  administrative remedy's. Nor is it my responsibility
19  to ensure that the defendants actually provide
20  the relief they promised. I was forced to continue to
21  Appeal to Warden Neuschmid who violated CDC 1858 Rights
22  and responsibility State Pursuant to Penal Code 148.6.

23      When an incarcerated person files an
24  appeal, a team at CDCR headquarters is supposed to review
25  the complaints and then separate staff misconduct claims
26  from all other grievances. The misconduct claims are then
27  supposed to be returned to the prison where they originat-
28  ed and sent to CDCR's Allegation Investigation Unit

①Denied this lotion     13     ②The issue was resolved

1  located in Sacramento, or Internal Affairs at designated facilities,
2  Consequently, Warden Neuschmid adverse action circumvented
3  the promises of the staff misconduct policies and procedures
4  which allowed he and his codefendants to execute there sec-
5  rete agreement to use a device called Template language
6  with false clinician comments and a 11 month SHU term
7  with the remainder suspended. see EXHIBIT-5 and Defenda-
8  nts EXHIBIT-3 page 31 of 109; EXHIBIT-5 pg. 66 of 109, 76 of 109; EX-
9  HIBIT-7 pg. 98 of 109; EXHIBIT-2 page 21 of 82; EXHIBIT-4 pg. 39 of 82;
10  EXHIBIT-6 pg. 48 of 82; EXHIBIT-8 pg. 62 of 82; EXHIBIT-9 pg. 78 of 82.
11  21. It's clearly established and undisputed on 9-18-20
12  17 I filed a staff misconduct complaint against OR. She-
13  rman in accordance with Coleman v. Brown with my EOP-
14  facility.
15        Log #CMC-E-17-02834. See Defendan-
16  ts EXHIBIT-10 pg. 74, 76 of 82. My EOP-facility CMC
17  received it on sept. 19-2017, my EOP-facility Califor-
18  nia Mens Colony Intentionally unlawfully violated
19  staff misconduct policy and procedures and scree-
20  ned it to NON-EOP facility CSP-Solano rather than
21  Amy Miller Director or S. Gates.
22        C. Cagnina, AGPA Intentionally
23  unlawfully violated staff misconduct policy and
24  procedures by reducing my staff misconduct comp-
25  laint to appeal and then rejected my complaint on the
26  grounds 1. You need to clarify exactly what commi-
27  ttee action you are appealing. C. Cagnina AGPA
28  is blantantly contradicted by the record

14

1  because I attached the committe action see Defendants
2  EXHIBIT-10 pg. 79.
3  2. Cagnina stated to file a staff complaint against a
4  medical staff, you need to complete a 602 HC and app-
5  eal it through the medical appeals process. See Defendants
6  EXHIBIT-10 pg. 82 of 82.
7         This Active unconstitutional Conduct
8  Constitutes improper screening of my staff complaint
9  and renders the Staff Misconduct COC1858 Rights
10 and Responsibility Statement unavailable due
11 to the fact a team at CDCR headquarters is suppo-
12 sed to review the complaints and then seperat-
13 e staff misconduct claims from all other Grie-
14 vances.
15         The misconduct claims are then
16 supposed to be returned to the prison where they
17 originated, and sent to CDCR's Allegation Inve-
18 stigation Unit located in Sacramento, or Inter-
19 nal Affairs at designated facilities.
20         See EXHIBIT-5, these policy's
21 and procedures were broken by the defendants.
22 22. It's clearly established that M. Voong Chief
23 office of Appeals, C. Cagnina, M. Reynoso wrongfully
24 cancelled, rejected my staff misconduct complai-
25 nts and circumvented CDC 1858 Rights And Resp-
26 onsibility Statement "Pursuant to P.C. 148.6" Regu-
27 lations as CDCR AMY① Miller Director Division of
28 Correctional Policy and Research And Internal

① I'm unable to locate the ₁₅ Director prior to Amy
miller, identity so I have to name Amy miller who's the
current Director

Duftee L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1   oversight 1515 S. Street Room 101 N, Sacramento, CA
2   95811 never reviewed the complaints as M. Voong rec-
3   lassified them, then rejected them. Thus circumv-
4   enting CDCR'S Allegation Investigation Unit loca-
5   ted in Sacramento CA or Internal affairs. Such
6   that EXHAUSTION is not required under the PLR
7   A.
8   23. It's clearly established and undisputed that
9   each Memorandum and third Level appeal addressed
10  plaintiff claims. The Defendants are blantantly
11  Contradicted that medical cleared me for NON-EOP-
12  ASU because DR. Conor say medical dosen't clear inm-
13  ates for ASU.
14              The defendants claim I received
15  appropriate Mental Health Care there blantantly
16  contradicted by DR. Sherman who declared under
17  penalty of perjury she did not make the false
18  Clinician comments attributed to her at ICC.
19              Nor did she perform any mini-
20  sterial duties. Thus the defendants denied me
21  access to the Administrative remedy of Staff
22  misconduct complaint. The defendants are blant-
23  antly contradicted that the CSP-Solano-ASU was
24  appropriate as CSR transfered me there.
25              CSR Master's never Approved that
26  housing the defendants were issued 3 adverse
27  audlt's, and 3 adverse Auditor Actions by the
28  CSR Master's striking down the CSP-Solano-ASU

16

1   Housing and 11 month SHU term. For added reprimand
2   they (CSR MASTERS) ordered the defendants to clearly
3   articulate why Plaintiff was on close custody punish-
4   ment.

5                    The Defendants had a sufficiently
6   culpable state of mind they were intentionally un-
7   lawfully discriminating against Plaintiff as they
8   housed me in non-theraputic ASU based on there
9   non-specialized conclusions that are medically
10  unacceptable because they don't have license
11  or board certifications in any medical or men-
12  tal health disciplinaries,

13                   The defendant's are blantantly
14  contradicted when they claim my rights were
15  not violated under the Coleman v. Brown Settlem-
16  ent when they intentionaly violated Court orders
17  which require them to give me 10 hours per week
18  of structured theraputic activities.

19                   None of the defendants submitted
20  any mental health referrals, for my 10 hours of
21  structured theraputic activities and they were
22  cruel and unusual by relying on a device called
23  template language of false clinician comments.

24                   DR. Sherman did not order any
25  theraputic activities. The Memorandum states I
26  articulated my appeal issues eloquently and
27  Warden Neuschmid stated he read all pertinent
28  documents and yet chose unreasonable housing

                         17

1  as the RAP approved Plaintiff Coleman, ADA Title II,
2  and Section 504 of RA. I should have been housed in
3  CMF II or Mental Health Crisis Bed.

## VERIFICATION

5  I have read the foregoing Declaration and hereby
6  verify that the matters alleged therein are true
7  based on my knowledge. I certify under penalty of
8  perjury, the laws of the United States of America
9  and the state of California that the foregoing is
10  true and correct.
11  Executed at Stockton, California on July 24, 2024.

Dulen L. Adkis

Dufree Lamont Adkins

18

1  INDEX TO SUPPORTING Material Evidence In Supp-
2  ort of PLAINTIFF OPPOSITION
3          VERIFICATION
4  I Dufree Lamont Adkins have read the Exhibits that
5  establish a material triable undisputed fact and
6  hereby verify that the matters alleged therein
7  are true based on my knowledge. I certify under
8  penalty of perjury, the laws of the United States
9  of America. and the state of California that the
10 following, foregoing is true and correct.
11 Executed at Stockton California on July 30, 2024.
12                          Dupree L. Adkins
13                          Dupree Lamont Adkins
14 EXHIBIT- A - R. Neuschmid "ICC ACTION"
15 EXHIBIT - B - Auditor Action - Auditor K.Moore Title CSR
16 EXHIBIT-C - Auditor-ICC-Action Date 11/23/2016
17 EXHIBIT-D- Classification Committee chrono Date, 12-22-16
18 EXHIBIT-E- Coleman V. Brown
19 EXHIBIT-F- EOP Guide line
20 EXHIBIT-G- RAP - APPROVAL
21 EXHIBIT-H - Grievance Log NO. CSP-S-17-02113
22 EXHIBIT-I- Classification COMMITTEE Chrono Date-10-31-17
23 EXHIBIT-J- DOJ Andrew Smith
24 EXHIBIT-K- Blackwell Responses
25 EXHIBIT-L- memorandum Neuschmid
26 EXHIBIT-M- M. Fregoso ASU Review
27 EXHIBIT-N- DR. CONNOR
28 EXHIBIT-O- Auditor Action 6/19/2018

1

DuPree L. Adkins #K50645
CHCF
P.O. BOX 213040
Stockton, CA 95213

1. EXHIBIT-P- Classification Committee Chrono Date 6/05/2018
2. EXHIBIT-Q- Classification Committee Chrom 8/30/2017~10-18-2017
3. EXHIBIT-R- DR. Sherman Responses (Defendant)
4. EXHIBIT-S- OFFICE OF INSPECTOR General
5. EXHIBIT-T- Defendant Marshak Instructions
6. EXHIBIT-U- Defendant M. McComas's Responses
7. EXHIBIT-V- Defendant Garcia Responses
8. EXHIBIT-W- Defendant Neuschmiel Responses
9. EXHIBIT-X- Remedies Compliance Coordinator
10. EXHIBIT-Y- R. Douglas responses (Defendant)
11. EXHIBIT-Z- Defendant J. Lee Responses
12. EXHIBIT-AA- Defendant Demoncourt
13. EXHIBIT-BB- Defendant Gastelo/McQuaid responses
14. EXHIBIT-CC- Defendant DR. Sherman responses
15. EXHIBIT-DD- American Heart Association
16. EXHIBIT-EE- Tracking CMC HC 17000111
17. EXHIBIT-FF- Helen M. Guittia, RN
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

2

EXHIBIT-A

R. Neuschmid "ICC ACTION"

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| Inmate Name: | ADKINS, DUPREE L. | Date: | 11/02/2016 |
|---|---|---|---|
| CDC#: | K50645 | Date of Birth: | 10/26/1966 |

| Hearing Date: | 11/02/2016 | Hearing Type: | Initial ASU; Other (See Committee Action Comments) |
|---|---|---|---|
| Committee Type: | Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | Correctional Counselor: | S. Robarge |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

Mental Health staff L. Nguyen was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the CCCMS level of care and has a TABE score of 7.4. CCI S. Robarge was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly. Effective communication was ensured by noting that Subject could reiterate committee discussion topics in his own words. ICC determines that the inmate is capable of comprehending the issues being presented and therefore elects to unassign S.A. for future committees.

### COMMITTEE ACTION SUMMARY

INITIAL ASU REVIEW: RETAIN IN ASU DUE TO PENDING INVESTIGATION AND TOXICOLOGY REPORTS. REFER TO CSR, RECOMMEND 90 DAY ASU EXTENSION. INCREASE: MAX CUSTODY, WG/PG D1/D EFF: 10/25/16, DC APPROVED.

### COMMITTEE COMMENTS

INITIAL ASU REVIEW:
Subject was placed in ASU on 10/25/16 due to pending investigation into his involvement in a conspiracy to introduce contraband into CSP-Solano. Specifically, on 10/25/16, subject was observed via security camera attempting to introduce contraband and controlled substances, (marijuana, tobacco, alcohol, and cellphones), into the institution for distribution. Due to anticipated delay due to lab caseload impaction, 90 day extension requested. Increase custody to MAX. Upon ASU placement subject was assigned SC status. Cell status reviewed, elect to assign DC. Appropriate work group designation reviewed, assign D1/D, effective 10/25/16. Subject's placement in ASU is disciplinary in nature, does not meet NDS criteria. Expedited transfer not appropriate.

| RECORDER | | |
|---|---|---|
| C. Carrozzo | | 11/02/2016 |
| | | Date |

| CHAIRPERSON | | |
|---|---|---|
| R. Neuschmid | | 11/02/2016 |
| | | Date |

# EXHIBIT - B

Auditor Action - Auditor K. Moore Title
C S R

Generated on: 12/06/2022 13:41                                                                      Page 10 of 315

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# AUDITOR ACTION

| Inmate Name:  ADKINS, DUPREE L. | Date:  11/04/2016 | |
|---|---|---|
| CDC#:  K50645 | Security Level:  Level 2 (19) | Facility:  SOL-Facility B |

| Audit Type: | ASU Retention | Audit Result: | Approved |
|---|---|---|---|

**Comments:**

30 DAY EXTENSION TO COMPLETE CASEWORK/CLARIFICATION.

The ASU Placement Notice dated 10/25/16 does not support continued ASU placement. Specifically, the reasons for segregation as reflected on the ASU Placement Notice are vague and non-specific as the circumstances fail to articulate who observed subject attempting to introduce the suspected controlled substance (and other items), where the incident actually occurred and what was recovered that provided staff enough information to believe subject was in possession of a controlled substance for distribution.   Staff are to issue the inmate a new ASU Placement Notice which describes the current/correct reasons for ASU placement in sufficient detail for the inmate to prepare a viable response/defense for the initial ASU classification hearing.

CASEWORK FOLLOW-UP:
** Clarification is needed if subject is being retained pending further investigation or if he is being retained pending toxicology results with an anticipated RVR for Distribution of a Controlled Substance.  If an RVR is anticipated, please calculated a projected SHU term in SOMS.

Additional pending RVR dated 10/25/16 for Possession of a Cellular Telephone is noted.

**ASU Extension**

Start Date:  11/04/2016          Number of Days:  30                    Expiration Date:  12/04/2016

Reason:

Complete required casework

| AUDITOR | | | | |
|---|---|---|---|---|
| K. Moore | | | CSR | 11/04/2016 |
| Name: | | | Title | Date |

CDCR SOMS ICCT164 - Auditor Action

Confidentiality Notice: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication

AGO DISC 000483

EXHIBIT C

AUDITOR- ICC - ACTION
Date 11/23/2016
CCI - B. Mcculloch
Treating Clinician - Dr. Lacy
Recorder - CCII (A) J. Casagrande
Chair Person - J. Lynch CDW
✗ committee members
S. Pulley CAPT (A)
O. Hobart JR CAPT (A)
G. Ellin CAPT (A)
J. Clough CAPT

cheduled on: 12/06/2022 15:41

| Priority | | Date Identified | Waiting List Type | | Referral Status | | | Comments |
|---|---|---|---|---|---|---|---|---|
| | | | None | | | | | |

**Release SHU Term Computations**

| Violation Date | SHU Term Type | Att./Consp. | Specific Offense | SHU Term Start Date | SHU Term | How Served | Time Forfeited | Any Pending? | MERD | SHU Term Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/25/2016 | Determinate | Consp | Distribution of Controlled Substances as defined in section 3080 | 10/25/2016 | 6m 0d | Initial | | No | 01/22/2017 | Projected MERD (Pending) |

**CLINICIAN COMMENTS**

Mental Health Assessment: The treating clinician, Dr. Lacy presented ICC with a Mental Health assessment that included S's Level of Care, treatment needs, ability to understand/participate in the classification hearing, and effects of this psychological state will not likely decompensate if ordered retained in segregated housing.

**COMMITTEE ACTION SUMMARY**

RETAIN ASU PX: RTN TO CSP-SOL. CONT MAX CUSTODY AND WG/PG D1/D, NDS: INELIGIBLE. P.O. W/A YARD, D/C APPROVED, NON-CONTACT VISITS AND EMERGENCY PHONE CALLS ONLY. UPON TX, PLACE IN GP, MED A CUSTODY WG/PG A2/B, D/C CLEAR, ABSENTIA

**COMMITTEE COMMENTS**

Inmate ADKINS waived his right to appear before California State Prison, Sacramento's (SAC) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his initial Review of his ASU placement. S stated that his health was good and was willing to proceed. According to Dr. Lacy, Subject is a participant in the MHSDS at the CCCHS level of care and has no mental health concerns which would prevent him from continuing with his classification review.

S has TABE 7.4, however due to being a participant of the MHSDS, Staff Assistant D. Gonzales was assigned and met with S 24 hours prior to today's ICC. Effective communication was achieved via simple English and additional time. S demonstrated he was able to communicate and understand by restating the information in his own words, as such ICC has determined that Staff Assistant will not be required for Subsequent Reviews.

Inmate ADKINS was placed into SAC's Short Term Restricted housing (STRH) on 11/14/16 pending Institutional Classification Committee (ICC) review. Specifically ADKINS was received from CSP-Solano (SOL) as Max Custody due to a pending toxicology report. If the results come back positive, ADKINS may be subject to an RVR for Possession of a Controlled Substance for Distribution, a SHU-able offense. S was seen by SOL ICC on 11/2/16 where he was retained in ASU. On 11/9/16, a new ASU Placement notice was issued (per auditor request dated 11/4/16) clarifying the reason for ASU retention as due to a pending Toxicology report and possible SHUable RVR for Distribution. S was not seen within 10 days of the 11/9/16 ASU Placement notice due to Administrative Error.

Based upon a review of S's CDC ASU Placement Notice, ERMS-file, case factors, pending 115, and through discussion with him, committee elects to: Return to CSP-Solano. Continue MAX Custody D/C Clear, OLD off 10/25/16. Upon Return to SOL, Place in GP, MED A Custody, WG/PG A2B, D/C Clear.

ICC notes that Possession of a Controlled Substance for Distribution is SHU-able and should ADKINS be found guilty he may be subject to a 6 month mitigated SHU term with a projected MERD of 1/22/17 (based on no priors of similar nature in previous 5 years). If S were found guilty Distribution, his placement score would still be appropriate for CSP Solano. Toxicology results are anticipated to be delayed due to caseload impaction at Laboratory.

A new score sheet (6 month review) has been generated. S currently has a placement score of 21 (if found guilty, S' placement score would be 33). ICC notes ADKINS has no other disciplinary to warrant continued ASU placement. ICC deems S' presence in no longer a threat to the safety and security of the institution. There does not appear to be any other housing concerns in the general population. ADKINS was in agreement with his release from ASU and expressed no concerns within the general population. Based on the aforementioned, ICC will retain in ASU pending expedited RTN to CSP-SOL and refer this case to ICC/GP for possible SHU assessment/Custody Review.

Double Cell with compatible housing status based on no documented history of in-cell violence, no predatory behavior, and no victimization concerns.

The current Integrated Housing Code (IHC) is noted as: RE This has been reviewed by committee and remains appropriate.

Walk Alone yard concerns are based on yard availability.

MHSDS: CCCHS per CDC-128C dated 11/9/16.
DDP: NCF per CDC 128-C2 dated 11/9/16.
MSD: FD/Medium Risk/ Cecc1 2 restricted per HCC dated 10/22/15.

Next Annual Review: 5/16

**INMATE INVOLVEMENT IN HEARING**

Attendance: Waived Presence
Interpreter Name:
Staff Assistant Name: D. Gonzales
Agrees with Recommendations: Yes

72 Hour Notice Waiver: No
S/A Discharged Date: 11/23/2016
Informed of Appeal Rights: Yes

**Inmate Comments**

S waived his right to appear before committee. S will be informed of committee's decision.

**OUTCOME**

Actual Hearing Date: 11/23/2016
Continue Present Program: No
ASU Extension Request: No
ASU Extension Reason:
Review Status: Awaiting Chairman Review
Refer to: N/A
Next Review Date: 11/23/2016

Actual Hearing Time: 09:31:11
Implement Changes: Yes
ASU Extension Days: 0 days

As of: 11/23/2016
Reason: N/A
Next Hearing Type: IC

**COMMITTEE MEMBERS**

| Staff Name | Chairman | Recorder | Title |
|---|---|---|---|
| | | | |

Confidentiality Notice: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

AGO DISC 000018

EXHIBIT- D

Classification COMMITTEE CHRONO

Recorder - N. Chaves
Chairperson- R. Fairley

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| **Inmate Name:** ADKINS, DUPREE L. | **Date:** 12/22/2016 |
|---|---|
| **CDC#:** K50645 | **Date of Birth:** 10/26/1966 |

| **Hearing Date:** 12/22/2016 | **Hearing Type:** Program; Transfer |
|---|---|
| **Committee Type:** Institution Cls. Committee (UCC) | **Correctional Counselor:** N. Chavez |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

## COMMITTEE ACTION SUMMARY

Action:
PROGRAM REVIEW: UCC ACTS TO REFER TO CSR, RECOMMEND TRANSFER TO CTF-II WITH AN ALTERNATE OF SQ -II CONTINUE: MED A CUSTODY, WG/PG A2/B EFF: 10/25/16. DORM AND D/C APPROVED. UPON TX, MED A CUSTODY, WG/PG A2/B EFF: 10/25/16 DORM AND D/C APPROVE.

## COMMITTEE COMMENTS

Comments:
Inmate Adkins appeared before Facility C UCC on 12/22/16 for a Program review. CDC Emergency Notification, Offender Separation Alerts, Scoresheet, and confidential file have been reviewed and updated, as appropriate. The classification procedural safeguards identified in Title 15, 3375(f) have been complied with. There are no Offender Separation Alerts noted in the central file. The confidential file is noted. Subject is dorm housing approved. Subject was informed of the Integrated Housing Program and is Racially Eligible (RE). He is ineligible for CAMP and MSF due to LIF.

Initial Case Factors:
For all case factors, refer to CDC 128G initial classification Chrono dated 8/29/13 . There are no changes in case factors. Gang or disruptive group concerns: Blood (59) Brims Associate.

Medical Case Factors:
TB Code is 22 as of 5/07/15. DDP code is NCF. Dental Code is 3. CDC 128-C3 dated: 10/15/11. reflects: Proximity to Consult: No Particular Need. Functional Capacity: Full Duty. Medical Risk: Medium Risk. Nursing Care Acuity: Basic Nursing. Restrictive: Cocci II. Disability Concerns: DPP: Not Applicable 1845 dated: N/A. Medical Restrictions (7410) dated: lists physical limitations as none. Psychiatric concerns: Subject is in the MHSDS, per 128C dated: 12/06/16.

Program/Case Plan:
A review of his C-file indicates that subject has received Exceptional (1) performance reports during this review period and he is currently unassigned. COMPAS Core Risk Assessment notes a 1.

Transfer:
Subject's case is being reviewed for transfer consideration due to a pending disciplinary RVR #00000000166552. It appears subject maybe circumventing the safety and security procedures of this CSP Solano. Committee acts to refer his case to the CSR recommending transfer to CTF-II.

Committee notes:
Subject refuse to participate in this UCC and elected to remain silence during this UCC. He also stated he will not sign any documents. Subject has a pending RVR #00000000166552 Conspire-Introduction of a Controlled Substance dated 12/01/16. Hearing postponed pending D/A charges. CSP Solano maintains responsibility of adjudication and transfer will not affect RX custody level.

VIO,LIF,PSY Administrative Determinants.
R Suffix affixed on 10/31/2001 then it was removed by ICC on 9/05/02.

Subject was an active participant during this hearing. Subject was advised of his right to appeal this action within 30 calendar days and that a copy of the CDCR 128G Classification Chrono should be attached to the appeal.

**RECORDER**

N. Chavez 

12/22/2016

Date

**CHAIRPERSON**

R. Fairley

12/22/2016

Date

CDCR SOMS ICCT162 - Classification Committee Chrono

EXHIBIT C

NOTICE-DECISION IN MENTAL
HEALTH CARE CLASS ACTION

## NOTICE - DECISION IN MENTAL HEALTH CARE CLASS ACTION

### (*Coleman v. Brown*)



On September 13, 1995, a federal court in Sacramento ruled that the CDCR violated the cruel and unusual punishment clause of the Constitution by failing to provide adequate mental health care. The ruling was in a case called *Coleman v. Wilson* (now *Coleman v. Brown*). The case covers all prisoners with serious mental disorders housed in California state prisons. The case continues today. The Court's 1995 Order is available for review in your prison law library.

There have been numerous additional Orders from the Court requiring specific changes. Some of the areas addressed include: screening, treatment programs, staffing, accurate and complete records, medication distribution, inpatient psychiatric care, segregation, use of force, the disciplinary process and suicide prevention.

The Court has approved CDCR's plan for providing mental health care. That plan is now set forth in the "Mental Health Services Delivery System Program Guide." CDCR also is modifying policies that may have discriminated against prisoners with psychiatric disabilities and will allow class members to request reasonable accommodations. The Court has appointed a Special Master who, among other things, monitors and reports on CDCR's compliance with the mental health Program Guide and CDCR policies.

The lawyers representing the prisoners are:

Donald Specter                   Michael W. Bien
Prison Law Office                 Rosen Bien Galvan & Grunfeld, LLP
General Delivery                  P.O. Box 390
San Quentin, CA  94964-0001       San Francisco, CA  94104-0390

Prison officials are represented by lawyers in the California Attorney General's office:

Deputy Attorney General
1300 I Street
P.O. Box 944255
Sacramento, CA  94244

(Revised January 2015)

[1495744-2]

# EXHIBIT-F

Guidelines, Policy Enhanced Outpatint
Program/Administrative Segregation
Mental Health Services Delivery System

| Enhanced Outpatient Program | Mental Health Services Delivery System |
|---|---|

### *Categories of Treatment Services*

REQUIRED TREATMENT

1. Individual Treatment Planning involves a meeting of the IDTT and the inmate-patient at least every 90 days for the purpose of identifying treatment needs, developing treatment plans, assessing treatment progress, and updating/revising individual treatment plans in accordance with the inmate-patient's needs and progress.

2. Weekly clinical contact with PC either individually or in group psychotherapy; individual clinical contact at least every other week.

3. Medication Evaluation and Management

   a) A psychiatrist shall evaluate each EOP inmate-patient at least monthly to address psychiatric medication issues.

   b) Refer to Inmate Medical Services Policies and Procedures, *Volume 4, Chapter 11, Medication Management,* regarding procedures for administration of medication, medication refusals, Directly Observed Therapy, and other aspects of medication administration.
   c) Refer to MHSDS Program Guide, *Chapter 5, Mental Health Crisis Bed,* for information on involuntary medication administration.

4. Ten hours per week of scheduled structured therapeutic activities. See below for list of treatment activities.

OTHER TREATMENT ACTIVITIES

1. Group therapy and psycho-educational groups provide inmate-patients with an opportunity to express, explore, and resolve issues with the assistance of clinical staff and other inmate-patient group participants who have similar problems or experiences. Psycho-educational groups focus on cognitive/behavioral skill building as a means of improving inmate-patient interpersonal skills and problem solving abilities.

2. Individual therapy provides inmate-patients with the opportunity to discuss personal problems that may not be adequately addressed in a group setting.

3. Recreational and occupational therapies provide inmate-patients with supervised recreational activities or exercise programs designed to reduce stress, improve self-esteem and physical health, foster positive interpersonal interactions, and promote the constructive use of leisure time. Occupational or recreational therapy is counted as

AGO DISC 000099

| Administrative Segregation | Mental Health Services Delivery System |
|---|---|

Inmate-patients housed in ASU EOP hubs shall be provided care consistent with their clinical needs. Each inmate-patient shall have an individualized treatment plan for ten hours per week of scheduled structured therapeutic activities, using standardized therapeutic materials, with the following services:

*REQUIRED TREATMENT*

a. Medication Management including a psychiatric evaluation by the psychiatrist at least every 30 days

b. Daily LPT rounds seven days per week

c. Weekly PC contact

d. Crisis intervention

*OTHER TREATMENT ACTIVITIES*

a. Medication Education

b. Group Therapy including Anger Management, Stress Management, Substance Abuse (where clinically appropriate)

c. Monitoring and assistance with daily living skills

d. Recreation therapy both within cell and out of cell; this may include music therapy, art therapy, current events

Inmate-patients who are released from ASU to a general population EOP for continuing mental health treatment may require mental health services related to adjustment to the general population environment. The ASU primary clinician shall document recommendations regarding the inmate-patient's specific treatment needs, including any concerns about facilitating the inmate-patient's successful transition to general population. The receiving EOP IDTT will consider documentation by the ASU clinician in developing the inmate-patient's treatment plan. The treatment plan for inmate-patients transferred from ASU to general population-EOP shall include services provided to aid in the transition to the general population environment.

7. Treatment Refusals

For inmate-patients who refuse more than 50% of offered treatment during a one-week period, the PC shall:

---

**2009 REVISION**                                                                    12-7-10

| Administrative Segregation | Mental Health Services Delivery System |
|---|---|

*Specific program objectives include:*

1. Continuation of care for inmate-patients with identified mental health treatment needs through regular case management activities and medication monitoring to enable inmate-patients to maintain adequate levels of functioning and avoid decompensation.

2. Daily clinical rounds of ALL inmates.

3. Mental Health screening of inmates who are not currently in the MHSDS caseload to identify mental health needs, and referral for further mental health evaluation as indicated.

4. Referral to a more intensive level of care for inmate-patients whose mental health needs cannot be met in the ASU, including expeditious placement into Mental Health Crisis Beds (MHCB) for inmate-patients requiring inpatient mental health care.

5. Mental health assessments and input into the classification decision-making process during ICC meetings, including the inmate-patient's current participation in treatment, medication compliance, suitability of single celling or double celling, risk assessment of self-injurious or assaultive behavior, status of Activities of Daily Living (ADL), ability to understand Due Process proceedings, likelihood of decompensation if retained in ASU, recommendations for alternative placement, and any other custodial and clinical issues that have impact on inmate-patients' mental health treatment.

6. Mental health assessments and input into the adjudication of Rules Violation Report (RVR) hearing proceedings involving MHSDS inmate-patients. Mental health information includes the quality of the inmate-patients' participation in their current MHSDS treatment plan, mental condition that may have been a contributing factor in the alleged misbehavior, and the ability to comprehend the nature of the charges or participate meaningfully in the disciplinary process. Final housing decisions are made by the ICC after considering all relevant clinical and custody factors.

**D. TREATMENT POPULATION**

Refer to the Treatment Criteria for the level of care in the MHSDS, Chapter 1, Overview Program Guide.

*Referral for Mental Health Services*

1. Pre-placement mental health screening: All inmates are screened by medical personnel for possible suicide risk, safety concerns, and mental health problems before placement in ASU (see Inmate Medical Services Policy and Procedure, *Volume 4, Chapter 16: CDCR 7219*). If an inmate screens positive on the CDCR 128-MH7, *ASU Pre-Placement*

AGO DISC 000167

| Administrative Segregation | Mental Health Services Delivery System |
|---|---|

*Chrono,* they are referred for a mental health evaluation on an Emergent, Urgent, or Routine basis, depending on their answers to the screening questions. After completion, the CDCR Form 128-MH7, *ASU Pre-Placement Chrono,* shall be placed in the mental health chrono section of the Unit Health Record (UHR). For Urgent and Routine referrals, the medical staff conducting the screening shall complete a CDCR 128-MH5, *Mental Health Referral Chrono,* and follow the referral process below.

2. Current MHSDS inmate-patients: All inmates placed into ASU shall be reviewed for identification of current MHSDS treatment status by the time of the initial CDCR-114D, *Order and Hearing on Segregated Housing,* review. This shall occur on the first work day following an inmate's placement. Current MHSDS inmate-patients are identified by checking the ASU placements reported on the Institutional Daily Movement Sheet with the treatment identifier code in the Distributed Data Processing System (DDPS) or the Mental Health Tracking System (MHTS) for inmate-patient treatment cases. During the initial review, mental health staff will ensure the continuity of mental health care, including the delivery of prescribed medications. Upon inmate's placement into ASU, nursing staff shall transfer the inmate's Medication Administration Record to ASU, consistent with the post orders.

3. Staff referral: Any staff member who observes possible signs or symptoms of a serious mental disorder shall refer an inmate for clinical evaluation by completing a CDCR 128-MH5, *Mental Health Referral Chrono.* The Referral Chrono shall be processed by following the referral process below. Any inmate who is observed to be a suicide risk, or in any other condition that requires crisis care, shall be immediately screened by the PC to assess the potential for suicide and, if appropriate, referral to the MHCB for admission.

4. Inmates who receive a CDCR 115, *Rules Violation Report,* for Indecent Exposure or Intentionally Sustained Masturbation Without Exposure shall be referred for all of the following:

   • CDCR 115-MH *Rules Violation Report: Mental Health Assessment;*

   • A mental health assessment shall be completed within 24 hours to rule-out decompensation and/or intoxication. The referral shall be made by telephone to the local Chief of Mental Health who shall arrange this assessment; and,

   • For inmate-patients included in the MHSDS, to the inmate-patient's Primary Clinician

5. Self referral: Inmates in ASU may request a clinical interview to discuss their mental health needs. These requests are made on a CDCR 7362, *Health Care Services Request.* Inmates shall receive the attached pamphlet, *"Administrative Segregation Inmate*

AGO DISC 000168

Exhibit-G

Reasonable Accommodation Request   8-31-2017
Reasonable Accommodation Panel (RAP) Response   10-5-17



**REASONABLE ACCOMMODATION PANEL (RAP) RESPONSE**                                    DRAFT

**RAP Meeting Date:** 9/20/2017          **Date IAC Received 1824:** 9/15/2017          **1824 Log Number:** CSP-S-17-02174

**Inmate's Name:** ADKINS, Dupree L.                     **CDCR #:** K50645                     **Housing:** CMC

**RAP Staff Present: RAP Staff Present:**   Associate Warden  T. WAMBLE ,  Chief Physician Surgeon  N. LARGOZA,   Custody Appeals Representative   V. ESTRELLA,  Health Care Appeals Representative   C. MANTEL-DAVIS,     Health Care Compliance Analyst(A)  K. SISON

**Summary of Inmate's 1824 Request:**  Requesting his lotion, and to be transferred back to "EOP" housing at CMC.

**Interim Accommodation:**

☐  No interim accommodation required:

☐  Interim Accommodation provided (List accommodation and date provided):

☐  RAP rescinding interim accommodation:

---

☐  **RAP REQUIRES FURTHER INFORMATION PRIOR TO RENDERING A DECISION, WHICH MAY TAKE UP TO 30 CALENDAR DAYS TO COMPLETE. REASON FOR DELAY:**

☐  **DISABILITY VERIFICATION PROCESS (DVP) REQUIRED.**

☐  **ADDITIONAL INFORMATION/INTERVIEWS REQUIRED.**          **RAP MEETING RESOLUTION DATE:**

---

**RAP RESPONSE: APPROVED**

**RAP is unable to process the following request(s):**  Requesting his lotion, and to be transferred back to "EOP" housing at CMC.

☒  Paroled/discharged/transferred.

☐  Refused to cooperate.

☐  Duplicate request.  See CDCR 1824 log #:

☐  Other:

**Response:**  The RAP has approved your request.  You transferred on 9/5/2017 and are currently housed at CMC.

**Direction if dissatisfied:**  If you disagree with this decision and want to file an appeal/grievance, be sure to attach a copy of this response along with your CDCR 1824 as supporting documents.

**T. WAMBLE**                                                      **Date sent to inmate:**  10/5/17

_____              _____
**ADA Coordinator/Designee**                    **Signature**

State of California — Department of Corrections and Rehabilitation

# REASONABLE ACCOMMODATION REQUEST
CDCR 1824 (rev: ?/2014)

| INSTITUTION (staff use only): | EC? | LOG NUMBER (staff use only): |
|---|---|---|
| CSP 3 | Y / N | 17-02174 |

RECEIVED

Date Received by Staff (staff use only):

**SEP 15 2017**

CSP - SOLANO
APPEALS OFFICE

**\* \* \* TALK TO STAFF IF YOU HAVE AN EMERGENCY \* \* \***

**Do not** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDCR 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| DuPree L. Adkins | K50645 | EOP | Ad. Seg 10-24A |

## INSTRUCTIONS

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service, or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response. **Do not** use an 1824 to request a response for a group of inmates. If you have received an 1824 decision that you disagree with, submit an appeal (CDCR 602, or 602-HC if disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM:** I'm "EOP" housed in a non EOP Ad. Seg and I informed the intake nurse, and Doctor, also filed sick call slip asking for my selenuim sulfate lotion.

**WHY CAN'T YOU DO IT:** This prison dosent have EOP and I don't know why I havent recieved my lotion.

**WHAT DO YOU NEED:** Under Coleman and Plata settlements I'm requesting my lotion and, to be transfered back to my "EOP" housing "CMC East" my court date is October 20, 2017.

_____ (use the back of this form if you need more space)

**Which of the following best describes your disability that caused you to file this request:**

☐ Difficulty walking or getting around  ☐ Difficulty seeing  ☐ Difficulty hearing  ☐ Difficulty talking  ☐ On kidney dialysis
☐ Difficulty using arms/hands  ☐ Difficulty learning  ☐ Difficulty thinking or understanding  ☒ Mental impairment
☐ Other Disability (briefly describe): _____

| DO YOU HAVE ANY DOCUMENTS THAT DESCRIBE YOUR DISABILITY? | Yes ☐ | No ☐ | Not Sure ☒ |
|---|---|---|---|
| (List and attach documents if available, including: 1845, 7410, 128-C): _____ | | | |

I understand staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

**INMATE'S SIGNATURE** _Dupree L. Adkins_        **DATE SIGNED** 8-31-2017

Assistance completing this form provided by: _____   _____   _____
Last Name           First Name           Signature

| ☐ IAP is not required as the CDCR 1824 contains no disability access or discrimination issues. | _____ Person making determination | _____ Title |
|---|---|---|

EXHIBIT - H
Inmate Appeal Grievance
Log Number: CSP-S-17-02113

8/31/2017 — September 11, 2017

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Monday, September 11, 2017*

*ADKINS, K50645*
*D  007 1179001U*

TRANSFER, Health Care, 09/06/2017
Log Number: CSP-S-17-02113
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

*RO  Other*

***You have already been transferred.  This issue has been resolved.***

☑  C. Cagnina, AGPA
☐  V. Estrella, CCII
Appeals Coordinator
California State Prison - Solano

**NOTE:**  If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.
**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                                                                    Side 1

| IAB USE ONLY | |
|---|---|

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    **WRITE, PRINT, or TYPE CLEARLY** in black or blue ink.

| Name (Last, First): Adkins, Duhree L. | CDC Number: K50645 | Unit/Cell Number: Ad. Seg 10-246 | Assignment: EOP |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Transfer

A. Explain your issue (if you need more space, use Section A of the CDCR 602-A): I'm a EOP inmate housed in Ad. seg where there's no "EOP" treatment consistent with the Coleman Settlement which is adverse.

B. Action requested (if you need more space, use Section B of the CDCR 602-A): To be transfered to my endorsed EOP housing CMC East D-Quad

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

CDCR 22

☐ No, I have not attached any supporting documents. Reason: SOMS should show my Courtdate 10th until 10-20-2017 and my CDCR 22 form has not been timely responded to

Inmate/Parolee Signature: *Duhree L. Adkins*                          Date Submitted: 8-31-2017

☑ By placing my initials in this box, I waive my right to receive an interview.

| **C.  First Level - Staff Use Only** | | Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☑ No |
|---|---|---|

This appeal has been:
☐ Bypassed at the First Level of Review.  Go to Section E.
☑ Rejected (See attached letter for instruction) Date: 9-11-17    Date: _____   Date: _____   Date: _____
☑ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____                Title: _____       Date Assigned: _____    Date Due: _____

First Level Responder: Complete a First Level response.  Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____                              Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)    Title: _____    Signature: _____              Date completed: _____

Reviewer: _____ (Print Name)    Title: _____    Signature: _____

Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant _____ / _____ / _____ |
|---|---|

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**                     Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review.

Assigned to: _____   Title: _____   Date Assigned: _____   Date Due: _____

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include Interviewer's name and title, interview date and location, and complete the sections below.

Date of Interview: _____   Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____   Title: _____   Signature: _____   Date completed: _____
                   (Print Name)

Reviewer: _____   Title: _____   Signature: _____
               (Print Name)

Date received by AC: _____

┌─────────────────────────────┐
│         AC Use Only          │
│ Date mailed/delivered to appellant   /   /  │
└─────────────────────────────┘

**F. If you are dissatisfied with the Second Level response**, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.   If you need more space, use Section F of the CDCR 602-A.

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date Submitted: _____

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
                                                                       Date: _____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:
See attached Third Level response.

┌─────────────────────────────┐
│      Third Level Use Only     │
│ Date mailed/delivered to appellant   /   /  │
└─────────────────────────────┘

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

EXHIBIT - I

Classification Committee Chrono

CC-1  S. Baumgardner "staff assistant"

J. Johnson  "Recorder"

M. Grijalva  "Chairperson"

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

## CLASSIFICATION COMMITTEE CHRONO

| | | | | |
|---|---|---|---|---|
| **Inmate Name:** | ADKINS, DUPREE L. | **Date:** | 10/31/2017 | |
| **CDC#:** | K50645 | Date of Birth: | 10/26/1966 | |

| | | |
|---|---|---|
| **Hearing Date:** 10/31/2017 | **Hearing Type:** | OTC/Return; Transfer; Other (See Committee Action Comments) |
| **Committee Type:** Institution Cls. Committee (UCC) | **Correctional Counselor:** | J. Johnson |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

Clinical staff provided the following input for this hearing.

Mental health services clinical assessment for UCC indicates S is continued at the EOP level of care with no changes noted at this time.

S' participation in treatment: good
Response to treatment: good
Medication compliance:  unable to assess - new arrival
Status of ADLs: good
IDTT recommendation for cell status: Double Cell/Dorm Clear
IDTT recommendation for alternate placement: Continue EOP
S' ability to understand due process is: good
Input provided by J. Wechsler, Ph.D. and review of EuHR
Communication:  EEC is accomplished by slow speech, simple English, and mutually understandable conversation.

### COMMITTEE ACTION SUMMARY

OTC & RTN and Transfer Review:  Establish MEDA Custody and WG/PG A1/A effective 05/24/2017.    Add to the Support Services Waiting List.  EOP LOC FD-
FH Clear.   IHC: RE, DC Clear.  CSRA: 1.  DPP: NCF/DPP: NA.  No preclusions to work assignment.   BPH: Consultation Hearing scheduled for 10/26/2021
TABE:  7.4-HSD noted.

GP CSR RX non adverse TX CMF-II-EOP ALT CMCE-III EOP OR/PSY.

### COMMITTEE COMMENTS

Committee notes CC-I S. Baumgardner; was assigned and present and as a staff assistant for S for the following reasons: S is a MHSDS participant at the
EOP level of care, TABE score 7.4/DDP (NCF) / DPP: NA-not learning disabled.  The staff assistant met with S at least 24 hours prior to the hearing.  Effective
communication was achieved through the use of simple English spoken in a slow and clear manner and repeated as necessary, and through the reading of
documents aloud.  Committee queried S to ensure his full understanding of issues discussed.  S was able to repeat committee actions in his own words, asked

Committee notes S' Initial review conducted at CMC on 06/07/17.  The last CSR endorsement dated 05/10/17 for CMC-III EOP OR PSY is no longer valid noting alternate more appropriate Level II/EOP-Close Custody  housing is available. Committee notes S is not eligible for Progressive Programming transfer placement at this time.  One of the criteria for participation in the Program Facilities is "No Division A-1, A-2, or B offenses in the last two years."  RVR dated 12/01/16 for; "Introduction of a Controlled Substance (SOL) is noted. This offense has been classified as a Division A-2 offense. S has currently postponed adjudication of the RVR pending outcome of court proceedings.  S is scheduled to appear in Solano County on case #FCR331682 next in 02/18.  S was transported to SOL on 10/10/17 for court proceedings.  S was returned to CMC on 10/25/17.  Custody is set at Close noting due to S' pending RVR which could result in an additional term and higher custody needs, S requires increased Custody designation.   S is currently serving a 66 year to Life term for PC 187-Murder 1st, PC 273.5 Inflict Corporal Injury to Spouse and PC 254-Assault W/Force Likely to produce GBI.

Prior CSR Concerns addressed:  None required

Committee actions:  Committee acts to affix Close Custody and adds S to the Support waiting list.  Next Court appearance is noted.  Committee notes if S is found guilty of pending RVR his placement score will remain Level II, therefore UCC today acts to refer case to the GP CSR RX non adverse TX CMF-II-EOP ALT CMCE-III EOP OR/PSY.   Upon completion for the court and disciplinary process, a future committee review will determine housing placement, Time Clean-up and assessment of additional term score adjustment if required.   Next court date is 02/18 as the court has asked for an continuance.  Committee agrees transfer to CMF-II is most appropriate for S' case factors as S will most likely remain Level II after court is complete and would benit from a Northern Institution placement as S is in the Out to Court Process.

Committee today has considered and reviewed S' programming efforts, needs, interests, desires, assignment history and behavior and disciplinary history in accordance with CDCR policies and regulations.   S was considered for placement into the next lower or higher security level.   Based on a comprehensive evaluation of S' case factors, Committee elects to retain S at CMC, noting S' current placement remains appropriate.  When asked what his stated preferred action was and the reason for that preference, S stated, I have to go to court again,  they are trying to make a case out of this.  I am looking for a deal but they don't know what to do.  I don't mind tranferring and if I go to CMF, I won't have to go to ASU everytime I go out to court."

Medical Status: 128-C3 (MCC) dated 10/22/15  reflects Permanent/OP level of care, no particular need for consult, full duty, medium medical risk, basic nursing, and restricted to Cocci 2. S has no DPP concerns to note. CDC 128-C2 (DDP) reflects NCF.  TB Code: 22 per SOMS.  Cell/Housing Restriction Review:  Victim/Predator designation: A review was conducted of all present documentation in accordance with established housing criteria to determine if S has a significant background of fights/violence towards cell partners, or a history of predatory, abusive, or sexually assaultive behavior towards other inmates. Behavior indicator guidelines have been assessed and no designation is required. Single-Cell: Not warranted. Double Cell Housing: Appropriate. Integrated Housing Program (IHP): is listed as RE per SOMS and remains appropriate.
NVSS: NA
BPH: Consultation Hearing scheduled for 10/26/2121
WG/F: Not Eligible as S is not 2933 eligible.
Holds/Warrants/Detainers: NA.
FPTTP: NA
R suffix:  Sex offense noted inclusive of I/O.  Counts three and four are forced oral copulation of common law girlfriend.  On 06/03/96 S held a knife up to the victim (Melissa Cobb's) neck and forced her to orally copulate him.  After the sexual act, S stabbed the victim several times in the hand with a pocket knife.  Sex offense was reduced to PC 273.5 Corporal Injury to Spouse.  R-Suffix review is not required as PC 273.5 is not a PC 290 registerable offense.  S is not required to register per PC 290.
Escapes: NA.
Arsons: Juvenile Attempting to set fire to electrical box, resulted in CYA commitment per ISRS dated 06/12/97.  This offense has been reviewed and is deemed non-exclusionary for PIA placement.  Committee agrees S should not be housed in a facility made primarily of wood or in wooden structures.
Archive File(s): CYA-Y44079-8 year term on 10/84 for Robbery W/FA/GBI
S has no restraining orders noted
Visiting restrictions:  No visits with victim Melissa Cobb, S is eligible for regular Visiting with no restrictions.

TABE: 7.4. per SOMS Test Scores dated 08/26/09
Verified HSD noted in ERMS Education section-graduated HS 08/15/1985
ASSIGNMENT: S' Functional Capacity is Full Duty, cleared for Food Handling, with no job limitations noted, per S' most recent MCC, dated 10/22/15.   Per SOMS Disabilities/Accommodations
PIA Assignment: Eligible for PIA Assignment
Waiting List: Support Services
STG: Five Nine Brims  AKA:  Pre Hog per POR page 9, dated 04/14/97

PREA Review: As part of S's annual classification review, S participated in the completion of the PREA Screening tool at CMC-E, Facility D which included a review of all available documentation in SOMS/ERMS and a face to face interview.  During the UCC Hearing  the chairperson reviewed the completed PREA Screening tool with S and asked the inmate if he had any additional relevant information that should be considered for future housing and/or program/work assignments.  S stated he feels housing placement and programming are appropriate at this time.  S has no additional information to provide.

Next UCC will be 06/01/2018 for Annual Review unless significant program changes occur prior to that time.

Other Committee Members:  M. Ribiero: LCSW and D. Smith: Education Representative,

| RECORDER | | |
|---|---|---|
| J. Johnson ✓ | 10/31/2017 _____ Date | |

| CHAIRPERSON | | |
|---|---|---|
| M. Grijalva ✓ | 10/31/2017 _____ Date | |

EXHIBIT - J

Letter from Andrew H. Smith
Deputy Attorney General

*ROB BONTA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

600 WEST BROADWAY, SUITE 1800
SAN DIEGO, CA 92101
P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 738-9000
Telephone: (619) 738-9411
E-Mail: Andrew.Smith@doj.ca.gov

January 11, 2023

Dupree Adkins
K50645
California Health Care Facility-Stockton
P.O. Box 213040
Stockton, CA 95213

RE: Dupree Adkins (K50645) v. Kernan, et al.
United States District Court, Eastern District of California, Case No. 2:19-cv-00458-DAD-DMC (PC)

Dear: Mr. Adkins

My office received an interrogatory directed to a "Jane Doe," which was served on November 27, 2022. Please be advised that because the identity of this person is unknown, they have not been granted representation and I am currently unable to represent this unknown individual or accept service of discovery requests on their behalf. Thus, this request is not properly served on my office and I am unable to respond to this request.

Please find enclosed, however, discovery responses on behalf of other defendants. Feel free to contact me to consult regarding any of these responses.

Sincerely,

Andrew H. Smith

ANDREW H. SMITH
Deputy Attorney General

For ROB BONTA
Attorney General

AHS:kac

SA2022301558

EXHIBIT K
BLACKWELL
Attach MENT 1

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
   Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
   Deputy Attorney General
4  600 West Broadway, Suite 1800
   San Diego, CA 92101
5  P.O. Box 85266
   San Diego, CA 92186-5266
6   Telephone:  (619) 738-9411
    E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants  A. Sherman,  D. Blackwell,  E. Arnold,  J. Lee,  J. Gastelo,  K.*
   *McQuaid,  L. Garcia,  M. Dernoncourt,  M. McComas,  R. Neuschmid,  R. Douglas, and S.*
8  *Kernan*

9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE EASTERN DISTRICT OF CALIFORNIA

12                    SACRAMENTO DIVISION

13

14                                            Case No. 2:19-cv-00458-DAD-DMC (PC)

15  **DUPREE LAMONT ADKINS,**
                                              **DEFENDANT D. BLACKWELL'S**
16                            Plaintiff,       **RESPONSES TO PLAINTIFF'S FIRST**
                                              **SET OF INTERROGATORIES**
17       v.

18  **KERNAN, et al. ,**

19                          Defendants.

20

21

22  **PROPOUNDING PARTY:**    **PLAINTIFF DUPREE LAMONT ADKINS**

23  **RESPONDING PARTY:**     **DEFENDANT DEBORAH BLACKWELL**

24  **SET NO.:**              **ONE**

25                    **PRELIMINARY STATEMENT**

26       The information provided in these responses is true and correct, according to Defendant's

27  best knowledge at this time, but it is subject to future correction for omissions, errors, or

28  mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered facts

                                 1

1    or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2    accordance with applicable discovery rules. Defendant makes this response to Plaintiff's

3    interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are

4    reproduced exactly as drafted by Plaintiff, and Defendant responds as follows:

5

6    **INTERROGATORY NO. 1**:

7        Please state all facts relating to your Administrative Segregation Unit Placement Notice

8    Date of 8/24/2017, that Plaintiff presents An Immediate Threat to the saf-ety of self or other.

9    **RESPONSE TO INTERROGATORY NO. 1**:

10       Plaintiff was so deemed by virtue of being an inmate on an out-to-court status. Defendant

11    refers Plaintiff to the Administrative Segregation Unit Placement Notice, attached as Attachment

12    1.

13    **INTERROGATORY NO. 2**:

14       Please state all facts relating to your Administrative Segregation Unit Placement Notice

15    Date of 8/24/2017, that Plaintiff Jeopardizes integrity of an investigat-ion of Alleged serious

16    misconduct or criminal activity.

17    **RESPONSE TO INTERROGATORY NO. 2**:

18       Plaintiff was so deemed by virtue of being an inmate on an out-to-court status. Defendant

19    refers Plaintiff to the Administrative Segregation Unit Placement Notice, attached as Attachment

20    1.

21    **INTERROGATORY NO. 3**:

22       Please state all facts relating to your Administrative Segregation Unit Placement Notice

23    Date of 8/24/2017, that Plaintiff Endangers institution security.

24    **RESPONSE TO INTERROGATORY NO. 3**:

25       Plaintiff was so deemed by virtue of being an inmate on an out-to-court status. Defendant

26    refers Plaintiff to the Administrative Segregation Unit Placement Notice, attached as Attachment

27    1.

28    **INTERROGATORY NO. 4**:

1     Please identify each and every medical employee that you notified, Plaintiff Presents an

2 immediate threat to the safety of self.

3 **RESPONSE TO INTERROGATORY NO. 4:**

4     Defendant did not personally notify and medical employee.

5 **INTERROGATORY NO. 5:**

6     Please identify each and every mental health employee that you notified, plaintiff presents

7 An immediate threat to the safety of self.

8 **RESPONSE TO INTERROGATORY NO. 5:**

9     Defendant did not personally notify any mental health staff.

10 **INTERROGATORY NO. 6:**

11     Please identify each and every person whom you have had communications with, written or

12 oral, about your Administrative Segregation Unit Placement Notice, to Place Plaintiff in

13 Administrative Segregation Unit on 8/24/2017

14 **RESPONSE TO INTERROGATORY NO. 6:**

15     Defendant notified Plaintiff of his placement and would have notified certain members of

16 medical staff whose names I cannot recall.  Additional staff were also notified through ASU

17 placement protocol rather than direct communication with Defendant.

18 **INTERROGATORY NO. 7:**

19     Please identify each and every person whom you have had communications with, written or

20 oral about plaintiffs Selenium Sulfide Topical Lotion.

21 **RESPONSE TO INTERROGATORY NO. 7:**

22     Defendant does not recall having such communications with anyone.

23 **INTERROGATORY NO. 8:**

24     Please identify all documents or other physical evidence that you believe supports any of

25 the facts stated in your response to interrogatory NO. 1.

26 **RESPONSE TO INTERROGATORY NO. 8:**

27     Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

28 attached as Attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

3

1   proceedings that were the cause of his out-to-court placement, and CDCR Title 15, § 3335,

2   Administrative Segregation.   Defendant is not currently aware of any other documentation.

3   **INTERROGATORY NO. 9:**

4   　　Please identify all documents or other physical evidence that you believe supports any of

5   the facts stated in your response to interrogatory NO. 2.

6   **RESPONSE TO INTERROGATORY NO. 9:**

7   　　Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

8   Attached as attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

9   proceedings that were the cause of his out-to-court placement, and CDCR Title 15, § 3335,

10  Administrative Segregation.  Defendant is not currently aware of any other documentation.

11  **INTERROGATORY NO. 10:**

12  　　Please identify all documents or other physical evidence that you believe supports any of

13  the facts stated in your response to interrogatory NO.3:

14  **RESPONSE TO INTERROGATORY NO. 10:**

15  　　Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

16  Attached as attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

17  proceedings that were the cause of his out-to-court placement and CDCR Title 15, § 3335,

18  Administrative Segregation.   Defendant is not currently aware of any other documentation.

19  **INTERROGATORY NO. 11:**

20  　　Please state all facts relating to, time period of 11/24/2016 to 8/23/2017, whether you

21  served a Administrative Segregation Unit Placement Notice on Plaintiff.

22  **RESPONSE TO INTERROGATORY NO. 11:**

23  　　Defendant does not recall personally serving such a notice on Plaintiff.

24  **INTERROGATORY NO. 12:**

25  　　Please state all facts relating to the CDC-7219 Dated 8/24/2017, Medical Report of injury

26  or unu-sual occurrence, reflects clearance for you to place plaintiff in NON EOP level of care.

27  **RESPONSE TO INTERROGATORY NO. 12:**

28

4

1    Objection.  This request is vague and overbroad and Defendant does not understand the

2    question.  Without waiving the foregoing objections, Defendant assumes or believes Plaintiff

3    received EOP treatment while housed at CSP Solano.

4    **INTERROGATORY NO. 13**:

5    Please identify all board of psychology certific-ations, licenses you earned.

6    **RESPONSE TO INTERROGATORY NO. 13**:

7    None.

8    **INTERROGATORY NO. 14**:

9    Please identify all board of medical license, certifications you earned.

10   **RESPONSE TO INTERROGATORY NO. 14**:

11   None.

12

13

14

15   Dated:  January 11, 2022                    Respectfully submitted,

16                                               ROB BONTA
                                                 Attorney General of California
17                                               NEAH HUYNH
                                                 Supervising Deputy Attorney General
18

19                                               *Andrew H. Smith*

20                                               ANDREW H. SMITH
                                                 Deputy Attorney General
21                                               *Attorneys for Defendants Angela Sherman,*
                                                 *Deborah Blackwell, Eric S. Arnold, James*
22                                               *Lee, Josephine Gastelo, Kathryn McQuaid,*
                                                 *Lisa Garcia, Marlaina Dernoncourt,*
23                                               *Matthew McComas, Robert Neuschmid,*
                                                 *Russell Douglas and Scott M. Kernan*

24

25

26   SA2022301558

27

28

                                    5

1

**VERIFICATION OF D. BLACKWELL**
**TO PLAINTIFF'S INTERROGATORIES (SET1)**

2

3
*Dupree Adkins (K50645) v. Kernan, et al.*
<u>USDC, EASTERN District, Case No, 2:19-cv-00458-DAD-DMC (PC)</u>

4

5
I, D. Blackwell, declare under penalty of perjury that I have read Defendant D. Blackwell's

6
Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of

my own knowledge, or on the basis of information available to me, and I believe all responses

7
based on such information to be true.

8
Executed this 23 day of December, 2022.

9

10

11
                                                                    D. Blackwell

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# Blackwell

# Attachment 1

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>SOL-Central Service | INMATE'S NAME<br>ADKINS, DUPREE L. | CDC NUMBER<br>K50645 |
|---|---|---|

## REASON(S) FOR PLACEMENT *(PART A)*

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☑ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY      ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On August 24, 2017, at about 1400 hours, you Inmate ADKINS, D. (K50645) arrived at CSP-Solano, via transportation bus, Schedule "B" from California Men's Colony (CMC-E) for Out to Court (OTC) proceedings, which is schedule for August 31, 2017. Your custody level is MED A with a classification score of 19 points. Inmate ADKINS was medically cleared for Administrative Segregation Unit (ASU), prior to housing, cell 10-126-L. You will remain ASU status pending administrative review. Based on the aforementioned, you are deemed a threat to the safety and security of this institution, its staff and inmates. You will remain on AD-SEG status within CSP-Solano' pending administrative review of your program and housing needs. As a result of this placement, your custody level and visiting status is subject to change. The CDC-7219, Medical Report of Injury or Unusual Occurrence, reflects clearance for placement. Per CCR title 15; your custody level is MAXIMUM level. Equally effective communication with ADKINS was established by reading the entire CDC 114D ASU placement order. Inmate ADKINS was asked a series of questions and responded accordingly to show his understanding of the different CDC 114D processes. You have a listed TABE Score of 7.4. You are a participant in the Mental Health Services Delivery System (MHSDS) at the level of Enhanced Out Patient Program (EOP). You are not a participant in the Disability Placement Program/Developmental Disability Program. The process was explained by reading and speaking slowly and in plain and Simple English.

You have no listed medical appliances. Lastly, pursuant to ADA, ADKINS you were asked if you needed any assistive devices and you responded
".

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU<br>PLACEMENT<br>08/24/2017 | SEGREGATION AUTHORITY'S PRINTED<br>NAME<br>Dennis Blackwell | SIGNATURE<br>D. Blackwell | TITLE<br>Watch<br>Commander |
|---|---|---|---|

| DATE NOTICE<br>SERVED<br>08/24/2017 | TIME<br>SERVED<br>1530 | PRINTED NAME OF STAFF SERVING<br>ASU PLACEMENT NOTICE<br>D Blackwell | SIGNATURE<br>D. Blackwell | STAFF'S<br>TITLE |
|---|---|---|---|---|

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER<br>K50645 |
|---|---|---|

You were identified with a disability of:
☐ Hearing  ☐ Vision  ☐ Speech  ☐ Learning Disability  ☐ TABE under 4.0 / no TABE  ☐ Developmental Disability  ☐ CCCMS  ☑ EOP

☐ Foreign Language Speaking

Method
ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

AGO DISC 000009

☑ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☑ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☑ Gave additional time

☐ Rephrased sentence

☐ Other

Provider

Name:    Title:

---

**ADMINISTRATIVE REVIEW *(PART B)***
The following to be completed during the administrative review by Captain or higher on the first working day following placement

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| IS THIS INMATE: | | | | | |
| LITERATE? | ☐ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS | ☐ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☐ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | INMATE DECLINED ANY IE | ☐ YES | ☐ NO |
| FREE OF MHSDS NEEDS? | ☐ YES | ☐ NO | DECLINED FIRST IE ASSIGNED | ☐ YES | |
| DECLINED FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |
| Any "NO" requires SA assignment | ☐ NOT ASSIGNED | | Any "NO" may require IE assignment | ☐ NOT ASSIGNED | |

| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |
|---|---|---|---|
| | | | |

**INMATE WAIVERS**

☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER

☐ NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | CDC NUMBER K50645 | DATE |
|---|---|---|
| | | |

| WITNESS REQUESTED FOR ICC HEARING | | | |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION**

☐ RELEASE TO UNIT/FACILITY

☐ RETAIN PENDING ICC REVIEW

☐ DOUBLE CELL

☐ SINGLE CELL PENDING ICC

**REASON FOR DECISION:**

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE | TIME |
|---|---|---|---|---|
| | | | | |

**You were identified with a disability of:**
☐ Hearing ☐ Vision ☐ Speech ☐ Learning Disability ☐ TABE under 4.0 / no TABE ☐ Developmental Disability ☐ CCCMS ☐ EOP

☐ Foreign Language Speaking

**Method**
☐ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☐ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☐ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

**Assistance Provided**
☐ Use of Full Page Magnifier

☐ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

AGO DISC 000011

☐ Written Notes

☐ Language Interpreter

☐ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☐ Other

Provider

Name:    Title:

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME*(If necessary - same date of review) | CO-SIGNATURE | DATE OF REVIEW |
|---|---|---|
| | | |

CDCR SOMS ISST180 - Administrative Segregation Unit Placement Notice

AGO DISC 000012

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
   Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
   Deputy Attorney General
4  600 West Broadway, Suite 1800
   San Diego, CA 92101
5  P.O. Box 85266
   San Diego, CA 92186-5266
6    Telephone: (619) 738-9411
     E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
   *McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. Neuschmid, R. Douglas, and S.*
8  *Kernan*

9

10

11               IN THE UNITED STATES DISTRICT COURT

12            FOR THE EASTERN DISTRICT OF CALIFORNIA

13                     SACRAMENTO DIVISION

14

15  DUPREE LAMONT ADKINS,                Case No. 2:19-cv-00458-DAD-DMC (PC)

16                       Plaintiff,      **DEFENDANT D. BLACKWELL'S**
                                         **RESPONSES TO PLAINTIFF'S FIRST**
17            v.                         **SET OF REQUESTS FOR ADMISSIONS**

18  **KERNAN, et al. ,**

19                       Defendants.

20

21  **PROPOUNDING PARTY:**    **PLAINTIFF DUPREE LAMONT ADKINS**

22  **RESPONDING PARTY:**     **DEFENDANT D. BLACKWELL**

23  **SET NO.:**              **ONE**

24                  **PRELIMINARY STATEMENT**

25  The information provided in these responses is true and correct, according to Defendant's best

26  knowledge at this time, but it is subject to future correction for omissions, errors, or mistakes.

27  Defendant reserves the right to produce evidence of any subsequently discovered facts or

28  interpretations thereof, and to amend, modify, or otherwise change the responses, in accordance

                                    1

1  with applicable discovery rules.  Defendant makes this response to Plaintiff's Requests for

2  Admissions in accordance with Federal Rule of Civil Procedure 36.  Without waiving any

3  objections, Defendant responds as follows:

4      The requests for admissions are reproduced exactly as drafted by Plaintiff.

5  **REQUEST FOR ADMISSION NO. 1:**

6      Admit that you, during relevant times, you did not submit a mental health refferal to Dr.

7  Jaystone for plaintiff.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

9      Objection.  The phrase "relevant times" is vague and unclear.

10  **REQUEST FOR ADMISSION NO. 2:**

11      Admit that during relevant times your acts and omission's violated "Law Enforcement

12  Code of Ethics 33030.3.3".

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

14      Objection.  The phrase "relevant times" is vague and unclear.  Without waiving the

15  objections, Defendant denies the request.

16  **REQUEST FOR ADMISSION NO. 3:**

17      Admit that durring relevant times you did not have authority to make medical decisions on

18  plaintiff's behalf.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

20      Objection.  The phrase "relevant times" is vague and unclear.  Without waiving the

21  objections, Defendant admits to not being a medical provider.

22  **REQUEST FOR ADMISSION NO. 4:**

23      Admit that durring relevant times you did not have authority to make mental health

24  decisions on plaintiff's behalf.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

26      Objection.  The phrase "relevant times" is vague and unclear.  Without waiving the

27  objections, Defendant admits to not being a mental health care provider.

28

2

Def. D. Blackwell's Resp. Pl.'s First Set  Req. Admis. (2:19-cv-00458-DAD-DMC (PC))

1 | Dated: February 24, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
NEAH HUYNH
Supervising Deputy Attorney General

*Andre H. Sill*

ANDREW H. SMITH
Deputy Attorney General
*Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K. McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. Neuschmid, R. Douglas and S. Kernan*

SA2022301558
83785578.docx

3

EXHIBIT-M
M. Fregoso
Administrative Review (Part B)

☑ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☑ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☑ Gave additional time

☐ Rephrased sentence

☐ Other

Provider

Name:    Title:

---

## ADMINISTRATIVE REVIEW *(PART B)*
The following to be completed during the administrative review by Captain or higher on the first working day following placement

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| IS THIS INMATE: | | | | | |
| LITERATE? | ☑ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS   OtC | ☑ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☑ YES | ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☑ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☑ YES | ☐ NO | INMATE DECLINED ANY IE | ☑ YES | ☐ NO |
| FREE OF MHSDS NEEDS? | ☑ YES | ☑ NO | DECLINED FIRST IE ASSIGNED | ☑ YES | |
| DECLINED FIRST STAFF ASSISTANT ASSIGNED? | ☑ YES | | | | |
| Any "NO" requires SA assignment | ☑ NOT ASSIGNED | | Any "NO" may require IE assignment | ☑ NOT ASSIGNED | |

---

CDCR SOMS ISST180 - CDC NUMBER: K50645 NAME: ADKINS, DUPREE L.                    Page 2 of 4

STAFF ASSISTANT'S NAME _Garcia_   TITLE _CCT_   INVESTIGATIVE EMPLOYEE'S NAME   TITLE

**INMATE WAIVERS**

☑ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☑ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER

☑ NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE _Refused to sign_ | CDC NUMBER K50645 | DATE |
|---|---|---|

**WITNESS REQUESTED FOR ICC HEARING**

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION**

☐ RELEASE TO UNIT/FACILITY _____

☑ RETAIN PENDING ICC REVIEW

☐ DOUBLE CELL

☑ SINGLE CELL PENDING ICC

REASON FOR DECISION: _Remains a threat to the Safety/Security._

| ADMINISTRATIVE REVIEWER'S PRINTED NAME _M. Frejosu_ | TITLE _CCII_ | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE _8/25/17_ | TIME _1210_ |
|---|---|---|---|---|

**You were identified with a disability of:**   N/A
☐ Hearing ☐ Vision ☐ Speech ☐ Learning Disability ☐ TABE under 4.0 / no TABE ☐ Developmental Disability ☐ CCCMS ☐ EOP

☐ Foreign Language Speaking

Method
☐ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☑ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

EXHIBIT-N

DR. CONNOR

Response to Plaintiff Inmate Request for Interview

STATE OF CALIFORNIA
GA-22 (9/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|------|-----|------------------|------------|
| 10-3-2021 | Medical | Adkins | K50645 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---------|------------|-----------------|------------|
| N2 | 207 | EOP | FROM — TO — |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|------------------------------------------|------------------|
| N/A | FROM — TO — |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Does the C.D.C.-7219 Medical Clearance for "ASU" Placement, Contain a inmate-patient level of "Medical and Mental health level of care? Thank you for your time. Respectfully Submitted, Adkins

---

INTERVIEWED BY   N/A          *Do NOT write below this line. If more space is required, write on back.*          DATE  10/8/21

DISPOSITION

MEDICAL DOES NOT DO CLEARANCE FOR ASU. BUT YOUR MEDICAL AND MENTAL HEALTH LEVEL OF CARE WOULD BE CONSIDERED AND CONTINUED AT THE APPROPRIATE LEVEL OF CARE AS INDICATED. IF YOU HAVE A MEDICAL CONCERN, PLEASE SUBMIT A 7362 HEALTH CARE REQUEST FORM.

THANK YOU,
DR. CONNOR

EXHIBIT-O
AUDITOR ACTION
B. Gricewich

Generated on: 12/06/2022 19:41                                              Page 11 of 515

CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

---

# AUDITOR ACTION

| Inmate Name: ADKINS, DUPREE L. | Date: 06/19/2018 | |
|---|---|---|
| CDC#: K50645 | Security Level: Level 2 (25) | Facility: CMC-Facility C |

| **Audit Type:** | SHU Term Assessment; Transfer Endorsement (between Institutions) | **Audit Result:** | Deferred |
|---|---|---|---|

**Comments:**

Deferred: ICC of 6/5/18 referred this case for SHU audit and transfer consideration to CTF II with an alternate of FOL II. The SHU term and subsequent transfer are not approved based of the following:

ICC of 6/5/18 assessed, imposed and suspended an 11 month SHU term for RVR dated 12/1/16 Conspiracy to Introduce a Controlled Substance.

Conspiracy to Introduce a Controlled Substance is not listed as an offense warranting a SHU assessment in accordance with CCR Section 3341.9. A guilty finding for distribution is required for the offense to be SHUable. Consequently, the 11 month SHU term assessed by committee is not approved. A subsequent ICC action will be required to vacate this SHU assessment. Also, staff will need to correct the reclassification score sheet dated 5/21/18 as the inmate was assessed 4 unfavorable points for distribution of a controlled substance.

Lastly, a subsequent committee action will be required to clearly articulate the rationale for CLOSE custody designation.

---

| **AUDITOR** | | | | |
|---|---|---|---|---|
| **Name:** | B. Gricewich | | CSR | 06/19/2018 |
| | | | Title | Date |

CDCR SOMS ICCT164 - Auditor Action

Confidentiality Notice: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

AGO DISC 000484

EXHIBIT-P

Classification Committee Chrono

Defendant K. McQuaid.

**CALIFORNIA DEPARTMENT** *of*
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | ADKINS, DUPREE L. | **Date:** | 08/29/2018 |
| **CDC#:** | K50645 | **Date of Birth:** | 10/26/1966 |
| **Control Date:** | Life With Parole | **Control Date Type:** | Minimum Eligible Parole Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 08/29/2018 | **Hearing Type:** | Other (See Committee Action Comments); Transfer |
| **Committee Type:** | Institution Cls. Committee (GP-ICC) | **Correctional Counselor:** H. Rocha | |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

Mental health services clinical assessment for UCC indicates S is continued at the EOP level of care with no changes noted at this time.  Clinical staff provided the following input for this hearing:

S' participation in treatment: good
Response to treatment: good
Medication compliance: compliant
Status of ADLs: good
IDTT recommendation for cell status: no recommendation (not discussed in IDTT)
IDTT recommendation for alternate placement: continue EOP
S' ability to understand due process is: good

### COMMITTEE ACTION SUMMARY

ICC-PROGRAM/TRANSFER REVIEW:  VACATE 11-MONTH MITIGATED SHU TERM FOR RVR DATED 12/1/16 FOR CONSPIRE-INTRODUCTION OF A CS, REDUCE CUSTODY TO MED-A, AFFRIM PREVIOUS ASSESSMENT OF WG/PG D2/D EFFECTIVE 10/25/16 THROUGH 12/5/16, A2/B EFFECTIVE 12/6/16 THROUGH 4/25/17, P/O SUPPORT SERVICES W/L, DOUBLE CELL CLEAR, PSYCH: EOP, FULL DUTY, BPH: CON 10/26/21, IHC: RE.  RFR CSR, RX SATF-II (EOP)/VSP-II (EOP)

### COMMITTEE COMMENTS

Committee notes CCI Gomez was assigned and present and as a staff assistant for S for the following reasons: MHSDS participant level of care: EOP. TABE: 7.4, DDP: NCF, DPP: No, Foreign Language: No, Learning Disabled: No. The staff assistant met with S at least 24 hours prior to the hearing. Effective communication was achieved through the use of simple English spoken in a slow and clear manner and repeated as necessary, and through the reading of documents aloud. Committee queried S to ensure his full understanding of issues discussed. S was able to repeat committee actions in his own words, asked relevant questions and provided pertinent information, thus establishing effective communication.

S appeared before the California Men's Colony (CMC) Facility-D ICC today for a PROGRAM/TRANSFER Review.  S stated that his health was good and he was willing to proceed. S received his 72-hour notice of this committee action. Prior to committee reviewing and discussing this case, S was introduced to the committee members.

Committee notes S was previously placed in CSP-Solano ASU dated 10/25/16 pending involvement/investigation of introduction of controlled substances for the purposes of distribution. S received a Rules Violation Report (RVR) dated 12/1/16, Log # 000000001665528 for Conspire-Introduction of a Controlled Substance. This RVR was heard on 3/17/18.  S was found guilty of such charge, a Division A-2 offense and assessed 180-days credit forfeiture. ICC action dated 6/5/18 assessed, imposed, and suspended an 11-month Initial Mitigated range SHU term effective 12/1/16 for Distribution of a Controlled Substance in error. S was also assessed an additional 4 points for Distribution of Drugs on scoresheet dated 5/21/18. The SHU term assessment and additional points were in error as the RVR offense is Conspire-Introduction of a CS, which is not a SHUable offense in accordance with CCR Section 3341.9. Therefore Committee elects to vacate the SHU term.

Assessment of WG/PG D2/D while housed in ASU as a result of this offense is appropriate based on the date of the RVR is prior to the updated policy. WG/PG A2/B upon release is appropriate, as S was designated as CCCMS LOC.

Due to the guilty finding of an A2 offense, S must serve one year of Close Custody.  S is eligible today for custody reduction as S is granted credit for Close Custody the date of release from ASU for this RVR, effective 12/6/16, serving the required one year. Based on this, Committee elects to reduce custody from Close Custody to MED-A custody.

During a pre committee interview, S stated he didn't care which institution he went to. ICC has reviewed inmates' case factors for possible placement in the lowest level of security in order to have increased access to rehabilitative programs. S is Level III and is appropriately housed with access to rehabilitative programs based on Inmate's interest and desires.

Committee acts to retain S, on double-cell housing status as there appears to be NO significant history of in cell assaults, predatory behavior or

Confidential File: Noted.
STG: Blood.
MHSDS: 'CCCMS per SOMS Inmate Health Assessment (IHA) dated 5/17/18.
TBA Code: 22 dated 5/7/15 per SOMS IHA.
DDP: NCF per CDCR 128C-2 dated 4/20/11.
DPP: N/A.
DPP Disabilities / Accommodations:
SOMS Accommodation Chrono: None.
SOMS Durable Medical Equipment: None.
Medical Classification Chrono (MCC) dated 10/22/15 reflects, Permanent and notes the following: Level of Care: OP; Proximity to Consult: No particular need; Functional Capacity: Full Duty; Medical Risk: Medium; Nursing Care Acuity: Basic. The following Specialized Services are noted: N/A. The following Institutional-Environmental concerns are noted: restricted COCCI area 2.

S was advised of his right to appeal Committee's action per CCR 3084.1.

**RECORDER**

T. Lansford

06/05/2018

Date

**CHAIRPERSON**

K. McQuaid

06/05/2018

Date

CDCR SOMS ICCT162 - Classification Committee Chrono

Classification Committee CHRONO

Recorder- M. McComas

Chair Person- R. Neuschmiel

Clinician - A. Sherman "Psychologist"

Staff Assistant- CC1 L. Garcia

AKA- Template

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | |
|---|---|---|
| **Inmate Name:** ADKINS, DUPREE L. | **Date:** | 08/30/2017 |
| **CDC#:** K50645 | **Date of Birth:** | 10/26/1966 |

| | | |
|---|---|---|
| **Hearing Date:** 08/30/2017 | **Hearing Type:** | Initial ASU; OTC/Return; Other (See Committee Action Comments) |
| **Committee Type:** Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | **Correctional Counselor:** | M. Mccomas |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

Mental Health staff A. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the EOP level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly.

### COMMITTEE ACTION SUMMARY

Facility D - Initial ASU Review: ICC Acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 8/24/2017, Single Cell Housing approved.

### COMMITTEE COMMENTS

Initial ASU Review:
Subject was placed in ASU on 8/24/2017 on Out to Court status. Specifically, on 8/24/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 8/24/2017. Refer to CSR with recommendation of 90 days ASU extension.

Non Disciplinary Segregation:
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

Housing Review:
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

Yard Assignment:
Subject is assigned to Small Management Yard.

Notes:
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject refused to appear before ICC. Subject was advised of the outcome of the committee by CCII McComas.
ICC notes Subject was made EOP on 8/29/2017.

**RECORDER**

| M. McComas | | 08/30/2017 |
|---|---|---|
| | | Date |

**CHAIRPERSON**

R. Neuschmid

08/30/2017

Date

CDCR SOMS ICCT162 - Classification Committee Chrono



**CALIFORNIA DEPARTMENT** *of*
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| | | |
|---|---|---|
| **Inmate Name:** ADKINS, DUPREE L. | | **Date:** 10/18/2017 |
| **CDC#:** K50645 | | **Date of Birth:** 10/26/1966 |

| | | |
|---|---|---|
| **Hearing Date:** 10/18/2017 | **Hearing Type:** | OTC/Return; Initial ASU; Transfer; Other (See Committee Action Comments) |
| **Committee Type:** Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | **Correctional Counselor:** | M. Mccomas |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Mental Health representative, S. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the CCCMS level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly. Subject was advied of the outcome of ICC actions at his cell front by CCII McComas.

## COMMITTEE ACTION SUMMARY

Facility D - Initial ASU Review: ICC acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 10/11/2017, Double Cell Housing approved.

## COMMITTEE COMMENTS

Initial ASU Review:
Subject was placed in ASU on 10/11/2017 on Out to Court status. Specifically, on 10/11/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 10/11/2017. Refer to CSR with recommendation of 90 days ASU extension.

Non Disciplinary Segregation:
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

Housing Review:
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

Yard Assignment:
Subject is assigned to Small Management Yard.

Notes:
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject's MHSDS LOC was elevated from CCCMS to EOP on 10/13/2017.

**RECORDER**

| | | |
|---|---|---|
| M. McComas | ⊚ | |
| | | 10/18/2017 |
| | | Date |

**CHAIRPERSON**

| | |
|---|---|
| E. Arnold | ⊚ |

10/18/2017
_____
Date

CDCR SOMS ICCT162 - Classification Committee Chrono

EXHIBIT-R

Defendant A, Sherman's
Responses To Plaintiff's
First Set Of Interrogatories

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
   Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
   Deputy Attorney General
4  600 West Broadway, Suite 1800
   San Diego, CA 92101
5  P.O. Box 85266
   San Diego, CA 92186-5266
6   Telephone:  (619) 738-9411
    E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants Arnold, Blackwell, Dernoncourt, Douglas, Garcia, Gastelo, Kernan
   Lee, McComas, McQuaid, Neuschmid, and Sherman*

8

9                 IN THE UNITED STATES DISTRICT COURT

10               FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13

14  DUPREE LAMONT ADKINS,              | Case No. 2:19-cv-00458-DAD-DMC (PC)

15                                     | **DEFENDANT A. SHERMAN'S
                           Plaintiff,  | RESPONSES TO PLAINTIFF'S FIRST
16                                     | SET OF INTERROGATORIES**

17         v.

18  KERNAN, et al. ,

19                          Defendants.

20

21

22  **PROPOUNDING PARTY:    PLAINTIFF DUPREE LAMONT ADKINS**

23  **RESPONDING PARTY:     DEFENDANT A. SHERMAN**

24  **SET NO.:              ONE**

25                  **PRELIMINARY STATEMENT**

26      The information provided in these responses is true and correct, according to Defendant's

27  best knowledge at this time, but it is subject to future correction for omissions, errors, or

28  mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered facts

                                    1

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are

4  reproduced exactly as drafted by Plaintiff, and Defendant responds as follows:

6  **INTERROGATORY NO. 1**:

7  Please state all facts relating to your mental health assessment that on 08/30/2017 During

8  institution Classification Committee plaintiff had the ability to understand ICC proceeding's and

9  that plaintiff mental health was stable with no decompensation.

10  **RESPONSE TO INTERROGATORY NO. 1**:

11  Defendant refers Plaintiff to the August 30, 2017 MHPC Institutional Classification

12  Committee (ICC) note attached hereto at Attachment 1, which notes Plaintiff refused to attend,

13  thus no mental health assessment took place during the ICC.  To the extent any other document

14  says otherwise, Defendant believes it was a scrivener's error.

15  **INTERROGATORY NO. 2**:

16  Please state all facts relating to your mental health assessment, on 10/18/2017, During

17  Institution Classification Committee that Plain- had the ability to understand ICC proceedings and

18  that plaintiff mental health was stable with no decompensation, and plaintiff is in the MHSDS at

19  the CCCMS level of care.

20  **RESPONSE TO INTERROGATORY NO. 2**:

21  Defendant refers Plaintiff to the October 18, 2017 MHPC Institutional Classification

22  Committee (ICC) note attached hereto at Attachment 2, which notes Plaintiff refused to attend,

23  thus no mental health assessment took place during the ICC.  To the extent any other document

24  says otherwise, Defendant believes it was a scrivener's error.

25  **INTERROGATORY NO. 3**:

26  Please identify each and every person whom you are aware may have knowledge about

27  your mental health assessment regarding Plaintiff at Institution Classification Committee.

28  **RESPONSE TO INTERROGATORY NO. 3**:

2

1    Objection. This request is vague and overbroad because it does not specify any particular

2  Committee hearing, and it calls for speculation. As noted, I was unable to conduct a mental

3  health assessment because Plaintiff refused to attend each time.

4  **INTERROGATORY NO. 4:**

5    Please Identify each and every person who you believe witnessed your oral mental health

6  assessment regarding Plaintiff at Institution Classification Committee

7  **RESPONSE TO INTERROGATORY NO. 4:**

8    Because Plaintiff did not attend the ICC, there should be no witnesses to an assessment that

9  did not occur.

10  **INTERROGATORY NO. 5:**

11    Please identify each and every person whom you have had communication's with, written

12  or oral about your mental health assessment of Plaintiff during Institution Classification

13  Committee.

14  **RESPONSE TO INTERROGATORY NO. 5:**

15    Defendant cannot answer this interrogatory because the factual predicate, "your mental

16  health assessment of Plaintiff during Institution Classification Committee," is wrong. I was

17  unable to conduct an assessment because Plaintiff refused to attend.

18  **INTERROGATORY NO. 6:**

19    Please identify all documents or other physical evidence that you believe supports any of

20  the facts stated in your response to Interrogatory NO. 1.

21  **RESPONSE TO INTERROGATORY NO. 6:**

22    See attachment 1.

23  **INTERROGATORY NO. 7:**

24    Please identify all documents or other physical evidence that you believe supports any of

25  the facts stated in your response to interrogatory NO. 2.

26  **RESPONSE TO INTERROGATORY NO. 7:**

27    See Attachment 2.

28  **INTERROGATORY NO. 8:**

3

1   Please describe if Plaintiff and you were introduced to each other, while plaintiff was

2   housed in California State Prison – Solano, Administrative Segregation Unit

3   **RESPONSE TO INTERROGATORY NO. 8:**

4   I do not recall meeting Plaintiff while he was housed in SOL-ASU.

8   Dated:  January 9, 2022                         Respectfully submitted,

9                                                   ROB BONTA
                                                    Attorney General of California
10                                                  NEAH HUYNH
                                                    Supervising Deputy Attorney General

12   *[signature]*

13                                                  ANDREW H. SMITH
                                                    Deputy Attorney General
14                                                  *Attorneys for Defendants Arnold, Blackwell,*
                                                    *Dernoncourt, Douglas, Garcia, Gastelo,*
15                                                  *Kernan Lee, McComas, McQuaid,*
                                                    *Neuschmid, and Sherman*

18   SA2022301558

4

1

**VERIFICATION OF A. SHERMAN**
**TO PLAINTIFF'S INTERROGATORIES (SET1)**

2

3

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4

5

I, A. Sherman, declare under penalty of perjury that I have read Defendant A. Sherman's

Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of

6

my own knowledge, or on the basis of information available to me, and I believe all responses

7

based on such information to be true.

8

Executed this <u>10</u> day of <u>January,</u> 2023.

9

10



11

12

_____

13

A. Sherman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# Sherman
# Attachment 1



CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

SOL - California State Prison, Solano
2100 Peabody Road
Vacaville, CA 95696-

| | |
|---|---|
| Patient: | ADKINS, DUPREE LAMONT |
| DOB/Age/Sex: | 10/26/1966 56 years     Male |
| Encounter Date: | 1/2/2019 |
| Attending: | Keystone;Jay P&S |

CDCR #:      K50645
PID #:        11801525
Referring:

---

## Mental Health - Nursing

No data exists for this section

---

## Mental Health Documentation

| | |
|---|---|
| Document Type: | MHPC Progress Note |
| Document Subject: | ICC Note |
| Service Date/Time: | 8/30/2017 11:47 PDT |
| Result Status: | Auth (Verified) |
| Perform Information: | Sherman,Angela Psychologist (8/30/2017 11:54 PDT) |
| Sign Information: | Sherman,Angela Psychologist (8/30/2017 11:54 PDT) |
| Authentication Information: | Sherman,Angela Psychologist (8/30/2017 11:54 PDT) |

Institutional Classification Committee (ICC)

The Institutional Classification Committee (ICC) met for the purpose of ASU review.

The inmate:
[ ] appeared
[x] refused to appear for an interview before the ICC on this date

BEHAVIORAL OBSERVATIONS:
Grooming was appropriate
[ ] Yes
[_] No
N/A - In Absentia
Speech was intelligible
[ ] Yes
[_] No
N/A - In Absentia
Comprehension process was adequate
[ ] Yes
[_] No
[x] Other: N/A - in Absentia

Information regarding the IP's mental condition was provided to custody: EOP

MENTAL HEALTH TREATMENT RECOMMENDATION:
[ ] No treatment needed at this time.
[x] Inmate is currently participating in the MHSDS - was placed in EOP LOC yesterday.

Comments:
ICC conducted in Absentia, as he refused to attend. Here OTC from CMC. Retain in ASU pending court date and then will be returning to
sending institution. Was placed at EOP LOC yesterday. ICC approves single cell while in ASU.

---

Report Request ID:   64042864

Print Date/Time:    1/4/2023 12:45 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

SOL - California State Prison, Solano

Patient:         ADKINS, DUPREE LAMONT
DOB/Age/Sex:  10/26/1966 / 56 years      / Male              CDCR: K50645

| *Mental Health Documentation* |
| --- |

| *Mental Health Forms* |
| --- |

No data exists for this section

| *Mental Health IDTT MPage Forms* |
| --- |

No data exists for this section

| *Mental Health Suicide MPage Forms* |
| --- |

No data exists for this section

WARNING: This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

AGO DISC 000002

# Sherman

# Attachment 2

 CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

SOL - California State Prison, Solano
2100 Peabody Road
Vacaville, CA 95696-

| | | | | |
|---|---|---|---|---|
| Patient: | ADKINS, DUPREE LAMONT | | | |
| DOB/Age/Sex:. | 10/26/1966 56 years | Male | CDCR #: | K50645 |
| Encounter Date: | 1/2/2019 | | PID #: | 11801525 |
| Attending: | Keystone, Jay P&S | | Referring: | |

## Mental Health - Nursing

No data exists for this section

## Mental Health Documentation

Document Type:                                      MHPC Progress Note
Document Subject:                                   ICC Note
Service Date/Time:                                  10/18/2017 18:51 PDT
Result Status:                                      Auth (Verified)
Perform Information:                                Sherman,Angela Psychologist (10/18/2017 18:53 PDT)
Sign Information:                                   Sherman,Angela Psychologist (10/18/2017 18:53 PDT)
Authentication Information:    .                    Sherman,Angela Psychologist (10/18/2017 18:53 PDT)

Institutional Classification Committee (ICC)

The Institutional Classification Committee (ICC) met for the purpose of Initial ASU review.

The Inmate:
[ ] appeared
[x] refused to appear for an interview before the ICC on this date

BEHAVIORAL OBSERVATIONS:
Grooming was appropriate
[ ] Yes
[_] No
x N/A
Speech was intelligible
[ ] Yes
[_] No
x N/A
Comprehension process was adequate
[ ] Yes
[_] No
[x] Other:

Information regarding the IP's mental condition was provided to custody: EOP

MENTAL HEALTH TREATMENT RECOMMENDATION:
[ ] No treatment needed at this time.
[x] Inmate is currently participating in the MHSDS.

Comments:
Currently receiving MH services in EOP. Retain pending return to court. In Absentia as refused. Reviewed for release but had adverse transfer last time was here. Retain pending return to sending institution.

---

Report Request ID: . 64042957                              Print Date/Time:   1/4/2023 12:48 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

AGO DISC 000003

SOL - California State Prison, Solano

Patient:         **ADKINS, DUPREE LAMONT**
DOB/Age/Sex:  10/26/1966 / 56 years     / Male          CDCR: K50645

| *Mental Health Documentation* |
| --- |

| *Mental Health Forms* |
| --- |

No data exists for this section

| *Mental Health IDTT MPage Forms* |
| --- |

No data exists for this section

| *Mental Health Suicide MPage Forms* |
| --- |

No data exists for this section

---

Report Request ID:   64042957                              Print Date/Time:   1/4/2023 12:48 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

AGO DISC 000004

EXHIBIT-S

OFFICE OF THE INSPECTOR
GENERAL

EXHIBIT S

San Quentin News
VOL. 2024 NO. 4   APRIL 2024 - ISSUE 167
SANQUENTINNEWS.COM
SANQUENTIN, CALIFORNIA 94964

# Report states CDCR mishandled grievances

**By Jerry Maleek Gearin**
**Journalism Guild Chair**

A new report the Office of the Inspector General found that the California Department of Corrections and Rehabilitation has inappropriately reviewed complaints of misconduct against incarcerated people, according to the Sacramento Bee.

Violating procedure, staff independently reclassified their coworkers' alleged misconduct, instead of allowing the complaints to be reviewed by appropriate offices, according to the Bee.

This is not the first time the Office of the Inspector General has found that the correctional department has mishandled with misconduct grievances. In 2022, the OIG suggested improvement in the department's grievance review process to improve transparency and reduce conflicts of interest, said the article.

"Consequently, the department's action circumvented regulations and authorized prison staff who had been found to conduct inadequate and potentially biased investigations to respond to allegations of staff misconduct without oversight," said in the OIG report, according to the article.

When an incarcerated person files an appeal, a team at CDCR headquarters is

> **"Consequently, the department's action circumvented regulations and authorized prison staff who had been found to conduct inadequate and potentially biased investigations to respond to allegations of staff misconduct without oversight."**
>
> —OIG report

supposed to review the complaints and then separate staff misconduct claims from all other grievances. The misconduct claims are then supposed to be returned to the prison where they originated, and sent to CDCR's Allegation Investigation Unit, located in Sacramento, or Internal Affairs at designated facilities, noted the article.

But the new report says that CDCR improperly closed and reclassified 595 complaints of staff misbehavior as routine appeals between February 24, 2022, and February 27, 2023. The OIG noted that the department never reviewed or reclassified the 595 complaints. It also noted that their agency was not informed of CDCR's decision to reassess

and redirect the complaints, the article states.

CDCR has taken responsibility for the reassigned grievances, which the department said were incorrectly screened.

"CDCR acknowledges the Office of Inspector General's report and remains committed to improving the staff complaint process. The Department has undertaken a monumental transformation of the way we receive, review and respond to allegations of staff misconduct and appreciate the hard work staff have put into this effort. CDCR, remains committed to being proactive, to refining this process and to continuing to work with the OIG and other stakeholders to ensure open communication on these very important issues."

In a signed letter responding to the findings, CDCR Secretary Jeffrey Macomber said that the reassigned grievances amounted to less than one-third of one percent of all grievances reviewed by the department in calendar year 2023.

"[CDCR], circumvented control measures that were put in place to prevent prison authorities from making potentially biased decisions," stated the OIG report. (The reclassification of appeals) "resulted in a wasteful duplication of efforts and misallocation of resources."

EXHIBIT—T

Pg. 1 – Defendant Marshak Notice

Pg. 2 – Deputy Attorney general Corinna Arbiter instruction

Pg. 3 – Chad . A stegeman response

Pg. 4 – Corinna s. Arbiter response

Pg. 5 – Corinna S. Arbiter Declaration

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   CHAD A. STEGEMAN, State Bar No. 225745
    Supervising Deputy Attorney General
3   CORINNA S. ARBITER, State Bar No. 273074
    Deputy Attorney General
4    600 West Broadway, Suite 1800
     San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 321-5799
    Fax: (619) 645-2061
7   E-mail: Corinna.Arbiter@doj.ca.gov
    *Attorneys for Defendants*
8   *D. Hurtado and E. Marshak*

9                 IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12

13

14  DUPREE LAMONT ADKINS,                    2:21-cv-00531-DJC-JDP (PC)

15                              Plaintiff,   **DEFENDANT MARSHAK'S FIRST**
                                             **REQUEST FOR PRODUCTION OF**
16              v.                           **DOCUMENTS TO PLAINTIFF**

17  DAVID HURTADO, et al.,                   Judge:      The Honorable Jeremy D.
                                                         Peterson
18                              Defendants.  Trial Date:
                                             Action Filed: March 23, 2021
19

20  PROPOUNDING PARTY:                       **DEFENDANT D. HURTADO**

21  RESPONDING PARTY:                        **PLAINTIFF DUPREE LAMONT ADKINS**

22  SET NO.:                                 **ONE**

23

24          Pursuant to Federal Rule of Civil Procedure 34, you are required to respond to each of the

25  following requests for production of documents separately and fully by mailing written responses

26  to Chad A. Stegeman, attorney for Defendant, within 30 days (plus an additional three days

27  because this is served by mail—for a total of 33 days) from the date of mailing indicated on the

28  accompanying proof of service.

                                              1

─────────────────────────────────────────────────────────
            Def. Marshak's First Req. For Produc. of Doc. To Pls. (2:21-cv-00531-DJC-JDP (PC))

1    In addition, you are required to produce all documents within your possession or control, or

2    in the possession, custody, or control of persons associated with you.  These responses and

3    documents shall be mailed to Chad A. Stegeman at The Office of the Attorney General, 455

4    Golden Gate Avenue, Suite 11000, San Francisco, CA  94102.

5    If you object to any of the following Requests for Production of Documents, or any portion

6    thereof, you must state with specificity the reasons for your objections.  If objection is made to

7    only a part or portion of any Request for Production, the part or portion shall be specified and the

8    remainder shall be produced for inspection and copying.

9    If you have at any time relinquished possession, custody or control of, or destroyed any

10   document falling within the scope of this demand, you are requested to identify each such

11   document, and, where any such document still exists, also identify the person or persons, if any,

12   by name, address, and telephone number, who currently has or might have custody, possession, or

13   control thereof.

**DEFINITIONS**

14

15   As used in this Request for Production of Documents, the term DOCUMENT or

16   DOCUMENTS shall include, but not be limited to, any kind of written, graphic, or recorded

17   matter (including originals, copies and drafts and both sides thereof), such as paper, books, letters,

18   medical records, photographs, posters, objects, correspondence, facsimiles, memoranda, notes,

19   transcripts, reports, witness statements, opinions, evaluations, press releases, magazine or

20   newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars,

21   appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts,

22   electronic mail, computer disks, audio and video tapes or any other media, all records kept by

23   electronic, photographic, or mechanical means, and things similar to any of the foregoing,

24   however denominated, dated, produced, generated, or received.

25   If you consider any DOCUMENT to be excluded from production on grounds of attorney-

26   client privilege, attorney work-product doctrine, or any other privilege, immunity, or doctrine,

27   you are required to include in the written response a list of all DOCUMENTS so identified by

28   providing the date of each such DOCUMENT; its general character and general subject matter;

2



**_ROB BONTA_**
_Attorney General_

_State of California_
_DEPARTMENT OF JUSTICE_

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 510-4400
Telephone: (415) 510-3624
Facsimile: (415) 703-5843
E-Mail: chad.stegeman@doj.ca.gov

November 21, 2023

Dupree Lamont Adkins, CDCR No. K50645
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213

RE: _DuPree Lamont Adkins (K-50645) v. David Hurtado, et al._
U.S. District Court, Eastern District of California, Case No. 2:21-cv-00531-TLN (PC)

Dear Mr. Adkins:

I received a package of discovery from you today, November 21, 2023. Please take note, I am not counsel of record for this matter and you are not effectuating proper service by sending me anything associated with the case. All correspondence and service regarding this matter should be sent to the attorney of record, Cornina Arbiter, who appeared in this case in August 2023. Your Notice of Receipt of Notice of Reassignment of Counsel dated August 17, 2023, acknowledged her appearance. I will forward the documents you sent me to her, but you must serve all documents at the following address: Corinna Arbiter, California Department of Justice, Office of the Attorney General, 600 West Broadway, Suite 1800, San Diego, CA 92101.

Thank you.

Sincerely,

_/s/ Chad A. Stegeman_
Chad A. Stegeman
Supervising Deputy Attorney General

For     ROB BONTA
Attorney General

cc: Corinna Arbiter

SA2021802462
Adkins 11 21 23 letter.docx

**ROB BONTA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

600 WEST BROADWAY, SUITE 1800
SAN DIEGO, CA 92101
P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 738-9000
Telephone: (619) 321-5799
Facsimile: (619) 645-2061
E-Mail: Corinna.Arbiter@doj.ca.gov

December 4, 2023

DuPree Lamont Adkins (CDCR No. K50645)
California Health Care Facility - Stockton
P.O. Box 213040
Stockton, CA 95213

RE:     *DuPree Lamont Adkins (K-50645) v. David Hurtado, et al.*
        U.S. District Court, Eastern District of California, Case No. 2:21-cv-00531

Dear Mr. Adkins:

I am in receipt of your letter dated November 21, 2023. The Request for Production of Documents served on October 26, 2023, incorrectly states that your response to same should be mailed to Supervising Deputy Attorney General Chad E. Stegeman. My apologies for the confusion. It should have directed you to mail your responses to me at:

    Office of the Attorney General
    600 W. Broadway, Suite 1800
    San Diego, California 92101.

As you know, I am the Attorney of Record for this case and as such, if documents are not served to me, it will cause delays to both your and my detriment. *Unless and until you receive notice filed with the Court that new counsel is assigned to represent Defendants*, please send service documents, and any communication to the above address.

                        Sincerely,

                        /s/ *Corinna S. Arbiter*
                        CORINNA S. ARBITER
                        Deputy Attorney General

            For     ROB BONTA
                    Attorney General

SA2021802462
84271796.docx

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   CHAD A. STEGEMAN, State Bar No. 225745
    Supervising Deputy Attorney General
3   CORINNA S. ARBITER, State Bar No. 273074
    Deputy Attorney General
4     600 West Broadway, Suite 1800
      San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 321-5799
    Fax: (619) 645-2061
7   E-mail: Corinna.Arbiter@doj.ca.gov
    *Attorneys for Defendants*
8   *D. Hurtado and S. Marshak*

9               IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13
    **DUPREE LAMONT ADKINS,**            2:21-cv-00531-DJC-JDP (PC)
14
                          Plaintiff,     **DECLARATION OF CORINNA S.**
15                                       **ARBITER IN SUPPORT OF**
                                         **DEFENDANTS' OMNIBUS**
16            v.                         **OPPOSITION TO PLAINTIFF'S**
                                         **MOTIONS FOR INJUNCTIVE RELIEF**
17  **DAVID HURTADO, et al.,**           **AND DISQUALIFICATION [ECF NOS.**
                                         **82 and 83]**
18                        Defendants.
                                         Judge:      Hon. Jeremy D. Peterson
19                                       Trial Date:  Not Set
                                         Action Filed: March 23, 2021
20

21

22

23

24

25

26

27

28
                                    1

1    I, Corinna S. Arbiter, make this declaration in support of Defendants' Opposition to

2    Plaintiff's Motions for Injunctive Relief and Disqualification. I make the following declaration

3    based upon my own knowledge, as explained below. If called, I can testify competently to the

4    facts contained in this declaration for the reasons discussed below. I declare as follows:

5    1.    I am employed by the California Attorney General's Office as a Deputy Attorney

6    General. I became the attorney of record on August 11, 2023, after Deputy Attorney General Cho

7    transferred to another section within the California Attorney General's Office.

8    2.    On October 26, 2023, Defendants propounded their First Request for Production of

9    Documents and their Second Set of Request for Admissions. There was a scrivener's error in the

10   Defendants' First Request for Production of Documents, which incorrectly directed Adkins to

11   produce discovery responses to Supervising Deputy Attorney General C. Stegeman, instead of

12   myself.

13   3.    Stegeman and I have both sent letters directly to Plaintiff acknowledging the

14   scrivener's error and clarifying the proper address for Adkins to send discovery responses to.

15   4.    Defendants Hurtado and Marshak do and did not work at California Health Care

16   Facility (CHCF), and they are no longer employed by the California Department of Corrections

17   and Rehabilitation.

18   Dated: December 12, 2023                    Respectfully submitted,

19                                              ROB BONTA
                                                Attorney General of California
20                                              CHAD A. STEGEMAN
                                                Supervising Deputy Attorney General
21

22

23                                              /s/ Corinna S. Arbiter
                                                CORINNA S. ARBITER
24                                              Deputy Attorney General
                                                Attorneys for Defendants
25                                              D. Hurtado and S. Marshak

26   SA2021802462
     84279913.docx

27

28
                                          2

EXHIBIT G

Defendant - M. MCCOMAS's responses
To Plain First set of Requests for
Interrogatories...

Official classification chrono 8/30/2017
Prepared by M. McComas...

Official classification chrono 10/18/2017
Prepared by M. McComas...

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
   Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
   Deputy Attorney General
4  600 West Broadway, Suite 1800
   San Diego, CA 92101
5  P.O. Box 85266
   San Diego, CA 92186-5266
6   Telephone: (619) 738-9411
    E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia,*
   *Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*
8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11                          SACRAMENTO DIVISION

12

13

14                                            │ Case No. 2:19-cv-00458-DAD-DMC (PC)
    **DUPREE LAMONT ADKINS,**
15                                            │ **DEFENDANT M. MCCOMAS'S**
                                  Plaintiff,  │ **RESPONSES TO PLAINTIFF'S FIRST**
16                                            │ **SET OF INTERROGATORIES**
                    v.
17

18  **KERNAN, et al. ,**

19                               Defendants.

20

21

22  **PROPOUNDING PARTY:    PLAINTIFF DUPREE LAMONT ADKINS**

23  **RESPONDING PARTY:     DEFENDANT M. MCCOMAS**

24  **SET NO.:              ONE**

25                      **PRELIMINARY STATEMENT**

26       The information provided in these responses is true and correct, according to Defendant's

27  best knowledge at this time, but it is subject to future correction for omissions, errors, or

28  mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                        1

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4  reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5  as follows:

6

7  **INTERROGATORY NO. 1:**

8      Please state all facts relating to your "committee Comments" dated 08/30/2017; "Plaintiff

9  may be circumrenting the safety and security of the institution."

10 **RESPONSE TO INTERROGATORY NO. 1:**

11     Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

12 County as he was pending charges for Conspire to Introduce Controlled Substances into

13 California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

14 he was retained in ASU pending administrative review by ICC for appropriate housing and

15 program needs.

16 **INTERROGATORY NO. 2:**

17     Please state all facts relation to your "committee Comments" dated 08/30/2017; "ICC Still

18 views Plaintiff as a threat to the safety and security of the institution.

19 **RESPONSE TO INTERROGATORY NO. 2:**

20     Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

21 County as he was pending charges for Conspire to Introduce Controlled Substances into

22 California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

23 he was retained in ASU pending administrative review by ICC for appropriate housing and

24 program needs.

25 **INTERROGATORY NO. 3:**

26     Please state all facts relating to your "Committee Comments" dated 08/30/2017; "Plaintiff

27 does not meet non disciplinary segregation criteria.

28 **RESPONSE TO INTERROGATORY NO. 3:**

1    Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

2    County as he was pending charges for Conspire to Introduce Controlled Substances into

3    California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

4    he was retained in ASU pending administrative review by ICC for appropriate housing and

5    program needs.

6    **INTERROGATORY NO. 4:**

7    Please state all facts relation to your "COMMITTEE COMMENTS" dated 08/30/2017;

8    "Expedited transfer not required."

9    **RESPONSE TO INTERROGATORY NO. 4:**

10    Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

11    County as he was pending charges for Conspire to Introduce Controlled Substances into

12    California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano

13    therefore he was retained in ASU pending administrative review by ICC for appropriate housing

14    and program needs.

15    **INTERROGATORY NO. 5:**

16    Please state all facts relating to your "committee comments" dated 08/30/2017; "Plaintiff

17    was made "EOP" on 8/29/2017."

18    **RESPONSE TO INTERROGATORY NO. 5:**

19    It was noted in the Strategic Offender Management System that Plaintiff's mental health

20    LOC was listed as "EOP" on 8/29/2017 and I noted this case factor in the committee comments.

21    **INTERROGATORY NO. 6:**

22    Please state all facts relating to your "COMITTEE COMMENTS" dated 10/18/2017;

23    "Plaintiff may be circumventing the safety and security of the institution."

24    **RESPONSE TO INTERROGATORY NO. 6:**

25    Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

26    County as he was pending charges for Conspire to Introduce Controlled Substances into

27    California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano

28

3

1   therefore he was retained in ASU pending administrative review by ICC for appropriate housing

2   and program needs.

3   **INTERROGATORY NO. 7:**

4       Please state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;

5   "ICC still views Plaintiff as a threat to the safety and security of the institution.

6   **RESPONSE TO INTERROGATORY NO. 7:**

7       Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

8   County as he was pending charges for Conspire to Introduce Controlled Substances into

9   California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano

10  therefore he was retained in ASU pending administrative review by ICC for appropriate housing

11  and program needs.

12  **INTERROGATORY NO. 8:**

13      Please state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;

14  "Plaintiff does not meet NDS criteria (NON Disciplinary Segregation).

15  **RESPONSE TO INTERROGATORY NO. 8:**

16      Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

17  County as he was pending charges for Conspire to Introduce Controlled Substances into

18  California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano

19  therefore he was retained in ASU pending administrative review by ICC for appropriate housing

20  and program needs.  Such inmates housed pending criminal court proceedings are not eligible for

21  NDS status.

22  **INTERROGATORY NO. 9:**

23      Please state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;

24  "Expedited transfer not required."

25  **RESPONSE TO INTERROGATORY NO. 9:**

26      Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

27  County as he was pending charges for Conspire to Introduce Controlled Substances into

28  California State Prison Solano (SOL).  Plaintiff was not then currently endorsed at CSP Solano

1 | therefore he was retained in ASU pending administrative review by ICC for appropriate housing
2 | and program needs.

3 | **INTERROGATORY NO. 10:**

4 |     Pleas state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;
5 | "Plaintiff MHSDS LOC eas elevated form CCCMS to EOP on 10/13/2017.

6 | **RESPONSE TO INTERROGATORY NO. 10:**

7 |     Objection.  This interrogatory misstates the committee comments described.

8 | **INTERROGATORY NO. 11:**

9 |     Please identify each and every medical employee that you notified, "Expedited transfer not
10 | required." [1] relating to your committee comments dated 10/18/2017

11 | **RESPONSE TO INTERROGATORY NO. 11:**

12 |     I do not have recall personally notifying any medical employee.  It would have been
13 | standard practice for me to read aloud proposed committee actions at the meeting.

14 | **INTERROGATORY NO. 12:**

15 |     Please identify each and every mental health employee that you notified relating to your
16 | "COMMIT-TEE COMMENTS" dated 10/188/2017; "Expedited transfer" "not required".

17 | **RESPONSE TO INTERROGATORY NO. 12:**

18 |     I do not have recall personally notifying any medical employee.  It would have been
19 | standard practice for me to read aloud proposed committee actions at the meeting.

20 | **INTERROGATORY NO. 13:**

21 |     Please identify each and every person whom you have had communications with, written or
22 | oral, about your "committee COMMENTS" dated 10/18/2017; Plaintiff MHSDS LOC was
23 | elevated from CCMS to EOP on 10/13/2017.

24 | **RESPONSE TO INTERROGATORY NO. 13:**

25 |     I do not recall notifying anyone.

26 | **INTERROGATORY NO. 9:**

27 |     Please identify all documents or other physical evidence that you believe supports any of
28 | the facts stated in your response to interrogatory No. I.

5

1   **RESPONSE TO INTERROGATORY NO. 9:**

2       Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

3   Administrative Segregation Unit Placement Notice dated 10/11/2017, and court documents

4   relative to Case # FCR331682.

5   **INTERROGATORY NO. 10:**

6       Pelase identify all documents or other physical evidence that you believe supports any of

7   the facts stated in your response to interrogatory NO. 2:

8   **RESPONSE TO INTERROGATORY NO. 10:**

9       Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

10  Administrative Segregation Unit Placement Notice dated 10/11/2017, court documents relative to

11  Case # FCR331682.

12  **INTERROGATORY NO. 11:**

13      Please identify all documents or other physical evidence that you believe supports any of

14  the facts stated in your response to interrogatory NO. 3:

15  **RESPONSE TO INTERROGATORY NO. 11:**

16      Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

17  Administrative Segregation Unit Placement Notice dated 10/11/2017, court documents relative to

18  Case # FCR331682, and CDCR Title 15.

19  **INTERROGATORY NO. 12:**

20      Please identify all documents or other physical evidence that you believe supports any of

21  the facts stated in your response to interrogatory NO. 4:

22  **RESPONSE TO INTERROGATORY NO. 12:**

23      Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

24  Administrative Segregation Unit Placement Notice dated 10/11/2017, court documents relative to

25  Case # FCR331682, and CDCR Title 15.

26  **INTERROGATORY NO. 13:**

27      Please identify all documents or other physical evidence that you believe supports any of

28  the facts stat-ed in your response to interrogatory NO. 5:

6

1  **RESPONSE TO INTERROGATORY NO. 13:**

2  Classification Committee Chrono dated 10/18/2017 and SOMS-Inmate Health Assessment

3  records.

4  **INTERROGATORY NO. 14:**

5  Please identify all board of psychology certifications, licenses you earned.

6  **RESPONSE TO INTERROGATORY NO. 14:**

7  None.

8  **INTERROGATORY NO. 14:**

9  Please identify all board of medical license, certifycations you earned.

10  **RESPONSE TO INTERROGATORY NO. 14:**

11  None

12

13

14

15  Dated: January 19, 2023                     Respectfully submitted,

16                                              ROB BONTA
                                                Attorney General of California
17                                              NEAH HUYNH
                                                Supervising Deputy Attorney General
18

19                                              s/ Andrew H. Smith

20

21                                              ANDREW H. SMITH
                                                Deputy Attorney General
22                                              *Attorneys for Defendants Sherman,*
                                                *Blackwell, Arnold, Lee, Gastelo, McQuaid,*
23                                              *Garcia, Dernoncourt, McComas, Neuschmid,*
                                                *Douglas and Kernan*
24

25

26  SA2022301558

27

28

7

### VERIFICATION OF MATTHEW MCCOMAS
### TO PLAINTIFF'S INTERROGATORIES (SET1)

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

I, Matthew McComas, declare under penalty of perjury that I have read Defendant Matthew McComas's Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of my own knowledge, or on the basis of information available to me, and I believe all responses based on such information to be true.

Executed this _6_ day of _JANUARY_, 2023.

_____
Matthew McComas

7

Def. M. McComas's Resp. Pl.'s First Set Interrogs. (2:19-cv-00458-DAD-DMC (PC))

| Seq # | Work Group | Privilege Group | Begin Date | End Date |
|-------|-----------|-----------------|------------|----------|
| | | A-Full Time Assignment | 05/24/2017 | |
| 001 | D1-Administrative Segregation | D-Special Segregation Unit | 08/24/2017 | |

**Manual Overrides (System Generated)**

**Credit Time Restoration**

| Seq # | RVR Log # | Days | Violation Date | | One-Time Application | |
|-------|-----------|------|----------------|--|----------------------|--|
| | | | No Rows Found | | | |

**Related RVRs**

| | Violation Date | | Log Number | | Guilty Charge | |
|--|----------------|--|------------|--|---------------|--|
| | | | No Rows Found | | | |

**Current Assignments (1 - 1 of 1)**

| Seq # | Assigned Date | Assignment Type | Section Location | Position # | Position Title | Status | Retain | Removal Reason |
|-------|---------------|-----------------|------------------|-----------|----------------|--------|--------|----------------|
| 001 | 07/06/2017 | Dining Room Worker | FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | ☐ | |

**Waiting List**

| Incl. | Rem. | Waiting List Type | Status When Incl. | Identified Date |
|-------|------|-------------------|-------------------|-----------------|
| | | | No Rows Found | |

**Clinician Comments**

Mental Health staff A. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the EOP level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly.

**Committee Action Summary**                                                                  ☐ Revision Requested

Facility D – Initial ASU Review: ICC Acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 8/24/2017, Single Cell Housing approved.

**Committee Comments**                                                                         ☐ Revision Requested

**Initial ASU Review:**
Subject was placed in ASU on 8/24/2017 on Out to Court status. Specifically, on 8/24/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 8/24/2017. Refer to CSR with recommendation of 90 days ASU extension.

**Non Disciplinary Segregation:**
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

**Housing Review:**
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

**Yard Assignment:**
Subject is assigned to Small Management Yard.

**Notes:**
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject refused to appear before ICC. Subject was advised of the outcome of the committee by CCII McComas.
ICC notes Subject was made EOP on 8/29/2017.

**Inmate Involvement in Hearing**

Actual Hearing Date: 08/30/2017                                    Actual Hearing Time: 11:44:15
Attendance: Inmate Refused to Attend                              72 Hour Notice Waiver: No
Staff Assistant Name: CCI L. Garcia
Agrees with Recommendations: Yes                                  Informed of Appeal Rights: Yes

**Inmate Comments**

Subject appeared to be in agreement with this committee's decision during the pre-committee interview. Subject was not an active participant during this hearing. Subject was advised of his right to appeal this action within 30 calendar days and that a copy of the CDCR 128G Classification Chrono should be attached to the appeal after the committee concluded.

Confidentiality Notice: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**Outcome**

| | | |
|---|---|---|
| Continue Present Program: No | Implement Changes: Yes | |
| ASU Extension Request: Yes | ASU Extension Days: 90 | Extension Reason: Out to Court |

Review Status: Finalized Pending Subsequent Action                    As of: 09/06/2017
Refer to: N/A                                          Reason: N/A
Next Review Date:                               Next Committee Type:

---

**Committee Members (1 - 4 of 4)**

| Staff Name | Title | Chair-Person | Recorder | Dissenting Comments |
|---|---|---|---|---|
| McComas, M | CCII | ☐ | ☑ | |
| Neuschmid, R | CDW | ☑ | ☐ | |
| Popovits, 1 | AW | ☐ | ☐ | |
| Dernoncourt, M | Captain | ☐ | ☐ | |

---

**CCII Review**

**Reviewer Comments**

None

CCII Name: McComas, M                                                         Review Date:

---

**Administrative Determinants to be Reviewed**

**Revision/Auditor Comments**

None

**Related Standard Forms (1 - 1 of 1)**                                Type:

| Date Prepared | Time Prepared | Type of Form | Staff Prepared By | Status |
|---|---|---|---|---|
| 08/30/2017 | 11:49:56 | Cls. Committee Chrono | McComas, M | Printed - Reviewed |

**Effective Communications**

| Interaction Date | Interaction Time | Interaction Type | Required |
|---|---|---|---|
| | No Rows Found | | |

**Related Electronic Documents**

| Type | Date | Title | Source | Nbr of Pages |
|---|---|---|---|---|
| | | No Rows Found | | |

**Pending Scanned Documents**

| C-File Section Code | Document Type | Document Date |
|---|---|---|
| | No Rows Found | |

Show Last Updated Information

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**AGO DISC 000019**




| Seq # | Work Group | Privilege Group | Begin Date | End Date |
|---|---|---|---|---|
| | | A-Full Time Assignment | 09/06/2017 | |
| 001 | D1-Administrative Segregation | D-Special Segregation Unit | 10/11/2017 | |

**Manual Overrides (System Generated)**

**Credit Time Restoration**

| Seq # | RVR Log # | Days | Violation Date | One-Time Application |
|---|---|---|---|---|
| | | | No Rows Found | |

**Related RVRs**

| Violation Date | Log Number | Guilty Charge |
|---|---|---|
| | No Rows Found | |

**Current Assignments (1 - 1 of 1)**

| Seq # | Assigned Date | Assignment Type | Section Location | Position # | Position Title | Status | Retain | Removal Reason |
|---|---|---|---|---|---|---|---|---|
| 001 | 09/26/2017 | Dining Room Worker | FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | ☐ | |

**Waiting List**

| Incl. | Rem. | Waiting List Type | Status When Incl. | Identified Date |
|---|---|---|---|---|
| | | | No Rows Found | |

**Clinician Comments**

Mental Health representative, S. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the CCCMS level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly. Subject was advised of the outcome of ICC actions at his cell front by CCII McComas.

**Committee Action Summary**                                                                          ☐ Revision Requested

Facility D - Initial ASU Review: ICC acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 10/11/2017, Double Cell Housing approved.

**Committee Comments**                                                                               ☐ Revision Requested

**Initial ASU Review:**
Subject was placed in ASU on 10/11/2017 on Out to Court status. Specifically, on 10/11/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC still views Subject as retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 10/11/2017. Refer to CSR with recommendation of 90 days ASU extension.

**Non Disciplinary Segregation:**
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

**Housing Review:**
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

**Yard Assignment:**
Subject is assigned to Small Management Yard.

**Notes:**
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject's MHSDS LOC was elevated from CCCMS to EOP on 10/13/2017.

**Inmate Involvement in Hearing**

Actual Hearing Date: 10/18/2017                                           Actual Hearing Time: 10:25:17
          Attendance: Inmate Refused to Attend                         72 Hour Notice Waiver: No
    Staff Assistant Name:
Agrees with Recommendations: Yes                                       Informed of Appeal Rights: Yes

**Inmate Comments**

Subject refused to attend the hearing. Subject was advised of the outcome of this ICC by CCII McComas at his cell front. Subject was not an active participant during this hearing. Subject was advised of his right to appeal this action within 30 calendar days and that a copy of the CDCR 128G Classification Chrono should be attached to the appeal.

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**AGO DISC 000014**

**Outcome**

| | |
|---|---|
| Continue Present Program: No | Implement Changes: Yes |
| ASU Extension Request: Yes | ASU Extension Days: 90 | Extension Reason: Out to Court |

Review Status: Finalized Pending Subsequent Action
Refer to: N/A                    Reason: N/A                    As of: 10/24/2017
Next Review Date: 12/13/2017     Next Committee Type: ICC

**Committee Members** (1 - 4 of 4)

| Staff Name | Title | Chair-Person | Recorder | Dissenting Comments |
|---|---|---|---|---|
| Mitchell, R | AW | ☐ | ☐ | |
| McComas, M | CCII | ☐ | ☑ | |
| Arnold, E | WARDEN | ☑ | ☐ | |
| Fregoso, M | Captain | ☐ | ☐ | |

**CCII Review**

**Reviewer Comments**

CCII Review completed.
TimeStamp: 19 October 2017 08:50:36 --- User: Matthew McComas (MCMA024)

CCII Name: McComas, Matthew S [MCMA024]                    Review Date: 10/19/2017

**Administrative Determinants to be Reviewed**

**Revision/Auditor Comments**

None

**Related Standard Forms** (1 - 1 of 1)                    Type: [        ] ▼

| Date Prepared | Time Prepared | Type of Form | Staff Prepared By | Status |
|---|---|---|---|---|
| 10/18/2017 | 10:28:50 | Cls. Committee Chrono | McComas, M | Printed - Reviewed |

**Effective Communications**

| Interaction Date | Interaction Time | Interaction Type | Required |
|---|---|---|---|
| No Rows Found | | | |

**Related Electronic Documents**

| Type | Date | Title | Source | Nbr of Pages |
|---|---|---|---|---|
| No Rows Found | | | | |

**Pending Scanned Documents**

| C-File Section Code | Document Type | Document Date |
|---|---|---|
| No Rows Found | | |

Show Last Updated Information

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**AGO DISC 000015**

EXHIBIT V

Defendant Garcia Interrogatory
Responses

1 | ROB BONTA, State Bar No. 202668
Attorney General of California
2 | NEAH HUYNH, State Bar No. 235377
Supervising Deputy Attorney General
3 | ANDREW H. SMITH, State Bar No. 316344
Deputy Attorney General
4 | 600 West Broadway, Suite 1800
San Diego, CA 92101
5 | P.O. Box 85266
San Diego, CA 92186-5266
6 | Telephone: (619) 738-9411
E-mail: Andrew.Smith@doj.ca.gov
7 | *Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K.
McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. Neuschmid, R. Douglas, and S.
8 | Kernan*

9

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE EASTERN DISTRICT OF CALIFORNIA

13 | SACRAMENTO DIVISION

14

15 | DUPREE LAMONT ADKINS,

16 | Plaintiff,

17 | v.

18 | KERNAN, et al.,

19 | Defendants.

20

Case No. 2:19-cv-00458-DAD-DMC (PC)

**DEFENDANT L. GARCIA'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

21

22 | **PROPOUNDING PARTY:    PLAINTIFF DUPREE LAMONT ADKINS**

23 | **RESPONDING PARTY:      DEFENDANT L. GARCIA**

24 | **SET NO.:                            ONE**

25 | **PRELIMINARY STATEMENT**

26 | The information provided in these responses is true and correct, according to Defendant's

27 | best knowledge at this time, but it is subject to future correction for omissions, errors, or

28 | mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

1

1   or interpretations thereof, and to amend, modify, or otherwise change the responses, in
2   accordance with applicable discovery rules. Defendant makes this response to Plaintiff's
3   interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are
4   reproduced exactly as drafted by Plaintiff. Without waiving any objections, Defendant responds
5   as follows:

6

7   **INTERROGATORY NO. 1:**

8       Please identify the Policy in the California Department of Corrections and Rehabilitation
9   Mental Health Program Guide that authorizes Inmate-Patients at Enhanced Outpatient Program
10   EOP level of care to be transferred to NON-EOP level of care.

11   **RESPONSE TO INTERROGATORY NO. 1:**

12       Objection. This question is overbroad and assumes Plaintiff did not receive EOP care.
13   Defendant further objects to the question as calling for psychological information Defendant is
14   not qualified to provide. Without waiving the foregoing objections, Defendant assumes or
15   believes Plaintiff received EOP treatment while housed at CSP Solano.

16   **INTERROGATORY NO. 2:**

17       Please identify the Policy in the California Department of Corrections and Rehabilitation
18   Mental Health Program Guide that authorizes Inmate-Patient at EOP level of care to be housed in
19   NON-EOP level of care in Administrative Segregation Unit "ASU".

20   **RESPONSE TO INTERROGATORY NO. 2:**

21       Objection. This question is overbroad and assumes Plaintiff did not receive EOP care.
22   Defendant further objects to the question as calling for psychological information Defendant is
23   not qualified to provide. Without waiving the foregoing objections, Defendant assumes or
24   believes Plaintiff received EOP treatment while housed at CSP Solano.

25   **INTERROGATORY NO. 3:**

26       Please state all fact's related to psychiatric counseling you assisted plaintiff in receiving on
27   10/18/2017.

28   **RESPONSE TO INTERROGATORY NO. 3:**

2

1   Objection. This request is vague and overbroad because Defendant does not understand

2   what "all facts relating to psychiatric counseling" means. Defendant further objects to the

3   question seeks facts relating to third parties, and it calls for speculation as to confidential

4   information shared between Plaintiff and mental health providers Defendant would have no way

5   of knowing.

6   **INTERROGATORY NO. 4:**

7   Please state all fact's related to psychological counseling you assisted plaintiff in receiving

8   on 10/18/2017.

9   **RESPONSE TO INTERROGATORY NO. 4:**

10   Objection. This request is vague and overbroad because Defendant does not understand

11   what "all facts relating to psychiatric counseling" means. Defendant further objects to the

12   question seeks facts relating to third parties, and it calls for speculation as to confidential

13   information shared between Plaintiff and mental health providers Defendant would have no way

14   of knowing.

15   **INTERROGATORY NO. 5:**

16   Please state all fact's related to psychiatric counseling you assisted plaintiff in receiving on

17   8/30/2017.

18   **RESPONSE TO INTERROGATORY NO. 5:**

19   Objection. This request is vague and overbroad because Defendant does not understand

20   what "all facts relating to psychiatric counseling" means. Defendant further objects to the

21   question seeks facts relating to third parties, and it calls for speculation as to confidential

22   information shared between Plaintiff and mental health providers Defendant would have no way

23   of knowing.

24   **INTERROGATORY NO. 6:**

25   Please state all facts related to psychological counseling you assisted plaintiff in receiving

26   on 8/30/2017.

27   **RESPONSE TO INTERROGATORY NO. 6:**

28

3

1   Objection. This request is vague and overbroad because Defendant does not understand

2   what "all facts relating to psychiatric counseling" means. Defendant further objects to the

3   question seeks facts relating to third parties, and it calls for speculation as to confidential

4   information shared between Plaintiff and mental health providers Defendant would have no way

5   of knowing. Defendant further objects to the question as calling for psychological information

6   Defendant is not qualified to provide.

7   **INTERROGATORY NO. 7:**

8   Please state all facts related to you assisting plaintiff in receiving a Expedited mental health

9   transfer on 8/30/2017.

10   **RESPONSE TO INTERROGATORY NO. 7:**

11   Objection. This request is vague and overbroad because the phrase "all facts relating to you

12   assisting plaintiff in receiving a Expedited mental health transfer" is so broad in scope as to be

13   incapable of a response. Defendant further objects to the question seeks facts relating to third

14   parties, and it calls for speculation as to confidential information shared between Plaintiff and

15   mental health providers Defendant would have no way of knowing.

16   **INTERROGATORY NO. 8:**

17   Please state all facts related to you assisting plaintiff in receiving a Expedited Mental

18   Health transfer on 10/18/2017.

19   **RESPONSE TO INTERROGATORY NO. 8:**

20   Objection. This request is vague and overbroad because the phrase "all facts relating to you

21   assisting plaintiff in receiving a Expedited mental health transfer" is so broad in scope as to be

22   incapable of a response. Defendant further objects to the question seeks facts relating to third

23   parties, and it calls for speculation as to confidential information shared between Plaintiff and

24   mental health providers Defendant would have no way of knowing.

25   **INTERROGATORY NO. 9:**

26   Please state all facts related to you assisting plaintiff in receiving treatment and supervision

27   for suicidal tendencies on 8/30/2017.

28   **RESPONSE TO INTERROGATORY NO. 9:**

4

1    Objection. This request is vague and overbroad because the phrase "all facts relating to you

2  assisting plaintiff in receiving treatment and supervision" is so broad in scope as to be incapable

3  of a response. Defendant further objects to the question as calling for psychological information

4  Defendant is not qualified to provide and calling for speculation as to confidential information

5  shared between Plaintiff and mental health providers Defendant would have no way of knowing.

6  **INTERROGATORY NO. 10:**

7    Please state all facts related to you assisting plaintiff in receiving treatment and supervision

8  for suicidal tendencies on 10/18/2017.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10    Objection. This question is vague and overbroad because the phrase "all facts relating to

11  you assisting plaintiff in receiving treatment and supervision" is so broad in scope as to be

12  incapable of a response. Defendant further objects to the question seeks facts relating to third

13  parties, and it calls for speculation as to confidential information shared between Plaintiff and

14  mental health providers Defendant would have no way of knowing. Defendant further objects to

15  the question as calling for psychological information Defendant is not qualified to provide.

16  **INTERROGATORY NO. 11:**

17    Please identify the policy and procedures in the Mental Health Program Guide regarding a

18  EOP-inmate-patient diagnosed as a threat to self and others.

19  **RESPONSE TO INTERROGATORY NO. 11:**

20    Objection. There is no CDCR document known as the "Mental Health Program Guide."

21  Defendant further objects to the question as calling for a psychological opinion Defendant is not

22  qualified to provide.

23  **INTERROGATORY NO. 12:**

24    Please identify all interdisciplinary treatment team members on 8/30/2017.

25  **RESPONSE TO INTERROGATORY NO. 12:**

26    See Attachment A.

27  **INTERROGATORY NO. 13:**

28    Please identify all interdisciplinary treatment Team Members on 10/18/2017.

5

1  **RESPONSE TO INTERROGATORY NO. 13:**

2     See Attachment B.

3  **INTERROGATORY NO. 14:**

4     Please identify each and every medical employee that you notified, plaintiff presents an

5  immediate threat to the safety of self.

6  **RESPONSE TO INTERROGATORY NO. 14:**

7     Defendant does not recall whether she notified any such persons of this information.

8  **INTERROGATORY NO. 15:**

9     Please identify each and every mental health employee that you notified, plaintiff presents

10  an immediate threat to the safety of self.

11  **RESPONSE TO INTERROGATORY NO. 15:**

12     Defendant does not recall whether she notified any such persons of this information.

13  **INTERROGATORY NO. 16:**

14     Please state all facts that describe how California State Prison Solano-Administrative Unit

15  is therapeutic.

16  **RESPONSE TO INTERROGATORY NO. 16:**

17     Objection. The question is vague and overbroad and Defendant does not understand the

18  question. Defendant further objects to the question as calling for a psychological opinion

19  Defendant is not qualified to provide.

20  **INTERROGATORY NO. 17:**

21     Please explain the criteria for non disciplinary segregation.

22  **RESPONSE TO INTERROGATORY NO. 17:**

23     Objection. This question is vague and overbroad because the phrase "explain the criteria

24  for non disciplinary segregation" is vague and overbroad, and Defendant does not understand the

25  question. Without waiving the objection, Defendant refers Plaintiff to Cal. Code Reg. Title 15,

26  Division 3, Chapter 1, Subchapter 4, Article 7, *Segregated Housing*, sections 3335-3345.

27  **INTERROGATORY NO. 18:**

28     Please identify all board of psychology certifications, licenses you earned.

6

1  **RESPONSE TO INTERROGATORY NO. 18:**

2      None.

3  **INTERROGATORY NO. 19:**

4      Please identify the criteria for a Enhanced Out Patient to be place in Administrative

5  Segregation Unit for Disciplinary reasons

6  **RESPONSE TO INTERROGATORY NO. 19:**

7      Objection. This question is vague and overbroad because the phrase "explain the criteria"

8  is vague and overbroad, and Defendant does not understand the question.  Without waiving the

9  objection, Defendant refers Plaintiff to Cal. Code Reg. Title 15, Division 3, Chapter 1,

10  Subchapter 4, *General Institution Regulations.*

11  **INTERROGATORY NO. 20:**

12      Please identify all board of medical license certifications you earned.

13  **RESPONSE TO INTERROGATORY NO. 20:**

14      None

15

16

17

18  Dated:  March 3, 2023                     Respectfully submitted,

19                                             ROB BONTA
                                              Attorney General of California
20                                             NEAH HUYNH
                                              Supervising Deputy Attorney General
21

22

23                                             ANDREW H. SMITH
                                              Deputy Attorney General
24                                             *Attorneys for Defendants A. Sherman, D.*
                                              *Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
25                                             *McQuaid, L. Garcia, M. Dernoncourt, M.*
                                              *McComas, R. Neuschmid, R. Douglas and S.*
26                                             *Kernan*

27

28

                                      7

1  SA2022301558
   Garcia responses.docx

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

**VERIFICATION OF L. GARCIA
TO PLAINTIFF'S INTERROGATORIES (SET p1)**

2

3

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4

I, L. Garcia, declare under penalty of perjury that I have read Defendant L. Garcia's

5

Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of

6

my own knowledge, or on the basis of information available to me, and I believe all responses

7

based on such information to be true.

8

Executed this _3rd_ day of _March_ _____, 20 23

9

10

_Luis Garcia_
L. Garcia

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Def. L. Garcia's Resp. Pl.'s First Set Interrogs.  (2:19-cv-00458-DAD-DMC (PC))

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
   Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
   Deputy Attorney General
4  600 West Broadway, Suite 1800
   San Diego, CA 92101
5  P.O. Box 85266
   San Diego, CA 92186-5266
6  Telephone: (619) 738-9411
   E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
   *McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. Neuschmid, R. Douglas, and S.*
8  *Kernan*

9

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE EASTERN DISTRICT OF CALIFORNIA

13                    SACRAMENTO DIVISION

14

15  DUPREE LAMONT ADKINS,              Case No. 2:19-cv-00458-DAD-DMC (PC)

16                                     **DEFENDANT L. GARCIA'S**
                          Plaintiff,   **RESPONSES TO PLAINTIFF'S**
                                       **SECOND SET OF**
17            v.                       **INTERROGATORIES**

18  KERNAN, et al.,

19
                          Defendants.
20

21

22  PROPOUNDING PARTY:     PLAINTIFF DUPREE LAMONT ADKINS

23  RESPONDING PARTY:      DEFENDANT L. GARCIA

24  SET NO.:               TWO

25                    PRELIMINARY STATEMENT

26      The information provided in these responses is true and correct, according to Defendant's

27  best knowledge at this time, but it is subject to future correction for omissions, errors, or

28  mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                    1

1   or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2   accordance with applicable discovery rules. Defendant makes this response to Plaintiff's

3   interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are

4   reproduced exactly as drafted by Plaintiff. Without waiving any objections, Defendant responds

5   as follows:

6

7   **INTERROGATORY NO. 1:**

8        Please state all ministerial acts you performed on 08/30/2017 at Institution Classification

9   Committee to insure Ms. Sherman clinician comments were recorded accurately at California

10  State prison solano during Institution Classification Committee.

11  **RESPONSE TO INTERROGATORY NO. 1:**

12       Objection. This request is vague and unclear and Defendant does not understand the

13  question, specifically regarding the phrase "ministerial acts" in the context of this question.

14  **INTERROGATORY NO. 2:**

15       Please identify each and every person whom you are aware may have knowledge about Ms.

16  Sherman "Clinician Comments" at California State Prison Solano Institution Classification

17  Committee on 08/30/2017.

18  **RESPONSE TO INTERROGATORY NO. 2:**

19       . Objection. This question is vague, overbroad and unclear specifically regarding the phrase

20  "have knowledge about 'clinician comments.'"

21  **INTERROGATORY NO. 3:**

22       Please state all facts that relate to the ministerial Act's you performed on 10/18/2017 at

23  California State Prison Solano Institution Classification Committee to insure Ms. Sherman

24  clinician comments were recorded in accordance with California Department Corrections and

25  rehabilitation procedures.

26  **RESPONSE TO INTERROGATORY NO. 3:**

27       Objection. This request is vague and unclear and Defendant does not understand the

28  question, specifically regarding the phrase "facts that relate to ministerial Act's."

2

1

2 **INTERROGATORY NO. 4:**

3     Please state did Ms. Sherman state the clinician comments on 08/30/17 during California

4 State Prison Solano Institution classification committee comments.

5 **RESPONSE TO INTERROGATORY NO. 4:**

6     Objection. This question is vague and unclear because no specific comments are identified

7 and the meaning of the word "state" is unclear as to whether the question asks if comments were

8 stated aloud or authored by Defendant Sherman. Without waiving the objections, to the extent

9 Plaintiff refers to the language contained in the "Clinician Comments" section of Classification

10 Review form regarding Plaintiff's presence at the hearing, such language is template language

11 automatically populated into the field.

12 **INTERROGATORY NO. 5:**

13     Please state did Ms. Sherman state the clinician comments on 10/18/17 during California

14 State Prison Solano Institution classification committee comments.

15 **RESPONSE TO INTERROGATORY NO. 5:**

16     Objection. This question is vague and unclear because no specific comments are identified

17 and the meaning of the word "state" is unclear as to whether the question asks if comments were

18 stated aloud or authored by Defendant Sherman. Without waiving the objections, to the extent

19 Plaintiff refers to the language contained in the "Clinician Comments" section of Classification

20 Review form regarding Plaintiff's presence at the hearing, such language is template language

21 pre-populated into the field.

22 **INTERROGATORY NOs. 6-18:**

23     Response: Objection. The interrogatories above exceed the limit of 25 total questions per

24 party authorized by Fed. R. Civ. P. 34.

25

26

27

28

3

1    Dated:  March 3, 2023                          Respectfully submitted,

2                                                   ROB BONTA
                                                    Attorney General of California
3                                                   NEAH HUYNH
                                                    Supervising Deputy Attorney General
4

5                                                   $\mathcal{H} \ell \mathcal{H} \mathcal{L} \mathcal{D}$

6                                                   ANDREW H. SMITH
                                                    Deputy Attorney General
7                                                   *Attorneys for Defendants A. Sherman, D.*
                                                    *Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
8                                                   *McQuaid, L. Garcia, M. Dernoncourt, M.*
                                                    *McComas, R. Neuschmid, R. Douglas and S.*
9                                                   *Kernan*

10

11   SA2022301558

12   Garcia second Rog responses.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

EXHIBT W

Defendant - Neuschmid
Responses To Plaintiff
Interrogatories

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
    Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6    Telephone: (619) 738-9411
     E-mail: Andrew.Smith@doj.ca.gov
7   *Attorneys for Defendants Sherman, Blackwell, Arnold, Blackwell, Dernancourt, Douglas,
    Garcia, Gastelo, Kernan, Lee, McComas, McQuaid, and Neuschmid*
8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISION

12

13

14                                          | Case No. 2:19-cv-00458-DAD-DMC (PC)

**DUPREE LAMONT ADKINS,**

15                                          **DEFENDANT R. NEUSCHMID'S**
                              Plaintiff,    **RESPONSES TO PLAINTIFF'S FIRST**
16                                          **SET OF INTERROGATORIES**

17          v.

18   **S. KERNAN, et al. ,**

19                              Defendants.

20

21

22   **PROPOUNDING PARTY:    PLAINTIFF DUPREE LAMONT ADKINS**

23   **RESPONDING PARTY:     DEFENDANT R. NEUSCHMID**

24   **SET NO.:              ONE**

25                    **PRELIMINARY STATEMENT**

26       The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                   1

1 or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2 accordance with applicable discovery rules. Defendant makes this response to Plaintiff's

3 interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are

4 reproduced exactly as drafted by Plaintiff. Defendant responds as follows:

5

6 **INTERROGATORY NO. 1:**

7     On 11/02/2016 were you the "chairperson", for the public entity, California State Prison

8 Solano "Classification Committee ICC/ASU".

9 **RESPONSE TO INTERROGATORY NO. 1:**

10     Defendant has no recollection of the events described in this interrogatory.

11 **INTERROGATORY NO. 2:**

12     Om 11/04/2016 did, K. Moore, Title <u>CSR</u> issue Public entity California State Prison Solano

13 a Auditor Action.

14 **RESPONSE TO INTERROGATORY NO. 2:**

15     Objection. This interrogatory is vague and overbroad and Defendant does not understand

16 the question.

17 **INTERROGATORY NO. 3:**

18     On 11/23/2016 did public entity California State Prison Sacramento, issue committee

19 Action related to Public entity California State Prison Solano committee action of 11/9/16.

20 **RESPONSE TO INTERROGATORY NO. 3:**

21     Objection. This interrogatory is vague and overbroad and Defendant does not understand

22 the question.

23 **INTERROGATORY NO. 4:**

24     Did the Reasonable Accommodation Panel (RAP) Response 1824 Log # CSP-S-17-02174,

25 on 9/20/2017, approved plaintiff request.

26 **RESPONSE TO INTERROGATORY NO. 4:**

27     Defendant has no recollection or knowledge concerning the events described in this

28 interrogatory.

**INTERROGATORY NO. 5:**

Please state all facts relating to your "Committee comments" dated 08/30/2017; "Plaintiff may be circumventing the safety and security of the institution.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 6:**

Please state all facts relating to your "Committee Comments" dated 08/30/2017; "ICC Still views Plaintiff as a threat to the safety and security of the institution.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant has no recollection of the events described in this interrogatory

**INTERROGATORY NO. 7:**

Please state all facts relating to your "Commit-tee Comments" dated 08/30/2017; "Plaintiff does not meet NDS criteria."

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 8:**

Please state all facts relating to your "Committee Comments" dated 08/30/2017; "Expedited transfer not required".

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 9:**

Please state all facts relating to your "commitee comments" dated 08/30/2017; "Plaintiff was mad "EOP" on 8/29/2017".

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 10:**

Please state all facts relating to your "Committee Comments" dated 08/30/2017; "Expedited transfer not required", that you have communications with regarding medical pesonnel.

3

1  **RESPONSE TO INTERROGATORY NO. 10:**

2      Objection.  Interrogatory 2 is vague and overbroad and Defendant does not understand the

3  question.

4  **INTERROGATORY NO. 11:**

5      Please identify each and every mental health employee that you notified relating to your

6  "Committee Comments" dated: 08/30/2017 "Expedited transfer not required".

7  **RESPONSE TO INTERROGATORY NO. 11:**

8      I would not have personally notified any mental health employee.

9  **INTERROGATORY NO. 12:**

10     Please identify all documents or other physical evidence that you believe supports any of

11 the facts stated in your response to interrogatory No. 1:

12 **RESPONSE TO INTERROGATORY NO. 12:**

13     Defendant has no recollection of the events described in this interrogatory.

14 **INTERROGATORY NO. 13:**

15     Please identify all documents or other physical evidence that you believe supports any of

16 the facts stated in your response to interrogatory No. 2:

17 **RESPONSE TO INTERROGATORY NO. 13:**

18     Objection.  Interrogatory 2 is vague and overbroad and Defendant does not understand the

19 question.

20 **INTERROGATORY NO. 14:**

21     Please identify all documents or other physical evidence that you believe supports any of

22 the facts stated in your response to interrogatory No. 3.

23 **RESPONSE TO INTERROGATORY NO. 14:**

24     Objection.  Interrogatory 2 is vague and overbroad and Defendant does not understand the

25 question.

26 **INTERROGATORY NO. 15:**

27     Please identify all documents or other physical evidence that you believe supports any of

28 the facts stated in your response to interrogatory No. 4.

1  **RESPONSE TO INTERROGATORY NO. 15:**

2      Defendant has no recollection or knowledge concerning the events described in this

3  interrogatory.

4  **INTERROGATORY NO. 16:**

5      Please identify all documents or other physical evidence that you believe supports any of

6  the facts stated in your response to interrogatory No. 5.

7  **RESPONSE TO INTERROGATORY NO. 16:**

8      Defendant has no recollection or knowledge concerning the events described in this

9  interrogatory.

10  **INTERROGATORY NO. 17:**

11      Please identify all board of psychology certifications, licenses you earned.

12  **RESPONSE TO INTERROGATORY NO. 17:**

13      None

14  **INTERROGATORY NO. 18:**

15      Please identify all board of medical license certifications you earned

16  **RESPONSE TO INTERROGATORY NO. 18:**

17      None

18  Dated: January 19, 2022                    Respectfully submitted,

19                                              ROB BONTA
                                                Attorney General of California
20                                              NEAH HUYNH
                                                Supervising Deputy Attorney General
21

22

23                                              s/Andrew H. Smith

24

25                                              ANDREW H. SMITH
                                                Deputy Attorney General
26                                              *Attorneys for Defendants Sherman,*
                                                *Blackwell,. Arnold, Lee, Gastelo, McQuaid,*
27                                              *Garcia, Dernoncourt, McComas, Neuschmid,*
                                                *Douglas and Kernan*
28

5

EXHIBIT X

Remedies Compliance Coordinator

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REQUEST TO IMPLEMENT REMEDIES**

CDCR 602-3 (Rev. 01/22)

Page 1 of 1

| | |
|---|---|
| **STAFF USE ONLY** | **OGT Log No:** 000000564130  **Date Received:** _____ |
| | **Remedy Confirmed:** _____  **Remedy Unconfirmed:** _____ |
| | **Screen Out:** _____  **Status Letter:** _____  **Resolved:** _____ |

**Claimant Name:** ADKINS, DUPREE LAMONT      **CDCR #:** K50645

**Institution/Parole Region:** _____  **Current Housing/Parole Unit:** _____

_Use this form to ask for a remedy that was granted but is overdue._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**Grievance or Appeal Log No:** 000000564130

**Claim No:** _____

**Date of Decision:** _____

**Description of Remedy:** _____

_____

**This form shall be submitted by mail to:**
Remedies Compliance Coordinator
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 95811

**IMPORTANT:**

The Remedies Compliance Program is only intended to resolve delays in the implementation of a remedy previously granted by the Office of Grievances or the Office of Appeals; it is not intended for new issues, to seek additional remedies, or to dispute the remedy provided.
When reviewing this request, the Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances but will not consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _Uilfer L. Adlis_      **Date Signed:** 7-15-2024

_ADA Accessible_

EXHIBIT Y

Defendant R. DOUGLAS
Responses To PLAINTIFF'S First
Set OF Interrogatories

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
   Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
   Deputy Attorney General
4  600 West Broadway, Suite 1800
   San Diego, CA 92101
5  P.O. Box 85266
   San Diego, CA 92186-5266
6   Telephone: (619) 738-9411
    E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia, Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*

8

9                 IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12

13

14                                              Case No. 2:19-cv-00458-DAD-DMC (PC)

15  DUPREE LAMONT ADKINS,
                                                **DEFENDANT R. DOUGLAS'S**
16                               Plaintiff,     **RESPONSES TO PLAINTIFF'S FIRST**
                                                **SET OF INTERROGATORIES**
17           v.

18  KERNAN, et al.,

19                               Defendants.

20

21

22  PROPOUNDING PARTY:     **PLAINTIFF DUPREE LAMONT ADKINS**

23  RESPONDING PARTY:      **DEFENDANT R. DOUGLAS**

24  SET NO.:               **ONE**

25                        **PRELIMINARY STATEMENT**

26      The information provided in these responses is true and correct, according to Defendant's

27  best knowledge at this time, but it is subject to future correction for omissions, errors, or

28  mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                         1

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4  reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5  as follows:

6

7  **INTERROGATORY NO. 1:**

8      Please state all facts relating to your Administrative Segregation Unit Placement Notice

9  Date of 10/11/17, that Plaintiff presents an Immediate Threat to the safety of self or other-rs.

10  **RESPONSE TO INTERROGATORY NO. 1:**

11      Plaintiff was so deemed by virtue of being an inmate on an out-to-court status.  Defendant

12  refers Plaintiff to the Administrative Segregation Unit Placement Notice, attached as Attachment

13  1.

14  **INTERROGATORY NO. 2:**

15      Please state all facts relating to your Administrative Segregation Unit Placement Notice

16  Date of 10/11/17, that Plaintiff endangers institute-ion security.

17  **RESPONSE TO INTERROGATORY NO. 2:**

18      Plaintiff was so deemed by virtue of being an inmate on an out-to-court status.  Defendant

19  refers Plaintiff to the Administrative Segregation Unit Placement Notice, attached as Attachment

20  1.

21  **INTERROGATORY NO. 3:**

22      Please identify each and every medical employee that you notified, Plaintiff Presents an

23  immedia-te threat to safety of self.

24  **RESPONSE TO INTERROGATORY NO. 3:**

25      Defendant has not recollection of the events described in this interrogatory and therefore is

26  without sufficient knowledge or information to respond to it.

27  **INTERROGATORY NO. 4:**

28

2

1       Please identify each and every mental health employee that you notified, plaintiff presents

2   An immedia-te threat to the safety of self.

3   **RESPONSE TO INTERROGATORY NO. 4:**

4       Defendant has no recollection of the events described in this interrogatory and therefore is

5   without sufficient knowledge or information to respond to it.

6   **INTERROGATORY NO. 5:**

7       Please state all facts relating to your Administrative segregation Unit Placement Notice

8   Date of 10/11/17, that Plaintiff is not a participant in the Mental Health Services Delivery System

9   at any level of care.

10   **RESPONSE TO INTERROGATORY NO. 5:**

11       Defendant has no recollection of the events described in this interrogatory and therefore is

12   without sufficient knowledge or information to respond to it.

13   **INTERROGATORY NO. 5:**

14       Please identify each and every person whom you have had communicates with, written or

15   oral, about your Administrative Segregation Unit Placement Notice, to Place Plaintiff in

16   Administrative Segregation Unity on 10/11/17.

17   **RESPONSE TO INTERROGATORY NO. 5:**

18       Defendant has no recollection of the events described in this interrogatory and therefore is

19   without sufficient knowledge or information to respond to it.

20   **INTERROGATORY NO. 6:**

21       Please identify each and every person whom you have had communications with, written or

22   oral about Plaintiff; A review of SOMS revealed that you are not a partipant in the Mental Health

23   Services Delivery System at any level of care.

24   **RESPONSE TO INTERROGATORY NO. 6:**

25       Defendant has no recollection of the events described in this interrogatory and therefore is

26   without sufficient knowledge or information to respond to it.

27   **INTERROGATORY NO. 7:**

28

3

1    Please identify all documents or other physical evidence that you believe supports any of

2    the facts stated in your response to interrogatory NO.1.

3    **RESPONSE TO INTERROGATORY NO. 7:**

4    Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

5    Attached as Attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

6    proceedings that were the cause of his out-to-court placement and CDCR Title 15, § 3335,

7    Administrative Segregation.   Defendant is not currently aware of any other documentation.

8    **INTERROGATORY NO. 8:**

9    Please identify all documents or other physical evidence that you believe supports any of the facts

10   stated in your response to interrogatory NO. 2.

11   **RESPONSE TO INTERROGATORY NO. 8:**

12   Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

13   Attached as Attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

14   proceedings that were the cause of his out-to-court placement and CDCR Title 15, § 3335,

15   Administrative Segregation.   Defendant is not currently aware of any other documentation.

16   **INTERROGATORY NO. 9:**

17   Please identify all documents or other physical evidence that you belive supports any of the

18   facts stated in your response to interrogatory NO. 3.

19   **RESPONSE TO INTERROGATORY NO. 9:**

20   Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

21   Attached as Attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

22   proceedings that were the cause of his out-to-court placement and CDCR Title 15, § 3335,

23   Administrative Segregation.   Defendant is not currently aware of any other documentation.

24   **INTERROGATORY NO. 10:**

25   Please state all facts relating to, time period of 11/24/2016 to 10/10/17, whether you served

26   a administrative Segregation Unit Placement notice on plaintiff.

27   **RESPONSE TO INTERROGATORY NO. 10:**

28

4

1   Defendant has no recollection of the events described in this interrogatory and therefore is

2   without sufficient knowledge or information to respond to it.

3   **INTERROGATORY NO. 11:**

4   Please state all facts relating to the CDEC-7219 dated 10/11/17, Medical Report of injury or

5   unusual occurance, reflects clearance for you to place plaintiff in non "EOP" level of care.

6   **RESPONSE TO INTERROGATORY NO. 11:**

7   Objection. This request is vague and overbroad and Defendant does not understand the

8   question. Without waiving the foregoing objections, Defendant assumes or believes Plaintiff

9   received EOP treatment while housed at CSP Solano.

10   **INTERROGATORY NO. 12:**

11   Please identify all board of psychology certifications, licenses you earned.

12   **RESPONSE TO INTERROGATORY NO. 12:**

13   ~~None.~~

14   **INTERROGATORY NO. 13:**

15   Please identify all board of medical license, certification you earned.

16   **RESPONSE TO INTERROGATORY NO. 13:**

17   None.

18   Dated: January 11, 2023                    Respectfully submitted,

19                                              ROB BONTA
                                               Attorney General of California
20                                             NEAH HUYNH
                                               Supervising Deputy Attorney General
21

22                                             Andrew H. Smith

23                                             ANDREW H. SMITH
                                               Deputy Attorney General
24                                             *Attorneys for Defendants Sherman,*
                                               *Blackwell, Arnold, Lee, Gastelo, McQuaid,*
25                                             *Garcia, Dernoncourt, McComas, Neuschmid,*
                                               *Douglas and Kernan*

26

27   SA2022301558

28

5

### VERIFICATION OF R. DOUGLAS
### TO PLAINTIFF'S INTERROGATORIES (SET1)

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

I, R. Douglas, declare under penalty of perjury that I have read Defendant R. Douglas's Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of my own knowledge, or on the basis of information available to me, and I believe all responses based on such information to be true.

Executed this 4 day of JANUARY , 20 23 .

_____
R. Douglas

6

# Douglas

# Attachment 1



CCCMS

10 - 129 L

7.4



**CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME SOL Central Service | INMATE'S NAME ADKINS, DUPREE L. | | CDC NUMBER K50645 |
|---|---|---|---|

### REASON(S) FOR PLACEMENT *(PART A)*

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY   ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

**DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:**
On Wednesday, October 11, 2017, you, inmate Adkins (K-50645), are being housed in Administrative Segregation Unit (ASU), as you are not endorsed to CSP-Solano. Specifically, on this date, you arrived at CSP-Solano, via transport from CTF-Soledad, not endorsed to CSP-Solano, for an Out to Court to Solano County; therefore, you cannot be housed here with the CSP-Solano General Population (GP).

Based on this information, you are deemed a threat to the safety and security of this institution, its staff and inmates. You will remain in ASU pending completion of your transportation back to CTF-Soledad or after a thorough review into your proper endorsement/classification. If you are not transferred in a timely manner, you could be seen by Institutional Classification Committee (ICC), who will assess your program/housing needs.

As a result of this placement, your credit earnings, custody level, privilege group and visiting status are all subject to change. The attached CDCR-7219, Medical Report of Injury or Unusual Occurrence, reflects clearance for placement in ASU. Per CCR title 15, your custody level will increase to MAXIMUM to facilitate this move. A review of SOMS revealed that you are not a participant in the Mental Health Services Delivery System at any level of care. Additionally, you have a T.A.B.E. score is (7.4).

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT 10/11/2017 | SEGREGATION AUTHORITY'S PRINTED NAME Russell Douglas | SIGNATURE R. Douglas | TITLE Lieutenant |
|---|---|---|---|

| DATE NOTICE SERVED 10/11/17 | TIME SERVED 1930 | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE R. Douglas | SIGNATURE | STAFF'S TITLE Lt. |
|---|---|---|---|---|

| INMATE REFUSED TO SIGN | | INMATE SIGNATURE | CDC NUMBER K50645 |
|---|---|---|---|

You were identified with a disability of:
☐ Hearing ☐ Vision ☐ Speech ☐ Learning Disability ☐ TABE under 4.0 / no TABE ☐ Developmental Disability ☐ CCMS ☒ SOP

☐ Foreign Language Speaking

Method:
☒ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☒ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☐ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☒ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☒ Simple English spoken slowly and clearly

☒ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☒ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☐ Other

Provider
Name:   Title:   _T. R. Douglas_

---

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the administrative review by Captain or higher on the first working day following placement

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| IS THIS INMATE: | | | | | |
| LITERATE? | ☐ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS | ☐ YES | ☒ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☒ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | INMATE DECLINED ANY IE | ☐ YES | ☒ NO |
| FREE OF MHSDS NEEDS? | ☐ YES | ☒ NO | DECLINED FIRST IE ASSIGNED | ☐ YES | |
| DECLINED FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |
| Any "NO" requires SA assignment | ☐ NOT ASSIGNED | | Any "NO" may require IE assignment | ☒ NOT ASSIGNED | |

| STAFF ASSISTANT'S NAME assigned castworker | TITLE CCI | INVESTIGATIVE EMPLOYEE'S NAME n/A | TITLE n/A |
|---|---|---|---|

**INMATE WAIVERS**

☑ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER

☐ NO WITNESSES REQUESTED BY INMATE

*I/m refused to respond during 114D review.*

| INMATE SIGNATURE | CDC NUMBER K50645 | DATE |
|---|---|---|

**WITNESS REQUESTED FOR ICC HEARING**

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION**

☐ RELEASE TO UNIT/FACILITY

☑ RETAIN PENDING ICC REVIEW

☐ DOUBLE CELL

☑ SINGLE CELL PENDING ICC

REASON FOR DECISION:

*non-nDS  s/c*

*Retain pnding OTC / return*

*I/m refused to respond/participate in this review.*

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE | TIME |
|---|---|---|---|---|
| M. Dernoncourt | Capt | M. Dernoncourt | 11/12/17 | 1541 |

You were identified with a disability of:

☐ Hearing ☐ Vision ☐ Speech ☐ Learning Disability ☐ TABE under 4.0 / no TABE ☐ Developmental Disability ☑ CCCMS ☐ EOP ☐ Foreign Language Speaking

Method

☐ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☐ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☐ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided

☐ Use of Full Page Magnifier

☐ Read-aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

- [ ] Written Notes

- [ ] Language Interpreter

- [ ] Simple English spoken slowly and clearly

- [ ] ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

- [ ] ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

- [ ] Gave additional time

- [ ] Rephrased sentence

- [x] Other    I/m refused to respond/participate in the hearing.

Provider
Name:      Title:

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary - same date of review) | CO-SIGNATURE | DATE OF REVIEW |
|---|---|---|
| | | |

CDCR SOMS ISST180 – Administrative Segregation Unit, Placement Notice

EXHIBIT - Z

Defendant J. Lee Responses
To Plaintiff's First Set of Interrogatories

1    ROB BONTA, State Bar No. 202668
     Attorney General of California
2    NEAH HUYNH, State Bar No. 235377
     Supervising Deputy Attorney General
3    ANDREW H. SMITH, State Bar No. 316344
     Deputy Attorney General
4    600 West Broadway, Suite 1800
     San Diego, CA 92101
5    P.O. Box 85266
     San Diego, CA 92186-5266
6     Telephone: (619) 738-9411
      E-mail: Andrew.Smith@doj.ca.gov
7    *Attorneys for Defendants Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia,*
     *Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*
8

9

10                    IN THE UNITED STATES DISTRICT COURT

11                  FOR THE EASTERN DISTRICT OF CALIFORNIA

12                          SACRAMENTO DIVISION

13

14   **DUPREE LAMONT ADKINS,**                Case No. 2:19-cv-00458-DAD-DMC (PC)

15                                Plaintiff,  **DEFENDANT J. LEE'S RESPONSES TO**
                                              **PLAINTIFF'S FIRST SET OF**
16              v.                            **INTERROGATORIES**

17
     **KERNAN, et al. ,**
18
                                 Defendants.
19

20   **PROPOUNDING PARTY:      PLAINTIFF DUPREE LAMONT ADKINS**

21   **RESPONDING PARTY:       DEFENDANT J. LEE**

22   **SET NO.:                ONE**

23                      **PRELIMINARY STATEMENT**

24        The information provided in these responses is true and correct, according to Defendant's

25   best knowledge at this time, but it is subject to future correction for omissions, errors, or

26   mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

27   or interpretations thereof, and to amend, modify, or otherwise change the responses, in

28

                                          1

1  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

2  interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

3  reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

4  as follows:

5  **INTERROGATORY NO. 1**:

6  Please state all facts relating to your Administrative Segregation Unit Placement notice

7  Date of 02/01/2018, that Plaintiff presents An Immediate Threat to the safety of self.

8  **RESPONSE TO INTERROGATORY NO. 1**:

9  On 02/01/2018 Plaintiff arrived at CSP Solano from CTF Soledad for an out to court

10  proceeding in Solano County. Plaintiff was not then currently endorsed at CSP Solano therefore

11  he was retained in ASU pending administrative review by ICC for appropriate housing and

12  program needs.

13  **INTERROGATORY NO. 2**:

14  Please state all facts relating to your Administrative Segregation Unit Placement Notice

15  Date 02/01/2018 that plaintiff Endangers Institution Security

16  **RESPONSE TO INTERROGATORY NO. 2**:

17  On 02/01/2018 Plaintiff arrived at CSP Solano from CTF Soledad for an out to court

18  proceeding in Solano County. Plaintiff was not then currently endorsed at CSP Solano therefore

19  he was retained in ASU pending administrative review by ICC for appropriate housing and

20  program needs.

21  **INTERROGATORY NO. 3**:

22  Please state all facts relating to the CDC-7219 date 02/01/2018, Medical Report of injury or

23  unusual occurrence, reflects clearance for you to Place plaintiff in NON, EOP level of care.

24  **RESPONSE TO INTERROGATORY NO. 3**:

25  Plaintiff was a participant in the mental health service delivery system at the EOP level of

26  care.

27  / / /

28  / / /

2

**INTERROGATORY NO. 4**:

Please identify each and every medical employee that you notified, Plaintiff presents an immediate threat to the safety of self.

**RESPONSE TO INTERROGATORY NO. 4**:

None.

**INTERROGATORY NO. 5**:

Please identify each and every mental health employee that you notified, plaintiff presents An immediate threat to the safety of self.

**RESPONSE TO INTERROGATORY NO. 5**:

None.

**INTERROGATORY NO. 6**:

Please identify each and every person whom you have had communications with, written or oral, about your Administrative Segregaiton Unit Placement Notice, date 02/01/2018 to Place Plaintiff in Administrative Segregation Unit.

**RESPONSE TO INTERROGATORY NO. 6**:

None, other than Plaintiff.

**INTERROGATORY NO. 7**:

Pelase identify all documents or other physical evidence that you believe supports any of the facts stated in your response to interrogatory NO. 1.

**RESPONSE TO INTERROGATORY NO. 7**:

The 114-A1, 114-D ASU Placement Notice and the 7219 Medical Report.

**INTERROGATORY NO. 8**:

Please identify all documents or other physical evidence that you believe suppors any of the facts state in your response to interrogatory NO. 2.

**RESPONSE TO INTERROGATORY NO. 8**:

The 114-A1, 114-D ASU Placement Notice and the 7219 Medical Report.

/ / /

/ / /

3

1  **INTERROGATORY NO. 9**:

2      Please identify all documents or other physical evidence that you believe supports any of

3  the facts stated in your response to interrogatory NO. 3.

4  **RESPONSE TO INTERROGATORY NO. 9**:

5      The 114-A1, 114-D ASU Placement Notice and the 7219 Medical Report.

6  **INTERROGATORY NO. 10**:

7      Pelase state all facts relating to, time period of 11/24/2016 to 02/01/2018 whether you

8  served a Administrative Segregation Unit Placement Notice on Plaintiff.

9  **RESPONSE TO INTERROGATORY NO. 10**:

10      On 02/01/2018 I served Plaintiff with ASU placement due to his non-endorsement to CSP

11  Solano.

12  **INTERROGATORY NO. 11**:

13      Please Idenitfy all board of psychology certificaitons, licenses you earned.

14  **RESPONSE TO INTERROGATORY NO. 11**:

15      None.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4

1    **INTERROGATORY NO. 12:**

2    Please identify all board of medical license certifications you earned.

3    **RESPONSE TO INTERROGATORY NO. 12:**

4    None.

5

6    Dated:  January 26, 2023                              Respectfully submitted,

7                                                          ROB BONTA
                                                           Attorney General of California NEAH
8                                                          HUYNH
                                                           Supervising Deputy Attorney General
9

10

11                                                         ANDREW H. SMITH
                                                           Deputy Attorney General
12                                                         *Attorneys for Defendants Sherman,*
                                                           *Blackwell, Arnold, Lee, Gastelo, McQuaid,*
13                                                         *Garcia, Dernoncourt, McComas, Neuschmid,*
                                                           *Douglas and Kernan*
14

15

16

17

18   SA2022301558

19

20

21

22

23

24

25

26

27

28

5

7.4   10-127L

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>SOL-Central Service | INMATE'S NAME<br>ADKINS, DUPREE L. | CDC NUMBER<br>K50645 |
|---|---|---|

## REASON(S) FOR PLACEMENT *(PART A)*

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY          ☒ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On February 1, 2018, at about 1500 hours, you Inmate Adkins, (K-50645), are being housed in the CSP-Solano - Administrative Segregation Unit (ASU). Specifically, on this date you arrived at CSP-Solano from CTF Schedule "B," for scheduled out to court (OTC) proceedings in Solano County on February 8, 2018. A review of SOMS/ERMS was completed and revealed that you are not currently endorsed to CSP-Solano. Based on the aforementioned, you are deemed a threat to the safety and security of the institution, its staff and inmates. You will be retained in ASU pending administrative review by ICC for appropriate housing/program needs. Per Title 15 section 3272, your custody level is being increased to Maximum to facilitate this move. As a result of this placement, your credit earnings, custody level, privilege group and visiting status is subject to change, and your case may be reviewed for potential adverse transfer. The attached CDCR 7219 (Medical Report), reflects medical clearance for placement in Administrative Segregation. You are a participant in the Mental Health Services Delivery System at the EOP level of care. You are not in the Developmental Disability Program (DDP) or the Disability Placement Program (DPP). To ensure Equally Effective Communication, the subject was read and informed of the charges by reading the document, speaking slowly in simple English. Subject was asked if he was in need of any assistive devices and stated no. TABE score noted as 7.4.

☒ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT<br>02/01/2018 | SEGREGATION AUTHORITY'S PRINTED NAME<br>J. Lee | SIGNATURE<br>J. Lee | TITLE<br>lt |
|---|---|---|---|

| DATE NOTICE<br>SERVED<br>02/01/2018 | TIME<br>SERVED<br>14:30:00 | PRINTED NAME OF STAFF SERVING<br>ASU PLACEMENT NOTICE<br>*J. Lee* | SIGNATURE | STAFF'S<br>TITLE<br>lt |
|---|---|---|---|---|

| ☑ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER<br>K50645 |
|---|---|---|

You were identified with a disability of:
☐ Hearing  ☐ Vision  ☐ Speech  ☐ Learning Disability  ☐ TABE under 4.0 / no TABE  ☐ Developmental Disability  ☐ CCCMS  ☑ EOP
☐ Foreign Language Speaking

Method
☑ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

CDCR SOMS ISST180 - CDC NUMBER: K50645 NAME: ADKINS, DUPREE L.          Page 1 of 4

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☑ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☐ Other

Provider
Name: J. Lee    Title: Lt

---

**ADMINISTRATIVE REVIEW *(PART B)***
The following to be completed during the administrative review by Captain or higher on the first working day following placement

I/m refused to participate in 114D hearing

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| IS THIS INMATE: | | | | | |
| LITERATE? | ☐ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS | ☐ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☐ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | INMATE DECLINED ANY IE | ☐ YES | ☐ NO |
| FREE OF MHSDS NEEDS? | ☐ YES | ☐ NO | DECLINED FIRST IE ASSIGNED | ☐ YES | |
| DECLINED FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |
| Any "NO" requires SA assignment | ☐ NOT ASSIGNED | | Any "NO" may require IE assignment | ☐ NOT ASSIGNED | |
| STAFF ASSISTANT'S NAME | TITLE | | INVESTIGATIVE EMPLOYEE'S NAME | TITLE | |

**INMATE WAIVERS**

☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER

☐ NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | CDC NUMBER<br>K50645 | DATE |
|---|---|---|

| WITNESS REQUESTED FOR ICC HEARING | | | |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION**

☐ RELEASE TO UNIT/FACILITY

☑ RETAIN PENDING ICC REVIEW

☐ DOUBLE CELL

☒ SINGLE CELL PENDING ICC

*Retain pnding OTC +
return*

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE | TIME |
|---|---|---|---|---|
| M. Dernoncourt | Capt | Dernoncourt | 2/2/18 | 120 |

You were identified with a disability of:
☐ Hearing ☑ Vision ☐ Speech ☐ Learning Disability ☑ TABE under 4.0 / no TABE ☐ Developmental Disability ☑ CCCMS ☐ EOP
☐ Foreign Language Speaking
Method
☐ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☑ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☐ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☐ Other

Provider

Name:    Title:

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (If necessary - same date of review) | CO-SIGNATURE | DATE OF REVIEW |
|---|---|---|
| | | |

CDCR SOMS ISST180 - Administrative Segregation Unit Placement Notice

**VERIFICATION OF J. LEE
TO PLAINTIFF'S INTERROGATORIES (SET1)**

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

I, J. Lee, declare under penalty of perjury that I have read Defendant J. Lee's Responses to

Plaintiff's First Set of Interrogatories and that the responses are true and correct of my own

knowledge, or on the basis of information available to me, and I believe all responses based on

such information to be true.

Executed this 7th day of January, 2023.

J. Lee

6

Def. J. Lee's Resp. Pl.'s First Set Interrogs.  (2:19-cv-00458-DAD-DMC (PC))

EXHIBIT - AA

Defendant Dernoncourt
Responses To PlainTiff
Interrogatories

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
    Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6    Telephone: (619) 738-9411
     E-mail: Andrew.Smith@doj.ca.gov
7   *Attorneys for Defendants  Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia,*
    *Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*
8

9               IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                       SACRAMENTO DIVISION

12

13

14                                              Case No. 2:19-cv-00458-DAD-DMC (PC)

15   **DUPREE LAMONT ADKINS,**
                                                **DEFENDANT M. DERNONCOURT'S**
16                                Plaintiff,     **RESPONSES TO PLAINTIFF'S FIRST**
                                                **SET OF INTERROGATORIES**
17          v.

18   **S. KERNAN, et al. ,**

19                                Defendants.

20

21

22   **PROPOUNDING PARTY:     PLAINTIFF DUPREE LAMONT ADKINS**

23   **RESPONDING PARTY:      DEFENDANT M. DERNONCOURT**

24   **SET NO.:               ONE**

25                        **PRELIMINARY STATEMENT**

26          The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered facts

                                          1

1    or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2    accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3    interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4    reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5    as follows:

6

7    **INTERROGATORY NO. 1:**

8        Please state all facts relating to your 1140 Administrative Review (Part B) that Plaintiff

9    "refused to respond during 1140 review" date 10-12 17.

10   **RESPONSE TO INTERROGATORY NO. 1:**

11       Plaintiff refused to answer my questions or otherwise respond to me during this encounter.

12   This refusal to participate was documented in the Administrative Segregation Placement Notice.

13   **INTERROGATORY NO. 2:**

14       Please state all facts relating to you Administrative review (Part B) date 10/12/17 "Plaintiff

15   refused to respond/participate in this review.

16   **RESPONSE TO INTERROGATORY NO. 2:**

17       See response to Interrogatory 1.

18   **INTERROGATORY NO. 3:**

19       Please state all facts relating to the CDCR Mental Health program guide that authorizes you

20   to retain plaintiff in non"EOP" level of care at CSP-Solano. Date 10-12-17 and 2/2/18

21   **RESPONSE TO INTERROGATORY NO. 3:**

22       Objection.  This interrogatory is vague and ambiguous as it is unclear as what "facts

23   relating to the CDCR Mental Health program guide" means in the context of this question and

24   incorrectly assumes that I was responsible for Plaintiff's mental health designation.

25   **INTERROGATORY NO. 4:**

26       Please identify each and every medical employee that you notified, Plaintiff presents an

27   immediate threat to the safety of self date 10/12/17 and 2/2/18

28   **RESPONSE TO INTERROGATORY NO. 4:**

2

1       None.

2    **INTERROGATORY NO. 5**:

3           Please state all facts relating to your 1140 Admistrative Review (Part B) date: 10/12/17 and

4    2/2/18 that Plaintiff disability of CCCMS level of care.

5    **RESPONSE TO INTERROGATORY NO. 5**:

6           Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

7    County as he was pending charges for Conspire to Introduce Controlled Substances into

8    California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

9    he was retained in ASU pending administrative review by ICC for appropriate housing and

10   program needs.  Plaintiff refused to participate in the administrative review hearing.  Plaintiff's

11   was listed at the CCCMS Mental Health Services Delivery System at the time of my review.

12   **INTERROGATORY NO. 6**:

13          Please identify each and every mental health employee that you notified plaintiff presents

14   An immediate threat to the safety of self. [1]

15   **RESPONSE TO INTERROGATORY NO. 6**:

16          None.

17   **INTERROGATORY NO. 7**:

18          Please identify each and every person whom you have had communications with, writted or

19   oral, about your 114 D Administrative Review (Part B) dated 10/12/17 and 2/2/18

20   **RESPONSE TO INTERROGATORY NO. 7**:

21          I submitted this documentation to the mailbox of the Administrative Segregation Unit,

22   where unknown member(s) of the counseling staff would have obtained it.

23   **INTERROGATORY NO. 8**:

24          Please identify all documents or other physical evidence that you believe supports any of

25   the fact stated in your response to Interrogatory No. 1:

26   **RESPONSE TO INTERROGATORY NO. 8**:

27          The Administrative Segregation Placement Notice dated October 11, 2017, which has been

28   previously produced as AGO DISC 000005-000008.

3

1   **INTERROGATORY NO. 10**:

2       Please identify all documents or other physic-al evidence that you believe supports any of

3   the facts stated in your response to interrogatory NO. 2.

4   **RESPONSE TO INTERROGATORY NO. 10**:

5       See response to Interrogatory No. 8.

6   **INTERROGATORY NO. 11**:

7       Please identify all documents or other physical evidence that you believe supports any of

8   the facts in your resposen to interrogatory NO. 3:

9   **RESPONSE TO INTERROGATORY NO. 11**:

10      See response to Interrogatory No. 3.

11  **INTERROGATORY NO. 12**:

12      Please state all facts realting to, time period of 11/24/2016 to 2/2/18, whether you served a

13  Administrative Review (Part B) 114 D Notice on Plaintiff.

14  **RESPONSE TO INTERROGATORY NO. 12**:

15      Objection. The interrogatory is vague and unclear in that the phrase "Please state all facts

16  realting to time period of 11/24/16 to 2/2/18" is so overbroad and it is unclear what information is

17  being sought.

18  **INTERROGATORY NO. 13**:

19      Please state all facts relating to the CDC-72 19 dated 10/11/17 and 2/1/18, Medical Report

20  of injury or unusual occurrence, reflects Clearance for you to house plaintiff in CSR-Solano

21  "ASU". [1] Administrative Segregation unit

22  **RESPONSE TO INTERROGATORY NO. 13**:

23      Objection. The interrogatory is vague and ambiguous. It is unclear what the phrase "facts

24  relating to the CDC-72 19 dated 10/11/17 and 2/1/18, Medical Report of injury or unusual

25  occurrence reflects Clearance" means.

26  **INTERROGATORY NO. 14**:

27      Please identify all board of psychology certifycaitons, licenses you earned.

28  **RESPONSE TO INTERROGATORY NO. 14**:

4

1   None.

2   **INTERROGATORY NO. 15**:

3   Please identify all board of medical license, certificaitons you earned

4   **RESPONSE TO INTERROGATORY NO. 15**:

5   None.

6

7

8

9   Dated:  January 19, 2023

10

11

12

13

14

15

16

17

18

19

20

21   SA2022301558

22   83735958.docx

23

24

25

26

27

28

Respectfully submitted,

ROB BONTA
Attorney General of California
NEAH HUYNH
Supervising Deputy Attorney General


s/ANDREW H. SMITH


ANDREW H. SMITH
Deputy Attorney General
*Attorneys for Defendants Sherman,
Blackwell, Arnold, Lee, Gastelo, McQuaid,
Garcia, Dernoncourt, McComas, Neuschmid,
Douglas and Kernan*

<div align="center">5</div>

### VERIFICATION OF M. DERNONCOURT
### TO PLAINTIFF'S INTERROGATORIES (SET 1)

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

I, M. Dernoncourt, declare under penalty of perjury that I have read Defendant M. Dernoncourt's Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of my own knowledge, or on the basis of information available to me, and I believe all responses based on such information to be true.

Executed this 6th day of January, 2023.

_____
M. Dernoncourt

6

Def. M. Dernoncourt's Resp. Pl.'s First Set Interrogs.  (2:19-cv-00458-DAD-DMC (PC))

EXHIBIT-BB
Gastelo/Mc Quaid
Response

DIVISION OF ADULT INTITUTIONS
CALIFORNIA MEN'S COLONY
P.O. Box 8101
San Luis Obispo, CA 93409-8101



February 13, 2018


Inmate Adkins, Dupree
Facility D, 007-1-195001U
California State Prison, California Men's Colony


Inmate Adkins,

Your letter addressed to J. Gastelo, Warden of the California Men's Colony (CMC) State Prison, received on January 10, 2018 was forwarded to me for response.

Within your correspondence, you expressed concerns regarding transfer to Solano State Prison. You also request the R suffix be removed from your file.

Mr. Adkins, a review of your submitted letter along with a review of your Strategic Offender Management System (SOMS) electronic file reveals you are appropriately endorsed to CMC. Review of your file indicates you are transferred to Solano State Prison periodically for court proceedings. It is the discretion of the receiving institution as to whether you are placed into their Administrative Segregation Unit or into a General Population yard. Your file notes, during classification committee on October 31, 2017, the R suffix was removed from your classification file.

Mr. Adkins, in order to resolve any valid concerns regarding classification or current endorsements, you are encouraged to seek resolution through your assigned Correctional Counselor; however, if you desire administrative review of any departmental polices, decisions, actions, conditions or omissions that have a material adverse effect on your health, safety or welfare, you are encouraged to utilize the Inmate Appeal Process. Submitting your questions/concerns directly to the Warden circumvents the appeals process and may result in the delay of addressing your concerns and/or grievances.


K. MCQUAID
Associate Warden Level III Housing
California Men's Colony

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Adkins | Duffee L. | K50645 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ___ TO ___ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| CG317 | N/A | | Case No. 18HC-0038 |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
In accordance with due process rights under the Fourteenth Amendment; Wolf v. McDonnell (1974) 418 U.S. 539 [94 S. Ct. 2963; 41 L. Ed.2d 935]. During the time frame of late Jan-Feb 2017, CSP-Solano Warden ordered me unassigned from my cook position in D-Quad diner. What date exactly did he order this move?

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☑ SENT THROUGH MAIL: ADDRESSED TO: D-Quad Assignment Lieutenant ___ DATE MAILED: 6 / 10 /2018
☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| R. Gomez | 6/10/18 | | (CIRCLE ONE) YES NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| Lt. Cox 'Im Assignment Lt. | 6/10/18 | (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| Julie Hechenburg | 6-14-18 | J Hechenbur | 6-14-18 |

Attached is your work history. It shows date assigned/unassigned

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# WORK SUPERVISOR'S REPORT

| INMATE NAME | CDC# | FACILITY |
|---|---|---|
| ADKINS, DUPREE L. | K50645 | CMC-Facility D |

| SECTION NUMBER | SECTION LOCATION |
|---|---|
| 001 | FACILITY-D DINING ROOM |

| POSITION # | POSITION TITLE |
|---|---|
| DRW.001.001 | FAC-D DN RM LINEBACKER |

| ASSIGNED DATE | CURRENT PAY RATE |
|---|---|
| 02/21/2018 | $0.15 per hour |

Evaluation Date: 05/16/2018        Period Covered: 02/21/2018 to: 05/16/2018

Hours Assigned: 35        Hours Worked: 594.5

| GRADE | | GRADE | |
|---|---|---|---|
| 1 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 1 | F. TEAMWORK AND PARTICIPATION |
| 1 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 1 | G. LEARNING ABILITY |
| 1 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 1 | H. USE OF TOOLS AND EQUIPMENT |
| 1 | D. INTEREST IN ASSIGNED WORK | 1 | I. QUALITY OF WORK |
| 1 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 1 | J. QUANTITY OF WORK |

Recommended for:        ⦿ Retain  ◯ Reassignment

☐ Pay Increase        ☐ Pay Decrease        New Pay Rate: $        Effective Date:

Code of Safe Practices Reviewed        Supv. Initials _____        Inmate Initials _____

## Supervisor Comments

Inmate Adkins has worked for me for almost a year in the dining room. Adkins worked a variety of positions within the diner and is now assigned as the Linebacker. Adkins has proven himself to be hardworking, reliable and trustworthy. As the Linebacker, Adkins is responsible for all the food, and proves time and time again the he is an individual that I can rely on to ensure the food is given to the appropriate people, and disposed of properly when needed. Adkins has always maintained a very respectful, friendly demeanor not only with the staff, but with the other inmates assigned to the dining room, as well as the inmate population that comes through the dining room for their meals. Adkins has been a huge asset to the operations within the dining room.

## Inmate Comments

J. Kurtz        LENGTH OF SUPERVISION:

SUPERVISOR

J. Kurtz

SIGNATURE        INMATE SIGNATURE

☐ REFUSED TO SIGN

CDCR SOMS IJPT100 - WORK SUPERVISOR'S REPORT

Name: ADKINS, DUPREE
IJPS010A
CDC #: K50645   PID #: 11801

# Inmate Assignment History

Thursday June 14, 2018 08:55:3

(1 - 28 of 28)

| Assigned Date | Facility | Assignment Type | Section Location | Position # | Position Title | Status | As of Dat |
|---------------|----------|-----------------|------------------|------------|----------------|--------|-----------|
| 02/21/2018 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.001 | FAC-D DN RM LINEBACKER | Unassigned | 05/21/201 |
| 02/14/2018 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.041 | FAC-D DN RM SERVER | Reassigned | 02/20/201 |
| 11/02/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.001 | FAC-D DN RM LINEBACKER | Unassigned | 01/31/201 |
| 09/26/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | 10/09/201 |
| 07/06/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | 08/28/201 |
| 06/27/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.033 | FAC-D DN RM PORTER | Reassigned | 07/05/201 |
| 06/10/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.064 | FAC-D DN RM ATTENDANT | Unassigned | 06/26/201 |
| 09/02/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.051 | LAUNDRY WORKER B | Unassigned | 11/02/201 |
| 06/01/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Reassigned | 09/01/201 |
| 02/11/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Unassigned | 07/01/201 |
| 02/11/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Unassigned | 04/27/201 |
| 09/25/2015 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Unassigned | 02/05/201 |
| 03/26/2015 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.009 | LAUNDRY WORKER A | Reassigned | 09/24/201 |
| 03/27/2014 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.061 | LAUNDRY WORKER B | Reassigned | 03/25/201 |
| 07/06/2012 | RJD-Facility A | Yard Worker | 002 - FAC.A YARD CREW 2/W | YDW.002.ZZY | FAC.A YARD CREW (2/W) | Unassigned | 07/27/201 |
| 11/11/2009 | RJD-Facility A | Yard Worker | 002 - FAC.A YARD CREW 2/W | YDW.002.ZZY | FAC.A YARD CREW (2/W) | Unassigned | 10/05/201 |
| | RJD- | | 002 - FAC.A - | | H/U#2 PORTER | | |

EXHIBIT CC

DR. Sherman Responses
TO Plaintiff Interrogatories

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
    Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6    Telephone: (619) 738-9411
     Facsimile: (619) 645-2061
7    E-mail: Andrew.Smith@doj.ca.gov
    *Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
8   *McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. . schmid, R. Douglas, and S.*
    *Kernan*
9

10

11                    IN THE UNITED STATES DISTRICT COURT

12               FOR THE EASTERN DISTRICT OF CALIFORNIA

13                          SACRAMENTO DIVISION

14

15   **DUPREE LAMONT ADKINS,**              Case No. 2:19-cv-00458-DAD-DMC (PC)

16                              Plaintiff,   **DEFENDANT A. SHERMAN'S**
                                             **RESPONSES TO PLAINTIFF'S**
17          v.                               **SECOND SET OF**
                                             **INTERROGATORIES**
18   **KERNAN, et al. ,**

19                           Defendants.

20

21

22   **PROPOUNDING PARTY:   PLAINTIFF DUPREE LAMONT ADKINS**

23   **RESPONDING PARTY:   DEFENDANT A. SHERMAN**

24   **SET NO.:           TWO**

25                      **PRELIMINARY STATEMENT**

26        The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                        1

1   or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2   accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3   interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4   reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5   as follows:

6

7   **INTERROGATORY NO. 1:**

8       Please state and explain all facts related to your ministerial duties at Institutional

9   Classificaiton Committee on 08/30/2017.

10  **RESPONSE TO INTERROGATORY NO.  1:**

11      Objection.  This request is vague and overbroad and Defendant does not understand the

12  question.  Without waiving the foregoing objections, Defendant did not perform ministerial duties

13  at the referenced committee meeting.

14  **INTERROGATORY NO. 2:**

15      Please state and explain all facts that relate and are germane to you ministerial duties at

16  Institutional Classification Committee on 10/18/2017.

17  **RESPONSE TO INTERROGATORY NO.  2:**

18      Objection.  This request is vague and overbroad and Defendant does not understand the

19  question.  Without waiving the foregoing objections, Defendant did not perform ministerial duties

20  at the referenced committee meeting.

21  **INTERROGATORY NO. 3:**

22      Please state and explain all facts that are related to the ministerial duties you preformed at

23  Institutional Classification Committee on 08/30/2017.

24  **RESPONSE TO INTERROGATORY NO.  3:**

25      See response to Interrogatory No. 1.

26  **INTERROGATORY NO. 4:**

27      Please state and explain all facts related to the ministerial duties you preformed at

28  Institution Classification Committee on 10/18/2017.

2

**RESPONSE TO INTERROGATORY NO. 4:**

See response to Interrogatory No. 2.

**INTERROGATORY NO. 5:**

Please identify the scrivener name, at Institutional Classification Committee on 08/30/2017.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This request is vague and overbroad and Defendant does not understand the question. Without waiving the foregoing objections, Defendant refers Plaintiff to the August 30, 2017 ICC Classification Chrono previously produced.

**INTERROGATORY NO. 6:**

Please identify the scrivener name at Institutional Classification Committee on 10/18/2017.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This request is vague and overbroad and Defendant does not understand the question. Without waiving the foregoing objections, Defendant refers Plaintiff to the October 18, 2017 ICC Classification Chrono previously produced.

**INTERROGATORY NO. 7:**

Please answer have you had communications with social worker Jefferson, Lakeesha regarding clinician comments at ICC on 08/30/2017.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant does not recall whether such communications took place.

**INTERROGATORY NO. 8:**

Please answer have you had communications with social worker Jefferson, Lakeesha regarding clinician comments at ICC on 10/18/2017

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant does not recall whether such communications took place.

**INTERROGATORY NO. 9:**

Please answer have you had communications with social worker Sulivan, Helene Relating to clinician comments at ICC 8/30/2017

**RESPONSE TO INTERROGATORY NO. 9:**

3

1   Defendant does not recall whether such communications took place.

2   **INTERROGATORY NO. 10:**

3   Please answer have you had communications with social worker Sulivan, Helene relating to

4   clinician comments at ICC on 10/30/2017

5   **RESPONSE TO INTERROGATORY NO. 10:**

6   Defendant does not recall whether such communications took place.

7   **INTERROGATORY NO. 11:**

8   Please identify and explain all policies in the "California Department Corrections

9   Rehabilitations Mental Health Program Guide" that relate to you implementing clinician

10   comments at ICC relating to absentee plaintiff on 8/30/2017.

11   **RESPONSE TO INTERROGATORY NO. 11:**

12   Objection. This request is vague and overbroad and Defendant does not understand the

13   question.

14   **INTERROGATORY NO. 12:**

15   Please identify and explain all policies in the "California Department Corrections

16   Rehabilitation Mental Health Program Guide" that relate to you implementing clinician

17   comments.

18   **RESPONSE TO INTERROGATORY NO. 12:**

19   Objection. This request is vague and overbroad and Defendant does not understand the

20   question.

21   **INTERROGATORY NO. 13:**

22   Please review Exhibit A, plaintiff complaint mental health IDTT MPage forms by Callarim

23   Vita social worker and state and explain all facts relatin to why you did not exspress those

24   clinician comments at ICC on 8/30/2017.

25   **RESPONSE TO INTERROGATORY NO. 13:**

26   Objection. This request is vague and overbroad and Defendant does not understand the

27   question. Specifically, it is unclear to what "those clinician comments" refers, as there is no

28   section labeled as such in the identified exhibit.

4

**INTERROGATORY NO. 13**:

Please state all facts that relate and helped you derive at the belief that clinicians comments at Institutional Classification Committee on 08/30/2017 were scrivener error.

**RESPONSE TO INTERROGATORY NO. 13**:

Plaintiff refused to attend, thus no mental health assessment took place during the ICC.

**INTERROGATORY NO. 14**:

Please review Exhibit C of plaintiff complaint and state all facts that relate to your act of not making those clinician comments at ICC on 10/18/2017

**RESPONSE TO INTERROGATORY NO. 14**:

Objection.  This request is vague and overbroad and Defendant does not understand the question.

**INTERROGATORY NO. 15**:

Please review Exhibit B of Plaintiff complaint and state all facts related to your decision not to relate those documentation's at ICC on 10/18/2017

**RESPONSE TO INTERROGATORY NO. 15**:

Objection.  This request is vague and overbroad and Defendant does not understand the question.  Specifically, it is unclear what "those documentation's" means.

**INTERROGATORY NO. 16**:

Please answer during the time frame of 8/29/2017 to 9/1/2017 did you have communication with social worker Callari Vita that related to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 16**:

Defendant does not recall whether such communications occurred.

**INTERROGATORY NO. 17**:

Please answer during the time frame of 10/13/2017 to 10/19/2017 did you have communication with Faggianelli, Patrick that relate to plaintiff.

**RESPONSE TO INTERROGATORY NO. 17**:

Objection.  Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R. Civ. P. 33(a)(1).

5

1  **INTERROGATORY NO. 18**:

2      Please answer why you did not include Mary Spurgeon Registered Nurse progress notes in

3  your clinician comments at ICC on 10/18/2017

4  **RESPONSE TO INTERROGATORY NO. 18**:

5      Objection.  Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

6  Civ. P. 33(a)(1).

7  **INTERROGATORY NO. 18**:

8      Please answer during the time frame of 10/12/17 to 10/19/17 did you have communications

9  with Mary Spurgeon Registered Nurse that relate to plaintiff.

10  **RESPONSE TO INTERROGATORY NO. 18**:

11      Objection.  Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

12  Civ. P. 33(a)(1).

13  **INTERROGATORY NO. 19**:

14      Please state all facts that related to comprehensive mental health service you issued plaintiff

15  during the time frame 08/24/2017 to 8/30/2017

16  **RESPONSE TO INTERROGATORY NO. 19**:

17      Objection.  Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

18  Civ. P. 33(a)(1).

19  **INTERROGATORY NO. 20**:

20      Please state all facts that relate to comprehensive mental health service you issued plaintiff

21  during the time frame 10/11/17 to 10/18/2017

22  **RESPONSE TO INTERROGATORY NO. 20**:

23      Objection.  Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

24  Civ. P. 33(a)(1).

25  **INTERROGATORY NO. 21**:

26      Please state all facts that helped you derive at the belief that ICC clinician comments on

27  10/18/2017 were scrivener error.

28  **RESPONSE TO INTERROGATORY NO. 21**:

1  Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

2  Civ. P. 33(a)(1).

3  **INTERROGATORY NO. 22:**

4  Please state all structured therapeutic activities you prescribed for plaintiff during

5  8/24/2017 to 8/30/2017

6  **RESPONSE TO INTERROGATORY NO.  22:**

7  Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

8  Civ. P. 33(a)(1).

9  **INTERROGATORY NO. 23:**

10  Please state all structured therapeutic activities you prescribed for plaintiff during the time

11  frame of 10/11/17 to 10/19/17

12  **RESPONSE TO INTERROGATORY NO.  23:**

13  Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

14  Civ. P. 33(a)(1).

15  **INTERROGATORY NO. 24:**

16  Please identify the date you became aware of scrivener clinician comments were in error

17  during ICC on 8/30/2017

18  **RESPONSE TO INTERROGATORY NO.  24:**

19  Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

20  Civ. P. 33(a)(1).

21  **INTERROGATORY NO. 25:**

22  Please state all facts that relate to you becoming aware that ICC clinician comments on

23  10/18/2017 were a error.

24  **RESPONSE TO INTERROGATORY NO.  25:**

25  Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

26  Civ. P. 33(a)(1).

27

28

<div align="center">7</div>

1

2

3    Dated: March 1, 2023                                    Respectfully submitted,

4                                                            ROB BONTA
                                                             Attorney General of California
5                                                            NEAH HUYNH
                                                             Supervising Deputy Attorney General
6

7                                                            *Andrew H. Smith*

8                                                            ANDREW H. SMITH
                                                             Deputy Attorney General
9                                                            *Attorneys for Defendants A. Sherman, D.*
                                                             *Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
10                                                           *McQuaid, L. Garcia, M. Dernoncourt, M.*
                                                             *McComas, R. Neuschmid, R. Douglas and S.*
11                                                           *Kernan*

12

13

14   SA2022301558
     83835464.docx
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        8

1                   **VERIFICATION OF A. SHERMAN TO**
                **PLAINTIFF'S INTERROGATORIES (SET2)**

2

3               *Dupree Adkins (K50645) v. Kernan, et al.*
     USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4      I, A. Sherman, declare under penalty of perjury that I have read Defendant A.

5 Sherman's Responses to Plaintiff's Second Set of Interrogatories and that the responses are

6 true and correct of my own knowledge, or on the basis of information available to me, and I

7 believe all responses based on such information to be true.

8

9      Executed this 22 day of February, 2023.

10

11

12                             _____

13                                    A. Sherman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT - OO

American Heart Association
Blood Pressure Categories

# Blood Pressure Categories



American Heart Association.

| BLOOD PRESSURE CATEGORY | SYSTOLIC mm Hg (upper number) | | DIASTOLIC mm Hg (lower number) |
|---|---|---|---|
| NORMAL | LESS THAN 120 | and | LESS THAN 80 |
| ELEVATED | 120-129 | and | LESS THAN 80 |
| HIGH BLOOD PRESSURE (HYPERTENSION) STAGE 1 | 130-139 | or | 80-89 |
| HIGH BLOOD PRESSURE (HYPERTENSION) STAGE 2 | 140 OR HIGHER | or | 90 OR HIGHER |
| HYPERTENSIVE CRISIS (consult your doctor immediately) | HIGHER THAN 180 | and/or | HIGHER THAN 120 |

©American Heart Association

**heart.org/bplevels**

EXHIBIT-EE

Tracking  CMC  HC 17000111

N. Johnson, RN, T. Macias CEO

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

## Institutional Level Response

**Closing Date:**     11/13/2017

**To:**     ADKINS, DUPREE (K50645)
D  007 1195001U
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**Tracking #:**   SOL HC 17000111

### HEALTH CARE GRIEVANCE SUMMARY:
In your CDCR 602 HC, Health Care Grievance, received on 10/12/2017, you explained the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your welfare for which you seek remedy:

| Issue | Description |
|---|---|
| **Issue:**  Medication ( Med Distribution ) | Inmate claims while he was at CMC, he submitted 2 7362 forms and did not receive his high blood pressure medication. |

### RULES AND REGULATIONS:
The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; and the Department Operations Manual.

### INTERVIEW:

Pursuant to the California Code of Regulations, Title 15, subsection 3087.3(f)(1), a face-to-face interview was not conducted as you did not initial the appropriate box on the CDCR 602 HC, Health Care Grievance form to request an interview regarding your health care grievance.

### INSTITUTIONAL LEVEL DISPOSITION:

☐  No intervention.

☐  No further intervention.

☒  Intervention.

Your health care grievance is resolved.

Your health care grievance with attachment(s), health record, and all pertinent departmental policies and procedures were reviewed. These records indicate you arrived at California Men's Colony (CMC) on 09/06/2017 and transferred to California Training Facility then California State Prison-Solano on 09/28/2017. Your electronic health record indicate you did not submit any Health Care Services Request Form (CDCR 7362)

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

while housed at CMC. However, you did submit a grievance with no date but was received in the CMC health care grievance office on 10/12/2017. On 10/12/2017 the health care appeals registered nurse contacted the health care appeals registered nurse at (CSP)-SOL. It was verified you were given your dose of high blood pressure medication and your Keep On Person Kept on Person (KOP) would be given to you on 10/13/2017.

Christine Alberto, CSE for                                     11/14/17

T. Macias                                            Reviewed and Signed Date
Chief Executive Officer
Health Care Grievance Office
California Men's Colony

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

| STAFF USE ONLY | Expedited? ☐ Yes ☑ No | Institution: | Tracking #: |
|---|---|---|---|

N. Johnson, RN

| Staff Name and Title (Print) | Signature | Date |
|---|---|---|

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, only one CDCR 602 HC Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI): Adkins, DuPree, L.    CDCR #: K50645    Unit/Cell #: D7351

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. Plata, et al; v. Schwarzenegger, et al, N.D. Cal NO. C-01-1351. I've submitted 2 sick call slips to recieve my Hypetension meds to no avail. I've been out for over a week I now have headackes.

*If you need more space, use Section A of the CDCR 602 HC A*

☐ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:

☒ No, I have not attached any supporting documents. Reason: There (s) SOMS

Grievant Signature: _____    Date Submitted:

☐ BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

| HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☐ Yes ☐ No |
|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section C)

☑ Accepted    Assigned To: K. Lim    Title: HCGC    Date Assigned: 10|12|17    Date Due: 12|19|17

Interview Conducted? ☐ Yes ☑ No    Date of Interview: N|a    Interview Location: N|a

Interviewer Name and Title (print): N|a    Signature: N|a    Date: N|a

Reviewing Authority Name and Title (print): Christine Calderute, CSB for T. Macis, CEO    Signature: Christine Calderute, CSB for J. Macias, CEO    Date: 11/13/17

| Disposition: See attached letter ☑ Intervention | ☐ No Further Intervention | ☐ No Intervention |
|---|---|---|

*If dissatisfied with Institutional Level Response, complete Section B.*

HCGO Use Only: Date closed and mailed/delivered to grievant: 11/15/17

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions | |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information | |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | OCT STAFF USE ONLY |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | |

4. Comments: TABG 7.4

TE OF CALIFORNIA

ALTH CARE GRIEVANCE

CR 602 HC (Rev. 06/17)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Case 2:19-cv-00458-DMC   Document 133   Filed 08/05/24   Page 262 of 395

Page 2 of 2

Tracking #: CMC HC 17000 1 1 L

**SECTION B:** Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section B of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758.

Grievant Signature: _____   Date Submitted: _____

**HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**   Is a CDCR 602 HC A attached?   ☐ Yes   ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section C)

☐ Accepted

Interview Conducted?   ☐ Yes   ☐ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

Disposition: See attached letter   ☐ Intervention   ☐ No Further Intervention   ☐ No Intervention

*This decision exhausts your administrative remedies.*

HQ Use Only: Date closed and mailed/delivered to grievant: _____

**SECTION C:** Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason:

Grievant Signature: _____   Date Submitted: _____

Staff Name and Title (Print): _____   Signature: _____   Date: _____

# STAFF USE ONLY

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

Received 602 grievance regarding not receiving his blood pressure medications, resulting in headache. Patient has been transferred to CSP Solano, I spoke with HCA RN  Paul Baumert at Solano. Verified patient was given a dose of his blood pressure medication on his arrival and would receive his KOP medications tomorrow.

**Completed Action List:**
* Perform by Johnson, Nicole RN on October 12, 2017 15:33 PDT
* Sign by Johnson, Nicole RN on October 12, 2017 15:33 PDT
* VERIFY by Johnson, Nicole RN on October 12, 2017 15:33 PDT

| | |
|---|---|
| Result type: | Progress Note - RN |
| Result date: | October 12, 2017 15:27 PDT |
| Result status: | Auth (Verified) |
| Result title: | 602 evaluation |
| Performed by: | Johnson, Nicole RN on October 12, 2017 15:33 PDT |
| Verified by: | Johnson, Nicole RN on October 12, 2017 15:33 PDT |
| Encounter info: | 10000001311801525K50645, SOL, Institutional Encounter, 10/11/17 - |

Version 4.6.1.1

Release Note

| Summary | Bed Inventory | ADA/EC History |

Generate Reports / Get Help / Report a Problem Log Ou

CDC # : K50645    Search          CDC Number: K50645, ADKINS, DUPREE LAMONT



## Summary

### Offender/Placement

CDC #: **K50645**

Name: **ADKINS, DUPREE LAMONT**

Institution: **California State Prison, Solano**

Bed Code: **B 010 1129001L**

Placement Score: **19**

Custody Level: **Maximum**

Housing Pgm: **ASU - Ad Seg Unt**

Housing Restrictions:

Physical Limitations to Job/Other:

*Inmate located at CSP- Solano 2100 Peabody Rd Vacaville, CA 95687*

### Disability/Assistance

DDP Code: **NCF**

Effective Date: **12/12/2002**

DPP Codes: [History]

1845 Date:

MHSDS Code: **CCCMS**

SLI:

Primary Method:

Alternate Method:

Learning Disability:

TABE Score: **7.4**

TABE Date: **08/26/2009**

Durable Medical Equipment: [Info]

Last Accomm: **Read/Speak Slowly/Use Simple Language**

Spoken Languages:

### Important Dates

Pending Revocation: **No**

Revocation Date:

Date Received in CDCR: **05/08/1997**

Last Return Date:

Extended Stay Date: **08/06/1997**

Extended Stay Privileges?

Release Date: **09/17/2051**

120 Day Date: **05/20/2051**

Next IDST Date:

### Work/Vocation/PIA

1

Group Priv: **A**

Group Work: **A1**

Start Date: **09/25/2017**

Status: **Fulltime**

Job Position: **DRW.001.003**

Job Title: **FAC-D DN RM FRY COOK**

IWTIP Code: **S**

IWTIP Description: **Support Services**

Regular Day Off: **T, F**

Work Hours: **0430-0930, 1700-1900**

### Accommodation History

| 03/04/2011 | Notice of Classification Hearing | Read/Speak Slowly/Use Simple Language |

EXHIBIT FF

Anonymous note from medical records
And Helen M. Guittia, RN
Fill Date 7-17-2017   Dr. A. Bell II-Mojica-MD

08/14/2019

Mr. Adkins,  K50645

We are trying to process your request for a prescription order for Selilium Sulfate Lotion.  What is the name of Doctor, who prescribed you the lotion?  Can other Doctor prescribe the lotion again? That prescription is not in your chart.  We have requested head quarter to load the chart in the system. Once they load your chart from 2017 In the system, we will process your request.

Medical Records.

Scalp itch
Arron Collins
8/28/2017  Re ordered  5/14/2018  at  8:17:44

MEDICATION ADMINISTRATION RECORD - AD SEG - ***

| NAME OF RN/LVN/PT | | INITIAL | NAME OF RN/LVN/PT | | INITIAL | NAME OF RN/LVN/PT | | INITIAL | NAME OF RN/LVN/PT | | INITIAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | Helen M. Guttla, RN | | ✓ |

**SELENIUM SULFIDE 2.5 % LOTION** (selenium sulfide 2.5% lotion)
APPLY TO SCALP 3X/WEEK. LEAVE ON 20 MINUTES BEFORE RINSING OFF
**REQUEST REFILL

Fill Date: 7/17/2017    Orig Fill Date: 7/17/2017    Rx#: 168164307
Days Supply: 30    Expire Date: 2/14/2018    Doctor: A. BELLII-MOJICA-MD

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |

**SERTRALINE HCL 100 MG TABLET** (sertraline hcl 100 mg tablet u ud)
TAKE 1 TABLET BY MOUTH DAILY AT NOON FOR 180 DAYS

Fill Date: 7/26/2017    Orig Fill Date: 7/26/2017    Rx#: 168166639
Days Supply: 30    Expire Date: 1/23/2018    Doctor: Z.M. LJALJEVIC-MH

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | | | |

**SERTRALINE HCL 100 MG TABLET** (sertraline hcl 100 mg tablet u ud)
TRANSFER (E) OTC TAKE 1 TABLET BY MOUTH DAILY AT NOON

Fill Date: 8/17/2017    Orig Fill Date: 8/17/2017    Rx#: 168172310
Days Supply: 30    Expire Date: 8/28/2017    Doctor: Z.M. LJALJEVIC-MH

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | x | x | x | x | x | x | x | x | x | x | x |

**ZIPRASIDONE HCL 80 MG CAPSULE** (ziprasidone hcl 80 mg capsule)
TAKE 1 CAPSULE BY MOUTH TWICE A DAY AT NOON AND AT BEDTIME FOR 180
DAYS

Fill Date: 7/26/2017    Orig Fill Date: 7/26/2017    Rx#: 168166640
Days Supply: 30    Expire Date: 1/22/2018    Doctor: Z.M. LJALJEVIC-MH

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | ✓ | | | | | | x | x | x | x | x | x | x |

| Name: | **ADKINS, DUPREE** | Building: | CMC-D Quad | Housing | Additional Pages in Use |
|---|---|---|---|---|---|
| DOB: | 10/26/1956 | CDCR # | **K50645** | D 007 2229001UN | Yes    No |
| Allergies: | No Known Drug Allergies | | | | |

06/23/2017 19:46:29 (Database status: Synchronized)


RECEIVED
HCCAP
OCT 16 2019



EXHIBIT-L
Memorandum
Of R.Neuschmid
WARDEN

State of California                                                          Department of Corrections and Rehabi

# Memorandum

Date:   January 2, 2018

To:   D. ADKINS - K 50645
D-7-273-U
California Men's Colony

Subject: **SECOND LEVEL APPEAL RESPONSE LOG # CSP-S-17-02872**

### ISSUE:
On September 20, 2017, appellant submitted a California Department of Corrections
Rehabilitation (CDCR) 602 Inmate/Parolee Appeal Form in which he states he was house
California State Prison Solano (SOL) Administrative Segregation Unit (ASU) in violation of his ri
outlined in the Coleman v Brown Settlement. Appellant stated SOL is not designated to house inm
at the Enhanced Out Patient (EOP) Level of Mental Health care. Appellant states he is design
EOP and housing him at SOL caused him to be sad and empty. Furthermore, appellant wrote on
appeal that "my black life doesn't matter."

Appellant requested an injunction temporary restraining order blocking CDCR Director from hou
him (appellant) at SOL. Appellant requested an order for Lieutenant D. Blackwell to do commu
service in the local abused women's shelter. Lastly, appellant requested $10,000 deposited in
(appellant's) inmate account.

**INTERVIEWED BY:** Correctional Counselor II (A) N. Davis, at the Second Level of Re
(SLR).

### REGULATIONS:
California Code of Regulation, Title 15, Section 3335: Administrative Segregation
California Code of Regulation, Title 15, Section 3336: Administrative Review of Admini
Segregation Unit Placement

### DISCUSSION:
On December 29, 2017, appellant was interviewed by CCII (A) N. Davis via telephone. /
was asked if he was able to hear sufficiently over the phone to proceed with the intervie
stated he could. A review of Strategic Offender Management System (SOMS) indicates
has a Test of Adult Basic Education (TABE) score of 7.4 and he is in the Mental Healt
Delivery System at the EOP Level of Care. Plain, simple English was spoken loudly and c
appellant stated he was able to hear and that he understood what transpired during the
interview.

During the interview appellant did not have anything further to add to his appeal. Appe
his positions outline in this appeal and stated he should not be transferred back to SOL.

Per ASU Placement Notice dated August 24, 2017, appellant was placed in SOL ASU
"Out to Court." Specifically, ASU Placement Notice of August 24, 2017, notes in pa
*24, 2017, at about 1400 hours, you Inmate ADKINS, D. (K50645) arrived at C!*
*transportation bus, Schedule "B" from California Men's Colony (CMC-E) for Out t*
*proceedings, which is schedule for August 31, 2017. Your custody level is I*

ADKINS K50645
Log No: CSP-S-17-02872
Page 2 of 3

*classification score of 19 points. Inmate ADKINS was medically cleared for Administrative Segregation Unit (ASU) prior to housing, cell 10-126-L. You will remain ASU status pending administrative review. Based on the aforementioned, you are deemed a threat to the safety and security of this institution, its staff and inmates. You will remain on AD-SEG status within CSP-Solano pending administrative review of your program and housing needs. As a result of this placement, your custody level and visiting status is subject to change. The CDC-7219, Medical Report of Injury or Unusual Occurrence reflects clearance for placement. Per CCR title 15; your custody level is MAXIMUM level. Equally effective communication with ADKINS was established by reading the entire CDC 114D ASU placement order. Inmate ADKINS was asked a series of questions and responded accordingly to show his understanding of the different CDC 114D processes. You have a listed TABE Score of 7.4. You are a participant in the Mental Health Services Delivery System (MHSDS) at the level of Enhanced Out Patient Program (EOP). You are not a participant in the Disability Placement Program/Developmental Disability Program. The process was explained by reading and speaking slowly and in plain and Simple English."*

Per Classification Committee Chrono dated August 30, 2017, appellant refused to attend that hearing. Classification Committee Chrono dated August 30, 2017, notes in part, *"Initial ASU Review: Subject was placed in ASU on August 24, 2017 on Out to Court status. Specifically, on 8/24/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of December 22, 2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the ∴cility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to ∴nding institution. Increase Custody to MAX, WG/PG DI/D effective August 24, 2017. Refer to ∴R with recommendation of 90 days ASU extension. Non Disciplinary Segregation:*

*∴ject's placement in ASU has potential to be disciplinary in nature and does not meet NDS ∴eria. Expedited transfer not required. Housing Review: Upon ASU placement, Subject was ∴gned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single ∴ Housing. Yard Assignment: Subject is assigned to Small Management Yard. Notes: Next BPH ∴ng currently scheduled for CON NLT October 26, 2021. Subject refused to appear before ICC. ∴ct was advised of the outcome of the committee by CCII McComas. ICC notes Subject was ∴ EOP on August 29, 2017."*

∴s indicate appellant was transferred out of SOL on September 5, 2017, back to his sending ∴on (CMC).

∴ıt's claim that SOL is not designated to house inmates at the EOP Level of Care is correct. ∴t was not endorsed to SOL for housing at the time of the referenced incident. Appellant ∴ferred to SOL for scheduled Court Proceeding in Solano County and he was housed at SOL ∴te his court appearance. During his time at SOL, appellant was provided Mental Health ∴signated staff as appropriate. Appellant's claim that his rights were violated in regards to ∴v Brown Settlement appears to be without merit. CDCR routinely houses inmates ∴ at institutions for the purposes of court proceedings, and this case was no different.

ADKINS K50645
Log No: CSP-S-17-02872
Page 3 of 3

In rendering a decision into this matter all pertinent documents have been reviewed.

**DECISION:** The appeal is **denied**.
Appellant's request for an injunction temporary restraining order blocking CDCR Director
housing him (appellant) at SOL is **denied**.  To grant such an action would be outside the scope
authority of the appeals process.  Furthermore, appellant has no authority to request such an action

Appellant's request to have Lieutenant D. Blackwell do community service in the local ab
women's shelter is **denied**.  To grant such an action would be outside the scope and authority o
appeals process.  Furthermore, appellant has no authority to request such an action.

Appellant's requested $10,000 be deposited in his (appellant's) inmate account is **denied**.  Appe
has provided no evidence which would indicate he is owed monies.

Appellant is advised if dissatisfied with the Second Level Response this issue may be submitted t
Third Level of Review.

R. NEUSCHMID
Warden (A)
California State Prison Solano

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

THIRD LEVEL APPEAL DECISION

Date:   MAY 1 6 2018

In re:   Dupree Adkins, K50645
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**C-FILE**

TLR Case No.: 1711820          Local Log No.: SOL-17-02872

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. Z. Allen, Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he was inappropriately transferred to the California State Prison - Solano (SOL) and placed into the Administrative Segregation Unit (ASU). The appellant asserts that the SOL ASU does not have a MSHDS Enhanced Outpatient Program (EOP) level of Mental Health care. The appellant further contends that SOL in its entirety does not have a MSHDS EOP. The appellant requests an injunction for a temporary restraining order blocking the CDCR Director from housing him at SOL; an order for Correctional Lieutenant D. Blackwell to do community service in the local abused women shelter for a period of time equal to the days he remains at SOL; and that the CDCR deposit $10,000 into his Trust Account.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant was appropriately transferred to the SOL for out-to-court (OTC) status and was appropriately remanded to the ASU. The appellant's claim that SOL is not designated to house inmates at the EOP Level of Care is correct. The appellant was not endorsed to SOL for housing at the time of the referenced incident. The appellant was transferred to SOL for scheduled Court Proceedings in Solano County and he was housed at SOL to facilitate his court appearance. During his time at SOL, the appellant was provided Mental Health care by designated staff as appropriate. The appellant's claim that his rights were violated in regards to Coleman v Brown Settlement appears to be without merit. The CDCR routinely houses inmates temporarily at institutions for the purposes of court proceedings, and this case was no different. The appeal was denied at the Second Level of Review (SLR).

III   THIRD LEVEL DECISION: Appeal is denied.

   A.   FINDINGS: The Third Level of Review (TLR) examined the issues of the appellant's appeal and reaffirms the institution's review and conclusions as addressed within the SLR. The appellant has failed to present compelling evidence or convincing arguments to warrant modification of the decision reached by the institution. The examiner notes the appellant was appropriately transferred to SOL on OTC status and not endorsed to SOL. The appellant was appropriately remanded to the ASU as it was noted the appellant was deemed a threat to the safety and security of SOL, its staff members and inmates. The SLR noted the appellant was provided Mental Health care by designated staff as appropriate. The SLR also noted, on September 5, 2017, the appellant was transferred back to his sending institution California Men's Colony (CMC). After considering all the evidence and arguments herein, it has been determined that staff acted appropriately on the appellant's request. There shall be no relief afforded to the appellant at the TLR.

   B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3000, 3084, 3269, 3270, 3335, 3336, 3375, 3375.1, 3379, 3380.

   C.   ORDER: No changes or modifications are required by the institution.

DUPREE ADKINS, K50645
CASE NO. 1711820
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

K. Z. ALLEN, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:    Warden, CMC
       Appeals Coordinator, CMC
       Appeals Coordinator, SOL

AGO DISC 000424

EXHIBIT M

M. Fregoso

Administrative Review (Part B)

☑ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

**Assistance Provided**

☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the Inmate)

☐ Written Notes

☐ Language Interpreter

☑ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☑ Gave additional time

☐ Rephrased sentence

☐ Other

**Provider**

Name:          Title:

---

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the administrative review by Captain or higher on the first working day following placement

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| **IS THIS INMATE:** | | | | | |
| LITERATE? | ☑ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS  OTC | ☑ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☑ YES | ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☑ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☑ YES | ☐ NO | INMATE DECLINED ANY IE | ☐ YES | ☐ NO |
| FREE OF MHSDS NEEDS? | ☑ YES | ☐ NO | DECLINED FIRST IE ASSIGNED | ☐ YES | |
| DECLINED FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |
| Any "NO" requires SA assignment | ☐ NOT ASSIGNED | | Any "NO" may require IE assignment | ☐ NOT ASSIGNED | |

---

CDCR SOMS ISST180 - CDC NUMBER: K50645 NAME: ADKINS, DUPREE L.                    Page 2 of 4



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME | INMATE'S NAME | CDC NUMBER |
|---|---|---|
| SOL-Central Service | ADKINS, DUPREE L. | K50645 |

| REASON(S) FOR PLACEMENT *(PART A)* |
|---|

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☑ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY    ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On August 24, 2017, at about 1400 hours, you Inmate ADKINS, D. (K50645) arrived at CSP-Solano, via transportation bus, Schedule "B" from California Men's Colony (CMC-E) for Out to Court (OTC) proceedings, which is schedule for August 31, 2017. Your custody level is MED A with a classification score of 19 points. Inmate ADKINS was medically cleared for Administrative Segregation Unit (ASU), prior to housing, cell 10-126-L. You will remain ASU status pending administrative review. Based on the aforementioned, you are deemed a threat to the safety and security of this institution, its staff and inmates. You will remain on AD-SEG status within CSP-Solano' pending administrative review of your program and housing needs. As a result of this placement, your custody level and visiting status is subject to change. The CDC-7219, Medical Report of Injury or Unusual Occurrence, reflects clearance for placement. Per CCR title 15; your custody level is MAXIMUM level. Equally effective communication with ADKINS was established by reading the entire CDC 114D ASU placement order. Inmate ADKINS was asked a series of questions and responded accordingly to show his understanding of the different CDC 114D processes. You have a listed TABE Score of 7.4. You are a participant in the Mental Health Services Delivery System (MHSDS) at the level of Enhanced Out Patient Program (EOP). You are not a participant in the Disability Placement Program/Developmental Disability Program. The process was explained by reading and speaking slowly and in plain and Simple English.

You have no listed medical appliances. Lastly, pursuant to ADA, ADKINS you were asked if you needed any assistive devices and you responded _____ ".

| ☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED: |
|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 08/24/2017 | D██████ Blackwell | D. Blackwell | Watch Commander |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 08/24/2017 | | | | |

| ☐ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER |
|---|---|---|
| | | K50645 |

You were identified with a disability of:
☐ Hearing  ☐ Vision  ☐ Speech  ☐ Learning Disability  ☐ TABE under 4.0 / no TABE  ☐ Developmental Disability  ☐ CCCMS  ☑ EOP
☐ Foreign Language Speaking

Method
ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

| STAFF ASSISTANT'S NAME *Garcia* | TITLE *CCI* | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**INMATE WAIVERS**

☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER

☑ NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE *Refused to Sign* | CDC NUMBER K50645 | DATE |

| **WITNESS REQUESTED FOR ICC HEARING** | | | |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION**

☐ RELEASE TO UNIT/FACILITY

☑ RETAIN PENDING ICC REVIEW

☐ DOUBLE CELL

☑ SINGLE CELL PENDING ICC

REASON FOR DECISION: *Remains a threat to the Safety/Security.*

| ADMINISTRATIVE REVIEWER'S PRINTED NAME *M. Frejoso* | TITLE *Capt* | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE 8/25/17 | TIME 1210 |

**You were identified with a disability of:**   *N/a*

☐ Hearing  ☐ Vision  ☐ Speech  ☐ Learning Disability  ☐ TABE under 4.0 / no TABE  ☐ Developmental Disability  ☐ CCCMS  ☐ EOP

☐ Foreign Language Speaking

**Method**

☑ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☑ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

**Assistance Provided**

☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☑ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS; DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence   _in his own words what was explained to him_

☐ Other   _Repeated_

Provider

Name:   Title:  _M. Fregun  C.rr_

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (If necessary - same date of review) | CO-SIGNATURE | DATE OF REVIEW |
|---|---|---|
| | | |

CDCR SOMS ISST180 - Administrative Segregation Unit Placement Notice

EXHIBIT-N

DR. CONNOR

Response to Plaintiff Inmate Request for Interview

STATE OF CALIFORNIA
GA-22 (9/92)

**INMATE REQUEST FOR INTERVIEW**

DEPARTMENT OF CORRECTIONS

| DATE 10-3-2021 | TO Medical | | FROM (LAST NAME) Adkins | CDC NUMBER K50645 |
|---|---|---|---|---|
| HOUSING N2 | BED NUMBER 207 | WORK ASSIGNMENT EOP | | JOB NUMBER FROM — TO — |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) N/A | | | | ASSIGNMENT HOURS FROM — TO — |

**Clearly state your reason for requesting this interview.**

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Does the CDC-7219 Medical Clearance for "ASU"
Placement, Contain a "inmate-Patient level of" Medical
and Mental health level of care? Thank you for your
time. Respectfully Submitted, Adkins

Do NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY N/A | DATE 10/8/21 |
|---|---|

DISPOSITION

MEDICAL DOES NOT DO CLEARANCE FOR ASU.
BUT YOUR MEDICAL AND MENTAL HEALTH
LEVEL OF CARE WOULD BE CONSIDERED
AND CONTINUED AT THE APPROPRIATE
LEVEL OF CARE AS INDICATED. IF YOU
HAVE A MEDICAL CONCERN, PLEASE SUBMIT
A #362 HEALTH CARE REQUEST FORM.
        THANK YOU,
        DR. CONNOR

EXHIBIT-O

AUDITOR ACTION

B. Gricewich

Generated on: 12/05/2022 13:41                                                                 Page 11 of 315

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

## AUDITOR ACTION

| | | |
|---|---|---|
| Inmate Name: . ADKINS, DUPREE L. | Date: 06/19/2018 | |
| CDC#: K50645 | Security Level: Level 2 (25) | Facility: CMC-Facility C |

**Audit Type:** SHU Term Assessment; Transfer Endorsement (between Institutions)

**Audit Result:** Deferred

**Comments:**

Deferred: ICC of 6/5/18 referred this case for SHU audit and transfer consideration to CTF II with an alternate of FOL II. The SHU term and subsequent transfer are not approved based on the following:

ICC of 6/5/18 assessed, imposed and suspended an 11 month SHU term for RVR dated 12/1/16 Conspiracy to Introduce a Controlled Substance.

Conspiracy to Introduce a Controlled Substance is not listed as an offense warranting a SHU assessment in accordance with CCR Section 3341.9. A guilty finding for distribution is required for the offense to be SHUable. Consequently, the 11 month SHU term assessed by committee is not approved. A subsequent ICC action will be required to vacate this SHU assessment. Also, staff will need to correct the reclassification score sheet dated 5/21/18 as the inmate was assessed 4 unfavorable points for distribution of a controlled substance.

Lastly, a subsequent committee action will be required to clearly articulate the rationale for CLOSE custody designation.

**AUDITOR**

| | | |
|---|---|---|
| B. Gricewich | CSR | 06/19/2018 |
| **Name:** | **Title** | **Date** |

CDCR SOMS ICCT164 - Auditor Action

Confidentiality Notice: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

AGO DISC 000484

EXHIBIT-P
Classification Committee Chrono
Defendant K. McQuaid.

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | ADKINS, DUPREE L. | **Date:** | 08/29/2018 |
| **CDC#:** | K50645 | **Date of Birth:** | 10/26/1966 |
| **Control Date:** | Life With Parole | **Control Date Type:** | Minimum Eligible Parole Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 08/29/2018 | **Hearing Type:** | Other (See Committee Action Comments); Transfer |
| **Committee Type:** | Institution Cls. Committee (GP-ICC) | **Correctional Counselor:** | H. Rocha |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

Mental health services clinical assessment for UCC indicates S is continued at the EOP level of care with no changes noted at this time. Clinical staff provided the following input for this hearing:

S' participation in treatment: good
Response to treatment: good
Medication compliance: compliant
Status of ADLs: good
IDTT recommendation for cell status: no recommendation (not discussed in IDTT)
IDTT recommendation for alternate placement: continue EOP
S' ability to understand due process is: good

### COMMITTEE ACTION SUMMARY

ICC-PROGRAM/TRANSFER REVIEW: VACATE 11-MONTH MITIGATED SHU TERM FOR RVR DATED 12/1/16 FOR CONSPIRE-INTRODUCTION OF A CS, REDUCE CUSTODY TO MED-A, AFFRIM PREVIOUS ASSESSMENT OF WG/PG D2/D EFFECTIVE 10/25/16 THROUGH 12/5/16, A2/B EFFECTIVE 12/6/16 THROUGH 4/25/17, P/O SUPPORT SERVICES W/L, DOUBLE CELL CLEAR, PSYCH: EOP, FULL DUTY, BPH: CON 10/26/21, IHC: RE. RFR CSR, RX SATF-II (EOP)/VSP-II (EOP)

### COMMITTEE COMMENTS

Committee notes CCI Gomez was assigned and present and as a staff assistant for S for the following reasons: MHSDS participant level of care: EOP. TABE: 7.4, DDP: NCF, DPP: No, Foreign Language: No, Learning Disabled: No. The staff assistant met with S at least 24 hours prior to the hearing. Effective communication was achieved through the use of simple English spoken in a slow and clear manner and repeated as necessary, and through the reading of documents aloud. Committee queried S to ensure his full understanding of issues discussed. S was able to repeat committee actions in his own words, asked relevant questions and provided pertinent information, thus establishing effective communication.

S appeared before the California Men's Colony (CMC) Facility-D ICC today for a PROGRAM/TRANSFER Review. S stated that his health was good and he was willing to proceed. He received his 72-hour notice of this committee action. Prior to committee reviewing and discussing this case, S was introduced to the committee members.

Committee notes S was previously placed in CSP-Solano ASU dated 10/25/16 pending involvement/investigation of introduction of controlled substances for the purposes of distribution. S received a Rules Violation Report (RVR) dated 12/1/16, Log # 000000001665528 for Conspire-Introduction of a Controlled Substance. This RVR was heard on 3/17/18. S was found guilty of such charge, a Division A-2 offense and assessed 180-days credit forfeiture. ICC action dated 6/5/18 assessed, imposed, and suspended an 11-month Initial Mitigated range SHU term effective 12/1/16 for Distribution of a Controlled Substance in error. S was also assessed an additional 4 points for Distribution of Drugs on scoresheet dated 5/21/18. The SHU term assessment and additional points were in error as the RVR offense is Conspire-Introduction of a CS, which is not a SHUable offense in accordance with CCR Section 3341.9. Therefore Committee elects to vacate the SHU term.

Assessment of WG/PG D2/D while housed in ASU as a result of this offense is appropriate based on the date of the RVR is prior to the updated policy. WG/PG A2/B upon release is appropriate, as S was designated as CCCMS LOC.

Due to the guilty finding of an A2 offense, S must serve one year of Close Custody. S is eligible today for custody reduction as S is granted credit for Close Custody the date of release from ASU for this RVR, effective 12/6/16, serving the required one year. Based on this, Committee elects to reduce custody from Close Custody to MED-A custody.

During a pre committee interview, S stated he didn't care which institution he went to. ICC has reviewed inmates' case factors for possible placement in the lowest level of security in order to have increased access to rehabilitative programs. S is Level III and is appropriately housed with access to rehabilitative programs based on Inmate's interest and desires.

Committee acts to retain S, on double-cell housing status as there appears to be NO significant history of in cell assaults, predatory behavior or

Confidential File: Noted.
STG: Blood.
MHSDS: CCCMS per SOMS Inmate Health Assessment (IHA) dated 5/17/18.
TBA Code: 22 dated 5/7/15 per SOMS IHA.
DDP: NCF per CDCR 128C-2 dated 4/20/11.
DPP: N/A.
DPP Disabilities / Accommodations:
SOMS Accommodation Chrono: None.
SOMS Durable Medical Equipment: None.
Medical Classification Chrono (MCC) dated 10/22/15 reflects, Permanent and notes the following: Level of Care: OP; Proximity to Consult: No particular need; Functional Capacity: Full Duty; Medical Risk: Medium; Nursing Care Acuity: Basic. The following Specialized Services are noted: N/A. The following Institutional-Environmental concerns are noted: restricted COCCI area 2.

S was advised of his right to appeal Committee's action per CCR 3084.1.

| RECORDER | | |
|---|---|---|
| T. Lansford | ◎ | |
| | | 06/05/2018 |
| | | Date |

| CHAIRPERSON | | |
|---|---|---|
| K. McQuaid | ◎ | |
| | | 06/05/2018 |
| | | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

Classification Committee CHRONO
Recorder- M. McComas
Chair Person- R. Neuschmiol
Clinician - A. Sherman "Psychologist"
Staff Assistant- CCI L. Garcia

AKA- Template

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** ADKINS, DUPREE L. | | **Date:** 08/30/2017 |
| **CDC#:** K50645 | | **Date of Birth:** 10/26/1966 |

| | | |
|---|---|---|
| **Hearing Date:** 08/30/2017 | **Hearing Type:** | Initial ASU; OTC/Return; Other (See Committee Action Comments) |
| **Committee Type:** Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | **Correctional Counselor:** | M. Mccomas |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Mental Health staff A. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the EOP level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly.

## COMMITTEE ACTION SUMMARY

Facility D - Initial ASU Review: ICC Acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 8/24/2017, Single Cell Housing approved.

## COMMITTEE COMMENTS

Initial ASU Review:
Subject was placed in ASU on 8/24/2017 on Out to Court status. Specifically, on 8/24/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 8/24/2017. Refer to CSR with recommendation of 90 days ASU extension.

Non Disciplinary Segregation:
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

Housing Review:
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

Yard Assignment:
Subject is assigned to Small Management Yard.

Notes:
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject refused to appear before ICC. Subject was advised of the outcome of the committee by CCII McComas.
ICC notes Subject was made EOP on 8/29/2017.

**RECORDER**

| | | |
|---|---|---|
| M. McComas | ✓ | 08/30/2017 |
| | | Date |

**CHAIRPERSON**

| | |
|---|---|
| | ✓ |

R. Neuschmid

08/30/2017

Date

CDCR SOMS ICCT162 - Classification Committee Chrono

#2



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** ADKINS, DUPREE L. | | **Date:** | 10/18/2017 |
| **CDC#:** K50645 | | **Date of Birth:** | 10/26/1966 |

| | | |
|---|---|---|
| **Hearing Date:** 10/18/2017 | **Hearing Type:** | OTC/Return; Initial ASU; Transfer; Other (See Committee Action Comments) |
| **Committee Type:** Institution Cls. Committee (ASU/SHU/THU/PSU-ICC) | **Correctional Counselor:** | M. Mccomas |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

### CLINICIAN COMMENTS

Mental Health representative, S. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation.  It is noted that Subject is in the MHSDS at the CCCMS level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action.  ICC used simple English spoken slowly and clearly. Subject was advied of the outcome of ICC actions at his cell front by CCII McComas.

### COMMITTEE ACTION SUMMARY

Facility D - Initial ASU Review: ICC acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 10/11/2017, Double Cell Housing approved.

### COMMITTEE COMMENTS

Initial ASU Review:
Subject was placed in ASU on 10/11/2017 on Out to Court status. Specifically, on 10/11/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 10/11/2017. Refer to CSR with recommendation of 90 days ASU extension.

Non Disciplinary Segregation:
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria.  Expedited transfer not required.

Housing Review:
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

Yard Assignment:
Subject is assigned to Small Management Yard.

Notes:
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject's MHSDS LOC was elevated from CCCMS to EOP on 10/13/2017.

| **RECORDER** | | |
|---|---|---|
| M. McComas ⊘ | | 10/18/2017 |
| | | Date |

| **CHAIRPERSON** | |
|---|---|
| E. Arnold ⊘ | |

EXHIBIT R

Defendant A. Sherman's
Responses To Plaintiff's
First Set Of Interrogatories

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
    Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6    Telephone:  (619) 738-9411
     E-mail: Andrew.Smith@doj.ca.gov
7   *Attorneys for Defendants Arnold, Blackwell, Dernoncourt, Douglas, Garcia, Gastelo, Kernan*
    *Lee, McComas, McQuaid, Neuschmid, and Sherman*

8

9               IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                    SACRAMENTO DIVISION

12

13

14   DUPREE LAMONT ADKINS,                    Case No. 2:19-cv-00458-DAD-DMC (PC)

15                                            **DEFENDANT A. SHERMAN'S**
                              Plaintiff,      **RESPONSES TO PLAINTIFF'S FIRST**
16                                            **SET OF INTERROGATORIES**
                    v.
17

18   KERNAN, et al. ,

19                              Defendants.

20

21

22   PROPOUNDING PARTY:        **PLAINTIFF DUPREE LAMONT ADKINS**

23   RESPONDING PARTY:         **DEFENDANT A. SHERMAN**

24   SET NO.:                  **ONE**

25                    **PRELIMINARY STATEMENT**

26       The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered facts

                                    1

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4  reproduced exactly as drafted by Plaintiff, and Defendant responds as follows:

5

6  **INTERROGATORY NO. 1:**

7      Please state all facts relating to your mental health assessment that on 08/30/2017 During

8  institution Classification Committee plaintiff had the ability to understand ICC proceeding's and

9  that plaintiff mental health was stable with no decompensation.

10 **RESPONSE TO INTERROGATORY NO. 1:**

11     Defendant refers Plaintiff to the August 30, 2017 MHPC Institutional Classification

12 Committee (ICC) note attached hereto at Attachment 1, which notes Plaintiff refused to attend,

13 thus no mental health assessment took place during the ICC.  To the extent any other document

14 says otherwise, Defendant believes it was a scrivener's error.

15 **INTERROGATORY NO. 2:**

16     Please state all facts relating to your mental health assessment, on 10/18/2017, During

17 Institution Classification Committee that Plain- had the ability to understand ICC proceedings and

18 that plaintiff mental health was stable with no decompensation, and plaintiff is in the MHSDS at

19 the CCCMS level of care.

20 **RESPONSE TO INTERROGATORY NO. 2:**

21     Defendant refers Plaintiff to the October 18, 2017 MHPC Institutional Classification

22 Committee (ICC) note attached hereto at Attachment 2, which notes Plaintiff refused to attend,

23 thus no mental health assessment took place during the ICC.   To the extent any other document

24 says otherwise, Defendant believes it was a scrivener's error.

25 **INTERROGATORY NO. 3:**

26     Please identify each and every person whom you are aware may have knowledge about

27 your mental health assessment regarding Plaintiff at Institution Classification Committee.

28 **RESPONSE TO INTERROGATORY NO. 3:**

<div align="center">2</div>

1      Objection. This request is vague and overbroad because it does not specify any particular

2  Committee hearing, and it calls for speculation. As noted, I was unable to conduct a mental

3  health assessment because Plaintiff refused to attend each time.

4  **INTERROGATORY NO. 4:**

5      Please Identify each and every person who you believe witnessed your oral mental health

6  assessment regarding Plaintiff at Institution Classification Committee

7  **RESPONSE TO INTERROGATORY NO. 4:**

8      Because Plaintiff did not attend the ICC, there should be no witnesses to an assessment that

9  did not occur.

10  **INTERROGATORY NO. 5:**

11      Please identify each and every person whom you have had communication's with, written

12  or oral about your mental health assessment of Plaintiff during Institution Classification

13  Committee.

14  **RESPONSE TO INTERROGATORY NO. 5:**

15      Defendant cannot answer this interrogatory because the factual predicate, "your mental

16  health assessment of Plaintiff during Institution Classification Committee," is wrong. I was

17  unable to conduct an assessment because Plaintiff refused to attend.

18  **INTERROGATORY NO. 6:**

19      Please identify all documents or other physical evidence that you believe supports any of

20  the facts stated in your response to Interrogatory NO. 1.

21  **RESPONSE TO INTERROGATORY NO. 6:**

22      See attachment 1.

23  **INTERROGATORY NO. 7:**

24      Please identify all documents or other physical evidence that you believe supports any of

25  the facts stated in your response to interrogatory NO. 2.

26  **RESPONSE TO INTERROGATORY NO. 7:**

27      See Attachment 2.

28  **INTERROGATORY NO. 8:**

3

1      Please describe if Plaintiff and you were introduced to each other, while plaintiff was

2      housed in California State Prison – Solano, Administrative Segregation Unit

3      **RESPONSE TO INTERROGATORY NO. 8**:

4      I do not recall meeting Plaintiff while he was housed in SOL-ASU.

5

6

7

8      Dated: January 9, 2022                  Respectfully submitted,

9                                     ROB BONTA
                                    Attorney General of California

10                                     NEAH HUYNH
                                    Supervising Deputy Attorney General

11

12

13                                     ANDREW H. SMITH
                                    Deputy Attorney General

14                                     *Attorneys for Defendants Arnold, Blackwell,*
                                    *Dernoncourt, Douglas, Garcia, Gastelo,*

15                                     *Kernan Lee, McComas, McQuaid,*
                                    *Neuschmid, and Sherman*

16

17

18      SA2022301558

19

20

21

22

23

24

25

26

27

28

1

**VERIFICATION OF A. SHERMAN
TO PLAINTIFF'S INTERROGATORIES (SET1)**

2

3

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4

I, A. Sherman, declare under penalty of perjury that I have read Defendant A. Sherman's

5

Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of

6

my own knowledge, or on the basis of information available to me, and I believe all responses

7

based on such information to be true.

8

Executed this 10 day of January, 2023.

9

10



11

12

13

A. Sherman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# Sherman

# Attachment 1



CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

**SOL - California State Prison, Solano**
2100 Peabody Road
Vacaville, CA 95696-

Patient:              **ADKINS, DUPREE LAMONT**
DOB/Age/Sex:    10/26/1966  56 years      Male            CDCR #:     K50645
Encounter Date:  1/2/2019                                          PID #:       11801525
Attending:         Keystone,Jay P&S                            Referring:

---

| *Mental Health - Nursing* |
|---|

No data exists for this section

---

| *Mental Health Documentation* |
|---|

Document Type:                                    MHPC Progress Note
Document Subject:                                ICC Note
Service Date/Time:                               8/30/2017 11:47 PDT
Result Status:                                      Auth (Verified)
Perform Information:                             Sherman,Angela Psychologist (8/30/2017 11:54 PDT)
Sign Information:                                  Sherman,Angela Psychologist (8/30/2017 11:54 PDT)
Authentication Information:                    Sherman,Angela Psychologist (8/30/2017 11:54 PDT)

Institutional Classification Committee (ICC)

The Institutional Classification Committee (ICC) met for the purpose of ASU review.

The Inmate:
[ ] appeared
[x] refused to appear for an interview before the ICC on this date

BEHAVIORAL OBSERVATIONS:
Grooming was appropriate
[ ] Yes
[_] No
N/A - In Absentia
Speech was intelligible
[ ] Yes
[_] No
N/A - In Absentia
Comprehension process was adequate
[ ] Yes
[_] No
[x] Other: N/A - In Absentia

Information regarding the IP's mental condition was provided to custody: EOP

MENTAL HEALTH TREATMENT RECOMMENDATION:
[ ] No treatment needed at this time.
[x] Inmate is currently participating in the MHSDS - was placed in EOP LOC yesterday.

Comments:
ICC conducted in Absentia, as he refused to attend. Here OTC from CMC. Retain in ASU pending court date and then will be returning to
sending institution. Was placed at EOP LOC yesterday. ICC approves single cell while in ASU.

---

Report Request ID:   64042864                                    Print Date/Time:   1/4/2023 12:45 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

**SOL - California State Prison, Solano**

Patient: **ADKINS, DUPREE LAMONT**
DOB/Age/Sex: 10/26/1966 / 56 years / Male          CDCR: K50645

| *Mental Health Documentation* |
|---|

| *Mental Health Forms* |
|---|

No data exists for this section

| *Mental Health IDTT MPage Forms* |
|---|

No data exists for this section

| *Mental Health Suicide MPage Forms* |
|---|

No data exists for this section

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

AGO DISC 000002

# Sherman

# Attachment 2



CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

**SOL - California State Prison, Solano**
2100 Peabody Road
Vacaville, CA 95696-

| | |
|---|---|
| Patient: | **ADKINS, DUPREE LAMONT** |
| DOB/Age/Sex:. | 10/26/1966 56 years    Male |
| Encounter Date: | 1/2/2019 |
| Attending: | Keystone,Jay P&S |

| | |
|---|---|
| CDCR #: | K50645 |
| PID #: | 11801525 |
| Referring: | |

---

## Mental Health - Nursing

No data exists for this section

---

## Mental Health Documentation

| | |
|---|---|
| Document Type: | MHPC Progress Note |
| Document Subject: | ICC Note |
| Service Date/Time: | 10/18/2017 18:51 PDT |
| Result Status: | Auth (Verified) |
| Perform Information: | Sherman,Angela Psychologist (10/18/2017 18:53 PDT) |
| Sign Information: | Sherman,Angela Psychologist (10/18/2017 18:53 PDT) |
| Authentication Information: | Sherman,Angela Psychologist (10/18/2017 18:53 PDT) |

Institutional Classification Committee (ICC)

The Institutional Classification Committee (ICC) met for the purpose of Initial ASU review.

The inmate:
[ ] appeared
[x] refused to appear for an interview before the ICC on this date

BEHAVIORAL OBSERVATIONS:
Grooming was appropriate
[ ] Yes
[_] No
x N/A
Speech was intelligible
[ ] Yes
[_] No
x N/A
Comprehension process was adequate
[ ] Yes
[_] No
[x] Other:

Information regarding the IP's mental condition was provided to custody: EOP

MENTAL HEALTH TREATMENT RECOMMENDATION:
[ ] No treatment needed at this time.
[x] Inmate is currently participating in the MHSDS.

Comments:
Currently receiving MH services in EOP. Retain pending return to court. In Absentia as refused. Reviewed for release but had adverse transfer last time was here. Retain pending return to sending institution.

---

Report Request ID: . 64042957                                Print Date/Time:  1/4/2023 12:48 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

AGO DISC 000003

**SOL - California State Prison, Solano**

Patient:       **ADKINS, DUPREE LAMONT**
DOB/Age/Sex:  10/26/1966 / 56 years      / Male              CDCR: K50645

---

### *Mental Health Documentation*

---

### *Mental Health Forms*

No data exists for this section

### *Mental Health IDTT MPage Forms*

No data exists for this section

### *Mental Health Suicide MPage Forms*

No data exists for this section

---

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

AGO DISC 000004

EXHIBIT-S

OFFICE OF THE INSPECTOR
GENERAL

EXHIBIT~S

San Quentin News

VOL. 2024 NO.4 APRIL 2024 — ISSUE 167

SANQUENTINNEWS.COM

SANQUENTIN, CALIFORNIA 94964

# Report states CDCR mishandled grievances

**By Jerry Maleek Gearin**
**Journalism Guild Chair**

A new report the Office of the Inspector General found that the California Department of Corrections and Rehabilitation has inappropriately reviewed complaints of misconduct against incarcerated people, according to the Sacramento Bee.

Violating procedure, staff independently reclassified their coworkers' alleged misconduct, instead of allowing the complaints to be reviewed by appropriate offices, according to the Bee.

This is not the first time the Office of the Inspector General has found that the correctional department has mishandled with misconduct grievances. In 2022, the OIG suggested improvement in the department's grievance review process to improve transparency and reduce conflicts of interest, said the article.

"Consequently, the department's action circumvented regulations and authorized prison staff who had been found to conduct inadequate and potentially biased investigations to respond to allegations of staff misconduct without oversight," said in the OIG report, according to the article.

When an incarcerated person files an appeal, a team at CDCR **headquarters** is

> *"Consequently, the department's action circumvented regulations and authorized prison staff who had been found to conduct inadequate and potentially biased investigations to respond to allegations of staff misconduct without oversight."*
>
> *—OIG report*

supposed to review the complaints and then separate staff misconduct claims from all other grievances. The misconduct claims are then supposed to be returned to the prison where they originated, and sent to CDCR's Allegation Investigation Unit, located in Sacramento, or Internal Affairs at designated facilities, noted the article.

But the new report says that CDCR improperly closed and reclassified 595 complaints of staff misbehavior as routine appeals between February 24, 2022, and February 27, 2023.

The OIG noted that the department never reviewed or reclassified the 595 complaints. It also noted that their agency was not informed of CDCR's decision to reassess

and redirect the complaints, the article states.

CDCR has taken responsibility for the reassigned grievances, which the department said were incorrectly screened.

"CDCR acknowledges the Office of Inspector General's report and remains committed to improving the staff complaint process. The Department has undertaken a monumental transformation of the way we receive, review and respond to allegations of staff misconduct and appreciate the hard work staff have put into this effort. CDCR remains committed to being proactive, to refining this process and to continuing to work with the OIG and other stakeholders to ensure open communication on these very important issues."

In a signed letter responding to the findings, CDCR Secretary Jeffrey Macomber said that the reassigned grievances amounted to less than one-third of one percent of all grievances reviewed by the department in calendar year 2023.

"[CDCR] circumvented control measures that were put in place to prevent prison authorities from making potentially biased decisions," stated the OIG report. (The reclassification of appeals) "resulted in a wasteful duplication of efforts and misallocation of resources."

# EXHIBIT-U

Defendant - M. MCCOMAS's responses
To Plain First set of Requests for
Interrogatories...

Official classification chrono 8/30/2017
Prepared by M. McComas...

Official classification chrono 10/18/2017
Prepared by M. McComas...

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
    Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 738-9411
    E-mail: Andrew.Smith@doj.ca.gov
7   *Attorneys for Defendants Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia,*
    *Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*
8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        SACRAMENTO DIVISION

12

13

14   DUPREE LAMONT ADKINS,                    Case No. 2:19-cv-00458-DAD-DMC (PC)

15                                            **DEFENDANT M. MCCOMAS'S**
                              Plaintiff,      **RESPONSES TO PLAINTIFF'S FIRST**
16                                            **SET OF INTERROGATORIES**

17            v.

18   KERNAN, et al. ,

19                              Defendants.

20

21

22   **PROPOUNDING PARTY:**    **PLAINTIFF DUPREE LAMONT ADKINS**

23   **RESPONDING PARTY:**     **DEFENDANT M. MCCOMAS**

24   **SET NO.:**              **ONE**

25                        **PRELIMINARY STATEMENT**

26        The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered facts

                                          1

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4  reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5  as follows:

6

7  **INTERROGATORY NO. 1**:

8        Please state all facts relating to your "committee Comments" dated 08/30/2017; "Plaintiff

9  may be circumrenting the safety and security of the institution."

10 **RESPONSE TO INTERROGATORY NO. 1**:

11       Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

12 County as he was pending charges for Conspire to Introduce Controlled Substances into

13 California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

14 he was retained in ASU pending administrative review by ICC for appropriate housing and

15 program needs.

16 **INTERROGATORY NO. 2**:

17       Please state all facts relation to your "committee Comments" dated 08/30/2017; "ICC Still

18 views Plaintiff as a threat to the safety and security of the institution.

19 **RESPONSE TO INTERROGATORY NO. 2**:

20       Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

21 County as he was pending charges for Conspire to Introduce Controlled Substances into

22 California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

23 he was retained in ASU pending administrative review by ICC for appropriate housing and

24 program needs.

25 **INTERROGATORY NO. 3**:

26       Please state all facts relating to your "Committee Comments" dated 08/30/2017; "Plaintiff

27 does not meet non disciplinary segregation criteria.

28 **RESPONSE TO INTERROGATORY NO. 3**:

1     Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

2 County as he was pending charges for Conspire to Introduce Controlled Substances into

3 California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

4 he was retained in ASU pending administrative review by ICC for appropriate housing and

5 program needs.

6 **INTERROGATORY NO. 4**:

7     Please state all facts relation to your "COMMITTEE COMMENTS" dated 08/30/2017;

8 "Expedited transfer not required."

9 **RESPONSE TO INTERROGATORY NO. 4**:

10     Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

11 County as he was pending charges for Conspire to Introduce Controlled Substances into

12 California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano

13 therefore he was retained in ASU pending administrative review by ICC for appropriate housing

14 and program needs.

15 **INTERROGATORY NO. 5**:

16     Please state all facts relating to your "committee comments" dated 08/30/2017; "Plaintiff

17 was made "EOP" on 8/29/2017."

18 **RESPONSE TO INTERROGATORY NO. 5**:

19     It was noted in the Strategic Offender Management System that Plaintiff's mental health

20 LOC was listed as "EOP" on 8/29/2017 and I noted this case factor in the committee comments.

21 **INTERROGATORY NO. 6**:

22     Please state all facts relating to your "COMITTEE COMMENTS" dated 10/18/2017;

23 "Plaintiff may be circumventing the safety and security of the institution."

24 **RESPONSE TO INTERROGATORY NO. 6**:

25     Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

26 County as he was pending charges for Conspire to Introduce Controlled Substances into

27 California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano

28

1    therefore he was retained in ASU pending administrative review by ICC for appropriate housing
2    and program needs.

3    **INTERROGATORY NO. 7**:

4        Please state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;
5    "ICC still views Plaintiff as a threat to the safety and security of the institution.

6    **RESPONSE TO INTERROGATORY NO. 7**:

7        Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano
8    County as he was pending charges for Conspire to Introduce Controlled Substances into
9    California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano
10   therefore he was retained in ASU pending administrative review by ICC for appropriate housing
11   and program needs.

12   **INTERROGATORY NO. 8**:

13       Please state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;
14   "Plaintiff does not meet NDS criteria (NON Disciplinary Segregation).

15   **RESPONSE TO INTERROGATORY NO. 8**:

16       Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano
17   County as he was pending charges for Conspire to Introduce Controlled Substances into
18   California State Prison Solano (SOL). Plaintiff was not then currently endorsed at CSP Solano
19   therefore he was retained in ASU pending administrative review by ICC for appropriate housing
20   and program needs.  Such inmates housed pending criminal court proceedings are not eligible for
21   NDS status.

22   **INTERROGATORY NO. 9**:

23       Please state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;
24   "Expedited transfer not required."

25   **RESPONSE TO INTERROGATORY NO. 9**:

26       Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano
27   County as he was pending charges for Conspire to Introduce Controlled Substances into
28   California State Prison Solano (SOL).  Plaintiff was not then currently endorsed at CSP Solano

4

1  therefore he was retained in ASU pending administrative review by ICC for appropriate housing

2  and program needs.

3  **INTERROGATORY NO. 10:**

4      Pleas state all facts relating to your "COMMITTEE COMMENTS" dated 10/18/2017;

5  "Plaintiff MHSDS LOC eas elevated form CCCMS to EOP on 10/13/2017.

6  **RESPONSE TO INTERROGATORY NO. 10:**

7      Objection.  This interrogatory misstates the committee comments described.

8  **INTERROGATORY NO. 11:**

9      Please identify each and every medical employee that you notified, "Expedited transfer not

10  required." [1] relating to your committee comments dated 10/18/2017

11  **RESPONSE TO INTERROGATORY NO. 11:**

12      I do not have recall personally notifying any medical employee.  It would have been

13  standard practice for me to read aloud proposed committee actions at the meeting.

14  **INTERROGATORY NO. 12:**

15      Please identify each and every mental health employee that you notified relating to your

16  "COMMIT-TEE COMMENTS" dated 10/188/2017; "Expedited transfer" "not required".

17  **RESPONSE TO INTERROGATORY NO. 12:**

18      I do not have recall personally notifying any medical employee.  It would have been

19  standard practice for me to read aloud proposed committee actions at the meeting.

20  **INTERROGATORY NO. 13:**

21      Please identify each and every person whom you have had communications with, written or

22  oral, about your "committee COMMENTS" dated 10/18/2017; Plaintiff MHSDS LOC was

23  elevated from CCMS to EOP on 10/13/2017.

24  **RESPONSE TO INTERROGATORY NO. 13:**

25      I do not recall notifying anyone.

26  **INTERROGATORY NO. 9:**

27      Please identify all documents or other physical evidence that you believe supports any of

28  the facts stated in your response to interrogatory No. I.

1  **RESPONSE TO INTERROGATORY NO. 9**:

2      Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

3  Administrative Segregation Unit Placement Notice dated 10/11/2017, and court documents

4  relative to Case # FCR331682.

5  **INTERROGATORY NO. 10**:

6      Pelase identify all documents or other physical evidence that you believe supports any of

7  the facts stated in your response to interrogatory NO. 2:

8  **RESPONSE TO INTERROGATORY NO. 10**:

9      Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

10  Administrative Segregation Unit Placement Notice dated 10/11/2017, court documents relative to

11  Case # FCR331682.

12  **INTERROGATORY NO. 11**:

13      Please identify all documents or other physical evidence that you believe supports any of

14  the facts stated in your response to interrogatory NO. 3:

15  **RESPONSE TO INTERROGATORY NO. 11**:

16      Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

17  Administrative Segregation Unit Placement Notice dated 10/11/2017, court documents relative to

18  Case # FCR331682, and CDCR Title 15.

19  **INTERROGATORY NO. 12**:

20      Please identify all documents or other physical evidence that you believe supports any of

21  the facts stated in your response to interrogatory NO. 4:

22  **RESPONSE TO INTERROGATORY NO. 12**:

23      Classification Committee Chrono dated 10/18/2017, RVR dated 12/1/2016, and

24  Administrative Segregation Unit Placement Notice dated 10/11/2017, court documents relative to

25  Case # FCR331682, and CDCR Title 15.

26  **INTERROGATORY NO. 13**:

27      Please identify all documents or other physical evidence that you believe supports any of

28  the facts stat-ed in your response to interrogatory NO. 5:

6

1   **RESPONSE TO INTERROGATORY NO. 13**:

2       Classification Committee Chrono dated 10/18/2017 and SOMS-Inmate Health Assessment

3   records.

4   **INTERROGATORY NO. 14**:

5       Please identify all board of psychology certifications, licenses you earned.

6   **RESPONSE TO INTERROGATORY NO. 14**:

7       None.

8   **INTERROGATORY NO. 14**:

9       Please identify all board of medical license, certifycations you earned.

10   **RESPONSE TO INTERROGATORY NO. 14**:

11       None

12

13

14

15   Dated:  January 19, 2023             Respectfully submitted,

16                               ROB BONTA

17                               Attorney General of California
                            NEAH HUYNH

18                               Supervising Deputy Attorney General

19                               s/ Andrew H. Smith

20

21                               ANDREW H. SMITH

22                               Deputy Attorney General
                            *Attorneys for Defendants Sherman,*

23                               *Blackwell, Arnold, Lee, Gastelo, McQuaid,*
                            *Garcia, Dernoncourt, McComas, Neuschmid,*

24                               *Douglas and Kernan*

25

26   SA2022301558

27

28

<div align="center">7</div>

1  **VERIFICATION OF MATTHEW MCCOMAS**
   **TO PLAINTIFF'S INTERROGATORIES (SET1)**

2

3  *Dupree Adkins (K50645) v. Kernan, et al.*
   USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4

5  I, Matthew McComas, declare under penalty of perjury that I have read Defendant Matthew

6  McComas's Responses to Plaintiff's First Set of Interrogatories and that the responses are true

7  and correct of my own knowledge, or on the basis of information available to me, and I believe

   all responses based on such information to be true.

8  Executed this 6 day of JANUARY , 2023.

9

10

11                                          Matthew McComas

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   7



| Seq # | Work Group | Privilege Group | Begin Date | End Date |
|---|---|---|---|---|
| | | A-Full Time Assignment | 05/24/2017 | |
| 001 | D1-Administrative Segregation | D-Special Segregation Unit | 08/24/2017 | |

**Manual Overrides (System Generated)**

**Credit Time Restoration**

| Seq # | RVR Log # | Days | Violation Date | One-Time Application |
|---|---|---|---|---|
| | | | No Rows Found | |

**Related RVRs**

| Violation Date | Log Number | Guilty Charge |
|---|---|---|
| | No Rows Found | |

**Current Assignments (1 - 1 of 1)**

| Seq # | Assigned Date | Assignment Type | Section Location | Position # | Position Title | Status | Retain | Removal Reason |
|---|---|---|---|---|---|---|---|---|
| 001 | 07/06/2017 | Dining Room Worker | FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | ☐ | |

**Waiting List**

| Incl. | Rem. | Waiting List Type | Status When Incl. | Identified Date |
|---|---|---|---|---|
| | | | No Rows Found | |

**Clinician Comments**

Mental Health staff A. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the EOP level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly.

**Committee Action Summary**                                                                    ☐ Revision Requested

**Facility D - Initial ASU Review:** ICC Acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 8/24/2017, Single Cell Housing approved.

**Committee Comments**                                                                          ☐ Revision Requested

**Initial ASU Review:**
Subject was placed in ASU on 8/24/2017 on Out to Court status. Specifically, on 8/24/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 8/24/2017. Refer to CSR with recommendation of 90 days ASU extension.

**Non Disciplinary Segregation:**
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

**Housing Review:**
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

**Yard Assignment:**
Subject is assigned to Small Management Yard.

**Notes:**
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject refused to appear before ICC. Subject was advised of the outcome of the committee by CCII McComas.
ICC notes Subject was made EOP on 8/29/2017.

**Inmate Involvement In Hearing**

Actual Hearing Date: 08/30/2017                                      Actual Hearing Time: 11:44:15
Attendance: Inmate Refused to Attend                       72 Hour Notice Waiver: No
Staff Assistant Name: CCI L. Garcia
Agrees with Recommendations: Yes                               Informed of Appeal Rights: Yes

**Inmate Comments**

Subject appeared to be in agreement with this committee's decision during the pre-committee interview. Subject was not an active participant during this hearing. Subject was advised of his right to appeal this action within 30 calendar days and that a copy of the CDCR 128G Classification Chrono should be attached to the appeal after the committee concluded.

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

### Outcome

| | |
|---|---|
| Continue Present Program: No | Implement Changes: Yes |
| ASU Extension Request: Yes | ASU Extension Days: 90 |

Extension Reason: Out to Court

Review Status: Finalized Pending Subsequent Action                     As of: 09/06/2017
Refer to: N/A                          Reason: N/A
Next Review Date:                    Next Committee Type:

### Committee Members (1 - 4 of 4)

| Staff Name | Title | Chair-Person | Recorder | Dissenting Comments |
|---|---|---|---|---|
| McComas, M▓▓▓▓▓ | CCII | ☐ | ☑ | |
| Neuschmid, R▓▓▓ | CDW | ☑ | ☐ | |
| Popovits, J▓▓▓ | AW | ☐ | ☐ | |
| Dernoncourt, M▓▓▓ | Captain | ☐ | ☐ | |

### CCII Review

#### Reviewer Comments

| None |
|---|

CCII Name: McComas, M▓▓▓▓                                    Review Date:

### Administrative Determinants to be Reviewed

#### Revision/Auditor Comments

| None |
|---|

### Related Standard Forms (1 - 1 of 1)                                   Type: [        ] [        ▼]

| Date Prepared | Time Prepared | Type of Form | Staff Prepared By | Status |
|---|---|---|---|---|
| 08/30/2017 | 11:49:56 | Cls. Committee Chrono | McComas, M▓▓▓▓ | Printed - Reviewed |

### Effective Communications

| Interaction Date | Interaction Time | Interaction Type | Required |
|---|---|---|---|
| | No Rows Found | | |

### Related Electronic Documents

| Type | Date | Title | Source | Nbr of Pages |
|---|---|---|---|---|
| | No Rows Found | | | |

### Pending Scanned Documents

| C-File Section Code | Document Type | Document Date |
|---|---|---|
| | No Rows Found | |

Show Last Updated Information

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**AGO DISC 000019**

| Seq # | Work Group | Privilege Group | Begin Date | End Date |
|-------|-----------|-----------------|-----------|----------|
| | | A-Full Time Assignment | 09/06/2017 | |
| 001 | D1-Administrative Segregation | D-Special Segregation Unit | 10/11/2017 | |

**Manual Overrides (System Generated)**

**Credit Time Restoration**

| Seq # | RVR Log # | Days | Violation Date | One-Time Application |
|-------|-----------|------|----------------|---------------------|
| | | | No Rows Found | |

**Related RVRs**

| Violation Date | Log Number | Guilty Charge |
|----------------|-----------|---------------|
| | No Rows Found | |

**Current Assignments** (1 - 1 of 1)

| Seq # | Assigned Date | Assignment Type | Section Location | Position # | Position Title | Status | Retain | Removal Reason |
|-------|--------------|-----------------|------------------|-----------|----------------|--------|--------|----------------|
| 001 | 09/26/2017 | Dining Room Worker | FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | ☐ | |

**Waiting List**

| Incl. | Rem. | Waiting List Type | Status When Incl. | Identified Date |
|-------|------|-------------------|-------------------|-----------------|
| | | | No Rows Found | |

**Clinician Comments**

Mental Health representative, S. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the CCCMS level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly. Subject was advied of the outcome of ICC actions at his cell front by CCII McComas.

**Committee Action Summary**                                                    ☐ Revision Requested

**Facility D - Initial ASU Review:** ICC acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 10/11/2017, Double Cell Housing approved.

**Committee Comments**                                                          ☐ Revision Requested

**Initial ASU Review:**
Subject was placed in ASU on 10/11/2017 on Out to Court status. Specifically, on 10/11/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 10/11/2017. Refer to CSR with recommendation of 90 days ASU extension.

**Non Disciplinary Segregation:**
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

**Housing Review:**
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

**Yard Assignment:**
Subject is assigned to Small Management Yard.

**Notes:**
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject's MHSDS LOC was elevated from CCCMS to EOP on 10/13/2017.

**Inmate Involvement in Hearing**

| | | |
|---|---|---|
| Actual Hearing Date: 10/18/2017 | | Actual Hearing Time: 10:25:17 |
| Attendance: Inmate Refused to Attend | | 72 Hour Notice Waiver: No |
| Staff Assistant Name: | | |
| Agrees with Recommendations: Yes | | Informed of Appeal Rights: Yes |

**Inmate Comments**

Subject refused to attend the hearing. Subject was advised of the outcome of this ICC by CCII McComas at his cell front. Subject was not an active participant during this hearing. Subject was advised of his right to appeal this action within 30 calendar days and that a copy of the CDCR 128G Classification Chrono should be attached to the appeal.

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Outcome**

| | |
|---|---|
| Continue Present Program: No | Implement Changes: Yes |
| ASU Extension Request: Yes | ASU Extension Days: 90    Extension Reason: Out to Court |

Review Status: Finalized Pending Subsequent Action                    As of: 10/24/2017
Refer to: N/A                                Reason: N/A
Next Review Date: 12/13/2017          Next Committee Type: ICC

**Committee Members** (1 - 4 of 4)

| Staff Name | Title | Chair-Person | Recorder | Dissenting Comments |
|---|---|---|---|---|
| Mitchell, R | AW | ☐ | ☐ | |
| McComas, M | CCII | ☐ | ☑ | |
| Arnold, E | WARDEN | ☑ | ☐ | |
| Fregoso, M | Captain | ☐ | ☐ | |

**CCII Review**

**Reviewer Comments**

CCII Review completed.
TimeStamp: 19 October 2017 08:50:36 --- User: Matthew McComas (MCMA024)

CCII Name: McComas, Matthew S [MCMA024]                    Review Date: 10/19/2017

**Administrative Determinants to be Reviewed**

**Revision/Auditor Comments**

None

**Related Standard Forms** (1 - 1 of 1)                              Type: [          ] ▼

| Date Prepared | Time Prepared | Type of Form | Staff Prepared By | Status |
|---|---|---|---|---|
| 10/18/2017 | 10:28:50 | Cls. Committee Chrono | McComas, M | Printed - Reviewed |

**Effective Communications**

| Interaction Date | Interaction Time | Interaction Type | Required |
|---|---|---|---|
| | | No Rows Found | |

**Related Electronic Documents**

| Type | Date | Title | Source | Nbr of Pages |
|---|---|---|---|---|
| | | No Rows Found | | |

**Pending Scanned Documents**

| C-File Section Code | Document Type | Document Date |
|---|---|---|
| | No Rows Found | |

Show Last Updated Information

**Confidentiality Notice**: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

EXHIBIT - V

Defendant Garcia Interrogatory
Responses

1    ROB BONTA, State Bar No. 202668
     Attorney General of California
2    NEAH HUYNH, State Bar No. 235377
     Supervising Deputy Attorney General
3    ANDREW H. SMITH, State Bar No. 316344
     Deputy Attorney General
4    600 West Broadway, Suite 1800
     San Diego, CA 92101
5    P.O. Box 85266
     San Diego, CA 92186-5266
6    Telephone: (619) 738-9411
     E-mail: Andrew.Smith@doj.ca.gov
7    *Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K.
     McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. Neuschmid, R. Douglas, and S.*
8    *Kernan*

9

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE EASTERN DISTRICT OF CALIFORNIA

13                    SACRAMENTO DIVISION

14

15   DUPREE LAMONT ADKINS,                 Case No. 2:19-cv-00458-DAD-DMC (PC)

16                          Plaintiff,     **DEFENDANT L. GARCIA'S
                                           RESPONSES TO PLAINTIFF'S FIRST
                                           SET OF INTERROGATORIES**
17          v.

18   KERNAN, et al.,

19
                            Defendants.
20

21

22   PROPOUNDING PARTY:       **PLAINTIFF DUPREE LAMONT ADKINS**

23   RESPONDING PARTY:        **DEFENDANT L. GARCIA**

24   SET NO.:                 **ONE**

25                    **PRELIMINARY STATEMENT**

26          The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                       1

1    or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2    accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3    interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4    reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5    as follows:

6

7    **INTERROGATORY NO. 1:**

8       Please identify the Policy in the California Department of Corrections and Rehabilitation

9    Mental Health Program Guide that authorizes Inmate-Patients at Enhanced Outpatient Program

10   EOP level of care to be transferred to NON-EOP level of care.

11   **RESPONSE TO INTERROGATORY NO. 1:**

12      Objection.  This question is overbroad and assumes Plaintiff did not receive EOP care.

13   Defendant further objects to the question as calling for psychological information Defendant is

14   not qualified to provide.  Without waiving the foregoing objections, Defendant assumes or

15   believes Plaintiff received EOP treatment while housed at CSP Solano.

16   **INTERROGATORY NO. 2:**

17      Please identify the Policy in the California Department of Corrections and Rehabilitation

18   Mental Health Program Guide that authorizes Inmate-Patient at EOP level of care to be housed in

19   NON-EOP level of care in Administrative Segregation Unit "ASU".

20   **RESPONSE TO INTERROGATORY NO. 2:**

21      Objection.  This question is overbroad and assumes Plaintiff did not receive EOP care.

22   Defendant further objects to the question as calling for psychological information Defendant is

23   not qualified to provide.  Without waiving the foregoing objections, Defendant assumes or

24   believes Plaintiff received EOP treatment while housed at CSP Solano.

25   **INTERROGATORY NO. 3:**

26      Please state all fact's related to psychiatric counseling you assisted plaintiff in receiving on

27   10/18/2017.

28   **RESPONSE TO INTERROGATORY NO. 3:**

2

1       Objection. This request is vague and overbroad because Defendant does not understand

2   what "all facts relating to psychiatric counseling" means. Defendant further objects to the

3   question seeks facts relating to third parties, and it calls for speculation as to confidential

4   information shared between Plaintiff and mental health providers Defendant would have no way

5   of knowing.

6   **INTERROGATORY NO. 4:**

7       Please state all fact's related to psychological counseling you assisted plaintiff in receiving

8   on 10/18/2017.

9   **RESPONSE TO INTERROGATORY NO. 4:**

10       Objection. This request is vague and overbroad because Defendant does not understand

11   what "all facts relating to psychiatric counseling" means. Defendant further objects to the

12   question seeks facts relating to third parties, and it calls for speculation as to confidential

13   information shared between Plaintiff and mental health providers Defendant would have no way

14   of knowing.

15   **INTERROGATORY NO. 5:**

16       Please state all fact's related to psychiatric counseling you assisted plaintiff in receiving on

17   8/30/2017.

18   **RESPONSE TO INTERROGATORY NO. 5:**

19       Objection. This request is vague and overbroad because Defendant does not understand

20   what "all facts relating to psychiatric counseling" means. Defendant further objects to the

21   question seeks facts relating to third parties, and it calls for speculation as to confidential

22   information shared between Plaintiff and mental health providers Defendant would have no way

23   of knowing.

24   **INTERROGATORY NO. 6:**

25       Please state all facts related to psychological counseling you assisted plaintiff in receiving

26   on 8/30/2017.

27   **RESPONSE TO INTERROGATORY NO. 6:**

28

Def. L. Garcia's Resp. Pl.'s First Set Interrogs.  (2:19-cv-00458-DAD-DMC (PC))

1    Objection. This request is vague and overbroad because Defendant does not understand

2    what "all facts relating to psychiatric counseling" means. Defendant further objects to the

3    question seeks facts relating to third parties, and it calls for speculation as to confidential

4    information shared between Plaintiff and mental health providers Defendant would have no way

5    of knowing. Defendant further objects to the question as calling for psychological information

6    Defendant is not qualified to provide.

7    **INTERROGATORY NO. 7:**

8    Please state all facts related to you assisting plaintiff in receiving a Expedited mental health

9    transfer on 8/30/2017.

10    **RESPONSE TO INTERROGATORY NO. 7:**

11    Objection. This request is vague and overbroad because the phrase "all facts relating to you

12    assisting plaintiff in receiving a Expedited mental health transfer" is so broad in scope as to be

13    incapable of a response. Defendant further objects to the question seeks facts relating to third

14    parties, and it calls for speculation as to confidential information shared between Plaintiff and

15    mental health providers Defendant would have no way of knowing.

16    **INTERROGATORY NO. 8:**

17    Please state all facts related to you assisting plaintiff in receiving a Expedited Mental

18    Health transfer on 10/18/2017.

19    **RESPONSE TO INTERROGATORY NO. 8:**

20    Objection. This request is vague and overbroad because the phrase "all facts relating to you

21    assisting plaintiff in receiving a Expedited mental health transfer" is so broad in scope as to be

22    incapable of a response. Defendant further objects to the question seeks facts relating to third

23    parties, and it calls for speculation as to confidential information shared between Plaintiff and

24    mental health providers Defendant would have no way of knowing.

25    **INTERROGATORY NO. 9:**

26    Please state all facts related to you assisting plaintiff in receiving treatment and supervision

27    for suicidal tendencies on 8/30/2017.

28    **RESPONSE TO INTERROGATORY NO. 9:**

4

Def. L. Garcia's Resp. Pl.'s First Set Interrogs. (2:19-cv-00458-DAD-DMC (PC))

1  Objection. This request is vague and overbroad because the phrase "all facts relating to you

2  assisting plaintiff in receiving treatment and supervision" is so broad in scope as to be incapable

3  of a response. Defendant further objects to the question as calling for psychological information

4  Defendant is not qualified to provide and calling for speculation as to confidential information

5  shared between Plaintiff and mental health providers Defendant would have no way of knowing.

6  **INTERROGATORY NO. 10:**

7  Please state all facts related to you assisting plaintiff in receiving treatment and supervision

8  for suicidal tendencies on 10/18/2017.

9  **RESPONSE TO INTERROGATORY NO. 10:**

10  Objection. This question is vague and overbroad because the phrase "all facts relating to

11  you assisting plaintiff in receiving treatment and supervision" is so broad in scope as to be

12  incapable of a response. Defendant further objects to the question seeks facts relating to third

13  parties, and it calls for speculation as to confidential information shared between Plaintiff and

14  mental health providers Defendant would have no way of knowing. Defendant further objects to

15  the question as calling for psychological information Defendant is not qualified to provide.

16  **INTERROGATORY NO. 11:**

17  Please identify the policy and procedures in the Mental Health Program Guide regarding a

18  EOP-inmate-patient diagnosed as a threat to self and others.

19  **RESPONSE TO INTERROGATORY NO. 11:**

20  Objection. There is no CDCR document known as the "Mental Health Program Guide."

21  Defendant further objects to the question as calling for a psychological opinion Defendant is not

22  qualified to provide.

23  **INTERROGATORY NO. 12:**

24  Please identify all interdisciplinary treatment team members on 8/30/2017.

25  **RESPONSE TO INTERROGATORY NO. 12:**

26  See Attachment A.

27  **INTERROGATORY NO. 13:**

28  Please identify all interdisciplinary treatment Team Members on 10/18/2017.

5

1   **RESPONSE TO INTERROGATORY NO. 13**:

2       See Attachment B.

3   **INTERROGATORY NO. 14**:

4       Please identify each and every medical employee that you notified, plaintiff presents an

5   immediate threat to the safety of self.

6   **RESPONSE TO INTERROGATORY NO. 14**:

7       Defendant does not recall whether she notified any such persons of this information.

8   **INTERROGATORY NO. 15**:

9       Please identify each and every mental health employee that you notified, plaintiff presents

10   an immediate threat to the safety of self.

11   **RESPONSE TO INTERROGATORY NO. 15**:

12       Defendant does not recall whether she notified any such persons of this information.

13   **INTERROGATORY NO. 16**:

14       Please state all facts that describe how California State Prison Solano-Administrative Unit

15   is therapeutic.

16   **RESPONSE TO INTERROGATORY NO. 16**:

17       Objection. The question is vague and overbroad and Defendant does not understand the

18   question. Defendant further objects to the question as calling for a psychological opinion

19   Defendant is not qualified to provide.

20   **INTERROGATORY NO. 17**:

21       Please explain the criteria for non disciplinary segregation.

22   **RESPONSE TO INTERROGATORY NO. 17**:

23       Objection. This question is vague and overbroad because the phrase "explain the criteria

24   for non disciplinary segregation" is vague and overbroad, and Defendant does not understand the

25   question. Without waiving the objection, Defendant refers Plaintiff to Cal. Code Reg. Title 15,

26   Division 3, Chapter 1, Subchapter 4, Article 7, *Segregated Housing*, sections 3335-3345.

27   **INTERROGATORY NO. 18**:

28       Please identify all board of psychology certifications, licenses you earned.

1   **RESPONSE TO INTERROGATORY NO. 18:**

2       None.

3   **INTERROGATORY NO. 19:**

4       Please identify the criteria for a Enhanced Out Patient to be place in Administrative

5   Segregation Unit for Disciplinary reasons

6   **RESPONSE TO INTERROGATORY NO. 19:**

7       Objection.  This question is vague and overbroad because the phrase "explain the criteria"

8   is vague and overbroad, and Defendant does not understand the question.  Without waiving the

9   objection, Defendant refers Plaintiff to Cal. Code Reg. Title 15, Division 3, Chapter 1,

10  Subchapter 4, *General Institution Regulations.*

11  **INTERROGATORY NO. 20:**

12      Please identify all board of medical license certifications you earned.

13  **RESPONSE TO INTERROGATORY NO. 20:**

14      None

15

16

17

18  Dated:  March 3, 2023                    Respectfully submitted,

19                                           ROB BONTA
                                             Attorney General of California
20                                           NEAH HUYNH
                                             Supervising Deputy Attorney General
21
22
23                                           ANDREW H. SMITH
                                             Deputy Attorney General
24                                           *Attorneys for Defendants A. Sherman, D.*
                                             *Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
25                                           *McQuaid, L. Garcia, M. Dernoncourt, M.*
                                             *McComas, R. Neuschmid, R. Douglas and S.*
26                                           *Kernan*

27

28

                                  7

1    SA2022301558
Garcia responses.docx

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. L. Garcia's Resp. Pl.'s First Set Interrogs.   (2:19-cv-00458-DAD-DMC (PC))

1

**VERIFICATION OF L. GARCIA**
**TO PLAINTIFF'S INTERROGATORIES (SET p1)**

2

3

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4

I, L. Garcia, declare under penalty of perjury that I have read Defendant L. Garcia's

5

Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of

6

my own knowledge, or on the basis of information available to me, and I believe all responses

7

based on such information to be true.

8

Executed this 3rd day of March, 2023

9

10

L. Garcia

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1   ROB BONTA, State Bar No. 202668
Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
Deputy Attorney General
4   600 West Broadway, Suite 1800
San Diego, CA 92101
5   P.O. Box 85266
San Diego, CA 92186-5266
6   ·Telephone: (619) 738-9411
E-mail: Andrew.Smith@doj.ca.gov
7   *Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
*McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. Neuschmid, R. Douglas, and S.*
8   *Kernan*

9

10

11                      IN THE UNITED STATES DISTRICT COURT

12                    FOR THE EASTERN DISTRICT OF CALIFORNIA

13                              SACRAMENTO DIVISION

14

15   DUPREE LAMONT ADKINS,                    Case No. 2:19-cv-00458-DAD-DMC (PC)

16                              Plaintiff,    **DEFENDANT L. GARCIA'S**
                                              **RESPONSES TO PLAINTIFF'S**
                                              **SECOND SET OF**
17                  v.                        **INTERROGATORIES**

18   ·KERNAN, et al.,

19
                                Defendants.
20

21

22   **PROPOUNDING PARTY:     PLAINTIFF DUPREE LAMONT ADKINS**

23   **RESPONDING PARTY:     DEFENDANT L. GARCIA**

24   **SET NO.:            TWO**

25                        **PRELIMINARY STATEMENT**

26        The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered fac

                                        1

1   or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2   accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3   interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4   reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5   as follows:

6

7   **INTERROGATORY NO. 1:**

8        Please state all ministerial acts you performed on 08/30/2017 at Institution Classification

9   Committee to insure Ms. Sherman clinician comments were recorded accurately at California

10  State prison solano during Institution Classification Committee.

11  **RESPONSE TO INTERROGATORY NO. 1:**

12       Objection.  This request is vague and unclear and Defendant does not understand the

13  question, specifically regarding the phrase "ministerial acts" in the context of this question.

14  **INTERROGATORY NO. 2:**

15       Please identify each and every person whom you are aware may have knowledge about Ms.

16  Sherman "Clinician Comments" at California State Prison Solano Institution Classification

17  Committee on 08/30/2017.

18  **RESPONSE TO INTERROGATORY NO. 2:**

19       Objection.  This question is vague, overbroad and unclear specifically regarding the phrase

20  "have knowledge about 'clinician comments.'"

21  **INTERROGATORY NO. 3:**

22       Please state all facts that relate to the ministerial Act's you performed on 10/18/2017 at

23  California State Prison Solano Institution Classification Committee to insure Ms. Sherman

24  clinician comments were recorded in accordance with California Department Corrections and

25  rehabilitation procedures.

26  **RESPONSE TO INTERROGATORY NO. 3:**

27       Objection.  This request is vague and unclear and Defendant does not understand the

28  question, specifically regarding the phrase "facts that relate to ministerial Act's."

2

1

2   **INTERROGATORY NO. 4:**

3      Please state did Ms. Sherman state the clinician comments on 08/30/17 during California

4   State Prison Solano Institution classification committee comments.

5   **RESPONSE TO INTERROGATORY NO. 4:**

6      Objection. This question is vague and unclear because no specific comments are identified

7   and the meaning of the word "state" is unclear as to whether the question asks if comments were

8   stated aloud or authored by Defendant Sherman. Without waiving the objections, to the extent

9   Plaintiff refers to the language contained in the "Clinician Comments" section of Classification

10  Review form regarding Plaintiff's presence at the hearing, such language is template language

11  automatically populated into the field.

12  **INTERROGATORY NO. 5:**

13     Please state did Ms. Sherman state the clinician comments on 10/18/17 during California

14  State Prison Solano Institution classification committee comments.

15  **RESPONSE TO INTERROGATORY NO. 5:**

16     Objection. This question is vague and unclear because no specific comments are identified

17  and the meaning of the word "state" is unclear as to whether the question asks if comments were

18  stated aloud or authored by Defendant Sherman. Without waiving the objections, to the extent

19  Plaintiff refers to the language contained in the "Clinician Comments" section of Classification

20  Review form regarding Plaintiff's presence at the hearing, such language is template language

21  pre-populated into the field.

22  **INTERROGATORY NOs. 6-18:**

23     Response: Objection. The interrogatories above exceed the limit of 25 total questions per

24  party authorized by Fed. R. Civ. P. 34.

25

26

27

28

3

1    Dated:  March 3, 2023

2

3

4

5

6

7

8

9

10

11    SA2022301558

12    Garcia second Rog responses.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ROB BONTA
Attorney General of California
NEAH HUYNH
Supervising Deputy Attorney General

ANDREW H. SMITH
Deputy Attorney General
*Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K. McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. Neuschmid, R. Douglas and S. Kernan*

4

EXHIBIT W

Defendant - Neuschmid
Responses To Plaintiff
Interrogatories

1   Rob Bonta, State Bar No. 202668
    Attorney General of California
2   Neah Huynh, State Bar No. 235377
    Supervising Deputy Attorney General
3   Andrew H. Smith, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 738-9411
    E-mail: Andrew.Smith@doj.ca.gov
7   *Attorneys for Defendants Sherman, Blackwell, Arnold, Blackwell, Dernancourt, Douglas,*
    *Garcia, Gastelo, Kernan, Lee, McComas, McQuaid, and Neuschmid*
8

9               IN THE UNITED STATES DISTRICT COURT

10              FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13

14  

    **DUPREE LAMONT ADKINS,**

15                                              Case No. 2:19-cv-00458-DAD-DMC (PC)

                                         Plaintiff,   **DEFENDANT R. NEUSCHMID'S**
16                                                    **RESPONSES TO PLAINTIFF'S FIRST**
                                                      **SET OF INTERROGATORIES**
17         v.

18  **S. KERNAN, et al.,**

19                                        Defendants.

20

21

22  **PROPOUNDING PARTY:      PLAINTIFF DUPREE LAMONT ADKINS**

23  **RESPONDING PARTY:       DEFENDANT R. NEUSCHMID**

24  **SET NO.:                ONE**

25                      **PRELIMINARY STATEMENT**

26          The information provided in these responses is true and correct, according to Defendant's

27  best knowledge at this time, but it is subject to future correction for omissions, errors, or

28  mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                        1
    _____

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4  reproduced exactly as drafted by Plaintiff.  Defendant responds as follows:

5

6  **INTERROGATORY NO. 1:**

7      On 11/02/2016 were you the "chairperson", for the public entity, California State Prison

8  Solano "Classification Committee ICC/ASU".

9  **RESPONSE TO INTERROGATORY NO. 1:**

10      Defendant has no recollection of the events described in this interrogatory.

11  **INTERROGATORY NO. 2:**

12      Om 11/04/2016 did, K. Moore, Title <u>CSR</u> issue Public entity California State Prison Solano

13  a Auditor Action.

14  **RESPONSE TO INTERROGATORY NO. 2:**

15      Objection. This interrogatory is vague and overbroad and Defendant does not understand

16  the question.

17  **INTERROGATORY NO. 3:**

18      On 11/23/2016 did public entity California State Prison Sacramento, issue committee

19  Action related to Public entity California State Prison Solano committee action of 11/9/16.

20  **RESPONSE TO INTERROGATORY NO. 3:**

21      Objection.  This interrogatory is vague and overbroad and Defendant does not understand

22  the question.

23  **INTERROGATORY NO. 4:**

24      Did the Reasonable Accommodation Panel (RAP) Response 1824 Log # CSP-S-17-02174,

25  on 9/20/2017, approved plaintiff request.

26  **RESPONSE TO INTERROGATORY NO. 4:**

27      Defendant has no recollection or knowledge concerning the events described in this

28  interrogatory.

**INTERROGATORY NO. 5:**

Please state all facts relating to your "Committee comments" dated 08/30/2017; "Plaintiff may be circumventing the safety and security of the institution.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 6:**

Please state all facts relating to your "Committee Comments" dated 08/30/2017; "ICC Still views Plaintiff as a threat to the safety and security of the institution.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant has no recollection of the events described in this interrogatory

**INTERROGATORY NO. 7:**

Please state all facts relating to your "Commit-tee Comments" dated 08/30/2017; "Plaintiff does not meet NDS criteria."

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 8:**

Please state all facts relating to your "Committee Comments" dated 08/30/2017; "Expedited transfer not required".

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 9:**

Please state all facts relating to your "commitee comments" dated 08/30/2017; "Plaintiff was mad "EOP" on 8/29/2017".

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant has no recollection of the events described in this interrogatory.

**INTERROGATORY NO. 10:**

Please state all facts relating to your "Committee Comments" dated 08/30/2017; "Expedited transfer not required", that you have communications with regarding medical pesonnel.

1   **RESPONSE TO INTERROGATORY NO. 10**:

2   Objection. Interrogatory 2 is vague and overbroad and Defendant does not understand the

3   question.

4   **INTERROGATORY NO. 11**:

5   Please identify each and every mental health employee that you notified relating to your

6   "Committee Comments" dated: 08/30/2017 "Expedited transfer not required".

7   **RESPONSE TO INTERROGATORY NO. 11**:

8   I would not have personally notified any mental health employee.

9   **INTERROGATORY NO. 12**:

10   Please identify all documents or other physical evidence that you believe supports any of

11   the facts stated in your response to interrogatory No. 1:

12   **RESPONSE TO INTERROGATORY NO. 12**:

13   Defendant has no recollection of the events described in this interrogatory.

14   **INTERROGATORY NO. 13**:

15   Please identify all documents or other physical evidence that you believe supports any of

16   the facts stated in your response to interrogatory No. 2:

17   **RESPONSE TO INTERROGATORY NO. 13**:

18   Objection. Interrogatory 2 is vague and overbroad and Defendant does not understand the

19   question.

20   **INTERROGATORY NO. 14**:

21   Please identify all documents or other physical evidence that you believe supports any of

22   the facts stated in your response to interrogatory No. 3.

23   **RESPONSE TO INTERROGATORY NO. 14**:

24   Objection. Interrogatory 2 is vague and overbroad and Defendant does not understand the

25   question.

26   **INTERROGATORY NO. 15**:

27   Please identify all documents or other physical evidence that you believe supports any of

28   the facts stated in your response to interrogatory No. 4.

4

1    **RESPONSE TO INTERROGATORY NO. 15**:

2        Defendant has no recollection or knowledge concerning the events described in this

3    interrogatory.

4    **INTERROGATORY NO. 16**:

5        Please identify all documents or other physical evidence that you believe supports any of

6    the facts stated in your response to interrogatory No. 5.

7    **RESPONSE TO INTERROGATORY NO. 16**:

8        Defendant has no recollection or knowledge concerning the events described in this

9    interrogatory.

10    **INTERROGATORY NO. 17**:

11        Please identify all board of psychology certifications, licenses you earned.

12    **RESPONSE TO INTERROGATORY NO. 17**:

13        None

14    **INTERROGATORY NO. 18**:

15        Please identify all board of medical license certifications you earned

16    **RESPONSE TO INTERROGATORY NO. 18**:

17        None

18    Dated:  January 19, 2022                          Respectfully submitted,

19                                                      ROB BONTA
                                                        Attorney General of California
20                                                      NEAH HUYNH
                                                        Supervising Deputy Attorney General
21

22

23                                                      s/Andrew H. Smith

24

25                                                      ANDREW H. SMITH
                                                        Deputy Attorney General
26                                                      *Attorneys for Defendants Sherman,*
                                                        *Blackwell,. Arnold, Lee, Gastelo, McQuaid,*
27                                                      *Garcia, Dernoncourt, McComas, Neuschmid,*
                                                        *Douglas and Kernan*
28

5

Def. R. Neuschmid's Resp. Pl.'s First Set Interrogs.  (2:19-cv-00458-DAD-DMC (PC))

EXHIBIT - X

Remedies Compliance Coordinator

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS AND REHABILITATION
**REQUEST TO IMPLEMENT REMEDIES**
CDCR 602-3 (Rev. 01/22)                                                                              Page 1 of 1

| **STAFF USE ONLY** | **OGT Log No:** 000000564130 | **Date Received:** _____ |
|---|---|---|
| | **Remedy Confirmed:** _____ | **Remedy Unconfirmed:** _____ |
| | **Screen Out:** _____ **Status Letter:** _____ | **Resolved:** _____ |

**Claimant Name:** ADKINS, DUPREE LAMONT           **CDCR #:** _____ K50645 _____

**Institution/Parole Region:** _____ **Current Housing/Parole Unit:** _____

_Use this form to ask for a remedy that was granted but is overdue._
Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**Grievance or Appeal Log No:** _____ 000000564130 _____

**Claim No:** _____

**Date of Decision:** _____

**Description of Remedy:** _____

_____

---

> **This form shall be submitted by mail to:**
> Remedies Compliance Coordinator
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**
The Remedies Compliance Program is only intended to resolve delays in the implementation of a remedy previously granted by the Office of Grievances or the Office of Appeals; it is not intended for new issues, to seek additional remedies, or to dispute the remedy provided.

When reviewing this request, the Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances but will not consider any new documentation. Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will <u>not</u> be returned to you.**

**Claimant Signature:** _Dupree L. Adkins_ _____          **Date Signed:** _7-15-2024_ _____

_ADA Accessible_

# EXHIBIT–Y

Defendant R. DOUGLAS
Responses To PLAINTIFF'S First
Set OF Interrogatories

ROB BONTA, State Bar No. 202668
Attorney General of California
NEAH HUYNH, State Bar No. 235377
Supervising Deputy Attorney General
ANDREW H. SMITH, State Bar No. 316344
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
 Telephone: (619) 738-9411
 E-mail: Andrew.Smith@doj.ca.gov
*Attorneys for Defendants Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia, Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>                                            Plaintiff,<br><br>v.<br><br>KERNAN, et al. ,<br><br>                                            Defendants. | Case No. 2:19-cv-00458-DAD-DMC (PC)<br><br>**DEFENDANT R. DOUGLAS'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**    **PLAINTIFF DUPREE LAMONT ADKINS**

**RESPONDING PARTY:**    **DEFENDANT R. DOUGLAS**

**SET NO.:**    **ONE**

**PRELIMINARY STATEMENT**

The information provided in these responses is true and correct, according to Defendant's

best knowledge at this time, but it is subject to future correction for omissions, errors, or

mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

1

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

4  reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

5  as follows:

6

7  **INTERROGATORY NO. 1:**

8      Please state all facts relating to your Administrative Segregation Unit Placement Notice

9  Date of 10/11/17, that Plaintiff presents an Immediate Threat to the safety of self or other-rs.

10 **RESPONSE TO INTERROGATORY NO. 1:**

11     Plaintiff was so deemed by virtue of being an inmate on an out-to-court status.  Defendant

12 refers Plaintiff to the Administrative Segregation Unit Placement Notice, attached as Attachment

13 1.

14 **INTERROGATORY NO. 2:**

15     Please state all facts relating to your Administrative Segregation Unit Placement Notice

16 Date of 10/11/17, that Plaintiff endangers institute-ion security.

17 **RESPONSE TO INTERROGATORY NO. 2:**

18     Plaintiff was so deemed by virtue of being an inmate on an out-to-court status.  Defendant

19 refers Plaintiff to the Administrative Segregation Unit Placement Notice, attached as Attachment

20 1.

21 **INTERROGATORY NO. 3:**

22     Please identify each and every medical employee that you notified, Plaintiff Presents an

23 immedia-te threat to safety of self.

24 **RESPONSE TO INTERROGATORY NO. 3:**

25     Defendant has not recollection of the events described in this interrogatory and therefore is

26 without sufficient knowledge or information to respond to it.

27 **INTERROGATORY NO. 4:**

28

2

1   Please identify each and every mental health employee that you notified, plaintiff presents

2   An immedia-te threat to the safety of self.

3   **RESPONSE TO INTERROGATORY NO. 4:**

4   Defendant has no recollection of the events described in this interrogatory and therefore is

5   without sufficient knowledge or information to respond to it.

6   **INTERROGATORY NO. 5:**

7   Please state all facts relating to your Administrative segregation Unit Placement Notice

8   Date of 10/11/17, that Plaintiff is not a participant in the Mental Health Services Delivery System

9   at any level of care.

10   **RESPONSE TO INTERROGATORY NO. 5:**

11   Defendant has no recollection of the events described in this interrogatory and therefore is

12   without sufficient knowledge or information to respond to it.

13   **INTERROGATORY NO. 5:**

14   Please identify each and every person whom you have had communicates with, written or

15   oral, about your Administrative Segregation Unit Placement Notice, to Place Plaintiff in

16   Administrative Segregation Unity on 10/11/17.

17   **RESPONSE TO INTERROGATORY NO. 5:**

18   Defendant has no recollection of the events described in this interrogatory and therefore is

19   without sufficient knowledge or information to respond to it.

20   **INTERROGATORY NO. 6:**

21   Please identify each and every person whom you have had communications with, written or

22   oral about Plaintiff; A review of SOMS revealed that you are not a partipant in the Mental Health

23   Services Delivery System at any level of care.

24   **RESPONSE TO INTERROGATORY NO. 6:**

25   Defendant has no recollection of the events described in this interrogatory and therefore is

26   without sufficient knowledge or information to respond to it.

27   **INTERROGATORY NO. 7:**

28

3

1    Please identify all documents or other physical evidence that you believe supports any of

2    the facts stated in your response to interrogatory NO.1.

3    **RESPONSE TO INTERROGATORY NO. 7:**

4    Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

5    Attached as Attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

6    proceedings that were the cause of his out-to-court placement and CDCR Title 15, § 3335,

7    Administrative Segregation.   Defendant is not currently aware of any other documentation.

8    **INTERROGATORY NO. 8:**

9    Please identify all documents or other physical evidence that you believe supports any of the facts

10   stated in your response to interrogatory NO. 2.

11   **RESPONSE TO INTERROGATORY NO. 8:**

12   Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

13   Attached as Attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

14   proceedings that were the cause of his out-to-court placement and CDCR Title 15, § 3335,

15   Administrative Segregation.   Defendant is not currently aware of any other documentation.

16   **INTERROGATORY NO. 9:**

17   Please identify all documents or other physical evidence that you belive supports any of the

18   facts stated in your response to interrogatory NO. 3.

19   **RESPONSE TO INTERROGATORY NO. 9:**

20   Defendant refers Plaintiff to the Administrative Segregation Unit Placement Notice,

21   Attached as Attachment 1, the order(s) and court documents requiring Plaintiff to appear for court

22   proceedings that were the cause of his out-to-court placement and CDCR Title 15, § 3335,

23   Administrative Segregation.   Defendant is not currently aware of any other documentation.

24   **INTERROGATORY NO. 10:**

25   Please state all facts relating to, time period of 11/24/2016 to 10/10/17, whether you served

26   a administrative Segregation Unit Placement notice on plaintiff.

27   **RESPONSE TO INTERROGATORY NO. 10:**

28

4

1  Defendant has no recollection of the events described in this interrogatory and therefore is

2  without sufficient knowledge or information to respond to it.

3  **INTERROGATORY NO. 11**:

4  Please state all facts relating to the CDEC-7219 dated 10/11/17, Medical Report of injury or

5  unusual occurance, reflects clearance for you to place plainfiff in non "EOP" level of care.

6  **RESPONSE TO INTERROGATORY NO. 11**:

7  Objection. This request is vague and overbroad and Defendant does not understand the

8  question. Without waiving the foregoing objections, Defendant assumes or believes Plaintiff

9  received EOP treatment while housed at CSP Solano.

10  **INTERROGATORY NO. 12**:

11  Please identify all board of psychology certifications, licenses you earned.

12  **RESPONSE TO INTERROGATORY NO. 12**:

13  None.

14  **INTERROGATORY NO. 13**:

15  Please identify all board of medical license, certification you earned.

16  **RESPONSE TO INTERROGATORY NO. 13**:

17  None.

18  Dated: January 11, 2023                     Respectfully submitted,

19                                              ROB BONTA
                                                Attorney General of California
20                                              NEAH HUYNH
                                                Supervising Deputy Attorney General
21

22                                              *Andrew H. Smith*

23                                              ANDREW H. SMITH
                                                Deputy Attorney General
24                                              *Attorneys for Defendants Sherman,*
                                                *Blackwell, Arnold, Lee, Gastelo, McQuaid,*
25                                              *Garcia, Dernoncourt, McComas, Neuschmid,*
                                                *Douglas and Kernan*

26

27  SA2022301558

28

5

Def. R. Douglas's Resp. Pl.'s First Set Interrogs. (2:19-cv-00458-DAD-DMC (PC))

1

**VERIFICATION OF R. DOUGLAS
TO PLAINTIFF'S INTERROGATORIES (SET1)**

2

3

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4

5

    I, R. Douglas, declare under penalty of perjury that I have read Defendant R. Douglas's

6

Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of

7

my own knowledge, or on the basis of information available to me, and I believe all responses

based on such information to be true.

8

    Executed this 4 day of JANUARY , 2023 .

9

10

_____
R. Douglas

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# Douglas

# Attachment 1



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

*CCCMS*
*10-129L*
*7.4*

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>SOL Central Service | INMATE'S NAME<br>ADKINS, DUPREE L. | CDC NUMBER<br>K50645 |
|---|---|---|

### REASON(S) FOR PLACEMENT (PART A)

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY    ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On Wednesday, October 11, 2017, you, Inmate Adkins (K-50645), are being housed in Administrative Segregation Unit (ASU), as you are not endorsed to CSP-Solano. Specifically, on this date, you arrived at CSP-Solano, via transport from CTF-Soledad, not endorsed to CSP-Solano, for an Out to Court to Solano County; therefore, you cannot be housed here with the CSP-Solano General Population (GP).

Based on this information, you are deemed a threat to the safety and security of this institution, its staff and inmates. You will remain in ASU pending completion of you transportation back to CTF-Soledad or after a thorough review into your proper endorsement/classification. If you are not transferred in a timely manner, you could be seen by Institutional Classification Committee (ICC), who will assess your program/housing needs.

As a result of this placement, your credit earnings, custody level, privilege group and visiting status are all subject to change. The attached CDCR-7219, Medical Report of Injury or Unusual Occurrence, reflects clearance for placement in ASU. Per CCR title 15, your custody level will increase to MAXIMUM to facilitate this move. A review of SOMS revealed that you are not a participant in the Mental Health Services Delivery System at any level of care. Additionally, you have a T.A.B.E. score is (7.4).

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU<br>PLACEMENT<br>10/11/2017 | SEGREGATION AUTHORITY'S PRINTED<br>NAME<br>Russell Douglas | SIGNATURE<br>R. Douglas | TITLE<br>Lieutenant |
|---|---|---|---|

| DATE NOTICE<br>SERVED<br>10/11/17 | TIME<br>SERVED<br>1930 | PRINTED NAME OF STAFF SERVING<br>ASU PLACEMENT NOTICE<br>R. Douglas | SIGNATURE | STAFF'S<br>TITLE<br>Lt. |
|---|---|---|---|---|

| ☒ INMATE REFUSED TO SIGN | INMATE SIGNATURE | CDC NUMBER<br>K50645 |
|---|---|---|

You were identified with a disability of:
☐ Hearing ☐ Vision ☐ Speech ☐ Learning Disability ☐ TABE under 4.0 / no TABE ☐ Developmental Disability ☐ CCCMS ☒ EOP

☐ Foreign Language Speaking

Method:
☒ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☒ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☐ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☒ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☒ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☒ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☐ Other .

Provider
Name:      Title/  T.  R.  Douglas

---

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the administrative review by Captain or higher on the first working day following placement

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| IS THIS INMATE: | | | | | |
| LITERATE? | ☐ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS | ☐ YES | ☒ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☒ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | INMATE DECLINED ANY IE | ☐ YES | ☒ NO |
| FREE OF MHSDS NEEDS? | ☐ YES | ☒ NO | DECLINED FIRST IE ASSIGNED | ☐ YES | |
| DECLINED FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |
| Any "NO" requires SA assignment | ☐ NOT ASSIGNED | | Any "NO" may require IE assignment | ☒ NOT ASSIGNED | |

---

| STAFF ASSISTANT'S NAME *assigned castworker* | TITLE CCI | INVESTIGATIVE EMPLOYEE'S NAME n/A | TITLE n/A |

**INMATE WAIVERS**

- [x] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
- [ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER
- [ ] NO WITNESSES REQUESTED BY INMATE

*I/m refused to respond during 114D review.*

| INMATE SIGNATURE | CDC NUMBER K50645 | DATE |

**WITNESS REQUESTED FOR ICC HEARING**

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION**

- [ ] RELEASE TO UNIT/FACILITY
- [x] RETAIN PENDING ICC REVIEW
- [x] DOUBLE CELL
- [x] SINGLE CELL PENDING ICC

non-nds s/c

Retain pnding OTC/return

REASON FOR DECISION: *I/m refused to respond/participate in this review.*

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE | TIME |
|---|---|---|---|---|
| M. Dernoncourt | Capt | _(signature)_ | 11/2/17 | 1541 |

You were identified with a disability of:
- [ ] Hearing [ ] Vision [ ] Speech [ ] Learning Disability [ ] TABE under 4.0 / no TABE [ ] Developmental Disability [x] CCCMS [ ] EOP
- [ ] Foreign Language Speaking

Method
- [ ] ADKINS, DUPREE LAMONT reiterated in his own words, what was explained
- [ ] ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked
- [ ] ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided
- [ ] ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used
- [ ] Other

Assistance Provided
- [ ] Use of Full Page Magnifier
- [ ] Read-aloud Documents to ADKINS, DUPREE LAMONT
- [ ] Sign Language Interpreter
- [ ] Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☐ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☒ Other    I|m refused to respond / participate
           in the hearing.

Provider

Name:    Title:

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary - same date of review) | CO-SIGNATURE | DATE OF REVIEW |
|---|---|---|
| | | |

CDCR SOMS ISST180 – Administrative Segregation Unit Placement Notice

EXHIBIT I

Defendant J. Lee Responses
To Plaintiff's First Set of Interrogatories

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
    Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6    Telephone: (619) 738-9411
     E-mail: Andrew.Smith@doj.ca.gov
7   *Attorneys for Defendants Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia,*
    *Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*

8

9

10                  IN THE UNITED STATES DISTRICT COURT

11                 FOR THE EASTERN DISTRICT OF CALIFORNIA

12                        SACRAMENTO DIVISION

13

| | |
|---|---|
| **DUPREE LAMONT ADKINS,** | Case No. 2:19-cv-00458-DAD-DMC (PC) |
| Plaintiff, | **DEFENDANT J. LEE'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| **KERNAN, et al. ,** | |
| Defendants. | |

20   **PROPOUNDING PARTY:      PLAINTIFF DUPREE LAMONT ADKINS**

21   **RESPONDING PARTY:      DEFENDANT J. LEE**

22   **SET NO.:               ONE**

23                      **PRELIMINARY STATEMENT**

24        The information provided in these responses is true and correct, according to Defendant's

25   best knowledge at this time, but it is subject to future correction for omissions, errors, or

26   mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

27   or interpretations thereof, and to amend, modify, or otherwise change the responses, in

28

                                1

1   accordance with applicable discovery rules.  Defendant makes this response to Plaintiff's

2   interrogatories in accordance with Federal Rule of Civil Procedure 33.  The interrogatories are

3   reproduced exactly as drafted by Plaintiff.  Without waiving any objections, Defendant responds

4   as follows:

5   **INTERROGATORY NO. 1**:

6       Please state all facts relating to your Administrative Segregation Unit Placement notice

7   Date of 02/01/2018, that Plaintiff presents An Immediate Threat to the safety of self.

8   **RESPONSE TO INTERROGATORY NO.  1**:

9       On 02/01/2018 Plaintiff arrived at CSP Solano from CTF Soledad for an out to court

10  proceeding in Solano County. Plaintiff was not then currently endorsed at CSP Solano therefore

11  he was retained in ASU pending administrative review by ICC for appropriate housing and

12  program needs.

13  **INTERROGATORY NO. 2**:

14      Please state all facts relating to your Administrative Segregation Unit Placement Notice

15  Date 02/01/2018 that plaintiff Endangers Institution Security

16  **RESPONSE TO INTERROGATORY NO.  2**:

17      On 02/01/2018 Plaintiff arrived at CSP Solano from CTF Soledad for an out to court

18  proceeding in Solano County. Plaintiff was not then currently endorsed at CSP Solano therefore

19  he was retained in ASU pending administrative review by ICC for appropriate housing and

20  program needs.

21  **INTERROGATORY NO. 3**:

22      Please state all facts relating to the CDC-7219 date 02/01/2018, Medical Report of injury or

23  unusual occurrence, reflects clearance for you to Place plaintiff in NON, EOP level of care.

24  **RESPONSE TO INTERROGATORY NO. 3**:

25      Plaintiff was a participant in the mental health service delivery system at the EOP level of

26  care.

27  / / /

28  / / /

2

**INTERROGATORY NO. 4:**

Please identify each and every medical employee that you notified, Plaintiff presents an immediate threat to the safety of self.

**RESPONSE TO INTERROGATORY NO. 4:**

None.

**INTERROGATORY NO. 5:**

Please identify each and every mental health employee that you notified, plaintiff presents An immediate threat to the safety of self.

**RESPONSE TO INTERROGATORY NO. 5:**

None.

**INTERROGATORY NO. 6:**

Please identify each and every person whom you have had communications with, written or oral, about your Administrative Segregaiton Unit Placement Notice, date 02/01/2018 to Place Plaintiff in Administrative Segregation Unit.

**RESPONSE TO INTERROGATORY NO. 6:**

None, other than Plaintiff.

**INTERROGATORY NO. 7:**

Pelase identify all documents or other physical evidence that you believe supports any of the facts stated in your response to interrogatory NO. 1.

**RESPONSE TO INTERROGATORY NO. 7:**

The 114-A1, 114-D ASU Placement Notice and the 7219 Medical Report.

**INTERROGATORY NO. 8:**

Please identify all documents or other physical evidence that you believe suppors any of the facts state in your response to interrogatory NO. 2.

**RESPONSE TO INTERROGATORY NO. 8:**

The 114-A1, 114-D ASU Placement Notice and the 7219 Medical Report.

/ / /

/ / /

3

1  **INTERROGATORY NO. 9**:

2      Please identify all documents or other physical evidence that you believe supports any of

3  the facts stated in your response to interrogatory NO. 3.

4  **RESPONSE TO INTERROGATORY NO. 9**:

5      The 114-A1, 114-D ASU Placement Notice and the 7219 Medical Report.

6  **INTERROGATORY NO. 10**:

7      Pelase state all facts relating to, time period of 11/24/2016 to 02/01/2018 whether you

8  served a Administrative Segregation Unit Placement Notice on Plaintiff.

9  **RESPONSE TO INTERROGATORY NO. 10**:

10     On 02/01/2018 I served Plaintiff with ASU placement due to his non-endorsement to CSP

11  Solano.

12  **INTERROGATORY NO. 11**:

13     Please Idenitfy all board of psychology certificaitons, licenses you earned.

14  **RESPONSE TO INTERROGATORY NO. 11**:

15     None.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23   / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4

1  **INTERROGATORY NO. 12:**

2    Please identify all board of medical license certifications you earned.

3  **RESPONSE TO INTERROGATORY NO. 12:**

4    None.

5

6  Dated:  January 26, 2023

7

Respectfully submitted,

ROB BONTA
Attorney General of California NEAH
8
HUYNH
Supervising Deputy Attorney General

9

10

11

ANDREW H. SMITH
Deputy Attorney General
12
*Attorneys for Defendants Sherman,*
*Blackwell, Arnold, Lee, Gastelo, McQuaid,*
13
*Garcia, Dernoncourt, McComas, Neuschmid,*
*Douglas and Kernan*
14

15

16

17

18  SA2022301558

19

20

21

22

23

24

25

26

27

28

5

7. 10-127 L
EOP



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE

| INSTITUTION NAME<br>SOL-Central Service | INMATE'S NAME<br>ADKINS, DUPREE L. | CDC NUMBER<br>K50645 |
|---|---|---|

## REASON(S) FOR PLACEMENT *(PART A)*

☑ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

☐ JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☑ ENDANGERS INSTITUTION SECURITY     ☐ RETAINED IN ASU AS NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:
On February 1, 2018, at about 1500 hours, you Inmate Adkins, (K-50645), are being housed in the CSP-Solano - Administrative Segregation Unit (ASU). Specifically, on this date you arrived at CSP-Solano from CTF Schedule "B," for scheduled out to court (OTC) proceedings in Solano County on February 8, 2018. A review of SOMS/ERMS was completed and revealed that you are not currently endorsed to CSP-Solano. Based on the aforementioned, you are deemed a threat to the safety and security of the institution, its staff and inmates. You will be retained in ASU pending administrative review by ICC for appropriate housing/program needs. Per Title 15 section 3272, your custody level is being increased to Maximum to facilitate this move. As a result of this placement, your credit earnings, custody level, privilege group and visiting status is subject to change, and your case may be reviewed for potential adverse transfer. The attached CDCR 7219 (Medical Report) reflects medical clearance for placement in Administrative Segregation. You are a participant in the Mental Health Services Delivery System at the EOP level of care. You are not in the Developmental Disability Program (DDP) or the Disability Placement Program (DPP). To ensure Equally Effective Communication, the subject was read and informed of the charges by reading the document, speaking slowly in simple English. Subject was asked if he was in need of any assistive devices and stated no. TABE score noted as 7.4.

☐ IF CONFIDENTIAL INFORMATION USED, DATE INFORMATION DISCLOSED:

| DATE OF ASU PLACEMENT<br>02/01/2018 | SEGREGATION AUTHORITY'S PRINTED NAME<br>J. Lee | SIGNATURE<br>J. Lee | TITLE<br>lt |
|---|---|---|---|

| DATE NOTICE<br>SERVED<br>02/01/2018 | TIME<br>SERVED<br>14:30:00 | PRINTED NAME OF STAFF SERVING<br>ASU PLACEMENT NOTICE<br>*J. Lee* | SIGNATURE | STAFF'S<br>TITLE<br>lt |
|---|---|---|---|---|

| ☑ INMATE REFUSED TO SIGN | | INMATE SIGNATURE | CDC NUMBER<br>K50645 |
|---|---|---|---|

You were identified with a disability of:
☐ Hearing ☐ Vision ☐ Speech ☐ Learning Disability ☐ TABE under 4.0 / no TABE ☐ Developmental Disability ☐ CCCMS ☑ EOP
☐ Foreign Language Speaking

Method
☑ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☑ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☑ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☑ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☐ Other

Provider

Name: J. Lee   Title: Lt

---

## ADMINISTRATIVE REVIEW *(PART B)*
The following to be completed during the administrative review by Captain or higher on the first working day following placement

*I/m refused to participate in 114D hearing*

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | | |
|---|---|---|---|---|---|
| IS THIS INMATE: | | | | | |
| LITERATE? | ☐ YES | ☐ NO | ASU IS FOR DISCIPLINARY REASONS | ☐ YES | ☐ NO |
| FLUENT IN ENGLISH? | ☐ YES | ☐ NO | EVIDENCE COLLECTION BY IE IS UNNECESSARY | ☐ YES | ☐ NO |
| ABLE TO COMPREHEND ISSUES? | ☐ YES | ☐ NO | INMATE DECLINED ANY IE | ☐ YES | ☐ NO |
| FREE OF MHSDS NEEDS? | ☐ YES | ☐ NO | DECLINED FIRST IE ASSIGNED | ☐ YES | |
| DECLINED FIRST STAFF ASSISTANT ASSIGNED? | ☐ YES | | | | |
| Any "NO" requires SA assignment | ☐ NOT ASSIGNED | | Any "NO" may require IE assignment | ☐ NOT ASSIGNED | |
| STAFF ASSISTANT'S NAME | TITLE | | INVESTIGATIVE EMPLOYEE'S NAME | TITLE | |

**INMATE WAIVERS**

☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER

☐ NO WITNESSES REQUESTED BY INMATE

| INMATE SIGNATURE | CDC NUMBER K50645 | DATE |
|---|---|---|
| | | |

| WITNESS REQUESTED FOR ICC HEARING | | | |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

**DECISION**

☐ RELEASE TO UNIT/FACILITY

☒ RETAIN PENDING ICC REVIEW

☐ DOUBLE CELL

☒ SINGLE CELL PENDING ICC

*Retain pnding OTC + return*

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | ADMINISTRATIVE REVIEWER'S SIGNATURE | REVIEW DATE | TIME |
|---|---|---|---|---|
| M. Dernoncourt | capt | Dernoncourt | 2/2/18 | 1209 |

You were identified with a disability of:
☐ Hearing ☐ Vision ☐ Speech ☐ Learning Disability ☐ TABE under 4.0 / no TABE ☐ Developmental Disability ☐ CCCMS ☐ EOP
☐ Foreign Language Speaking

Method
☐ ADKINS, DUPREE LAMONT reiterated in his own words, what was explained

☐ ADKINS, DUPREE LAMONT provided appropriate, substantive responses to questions asked

☐ ADKINS, DUPREE LAMONT asked appropriate questions regarding the information provided

☐ ADKINS, DUPREE LAMONT did not appear to understand the communication, even though the primary method of communication was used

☐ Other

Assistance Provided
☐ Use of Full Page Magnifier

☐ Read aloud Documents to ADKINS, DUPREE LAMONT

☐ Sign Language Interpreter

☐ Lip Reading (spoke facing the inmate)

☐ Written Notes

☐ Language Interpreter

☐ Simple English spoken slowly and clearly

☐ ADKINS, DUPREE LAMONT was wearing his/her hearing aid(s)

☐ ADKINS, DUPREE LAMONT stated he did not need any assistance for Effective Communication

☐ Gave additional time

☐ Rephrased sentence

☐ Other

<u>Provider</u>

Name:     Title:

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (If necessary - same date of review) | CO-SIGNATURE | DATE OF REVIEW |
|---|---|---|
| | | |

CDCR SOMS ISST180 - Administrative Segregation Unit Placement Notice

## VERIFICATION OF J. LEE
## TO PLAINTIFF'S INTERROGATORIES (SET1)

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

I, J. Lee, declare under penalty of perjury that I have read Defendant J. Lee's Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of my own knowledge, or on the basis of information available to me, and I believe all responses based on such information to be true.

Executed this 7th day of January, 2023.

_____
J. Lee

6

Def. J. Lee's Resp. Pl.'s First Set Interrogs.   (2:19-cv-00458-DAD-DMC (PC))

EXHIBIT-AA

Defendant Dernoncourt
Responses To PlainTiff
Interrogatories

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
   Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
   Deputy Attorney General
4  600 West Broadway, Suite 1800
   San Diego, CA 92101
5  P.O. Box 85266
   San Diego, CA 92186-5266
6   Telephone:  (619) 738-9411
    E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants Sherman, Blackwell, Arnold, Lee, Gastelo, McQuaid, Garcia,*
   *Dernoncourt, McComas, Neuschmid, Douglas, and Kernan*
8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11                          SACRAMENTO DIVISION

12

13

14  |                          |                          |
    DUPREE LAMONT ADKINS,        Case No. 2:19-cv-00458-DAD-DMC (PC)

15                               **DEFENDANT M. DERNONCOURT'S**
                 Plaintiff,      **RESPONSES TO PLAINTIFF'S FIRST**
16                               **SET OF INTERROGATORIES**

17          v.

18  **S. KERNAN, et al. ,**

19                 Defendants.

20

21

22  **PROPOUNDING PARTY:     PLAINTIFF DUPREE LAMONT ADKINS**

23  **RESPONDING PARTY:      DEFENDANT M. DERNONCOURT**

24  **SET NO.:               ONE**

25                       **PRELIMINARY STATEMENT**

26      The information provided in these responses is true and correct, according to Defendant's

27  best knowledge at this time, but it is subject to future correction for omissions, errors, or

28  mistakes.  Defendant reserves the right to produce evidence of any subsequently discovered facts

                                   1

or interpretations thereof, and to amend, modify, or otherwise change the responses, in accordance with applicable discovery rules. Defendant makes this response to Plaintiff's interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are reproduced exactly as drafted by Plaintiff. Without waiving any objections, Defendant responds as follows:

**INTERROGATORY NO. 1**:

Please state all facts relating to your 1140 Administrative Review (Part B) that Plaintiff "refused to respond during 1140 review" date 10-12 17.

**RESPONSE TO INTERROGATORY NO. 1**:

Plaintiff refused to answer my questions or otherwise respond to me during this encounter. This refusal to participate was documented in the Administrative Segregation Placement Notice.

**INTERROGATORY NO. 2**:

Please state all facts relating to you Administrative review (Part B) date 10/12/17 "Plaintiff refused to respond/participate in this review.

**RESPONSE TO INTERROGATORY NO. 2**:

See response to Interrogatory 1.

**INTERROGATORY NO. 3**:

Please state all facts relating to the CDCR Mental Health program guide that authorizes you to retain plaintiff in non"EOP" level of care at CSP-Solano. Date 10-12-17 and 2/2/18

**RESPONSE TO INTERROGATORY NO. 3**:

Objection. This interrogatory is vague and ambiguous as it is unclear as what "facts relating to the CDCR Mental Health program guide" means in the context of this question and incorrectly assumes that I was responsible for Plaintiff's mental health designation.

**INTERROGATORY NO. 4**:

Please identify each and every medical employee that you notified, Plaintiff presents an immediate threat to the safety of self date 10/12/17 and 2/2/18

**RESPONSE TO INTERROGATORY NO. 4**:

2

1    None.

2    **INTERROGATORY NO. 5**:

3    Please state all facts relating to your 1140 Admistrative Review (Part B) date: 10/12/17 and

4    2/2/18 that Plaintiff disability of CCCMS level of care.

5    **RESPONSE TO INTERROGATORY NO. 5**:

6    Plaintiff arrived at CSP Solano from CTF Soledad for an out to court proceeding in Solano

7    County as he was pending charges for Conspire to Introduce Controlled Substances into

8    California State Prison Solano. Plaintiff was not then currently endorsed at CSP Solano therefore

9    he was retained in ASU pending administrative review by ICC for appropriate housing and

10   program needs.  Plaintiff refused to participate in the administrative review hearing.  Plaintiff's

11   was listed at the CCCMS Mental Health Services Delivery System at the time of my review.

12   **INTERROGATORY NO. 6**:

13   Please identify each and every mental health employee that you notified plaintiff presents

14   An immediate threat to the safety of self. [1]

15   **RESPONSE TO INTERROGATORY NO. 6**:

16   None.

17   **INTERROGATORY NO. 7**:

18   Please identify each and every person whom you have had communications with, writted or

19   oral, about your 114 D Administrative Review (Part B) dated 10/12/17 and 2/2/18

20   **RESPONSE TO INTERROGATORY NO. 7**:

21   I submitted this documentation to the mailbox of the Administrative Segregation Unit,

22   where unknown member(s) of the counseling staff would have obtained it.

23   **INTERROGATORY NO. 8**:

24   Please identify all documents or other physical evidence that you believe supports any of

25   the fact stated in your response to Interrogatory No. 1:

26   **RESPONSE TO INTERROGATORY NO. 8**:

27   The Administrative Segregation Placement Notice dated October 11, 2017, which has been

28   previously produced as AGO DISC 000005-000008.

3

1    **INTERROGATORY NO. 10:**

2    Please identify all documents or other physic-al evidence that you believe supports any of

3    the facts stated in your response to interrogatory NO. 2.

4    **RESPONSE TO INTERROGATORY NO. 10:**

5    See response to Interrogatory No. 8.

6    **INTERROGATORY NO. 11:**

7    Please identify all documents or other physical evidence that you believe supports any of

8    the facts in your resposen to interrogatory NO. 3:

9    **RESPONSE TO INTERROGATORY NO. 11:**

10    See response to Interrogatory No. 3.

11    **INTERROGATORY NO. 12:**

12    Please state all facts realting to, time period of 11/24/2016 to 2/2/18, whether you served a

13    Administrative Review (Part B) 114 D Notice on Plaintiff.

14    **RESPONSE TO INTERROGATORY NO. 12:**

15    Objection.  The interrogatory is vague and unclear in that the phrase "Please state all facts

16    realting to time period of 11/24/16 to 2/2/18" is so overbroad and it is unclear what information is

17    being sought.

18    **INTERROGATORY NO. 13:**

19    Please state all facts relating to the CDC-72 19 dated 10/11/17 and 2/1/18, Medical Report

20    of injury or unusual occurrence, reflects Clearance for you to house plaintiff in CSR-Solano

21    "ASU". [1] Administrative Segregation unit

22    **RESPONSE TO INTERROGATORY NO. 13:**

23    Objection.  The interrogatory is vague and ambiguous.  It is unclear what the phrase "facts

24    relating to the CDC-72 19 dated 10/11/17 and 2/1/18, Medical Report of injury or unusual

25    occurrence reflects Clearance" means.

26    **INTERROGATORY NO. 14:**

27    Please identify all board of psychology certifycaitons, licenses you earned.

28    **RESPONSE TO INTERROGATORY NO. 14:**

4

1    None.

2    **INTERROGATORY NO. 15**:

3    Please identify all board of medical license, certificaitons you earned

4    **RESPONSE TO INTERROGATORY NO. 15:**

5    None.

6

7

8

9    Dated: January 19, 2023                    Respectfully submitted,

10                                              ROB BONTA
                                               Attorney General of California
11                                              NEAH HUYNH
                                               Supervising Deputy Attorney General
12

13

14                                              s/ANDREW H. SMITH

15

16                                              ANDREW H. SMITH
                                               Deputy Attorney General
17                                              *Attorneys for Defendants Sherman,*
                                               *Blackwell, Arnold, Lee, Gastelo, McQuaid,*
18                                              *Garcia, Dernoncourt, McComas, Neuschmid,*
                                               *Douglas and Kernan*
19

20

21    SA2022301558
     83735958.docx
22

23

24

25

26

27

28

5

Def. M. Dernoncourt's Resp. Pl.'s First Set Interrogs.   (2:19-cv-00458-DAD-DMC (PC))

1                 **VERIFICATION OF M. DERNONCOURT**
               **TO PLAINTIFF'S INTERROGATORIES (SET 1)**

2

3               *Dupree Adkins (K50645) v. Kernan, et al.*
     USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4

5      I, M. Dernoncourt, declare under penalty of perjury that I have read Defendant M.

6 Dernoncourt's Responses to Plaintiff's First Set of Interrogatories and that the responses are true

7 and correct of my own knowledge, or on the basis of information available to me, and I believe

8 all responses based on such information to be true.

     Executed this 6th day of January , 20 23.

9

10                          *M. Dernoncourt*

11                            M. Dernoncourt

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. M. Dernoncourt's Resp. Pl.'s First Set Interrogs. (2:19-cv-00458-DAD-DMC (PC))

EXHIBIT-BB
Gastelo / Mc Quaid
Response

**DIVISION OF ADULT INTITUTIONS**
CALIFORNIA MEN'S COLONY
P.O. Box 8101
San Luis Obispo, CA 93409-8101

February 13, 2018

Inmate Adkins, Dupree
Facility D, 007-1-195001U
California State Prison, California Men's Colony

Inmate Adkins,

Your letter addressed to J. Gastelo, Warden of the California Men's Colony (CMC) State Prison, received on January 10, 2018 was forwarded to me for response.

Within your correspondence, you expressed concerns regarding transfer to Solano State Prison. You also request the R suffix be removed from your file.

Mr. Adkins, a review of your submitted letter along with a review of your Strategic Offender Management System (SOMS) electronic file reveals you are appropriately endorsed to CMC. Review of your file indicates you are transferred to Solano State Prison periodically for court proceedings. It is the discretion of the receiving institution as to whether you are placed into their Administrative Segregation Unit or into a General Population yard. Your file notes, during classification committee on October 31, 2017, the R suffix was removed from your classification file.

Mr. Adkins, in order to resolve any valid concerns regarding classification or current endorsements, you are encouraged to seek resolution through your assigned Correctional Counselor; however, if you desire administrative review of any departmental polices, decisions, actions, conditions or omissions that have a material adverse effect on your health, safety or welfare, you are encouraged to utilize the Inmate Appeal Process. Submitting your questions/concerns directly to the Warden circumvents the appeals process and may result in the delay of addressing your concerns and/or grievances.

K. MCQUAID
Associate Warden Level III Housing
California Men's Colony

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE |
|---|---|---|---|
| Adkins | Duffee L. | K50645 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ___ TO ___ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C.6317 | N/A | | Case No. 18HC-0038 |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
In accordance with due process rights under the Fourteenth Amendment; Wolf v. McDonnell (1974) 418 U.S. 539 [94 S. Ct. 2963; 41 L.Ed.2d 935]. During the time frame of late Jan-Feb 2017, CSP-Solano Warden ordered me unassigned from my cook position in D-Quad diner. What date exactly did he order this move?

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**

☑ SENT THROUGH MAIL: ADDRESSED TO: D-Quad Assignment Lieutenant    DATE MAILED: 6 /10 /2018
☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| R. Gomez | 6/10/18 | Rz | (CIRCLE ONE) YES NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| Lt. Cox 'm Assignment Lt. | 6/10/18 | (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| Julie Hechenberg | 6-14-18 | Hechenbur | 6-14-18 |

Attached is your work history. It shows date assigned / unassigned

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# WORK SUPERVISOR'S REPORT

| INMATE NAME | CDC# | FACILITY |
|---|---|---|
| ADKINS, DUPREE L. | K50645 | CMC-Facility D |

| SECTION NUMBER | SECTION LOCATION |
|---|---|
| 001 | FACILITY-D DINING ROOM |

| POSITION # | POSITION TITLE |
|---|---|
| DRW.001.001 | FAC-D DN RM LINEBACKER |

| ASSIGNED DATE | CURRENT PAY RATE |
|---|---|
| 02/21/2018 | $0.15 per hour |

Evaluation Date: 05/16/2018          Period Covered: 02/21/2018 to: 05/16/2018

Hours Assigned: 35          Hours Worked: 594.5

| GRADE | | GRADE | |
|---|---|---|---|
| 1 | A. DEMONSTRATED SKILL AND KNOWLEDGE | 1 | F. TEAMWORK AND PARTICIPATION |
| 1 | B. ATTITUDE TOWARD FELLOW INMATES AND WORKERS | 1 | G. LEARNING ABILITY |
| 1 | C. ATTITUDE TOWARD SUPERVISORS AND STAFF | 1 | H. USE OF TOOLS AND EQUIPMENT |
| 1 | D. INTEREST IN ASSIGNED WORK | 1 | I. QUALITY OF WORK |
| 1 | E. EFFORT DISPLAYED IN ASSIGNED WORK | 1 | J. QUANTITY OF WORK |

Recommended for:       (•) Retain  ( ) Reassignment

[ ] Pay Increase       [ ] Pay Decrease       New Pay Rate: $          Effective Date:

Code of Safe Practices Reviewed          Supv. Initials _____          Inmate Initials _____

## Supervisor Comments

Inmate Adkins has worked for me for almost a year in the dining room. Adkins worked a variety of positions within the diner and is now assigned as the Linebacker. Adkins has proven himself to be hardworking, reliable and trustworthy. As the Linebacker, Adkins is responsible for all the food, and proves time and time again that he is an individual that I can rely on to ensure the food is given to the appropriate people, and disposed of properly when needed. Adkins has always maintained a very respectful, friendly demeanor not only with the staff, but with the other inmates assigned to the dining room, as well as the inmate population that comes through the dining room for their meals. Adkins has been a huge asset to the operations within the dining room.

## Inmate Comments

J. Kurtz          LENGTH OF SUPERVISION:

SUPERVISOR

J. Kurtz

SIGNATURE          INMATE SIGNATURE

[ ] REFUSED TO SIGN

CDCR SOMS IJPT100 - WORK SUPERVISOR'S REPORT

Name: ADKINS, DUPREE L Case 2:19-cv-00458-DMC Document 133 Filed 08/05/24 Page 373 of 395 CDC #: K30645 PID #: 11801

IJPS010A

# Inmate Assignment History

Thursday June 14, 2018 08:55:3

(1 - 28 of 28)

| Assigned Date | Facility | Assignment Type | Section Location | Position # | Position Title | Status | As of Dat |
|---|---|---|---|---|---|---|---|
| 02/21/2018 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.001 | FAC-D DN RM LINEBACKER | Unassigned | 05/21/201 |
| 02/14/2018 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.041 | FAC-D DN RM SERVER | Reassigned | 02/20/201 |
| 11/02/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.001 | FAC-D DN RM LINEBACKER | Unassigned | 01/31/201 |
| 09/26/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | 10/09/201 |
| 07/06/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.003 | FAC-D DN RM FRY COOK | Unassigned | 08/28/201 |
| 06/27/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.033 | FAC-D DN RM PORTER | Reassigned | 07/05/201 |
| 06/10/2017 | CMC-Facility D | Dining Room Worker | 001 - FACILITY-D DINING ROOM | DRW.001.064 | FAC-D DN RM ATTENDANT | Unassigned | 06/26/201 |
| 09/02/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.051 | LAUNDRY WORKER B | Unassigned | 11/02/201 |
| 06/01/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Reassigned | 09/01/201 |
| 02/11/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Unassigned | 07/01/201 |
| 02/11/2016 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Unassigned | 04/27/201 |
| 09/25/2015 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.053 | LAUNDRY WORKER B | Unassigned | 02/05/201 |
| 03/26/2015 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.009 | LAUNDRY WORKER A | Reassigned | 09/24/2015 |
| 03/27/2014 | SOL-Central Service | PIA Laundry | 001 - PIA LAUNDRY | PLI.001.061 | LAUNDRY WORKER B | Reassigned | 03/25/2015 |
| 07/06/2012 | RJD-Facility A | Yard Worker | 002 - FAC.A YARD CREW 2/W | YDW.002.ZZY | FAC.A YARD CREW (2/W) | Unassigned | 07/27/201 |
| 11/11/2009 | RJD-Facility A | Yard Worker | 002 - FAC.A YARD CREW 2/W | YDW.002.ZZY | FAC.A YARD CREW (2/W) | Unassigned | 10/05/201 |
| | RJD- | | 002 - FAC.A - | | H/U#2 PORTER | | |

EXHIBIT-CC
DR. Sherman Responses
TO Plaintiff Interrogatories

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   NEAH HUYNH, State Bar No. 235377
    Supervising Deputy Attorney General
3   ANDREW H. SMITH, State Bar No. 316344
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 738-9411
    Facsimile: (619) 645-2061
7   E-mail: Andrew.Smith@doj.ca.gov
    *Attorneys for Defendants A. Sherman, D. Blackwell, E. Arnold, J. Lee, J. Gastelo, K.*
8   *McQuaid, L. Garcia, M. Dernoncourt, M. McComas, R. . schmid, R. Douglas, and S.*
    *Kernan*
9

10

11                    IN THE UNITED STATES DISTRICT COURT

12                   FOR THE EASTERN DISTRICT OF CALIFORNIA

13                           SACRAMENTO DIVISION

14

15   **DUPREE LAMONT ADKINS,**                    Case No. 2:19-cv-00458-DAD-DMC (PC)

16                                  Plaintiff,    **DEFENDANT A. SHERMAN'S**
                                                  **RESPONSES TO PLAINTIFF'S**
                                                  **SECOND SET OF**
17                    v.                          **INTERROGATORIES**

18   **KERNAN, et al. ,**

19                                  Defendants.
20

21

22   **PROPOUNDING PARTY:**     **PLAINTIFF DUPREE LAMONT ADKINS**

23   **RESPONDING PARTY:**      **DEFENDANT A. SHERMAN**

24   **SET NO.:**               **TWO**

25                          **PRELIMINARY STATEMENT**

26      The information provided in these responses is true and correct, according to Defendant's

27   best knowledge at this time, but it is subject to future correction for omissions, errors, or

28   mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts

                                             1

1  or interpretations thereof, and to amend, modify, or otherwise change the responses, in

2  accordance with applicable discovery rules. Defendant makes this response to Plaintiff's

3  interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are

4  reproduced exactly as drafted by Plaintiff. Without waiving any objections, Defendant responds

5  as follows:

6

7  **INTERROGATORY NO. 1**:

8      Please state and explain all facts related to your ministerial duties at Institutional

9  Classificaiton Committee on 08/30/2017.

10  **RESPONSE TO INTERROGATORY NO. 1**:

11      Objection. This request is vague and overbroad and Defendant does not understand the

12  question. Without waiving the foregoing objections, Defendant did not perform ministerial duties

13  at the referenced committee meeting.

14  **INTERROGATORY NO. 2**:

15      Please state and explain all facts that relate and are germane to you ministerial duties at

16  Institutional Classification Committee on 10/18/2017.

17  **RESPONSE TO INTERROGATORY NO. 2**:

18      Objection. This request is vague and overbroad and Defendant does not understand the

19  question. Without waiving the foregoing objections, Defendant did not perform ministerial duties

20  at the referenced committee meeting.

21  **INTERROGATORY NO. 3**:

22      Please state and explain all facts that are related to the ministerial duties you preformed at

23  Institutional Classification Committee on 08/30/2017.

24  **RESPONSE TO INTERROGATORY NO. 3**:

25      See response to Interrogatory No. 1.

26  **INTERROGATORY NO. 4**:

27      Please state and explain all facts related to the ministerial duties you preformed at

28  Institution Classification Committee on 10/18/2017.

2

1  **RESPONSE TO INTERROGATORY NO. 4:**

2  See response to Interrogatory No. 2.

3  **INTERROGATORY NO. 5:**

4  Please identify the scrivener name, at Institutional Classification Committee on 08/30/2017.

5  **RESPONSE TO INTERROGATORY NO. 5:**

6  Objection. This request is vague and overbroad and Defendant does not understand the

7  question. Without waiving the foregoing objections, Defendant refers Plaintiff to the August 30,

8  2017 ICC Classification Chrono previously produced.

9  **INTERROGATORY NO. 6:**

10  Please identify the scrivener name at Institutional Classification Committee on 10/18/2017.

11  **RESPONSE TO INTERROGATORY NO. 6:**

12  Objection. This request is vague and overbroad and Defendant does not understand the

13  question. Without waiving the foregoing objections, Defendant refers Plaintiff to the October 18,

14  2017 ICC Classification Chrono previously produced.

15  **INTERROGATORY NO. 7:**

16  Please answer have you had communications with social worker Jefferson, Lakeesha

17  regarding clinician comments at ICC on 08/30/2017.

18  **RESPONSE TO INTERROGATORY NO. 7:**

19  Defendant does not recall whether such communications took place.

20  **INTERROGATORY NO. 8:**

21  Please answer have you had communications with social worker Jefferson, Lakeesha

22  regarding clinician comments at ICC on 10/18/2017

23  **RESPONSE TO INTERROGATORY NO. 8:**

24  Defendant does not recall whether such communications took place.

25  **INTERROGATORY NO. 9:**

26  Please answer have you had communications with social worker Sulivan, Helene Relating

27  to clinician comments at ICC 8/30/2017

28  **RESPONSE TO INTERROGATORY NO. 9:**

3

1   Defendant does not recall whether such communications took place.

2   **INTERROGATORY NO. 10**:

3   Please answer have you had communications with social worker Sulivan, Helene relating to

4   clinician comments at ICC on 10/30/2017

5   **RESPONSE TO INTERROGATORY NO. 10**:

6   Defendant does not recall whether such communications took place.

7   **INTERROGATORY NO. 11**:

8   Please identify and explain all policies in the "California Department Corrections

9   Rehabilitations Mental Health Program Guide" that relate to you implementing clinician

10   comments at ICC relating to absentee plaintiff on 8/30/2017.

11   **RESPONSE TO INTERROGATORY NO. 11**:

12   Objection. This request is vague and overbroad and Defendant does not understand the

13   question.

14   **INTERROGATORY NO. 12**:

15   Please identify and explain all policies in the "California Department Corrections

16   Rehabilitation Mental Health Program Guide" that relate to you implementing clinician

17   comments.

18   **RESPONSE TO INTERROGATORY NO. 12**:

19   Objection. This request is vague and overbroad and Defendant does not understand the

20   question.

21   **INTERROGATORY NO. 13**:

22   Please review Exhibit A, plaintiff complaint mental health IDTT MPage forms by Callarim

23   Vita social worker and state and explain all facts relatin to why you did not exspress those

24   clinician comments at ICC on 8/30/2017.

25   **RESPONSE TO INTERROGATORY NO. 13**:

26   Objection. This request is vague and overbroad and Defendant does not understand the

27   question. Specifically, it is unclear to what "those clinician comments" refers, as there is no

28   section labeled as such in the identified exhibit.

4

1   **INTERROGATORY NO. 13**:

2   Please state all facts that relate and helped you derive at the belief that clinicians comments

3   at Institutional Classification Committee on 08/30/2017 were scrivener error.

4   **RESPONSE TO INTERROGATORY NO. 13**:

5   Plaintiff refused to attend, thus no mental health assessment took place during the ICC.

6   **INTERROGATORY NO. 14**:

7   Please review Exhibit C of plaintiff complaint and state all facts that relate to your act of

8   not making those clinician comments at ICC on 10/18/2017

9   **RESPONSE TO INTERROGATORY NO. 14**:

10   Objection. This request is vague and overbroad and Defendant does not understand the

11   question.

12   **INTERROGATORY NO. 15**:

13   Please review Exhibit B of Plaintiff complaint and state all facts related to your decision not

14   to relate those documentation's at ICC on 10/18/2017

15   **RESPONSE TO INTERROGATORY NO. 15**:

16   Objection. This request is vague and overbroad and Defendant does not understand the

17   question. Specifically, it is unclear what "those documentation's" means.

18   **INTERROGATORY NO. 16**:

19   Please answer during the time frame of 8/29/2017 to 9/1/2017 did you have communication

20   with social worker Callari Vita that related to Plaintiff.

21   **RESPONSE TO INTERROGATORY NO. 16**:

22   Defendant does not recall whether such communications occurred.

23   **INTERROGATORY NO. 17**:

24   Please answer during the time frame of 10/13/2017 to 10/19/2017 did you have

25   communication with Faggianelli, Patrick that relate to plaintiff.

26   **RESPONSE TO INTERROGATORY NO. 17**:

27   Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

28   Civ. P. 33(a)(1).

5

1    **INTERROGATORY NO. 18**:

2       Please answer why you did not include Mary Spurgeon Registered Nurse progress notes in

3    your clinician comments at ICC on 10/18/2017

4    **RESPONSE TO INTERROGATORY NO. 18**:

5       Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

6    Civ. P. 33(a)(1).

7    **INTERROGATORY NO. 18**:

8       Please answer during the time frame of 10/12/17 to 10/19/17 did you have communications

9    with Mary Spurgeon Registered Nurse that relate to plaintiff.

10    **RESPONSE TO INTERROGATORY NO. 18**:

11       Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

12    Civ. P. 33(a)(1).

13    **INTERROGATORY NO. 19**:

14       Please state all facts that related to comprehensive mental health service you issued plaintiff

15    during the time frame 08/24/2017 to 8/30/2017

16    **RESPONSE TO INTERROGATORY NO. 19**:

17       Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

18    Civ. P. 33(a)(1).

19    **INTERROGATORY NO. 20**:

20       Please state all facts that relate to comprehensive mental health service you issued plaintiff

21    during the time frame 10/11/17 to 10/18/2017

22    **RESPONSE TO INTERROGATORY NO. 20**:

23       Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

24    Civ. P. 33(a)(1).

25    **INTERROGATORY NO. 21**:

26       Please state all facts that helped you derive at the belief that ICC clinician comments on

27    10/18/2017 were scrivener error.

28    **RESPONSE TO INTERROGATORY NO. 21**:

Def. A. Sherman's Resp. Pl.'s Second Set Interrogs. (2:19-cv-00458-DAD-DMC (PC))

1      Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

2   Civ. P. 33(a)(1).

3   **INTERROGATORY NO. 22**:

4      Please state all structured therapeutic activities you prescribed for plaintiff during

5   8/24/2017 to 8/30/2017

6   **RESPONSE TO INTERROGATORY NO. 22**:

7      Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

8   Civ. P. 33(a)(1).

9   **INTERROGATORY NO. 23**:

10      Please state all structured therapeutic activities you prescribed for plaintiff during the time

11   frame of 10/11/17 to 10/19/17

12   **RESPONSE TO INTERROGATORY NO. 23**:

13      Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

14   Civ. P. 33(a)(1).

15   **INTERROGATORY NO. 24**:

16      Please identify the date you became aware of scrivener clinician comments were in error

17   during ICC on 8/30/2017

18   **RESPONSE TO INTERROGATORY NO. 24**:

19      Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

20   Civ. P. 33(a)(1).

21   **INTERROGATORY NO. 25**:

22      Please state all facts that relate to you becoming aware that ICC clinician comments on

23   10/18/2017 were a error.

24   **RESPONSE TO INTERROGATORY NO. 25**:

25      Objection. Plaintiff has exceeded the 25-interrogatory limit per party imposed by Fed. R.

26   Civ. P. 33(a)(1).

27

28

1

2

3   Dated: March 1, 2023                    Respectfully submitted,

4                                           ROB BONTA
                                            Attorney General of California
5                                           NEAH HUYNH
                                            Supervising Deputy Attorney General
6

7

8                                           ANDREW H. SMITH
                                            Deputy Attorney General
9                                           *Attorneys for Defendants A. Sherman, D.
                                            Blackwell, E. Arnold, J. Lee, J. Gastelo, K.
10                                          McQuaid, L. Garcia, M. Dernoncourt, M.
                                            McComas, R. Neuschmid, R. Douglas and S.
11                                          Kernan*

12

13

14  SA2022301558
    83835464.docx
15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

**VERIFICATION OF A. SHERMAN TO
PLAINTIFF'S INTERROGATORIES (SET2)**

2

3

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

4      I, A. Sherman, declare under penalty of perjury that I have read Defendant A.

5    Sherman's Responses to Plaintiff's Second Set of Interrogatories and that the responses are

6    true and correct of my own knowledge, or on the basis of information available to me, and I

7    believe all responses based on such information to be true.

8

9      Executed this 22 day of February, 2023.

10

11

12

13                                                        A. Sherman

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

American Heart Association
Blood Pressure Categories

# Blood Pressure Categories



American
Heart
Association.

| BLOOD PRESSURE CATEGORY | SYSTOLIC mm Hg (upper number) | | DIASTOLIC mm Hg (lower number) |
|---|---|---|---|
| NORMAL | LESS THAN 120 | and | LESS THAN 80 |
| ELEVATED | 120-129 | and | LESS THAN 80 |
| HIGH BLOOD PRESSURE (HYPERTENSION) STAGE 1 | 130-139 | or | 80-89 |
| HIGH BLOOD PRESSURE (HYPERTENSION) STAGE 2 | 140 OR HIGHER | or | 90 OR HIGHER |
| HYPERTENSIVE CRISIS (consult your doctor immediately) | HIGHER THAN 180 | and/or | HIGHER THAN 120 |

©American Heart Association. DS-16580 8/20

**heart.org/bplevels**

EXHIBIT EE

Tracking CMC HC 17000111
N. Johnson, RN, T. Macias CEO



**CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:**   11/13/2017

**To:**   ADKINS, DUPREE (K50645)
D  007 1195001U
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**Tracking #:**   SOL HC 17000111

## HEALTH CARE GRIEVANCE SUMMARY:

In your CDCR 602 HC, Health Care Grievance, received on 10/12/2017, you explained the decision, action, condition, omission, policy or regulation that has had a material adverse effect upon your welfare for which you seek remedy:

| | **Issue** | **Description** |
|---|---|---|
| **Issue:** | Medication ( Med Distribution ) | Inmate claims while he was at CMC, he submitted 2 7362 forms and did not receive his high blood pressure medication. |

## RULES AND REGULATIONS:

The rules governing these issues are: California Code of Regulations, Title 15; Inmate Medical Services Policies and Procedures; and the Department Operations Manual.

## INTERVIEW:

Pursuant to the California Code of Regulations, Title 15, subsection 3087.3(f)(1), a face-to-face interview was not conducted as you did not initial the appropriate box on the CDCR 602 HC, Health Care Grievance form to request an interview regarding your health care grievance.

## INSTITUTIONAL LEVEL DISPOSITION:

☐  No intervention.

☐  No further intervention.

☒  Intervention.

Your health care grievance is resolved.

Your health care grievance with attachment(s), health record, and all pertinent departmental policies and procedures were reviewed. These records indicate you arrived at California Men's Colony (CMC) on 09/06/2017 and transferred to California Training Facility then California State Prison-Solano on 09/28/2017. Your electronic health record indicate you did not submit any Health Care Services Request Form (CDCR 7362)

---

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

while housed at CMC. However, you did submit a grievance with no date but was received in the CMC health care grievance office on 10/12/2017. On 10/12/2017 the health care appeals registered nurse contacted the health care appeals registered nurse at (CSP)-SOL. It was verified you were given your dose of high blood pressure medication and your Keep On Person Kept on Person (KOP) would be given to you on 10/13/2017.

_Christine Alderete, CEO_ _cfor_

T. Macias
Chief Executive Officer
Health Care Grievance Office
California Men's Colony

_11/14/17_

Reviewed and Signed Date

Note 1: The Institutional Level Review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.

Note 2: The Closing Date reflects the closed, mailed/delivered date of the health care grievance.

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 06/17)

Page 1 of

| STAFF USE ONLY | Expedited? ☐ Yes ☑ No | Institution: SOL | Tracking #: |
|---|---|---|---|

Staff Name and Title (Print). _____ Signature _Jackson_____ Date _10/12/17_

If you think you have a medical, mental health or dental emergency, notify staff immediately. If additional space is needed, only one CDCR 602 HC Health Care Grievance Attachment will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing. Refer California Code of Regulations (CCR), Title 15, Section 3087 for further guidance with the health care grievance process.

Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First, MI): **Adkins, DuPree, L.**      CDCR #: **K50645**   Unit/Cell #: **07351**

**SECTION A:** Explain the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health and welfare for which you seek administrative remedy. Plata, et al; v. schwarzenegger et al. N.D. Cal NO. C-01-1351. I've submitted 2 sick call slips to recieve my Hypertension meds to no avail. I've been out for over a week I now have headackes.

If you need more space, use Section A of the CDCR 602 HC A

☐ Supporting Documents: Refer to CCR 3087.2. List supporting documents attached:

☑ No, I have not attached any supporting documents. Reason: There 111 SOMS

Grievant Signature: _DuPree L Adkins_     Date Submitted:

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL.

HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only     Is a CDCR 602 HC A attached? ☐ Yes ☐ No

This grievance has been:

☐ Rejected (See attached letter for instruction): Date: _____ Date: _____

☐ Withdrawn (see section C)

☑ Accepted   Assigned To: **K. Lin**   Title: **HCGC**   Date Assigned: **10/12/17**   Date Due: **12/19/17**

Interview Conducted? ☐ Yes ☑ No   Date of Interview: **N/a**   Interview Location: **N/a**

Interviewer Name and Title (print): **N/a**   Signature: **N/a**   Date: **N/a**

Reviewing Authority Name and Title (print): **Christina Adkerts, CST efw**   Signature: **Christina Adkerts, CST efw**   Date: **11/13/17**

Disposition: See attached letter   ☑ Intervention   ☐ No Further Intervention   ☐ No Intervention

If dissatisfied with Institutional Level Response, complete Section B.

HCGO Use Only: Date closed and mailed/delivered to grievant: **11/15/17**

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ Patient asked questions |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: |
| ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments: TABG 7.4

R E C E I V E D
OCT 172201F USE ONLY
by the Health Care
Appeals Office

**TION B:** Health Care Grievance Appeal. If you are dissatisfied with the Institutional Level Grievance Response, explain the reason below (if more space is needed, use Section B of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758.

nt Signature: _____ Date Submitted: _____

**TH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only**    Is a CDCR 602 HC A attached?  ☐ Yes  ☐ No

ievance has been:

jected (See attached letter for instruction):   Date: _____   Date: _____

thdrawn (see section C)

cepted

w Conducted?  ☐ Yes  ☐ No  Date of Interview: _____  Interview Location: _____

wer Name and Title (print): _____   Signature: _____   Date: _____

sition: See attached letter  ☐ Intervention    ☐ No Further Intervention    ☐ No Intervention

*This decision exhausts your administrative remedies.*

e Only: Date closed and mailed/delivered to grievant: _____

**TION C:** Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason:

nt Signature: _____ Date Submitted: _____

ame and Title (Print): _____   Signature: _____   Date: _____

# STAFF USE ONLY

on: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

horized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.

\Progress Note - RN                                   ADKINS, DUPREE LAMONT - K50645

Received 602 grievance regarding not receiving his blood pressure medications, resulting in headache. Patient has been transferred to CSP Solano, I spoke with HCA RN  Paul Baumert at Solano. Verified patient was given a dose of his blood pressure medication on his arrival and would receive his KOP medications tomorrow.

**Completed Action List:**
* Perform by Johnson, Nicole RN on October 12, 2017 15:33 PDT
* Sign by Johnson, Nicole RN on October 12, 2017 15:33 PDT
* VERIFY by Johnson, Nicole RN on October 12, 2017 15:33 PDT

Result type:          Progress Note - RN
Result date:          October 12, 2017 15:27 PDT
Result status:        Auth (Verified)
Result title:         602 evaluation
Performed by:         Johnson, Nicole RN on October 12, 2017 15:33 PDT
Verified by:          Johnson, Nicole RN on October 12, 2017 15:33 PDT
Encounter info:       10000001311801525K50645, SOL, Institutional Encounter, 10/11/17 -

Printed by:     Johnson, Nicole RN
Printed on:     10/12/2017 15:33 PDT

Page 1 of 1
(End of Report)

Case 2:19-cv-00458-DMC   Document 133   Filed 08/05/24   Page 392 of 395



Version 4.6.1.1

Release Note

| Summary | Bed Inventory | ADA/EC History |

Generate Reports / Get Help / Report a Problem Log Ou

CDC # : K50645   [Search]      CDC Number: K50645, ADKINS, DUPREE LAMONT

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **K50645** |
| Name: | **ADKINS, DUPREE LAMONT** |
| Institution: | **California State Prison, Solano** |
| Bed Code: | **B 010 1129001L** |
| Placement Score: | **19** |
| Custody Level: | **Maximum** |
| Housing Pgm: | **ASU - Ad Seg Unt** |
| Housing Restrictions: | |
| Physical Limitations to Job/Other: | |

*Handwritten: Inmate located at CSP- Solano 2100 Peabody Rd. Vacaville, CA 95687*

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NCF** |
| Effective Date: | **12/12/2002** |
| DPP Codes: | [History] |
| 1845 Date: | |
| MHSDS Code: | **CCCMS** |
| SLI: | |
| Primary Method: | |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | **7.4** |
| TABE Date: | **08/25/2009** |
| Durable Medical Equipment: | [Info] |
| Last Accomm: | **Read/Speak Slowly/Use Simple Language** |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **05/08/1997** |
| Last Return Date: | |
| Extended Stay Date: | **08/06/1997** |
| Extended Stay Privileges? | |
| Release Date: | **09/17/2051** |
| 120 Day Date: | **05/20/2051** |
| Next IDST Date: | |

### Work/Vocation/PIA

1

| | |
|---|---|
| Group Priv: | **A** |
| Group Work: | **A1** |
| Start Date: | **09/25/2017** |
| Status: | **Fulltime** |
| Job Position: | **DRW.001.003** |
| Job Title: | **FAC-D DN RM FRY COOK** |
| IWTIP Code: | **S** |
| IWTIP Description: | **Support Services** |
| Regular Day Off: | **T, F** |
| Work Hours: | **0430-0930, 1700-1900** |

### Accommodation History

| 03/04/2011 | Notice of Classification Hearing | Read/Speak Slowly/Use Simple Language |
|---|---|---|

EXHIBIT-FF

Anonymous note from medical records
And Helen M. Guittia, RN
Fill Date 7-17-2017   Dr. A. Bell 11-MojicA-MD

08/14/2019

Mr. Adkins,  K50645

We are trying to process your request for a prescription order for Selilium Sulfate
Lotion.  What is the name of Doctor, who prescribed you the lotion?  Can other
Doctor prescribe the lotion again? That prescription is not in your chart.  We have
requested head quarter to load the chart in the system. Once they load your chart
from 2017 In the system, we will process your request.


Medical Records.

Scalp itch
Arron Collins
8/28/2017  Re ordered  5/14/2018  at  8:17:44

**MEDICATION ADMINISTRATION RECORD - AD SEG - ***

| NAME OF RN/LVN/PT | INITIAL | NAME OF RN/LVN/PT | INITIAL | NAME OF RN/LVN/PT | INITIAL | NAME OF RN/LVN/PT | INITIAL |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | Helen M. Guttia, RN | |

**SELENIUM SULFIDE 2.5 % LOTION** (selenium sulfide 2.5% lotion)
APPLY TO SCALP 3X/WEEK. LEAVE ON 20 MINUTES BEFORE RINSING OFF
**REQUEST REFILL

Fill Date: 7/17/2017  Days Supply: 30
Orig Fill Date: 7/17/2017  Expire Date: 2/14/2018
Rx#: 158184307  Doctor: A. BELLIH-MOJICA-MD

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |

**SERTRALINE HCL 100 MG TABLET** (sertraline hcl 100 mg tablet u ud)
TAKE 1 TABLET BY MOUTH DAILY AT NOON FOR 180 DAYS

Fill Date: 7/25/2017  Days Supply: 30
Orig Fill Date: 7/25/2017  Expire Date: 1/23/2018
Rx#: 158166639  Doctor: Z.M. LJALJEVIC-MH

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |

**SERTRALINE HCL 100 MG TABLET** (sertraline hcl 100 mg tablet u ud)
TRANSFER (E) OTC TAKE 1 TABLET BY MOUTH DAILY AT NOON

Fill Date: 8/17/2017  Days Supply: 30
Orig Fill Date: 8/17/2017  Expire Date: 8/28/2017
Rx#: 158172310  Doctor: Z.M. LJALJEVIC-MH

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | x | x | x | x | x | x | x |

**ZIPRASIDONE HCL 80 MG CAPSULE** (ziprasidone hcl 80 mg capsule)
TAKE 1 CAPSULE BY MOUTH TWICE A DAY AT NOON AND AT BEDTIME FOR 180 DAYS

Fill Date: 7/25/2017  Days Supply: 30
Orig Fill Date: 7/26/2017  Expire Date: 1/22/2018
Rx#: 158166640  Doctor: Z.M. LJALJEVIC-MH

| Admin Time | 8/1 | 8/2 | 8/3 | 8/4 | 8/5 | 8/6 | 8/7 | 8/8 | 8/9 | 8/10 | 8/11 | 8/12 | 8/13 | 8/14 | 8/15 | 8/16 | 8/17 | 8/18 | 8/19 | 8/20 | 8/21 | 8/22 | 8/23 | 8/24 | 8/25 | 8/26 | 8/27 | 8/28 | 8/29 | 8/30 | 8/31 | 9/1 | 9/2 | 9/3 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | x | | | | | | | | | | | | |

| Name: **ADKINS, DUPREE** | Building: **CMC-D Quad** | Housing | Additional Pages in Use | |
|---|---|---|---|---|
| DOB: 10/28/1966 | CDCR # **K50645** | D 007 2229001UN | Yes | No |
| Allergies: **No Known Drug Allergies** | | | | |

09/03/2017 19:46:28 (Database status: Synchronized)



RECEIVED
HCCAF
OCT 16 2019