Dufree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, 95213

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Dufree LAMONT ADKINS,<br>Plaintiff, | Case No. 2:19-CV-00458-DMC<br>(PC) |
| V. | Plaintiff's Notice of Motion |
| KerNAN, et al., | and Motion To Disqualify |
| Defendants. | Defendants council and sanction |

Peace and blessings. Please take notice in accordance
with Rule 5 plaintiff motions this Honorable to disq-
ualify Lyndsay Crenshaw, State Bar No. 246743 Sup-
ervising Deputy Attorney General; JIAYE ZHOU, state
Bar No. 357483 Deputy Attorney General; Marisa Kir-
chen Bauer, state Bar No. 226729 as well as san-
ctions against them and all the Defendants
in "kernan, et al.,.
        I plaintiff Dufree Lamont Adkins
have read this notice of motion for disqualif-
ication and sanctions and declare under
penalty of perjury and the laws of the United
States of America and the state of Calif-
ornia thee above mentioned is true and
correct.            Respectfully submitted,
Date : September 24, 2024   Dufree L. Adkins
                      Dufree Lamont Adkins

1 of 1

FILED
SEP 27 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Dupree L. Adkins #K50645
CHCF
P.O. BOX 213040
Stockton, CA 95213

1  IN THE UNITED STATES DISTRICT COURT

2  FOR THE EASTERN DISTRICT OF CALIFORNIA

3  SACRAMENTO DIVISION

4

5  DUPREE LAMONT ADKINS,          Case NO. 2:19-CV-00458-DMC
        Plaintiff,

6                                 (PC)

7         V.                      Plaintiff MOTION TO

8  KERNAN, et al.,               DISQUALIFY DEFENDANT

9         Defendants.            -S COUNSEL

10  I.            INTRODUCTION

11  Peace and Blessings. This Action proceeds on pla-

12  intiff verified Fifth Amended Complaint and

13  Verified Opposition to Defendants motion for

14  partial summary Judgement regarding exhaust-

15  ion.

16              Plaintiff is pro se and a member

17  of the Protected "Coleman Class" as such I

18  request this Honorable Court to construe the

19  pleadings liberally and to afford plaintiff the

20  benefit of any doubt see e.g. Erickson V. Pardus,

21  551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081

22  (2007).

23  II.            RELEVANT BACKGROUND

24  On 08/30/2017 and 10/18/2017 during Institutional

25  Classification Defendants M. McComas, R. Neuschmid,

26  E. Arnold, L. Garcia, M. Fregoso, A. sherman and

27  Dernoncourt committed staff misconduct and

28  Deliberate Indifference by using a device known

1

1. as a Template that Contained false Clinician
2. Comments see EXHIBIT-A. On January 10, 2023
3. Defendant A. sherman, Neah Huynh, state. Bar NO.
4. 235327 Supervising Deputy Attorney General
5. and Andrew H. Smith, state Bar NO. 316344 verified
6. under penalty of perjury that they believe it was
7. scriveners error see EXHIBIT-B and EXHIBIT-C at
8. 1 and 2. of plain affidavit.
9.      On April 18, 2024 Lyndsay Crensh-
10. aw, State Bar NO. 246743 and JIAYE ZHOU, state
11. Bar NO. 351483 in there, signed writtings and rep-
12. resentations to the court, Defendants Answer
13. to Plaintiff's Fifth Amended complaint Document
14. 111.
15.      With Bad faith offered evidence
16. they knew was false, multiplied the proceedin-
17. gs made misleading representations and know-
18. ingly made false statements and concealed mat-
19. erial evidence.
20.      On June 6, 2024 Marisa. kirch-
21. enbauer, state Bar NO. 226729, JIAYE ZHOU, state
22. Bar NO. 351483 in there signed writtings and repr-
23. esentations to the Honorable Court in Bad Faith
24. willfuly recklessly multiplied the proceedings and
25. failed to correct the false statements in there
26. signed writtings and representations to the Hon-
27. orable court failed to correct a false statement
28. of a material fact that the Defendants were

1  using a device known as a Template that contained
2  False Clinician Comments.
3           See Defendants Notice of Motion And
4  Motion To Stay Discovery And Vacate all Current
5  Deadlines Document 118.
6           On June 6, 2024 Marisa KirschenBa-
7  uer, State Bar No. 226729 and JIAYE ZHOU, State
8  Bar No. 351483 in there signed writtings and represe-
9  ntations to the Honorable Court in Bad Faith willfuly
10 recklessly multiplied the proceeding and failed to
11 correct the false statements in there signed writt-
12 ings and representations to the Honorable Court.
13           Failed to correct a false State-
14 ment of a material fact that the Defendants we-
15 re using a device known as a Template that con-
16 tained False Clinician Comments.
17           See Defendants Notice of Motion
18 and Motion For leave to file a Second Motion For
19 Summary Judgement Document 117.
20           On June 6, 2024 Marisa Kirsch-
21 enBauer, State Bar No. 226729 and JIAYE ZHOU,
22 State Bar No. 351483 in there signed writtings and
23 representations to the Honorable Court in Bad Faith
24 Willfully, recklessly multiplied the proceedings
25 and failed to correct the false statements in
26 there signed writtings and representations to the
27 Honorable Court failed to correct a false State-
28 ment of a material fact that the Defendants

3

Dupree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1. were using a device known as a Template that con-
2. tained False Clinician Comments See Defendants Notice
3. of Motion and Motion For Partial Summary Judgement
4. RE: Plaintiff's Failure TO EXHAUST ADMINISTRAT-
5. IVE REMEDIES
6.         On August 19, 2024 LYNDSAY CREN-
7. SHAW, State. Bar NO. 246743 and JIAYE ZHOU, State
8. Bar NO. 351483 in there signed writtings and represe-
9. ntations to the Honorable Court in Bad Faith.
10.         Willfully recklessly multiplied the
11. proceedings and failed to correct the false state-
12. ments in there signed writings and representations
13. to the Honorable court failed to correct a false
14. Statement of a material fact that the Defendants
15. and there Councel were using a device known as
16. a Template.
17.         which Contained false Clinician
18. Comments, and they were the product of "scrivener-
19. 's error". see Defendants EX Parte Application TO
20. Modify The Deadline To Respond To Plaintiff's
21. Opposition To Motion For Partial Summary Judg-
22. ement (ECF NO.133).
23.         On August 30, 2024 Lyndsay
24. Crenshaw, State Bar NO. 246743, JIAYE ZHOU,
25. State Bar NO. 351483 in there signed writings
26. and representations to the Honorable court in
27. Bad Faith, willfully recklessly multiplied the
28. proceedings and failed to correct a false

4

Dupree L Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1  Statement of a material fact that the Defend-
2  ants and there council were using a device
3  known as a Template that contained false
4  clinician comments.
5          Which were the product of
6  "Scrivener's error" see Defendants Reply IN Supp-
7  ort of Motion For Partial Summary Judgment RE:
8  Failure TO EXHAUST ADMINISTRATIVE REME-
9  DIES DOCUMENT 139.
10 III.          LEGAL STADARDS①
11 Lawyers appearing before this court must
12 comply with the standards of professional con-
13 duct required of the members of the state
14 Bar of California pursuant to B & PC § 6068
15 (d), Cal. R. Prof. Conduct 5-200(B), CCP § 1209(a)
16 (3).
17          Thus state law should determine
18 the matters of disqualification." In re. cty. of
19 Los Angeles, 223 F.3d for a motion to disquali-
20 fy," the party seeking disqualification bears
21 the burden of establishing the existence of
22 a disqualifying conflict by a preponderance
23 of evidence.
24          The right to disqualify coun-
25 sel is a discretionary exercise of the trial
26 courts inherent powers.
27          Honorable Courts subject disq-
28 ualification motions to strict scrutiny

① error should read 5
standards

CHCF
P.O. Box 213040
Stockton, CA 95213

1 because they present the threat of tactical abuse
2 see Optyl Eyewear Fashion Int'l Corp. v. Style cos.
3 Ltd., 760 F.2d 1045, 1050 (9th cir. 1985).
4          In deciding a motion for disqu-
5 alification a court should consider a client's
6 right to chosen counsel, an attorney's interest in
7 representing client.
8          However the paramount conce-
9 rn must be to preserve public trust in the
10 scrupulous administration of justice and the
11 integrity of the Bar.
12 see ESC-Toy Ltd. v. Sony Interactive Ent. LLC,
13 2023 U.S. Dist. LEXIS 236605 CC RPC 3.3 (a) 3)
14 **IIII.       ARGUMENT**
15 Duty of Candor
16 LYNDSAY Crenshaw supervising Deputy Attorney
17 General, JIAYE ZHOU Deputy Attorney General,
18 Marisa Kirchen Bauer supervising Deputy Attorney
19 General should be disqualified for violating Cal. Rules
20 of Prof'l Conduct, Rule 3.3 Candor Toward The
21 Tribunal which states:
22 (A) A lawyer shall not
23 (1) knowingly make a false statement of fact or
24 law to a tribunal or fail to correct a false stat-
25 ement of material fact or law previously made
26 to the tribunal by the lawyer;
27 (3) offer evidence that the lawyer knows to be
28 false. If a lawyer, the lawyers client, or a

6

1  witness called by the lawyer, has offered material
2  evidence and the lawyer comes to know of it's
3  falsity, the lawyer shall take reasonable remedial
4  measures, including, if necessary, disclosure to the
5  tribunal.
6          Specifically on page 4 line 22-26
7  of 111 Lyndsay Crenshaw and JIAYE ZHOU mislead-
8  ad the Honorable Court with bad faith by unlawf-
9  ully misreprensenting the following material facts
10  " In response to paragraph sixteen,
11  Defendant's admit that on August 30, 2017, and
12  on October 18, 2017, Dr. Sherman was present at the
13  ICC meetings and confirmed the "Subject had the
14  ability to understand ICC proceedings and his
15  mental health was stable with no decompensation."
16          However, Defendants lack suffici-
17  ent information or knowledge to admit or deny
18  the remaining allegations in this section and,
19  therefore deny them.
20          Ms. Crenshaw, Ms. Zhou, and Ms.
21  Kirchenbauer breached there duty of candor by
22  blinding themselves to the verified statements,
23  responses by DR. Sherman please see EXHIBIT-B.
24          It's clearly established and un-
25  disputed that Ms. Crenshaw, Ms. Zhou, and Ms.Kirc-
26  henBauer have a sufficiently culpable state of
27  mind that they are misrepresenting the facts
28  see plaintiffs verified opposition to defendants

7

Dufee L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1 motion for Partial Summary Judgment pg. 10-thru
2 pg. 11 line 11; and EXHIBIT-C at 3 of this motion.
3                    Confronted with the truth of a
4 material undisputed fact that the defendants
5 were using a device known as a Template that
6 contained false clinician comments and that "scrive-
7 ner's error" is nonthing more than a San Diego Dep-
8 artment of Justice Civil Division weapon to cover
9 up there willful misrepresentation of facts in there
10 signed writtings filed in the Honorable Court.
11                  Counsel unquestionably prolong-
12 ed and multiplied the proceedings by blinding
13 themselves to evidence that contradicted there
14 answer to plaintiff Fifth Amended Complaint and
15 Defendant's Dr. Sherman and L. Garcia verified testim-
16 ony.
17                  They relentlessly pursued the
18 claims, with a tactical advantage in there motion
19 for partial summary Judgement re: Exhaustion.
20 All the while they blinded themselves to as much
21 of the contradictory evidence as they could.[1]
22                  They did not concern themselves
23 with that testimony because they assumed all of
24 the witness were either lying or simply when the
25 truth was thrust in there faces they stubbornly
26 ignored it and kept on litigating.
27                  Counsel should be disqualified for
28 breach of Candor Duty see USCS Federal

[1] Such as CSP-Solano-
ASU employee sign in logs
which prove Dr. Sherman
was not present at ICC

8

Dufree L, Adkins #k50645
C H
P.O. Box 213040
Stockton, CA 95213

1  Rule of Civil Procedure 26(e), 28 U.S.C. §1927, and
2  USCS Rule 11. United States v, Biden, 2024 U.S. Dist.
3  LEXIS 15375

4              APPEARANCE OF IMPROPRIETY
5  The Ninth Circuit recently held the appearance of
6  can be the grounds for disqualification, when the
7  circumstances are extreme;; when the alleged im-
8  propriety is clear, affects the public view of the
9  judicial system or the integrity of the court, and
10 is serious enough to outweigh the parties interests
11 in counsel of their own choice "Legacy Vilas at
12 La Quinta Homeowners Ass'n v. Centex Homes, 626
13 Fed. Appx 679, 683 (9th Cir. 2015)
14              The appearance of impropriety
15 rule has been likened to a current model 8.4, which
16 provides that "It is professional misconduct for a
17 lawyer to ...
18              Engage in conduct that is prej-
19 udicial to the administration of Justice see
20 California Rules of Pro. Conduct R. 8.4(d);
21 Model Rule of Pro. Conduct. R. 8.4(d)
22              The Eastern District of Californ-
23 ias local rules provided that where the California
24 Rules of professional Conduct are in applicable,
25 the court can consider the ABA model of profess-
26 ional responsibility for guidandance.
27              The Defendants counsel has
28 cast a pall upon there credibility and the

9

1. integrity of this honorable court, that can only
2. be repaired by disqualification and or correcting
3. the record. see EXHIBIT-C.
4.             This impropriety chills vigorous adv-
5. ocacy of Plaintiff see. kraus v.krause, 2023 U.s.
6. Dist LEXIS 44904.
7.             This prejudicial obduracy hinder-
8. ed plaintiff staff misconduct claim in opposition
9. re: exhaustion and Plaintiff Deliberate indifference
10. Claim in FAC.
11.             Warden Neuschmid(Big Dog) is the
12. only defendant stating plaintiff recieved appropr-
13. iate Medical/Mental health care see B.K.B. V.
14. Maui Police Dept. 276 F.3d 1091, 1108 (9th Cir 2001)
15.             CONCLUSION
16. The Haughty have risen against me. The Defendan-
17. ts counsel should be disqualified and or order-
18. ed to correct the record.
19. Date: September 24,2024            Dupree L Adkins
20.                                    Dupree Lamont Adkins
21.             VERIFICATION
22. I have read the foregoing complaint and hereby verify that the
23. matters alleged therein are true, except as to matters alleged
24. on information and belief, and, as to those I believe, th-
25. em to be true. I certify under penalty of perjury that the
26. foregoing is true and correct.
27. Executed at stockton, CA on 9-24-24            Dupree L. Adkins
28. Date: September 24, 2024            Dupree Lamont Adkins

① The remaining        10
defendants assumed I recieved "EOP" level of
care .

1

2    INDEX TO EXHIBITS...

3    EXHIBIT-A, classification COMMITTEE CHRONO

4    Dates: 08/30/2017 and 10/18/2017.

5    EXHIBIT-B, Defendant A. Sherman Responses To Plain-

6    tiff's First Set OF Interrogatories. Sherman att-

7    achment 1 and 2.

8    EXHIBIT-C, Declaration of DuPree Lamont Adkins.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT - A

CLASSIFICATION COMMITTEE CHRONO
Date : 08/30/2017
Date : 10/18/2017

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

**Inmate Name:** ADKINS, DUPREE L.

**Date:** 10/18/2017

**CDC#:** K50645

**Date of Birth:** 10/26/1956

**Hearing Date:** 10/18/2017

**Hearing Type:** OTC/Return; Initial ASU; Transfer; Other (See Committee Action Comments)

**Committee Type:** Institution Cls. Committee (ASU/SHU/THU/PSU-ICC)

**Correctional Counselor:** M. Mccomas

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Mental Health representative, S. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the CCCMS level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly. Subject was advied of the outcome of ICC actions at his cell front by CCII McComas.

## COMMITTEE ACTION SUMMARY

Facility D - Initial ASU Review: ICC acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 10/11/2017, Double Cell Housing approved.

## COMMITTEE COMMENTS

Initial ASU Review:
Subject was placed in ASU on 10/11/2017 on Out to Court status. Specifically, on 10/11/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 10/11/2017. Refer to CSR with recommendation of 90 days ASU extension.

Non Disciplinary Segregation:
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

Housing Review:
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

Yard Assignment:
Subject is assigned to Small Management Yard.

Notes:
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject's MHSDS LOC was elevated from CCCMS to EOP on 10/13/2017.

**RECORDER**

M. McComas

10/18/2017

Date

**CHAIRPERSON**

E. Arnold

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLASSIFICATION COMMITTEE CHRONO

| **Inmate Name:** ADKINS, DUPREE L. | **Date:** 08/30/2017 |
|---|---|
| **CDC#:** K50645 | **Date of Birth:** 10/26/1966 |

| **Hearing Date:** 08/30/2017 | **Hearing Type:** Initial ASU; OTC/Return; Other (See Committee Action Comments) |
|---|---|
| **Committee** Institution Cls. Committee<br>**Type:** (ASU/SHU/THU/PSU-ICC) | **Correctional** M. Mccomas<br>**Counselor:** |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

Mental Health staff A. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation. It is noted that Subject is in the MHSDS at the EOP level of care and has a TABE score of 7.4. CCI L. Garcia was assigned as Staff Assistant, met with Subject 24 hours prior to ICC and was present for this committee action. ICC used simple English spoken slowly and clearly.

## COMMITTEE ACTION SUMMARY

Facility D - Initial ASU Review: ICC Acts to retain in ASU pending completion of court proceedings and return to sending institution. Refer to CSR, RX 90 day ASU extension. Increase Custody to MAX, WG/PG D1/D EFF: 8/24/2017, Single Cell Housing approved.

## COMMITTEE COMMENTS

Initial ASU Review:
Subject was placed in ASU on 8/24/2017 on Out to Court status. Specifically, on 8/24/2017, Subject was transferred from CMC to SOL for scheduled court proceedings in Solano County. ICC has reviewed Subject for possible release to General Population pending completion of his court proceedings and return to sending institution. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Previous UCC of 12/22/2016 noted Subject may be circumventing the safety and security of the institution and recommended an adverse transfer. ICC still views Subject as a threat to the safety and security of the institution due to the allegations of conspiracy to introduce a controlled substance into the facility. ICC acts to retain Subject in ASU pending completion of court proceedings and return to sending institution. Increase Custody to MAX, WG/PG D1/D effective 8/24/2017. Refer to CSR with recommendation of 90 days ASU extension.

Non Disciplinary Segregation:
Subject's placement in ASU has potential to be disciplinary in nature, and does not meet NDS criteria. Expedited transfer not required.

Housing Review:
Upon ASU placement, Subject was assigned Single Cell Housing. ICC has reviewed Subject's housing, and elects to continue Single Cell Housing.

Yard Assignment:
Subject is assigned to Small Management Yard.

Notes:
Next BPH hearing currently scheduled for CON NLT 10/26/2021.
Subject refused to appear before ICC. Subject was advised of the outcome of the committee by CCII McComas.
ICC notes Subject was made EOP on 8/29/2017.

**RECORDER**

| M. McComas | |
|---|---|
| | 08/30/2017 |
| | Date |

**CHAIRPERSON**

R. Neuschmid

08/30/2017
Date

CDCR SOMS ICCT162 - Classification Committee Chrono

EXHIBIT- B
Defendant A, SherMan's Responses To
Plaintiff's First Set OF INTERROGATORIES

1  ROB BONTA, State Bar No. 202668
Attorney General of California
2  NEAH HUYNH, State Bar No. 235377
Supervising Deputy Attorney General
3  ANDREW H. SMITH, State Bar No. 316344
Deputy Attorney General
4  600 West Broadway, Suite 1800
San Diego, CA 92101
5  P.O. Box 85266
San Diego, CA 92186-5266
6  Telephone: (619) 738-9411
E-mail: Andrew.Smith@doj.ca.gov
7  *Attorneys for Defendants Arnold, Blackwell, Dernoncourt, Douglas, Garcia, Gastelo, Kernan Lee, McComas, McQuaid, Neuschmid, and Sherman*

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11                          SACRAMENTO DIVISION

12

13

14                                              Case No. 2:19-cv-00458-DAD-DMC (PC)

    **DUPREE LAMONT ADKINS,**
15                                              **DEFENDANT A. SHERMAN'S**
                                  Plaintiff,    **RESPONSES TO PLAINTIFF'S FIRST**
16                                              **SET OF INTERROGATORIES**
                    v.
17

18  **KERNAN, et al. ,**

19                                  Defendants.

20

21
    **PROPOUNDING PARTY:    PLAINTIFF DUPREE LAMONT ADKINS**
22
    **RESPONDING PARTY:     DEFENDANT A. SHERMAN**
23
    **SET NO.:              ONE**
24
                          **PRELIMINARY STATEMENT**
25
        The information provided in these responses is true and correct, according to Defendant's
26
    best knowledge at this time, but it is subject to future correction for omissions, errors, or
27
    mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts
28

                                          1

1 | or interpretations thereof, and to amend, modify, or otherwise change the responses, in
2 | accordance with applicable discovery rules. Defendant makes this response to Plaintiff's
3 | interrogatories in accordance with Federal Rule of Civil Procedure 33. The interrogatories are
4 | reproduced exactly as drafted by Plaintiff, and Defendant responds as follows:

5

6 | **INTERROGATORY NO. 1:**

7 | Please state all facts relating to your mental health assessment that on 08/30/2017 During
8 | institution Classification Committee plaintiff had the ability to understand ICC proceeding's and
9 | that plaintiff mental health was stable with no decompensation.

10 | **RESPONSE TO INTERROGATORY NO. 1:**

11 | Defendant refers Plaintiff to the August 30, 2017 MHPC Institutional Classification
12 | Committee (ICC) note attached hereto at Attachment 1, which notes Plaintiff refused to attend,
13 | thus no mental health assessment took place during the ICC. To the extent any other document
14 | says otherwise, Defendant believes it was a scrivener's error.

15 | **INTERROGATORY NO. 2:**

16 | Please state all facts relating to your mental health assessment, on 10/18/2017, During
17 | Institution Classification Committee that Plain- had the ability to understand ICC proceedings and
18 | that plaintiff mental health was stable with no decompensation, and plaintiff is in the MHSDS at
19 | the CCCMS level of care.

20 | **RESPONSE TO INTERROGATORY NO. 2:**

21 | Defendant refers Plaintiff to the October 18, 2017 MHPC Institutional Classification
22 | Committee (ICC) note attached hereto at Attachment 2, which notes Plaintiff refused to attend,
23 | thus no mental health assessment took place during the ICC. To the extent any other document
24 | says otherwise, Defendant believes it was a scrivener's error.

25 | **INTERROGATORY NO. 3:**

26 | Please identify each and every person whom you are aware may have knowledge about
27 | your mental health assessment regarding Plaintiff at Institution Classification Committee.

28 | **RESPONSE TO INTERROGATORY NO. 3:**

2

1  Objection. This request is vague and overbroad because it does not specify any particular

2  Committee hearing, and it calls for speculation. As noted, I was unable to conduct a mental

3  health assessment because Plaintiff refused to attend each time.

4  **INTERROGATORY NO. 4**:

5  Please Identify each and every person who you believe witnessed your oral mental health

6  assessment regarding Plaintiff at Institution Classification Committee

7  **RESPONSE TO INTERROGATORY NO. 4**:

8  Because Plaintiff did not attend the ICC, there should be no witnesses to an assessment that

9  did not occur.

10  **INTERROGATORY NO. 5**:

11  Please identify each and every person whom you have had communication's with, written

12  or oral about your mental health assessment of Plaintiff during Institution Classification

13  Committee.

14  **RESPONSE TO INTERROGATORY NO. 5**:

15  Defendant cannot answer this interrogatory because the factual predicate, "your mental

16  health assessment of Plaintiff during Institution Classification Committee," is wrong. I was

17  unable to conduct an assessment because Plaintiff refused to attend.

18  **INTERROGATORY NO. 6**:

19  Please identify all documents or other physical evidence that you believe supports any of

20  the facts stated in your response to Interrogatory NO. 1.

21  **RESPONSE TO INTERROGATORY NO. 6**:

22  See attachment 1.

23  **INTERROGATORY NO. 7**:

24  Please identify all documents or other physical evidence that you believe supports any of

25  the facts stated in your response to interrogatory NO. 2.

26  **RESPONSE TO INTERROGATORY NO. 7**:

27  See Attachment 2.

28  **INTERROGATORY NO. 8**:

3

1  Please describe if Plaintiff and you were introduced to each other, while plaintiff was

2  housed in California State Prison – Solano, Administrative Segregation Unit

3  **RESPONSE TO INTERROGATORY NO. 8**:

4  I do not recall meeting Plaintiff while he was housed in SOL-ASU.

5

6

7

8  Dated: January 9, 2022                              Respectfully submitted,

9                                                      ROB BONTA
                                                       Attorney General of California
10                                                     NEAH HUYNH
                                                       Supervising Deputy Attorney General
11

12                                                     *Andrew H. Smith*

13                                                     ANDREW H. SMITH
                                                       Deputy Attorney General
14                                                     *Attorneys for Defendants Arnold, Blackwell,*
                                                       *Dernoncourt, Douglas, Garcia, Gastelo,*
15                                                     *Kernan Lee, McComas, McQuaid,*
                                                       *Neuschmid, and Sherman*
16

17

18  SA2022301558

19

20

21

22

23

24

25

26

27

28

4

**VERIFICATION OF A. SHERMAN**
**TO PLAINTIFF'S INTERROGATORIES (SET1)**

*Dupree Adkins (K50645) v. Kernan, et al.*
USDC, EASTERN District, Case No. 2:19-cv-00458-DAD-DMC (PC)

I, A. Sherman, declare under penalty of perjury that I have read Defendant A. Sherman's Responses to Plaintiff's First Set of Interrogatories and that the responses are true and correct of my own knowledge, or on the basis of information available to me, and I believe all responses based on such information to be true.

Executed this 10 day of January, 2023.

A. Sherman

5

# Sherman

# Attachment 1



CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

SOL - California State Prison, Solano
2100 Peabody Road
Vacaville, CA 95696-

Patient: **ADKINS, DUPREE LAMONT**
DOB/Age/Sex: 10/26/1966 56 years    Male        CDCR #:      K50645
Encounter Date: 1/2/2019                          PID #:       11801525
Attending: Keystone,Jay P&S                       Referring:

---

## Mental Health - Nursing

No data exists for this section

---

## Mental Health Documentation

Document Type:                           MHPC Progress Note
Document Subject:                        ICC Note
Service Date/Time:                       8/30/2017 11:47 PDT
Result Status:                           Auth (Verified)
Perform Information:.                     Sherman,Angela Psychologist (8/30/2017 11:54 PDT)
Sign Information:                        Sherman,Angela Psychologist (8/30/2017 11:54 PDT)
Authentication Information:               Sherman,Angela Psychologist (8/30/2017 11:54 PDT)

Institutional Classification Committee (ICC)

The Institutional Classification Committee (ICC) met for the purpose of ASU review.

The Inmate:
[ ] appeared
[x] refused to appear for an interview before the ICC on this date

BEHAVIORAL OBSERVATIONS:
Grooming was appropriate
[ ] Yes
[_] No
N/A - In Absentia
Speech was intelligible
[ ] Yes
[_] No
N/A - In Absentia
Comprehension process was adequate
[ ] Yes
[_] No
[x] Other: N/A - in Absentia

Information regarding the IP's mental condition was provided to custody: EOP

MENTAL HEALTH TREATMENT RECOMMENDATION:
[ ] No treatment needed at this time.
[x] Inmate is currently participating in the MHSDS - was placed in EOP LOC yesterday.

Comments:
ICC conducted in Absentia, as he refused to attend. Here OTC from CMC. Retain in ASU pending court date and then will be returning to
sending institution. Was placed at EOP LOC yesterday. ICC approves single cell while in ASU.

---

Report Request ID:  64042864                              Print Date/Time:   1/4/2023 12:45 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

SOL - California State Prison, Solano

Patient: ADKINS, DUPREE LAMONT
DOB/Age/Sex: 10/26/1966 / 56 years / Male          CDCR: K50645

| Mental Health Documentation |
|---|

| Mental Health Forms |
|---|

No data exists for this section

| Mental Health IDTT MPage Forms |
|---|

No data exists for this section

| Mental Health Suicide MPage Forms |
|---|

No data exists for this section

WARNING: This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

AGO DISC 000002

# Sherman

# Attachment 2

 CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

SOL - California State Prison, Solano
2100 Peabody Road
Vacaville, CA 95696-

| | | | | | |
|---|---|---|---|---|---|
| Patient: | ADKINS, DUPREE LAMONT | | | | |
| DOB/Age/Sex:. | 10/26/1966 56 years | Male | CDCR #: | K50645 | |
| Encounter Date: | 1/2/2019 | | PID #: | 11801525 | |
| Attending: | Keystone, Jay P&S | | Referring: | | |

---

### Mental Health - Nursing

No data exists for this section

---

### Mental Health Documentation

| | |
|---|---|
| Document Type: | MHPC Progress Note |
| Document Subject: | ICC Note |
| Service Date/Time: | 10/18/2017 18:51 PDT |
| Result Status: | Auth (Verified) |
| Perform Information: | Sherman,Angela Psychologist (10/18/2017 18:53 PDT) |
| Sign Information: | Sherman,Angela Psychologist (10/18/2017 18:53 PDT) |
| Authentication Information: | Sherman,Angela Psychologist (10/18/2017 18:53 PDT) |

Institutional Classification Committee (ICC)

The Institutional Classification Committee (ICC) met for the purpose of Initial ASU review.

The inmate:
[ ] appeared
[x] refused to appear for an interview before the ICC on this date

BEHAVIORAL OBSERVATIONS:
Grooming was appropriate
[ ] Yes
[_] No
x N/A
Speech was intelligible
[ ] Yes
[_] No
x N/A
Comprehension process was adequate
[ ] Yes
[_] No
[x] Other:

Information regarding the IP's mental condition was provided to custody: EOP

MENTAL HEALTH TREATMENT RECOMMENDATION:
[ ] No treatment needed at this time.
[x] Inmate is currently participating in the MHSDS.

Comments:
Currently receiving MH services in EOP. Retain pending return to court. In Absentia as refused. Reviewed for release but had adverse transfer last time was here. Retain pending return to sending institution.

---

Print Date/Time: 1/4/2023 12:48 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

AGO DISC 000003

SOL - California State Prison, Solano

Patient: ADKINS, DUPREE LAMONT
DOB/Age/Sex: 10/26/1966 / 56 years     / Male          CDCR: K50645

## Mental Health Documentation

## Mental Health Forms

No data exists for this section

## Mental Health IDTT MPage Forms

No data exists for this section

## Mental Health Suicide MPage Forms

No data exists for this section

WARNING: This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

AGO DISC 000004

EXHIBIT-C

DECLARATION OF PLAINTIFF

Dupree Lamont Adkins

1  IN THE UNITED STATES DISTRICT COURT
2  FOR THE EASTERN DISTRICT OF CALIFORNIA
3  SACRAMENTO DIVISION
4
5  Dupree Lamont Adkins,        Case No. 2:19-cv-00458-DMC(PC)
            Plaintiff,
6                                Declaration of Plaintiff
7        V.                      Dupree L. Adkins in support of
8  KERNAN, et al.,               Plaintiff Motion For Disqual-
9        Defendants.            ification.
10
11  I, Dupree Lamont Adkins, declare as follows:
12  1. I am a member of the protected "Coleman class"
13  due to the mental impairment of major depressive
14  disorder, reccurrent episode, severe, with psycho-
15  sis, Pure hypercholesterolemia, I am competent
16  to testify to the matters set forth in this decla-
17  ration and, if called upon by this Honorable
18  Court, would do so.
19  2. On January 9, 2022 Neah Huynh Supervising
20  Deputy Attorney General and Andrew H. Smith Dep-
21  uty attorney General endorsed Defendant A. Sher-
22  man verification under penalty of perjury in
23  responses to plaintiff's Interrogatories that Dr.
24  Sherman did not make the clinician comme-
25  nts on August 30, 2017 and October 18, 2017 Dr.
26  Sherman believes it was scrivener's error, no
27  mental Health assessment took place during
28  the ICC, because Plaintiff did not attend

1

1. the ICC, there should be no witnesses to an ass-
2. essment that did not occur, Dr. Sherman was unable
3. to conduct an assessment of plaintiff.
4. 3. It's clearly established and undisputed th-
5. at Ms. Crenshaw, Ms. Zhou, Ms. Kirchenbauer
6. did not attempt to dispute the material
7. fact that was thrust in there face that the
8. clinician comments are false. Template lang-
9. uage and "Scrivener's error" is a lethal
10. weapon in there awesome arsenal to cover
11. up there misre.preventation of facts.
12. 4. Good cause exists to grant Disqualification
13. as there is no verified Declaration from Dr. Sherman
14. stating when she changed her testimony.
15. 5. In the alternative the Defendants and there
16. counsel should be ordered to correct the rec-
17. ord as there is no verified declaration from
18. Defendant L. Garcia stating that she changed
19. her testimony from Declaring the clinician com-
20. ments were Template language, to Dr. Sherman
21. was present and made the bogus clinician commen-
22. ts.
23. I declare, under penalty of perjury and the
24. laws of the United States, that the statements
25. in this declaration are true and correct to
26. the best of my knowledge. This declaration was
27. executed on September 24, 2024, in Stockton, CA.
28. Date: September 24, 2024          Respectfully Submitted

2

Dupree L. Adkins

Dupree Lamont Adkins

## PROOF OF SERVICE BY MAIL

## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF San Joaquin

I am a citizen of the County of San Diego ____, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR# K50646

My address is:

California Health Care Facility

P.O. Box 213040

Stockton, Ca 95213

On 9 ____ 24 ___, 20 24 I served via United States Mail a copy of the following document(s): Notice of Motion and motion to disqualify

The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to: St. Of . CA Dept. Of Justice Office of JIAYE ZHOU 600 West Broadway Suite 1800 San Diego, CA 92101, P.O. Box 85266, San Diego, CA 92186-5266, U.S.D.C. E.D. Of CA, Office of The Clerk 501 I Street Suite 4-200, Sacramento, CA 95814-2322

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on Sept. 24 ___, 20 24 in San Joaquin County, California.

Ouphee Lamont Adkins

Type or Print Name

_Signature_