Dupree L. Adkins #K50645
CHCF
P.O. BOX 213040
Stockton, CA 95213

Case 2:19-cv-00458-DMC    Document 145    Filed 10/09/24    Page 1 of 33

FILED

OCT 09 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dupree Lamont Adkins, Plaintiff, | Case No. 2:19-cv-00458-DMC (PC) |
| v. Kernan, et al., Defendants. | Plaintiff notice of motion and motion To sanction Defendants and there Councel |

TO DEFENDANTS AND THERE COUNSEL

Peace and Blessings!

Please Take NOTICE that Plaintiff Dupree Lamont Adkins move This Honorable Court for sanctions in accordance with Rule 5, U.S.C.S Fed. R. of Civ. Pro. 26(e), 28 U.S.C. §1927, U.S.C.S Rule 11, Canon 9, E.D. Cal. Local Rule 83-180(e), RPC 3.3 (a)(1)(3), 18 U.S.C. 1512(b), 18 U.S.C. 1503 for sanctions.

Against Mirisa KirshenBauer State Bar No. 226729, JIAYE ZHOU State Bar No. 357483, Lyndsay Crenshaw State Bar No. 246 743 (counsel), Defendants Fregoso, Sherman, McComas, McQaid, Blackwell, Lee, Neuschmid, Garcia, Arnold, Dernoncourt, Gastelo and Douglas.

RE: There willingness to unlawfully correct the record. This motion is based on the following

1

Dupree L. Adkins #K50645
CHCF
P.O. BOX 213040
Stockton, CA 95213

1  Bad faith, Breach of Duty and Candor with the impr-
2  opermotive to suppress material evidence of fact
3  in there answer to plaintiff's **FAC** in order to
4  gain a tactical advantage in there motion
5  for partial summary Judgment.
6            This motion is made on the ground's
7  1) misleading the Honorable court. 2) Reckless miss-
8  tatement of Facts 3) Concealment of favorable
9  evidence 4) Witness Tampering.
10           This motion is based on this notice
11  of motion, the memorandum of points and author-
12  ities, the court's file in this action, and such
13  other matters as may properly come before
14  the Honorable court.
15           I, plaintiff Dupree Lamont Adkins
16  Declare under the Penalty of perjury the laws
17  of the United states and the state of Calif-
18  ornia that the aforementioned is true and
19  correct.
20  Executed at Stockton, California 95213.
21  Date:                    Respectfully Submitted,
22                           _Dupree L. Adkins_
23                           Dupree Lamont Adkins
24
25
26
27
28

2

Dupree Lamont Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1  IN THE UNITED STATES DISTRICT COURT
2  FOR THE EASTERN DISTRICT OF CALIFORNIA
3  SACRAMENTO DIVISION

4

5  Dupree Lamont Adkins,      Case No. 2:19-CV-00458-DMC
   Plaintiff,
6                             - PC

7      V.                     Plaintiff Dupree Lamont Adkins
8  Kernan, et al.,            MOTION FOR SANCTIONS TO Def-
9      Defendants.            endants, there counsel.

10              INTRODUCTION

11  Peace and blessings. This action proceeds on
12  plaintiff verified Fifth Amended complaint and
13  plaintiff verified opposition to Defendants motion for
14  Partial Summary Judgement Regarding Exhaustion.
15                    Plaintiff has been chewed up
16  and spit out by the Defendants because they
17  think I'm weak, I think there wrong.
18              RELEVENT BACKGROUND
19  Defendant DR. Sherman participated in the Califor-
20  nia Board of Psychology Investigation into her
21  false clinician Comments during CSP-solano-
22  ICC. see EXHIBIT-A.
23                    Preponderance of evidence is that
24  DR. Sherman Notified the California Board of
25  Psychology that she did not make the false
26  clinician comments and that there the product
27  of scrivener's error.
28                    Defendant L. Garcia declared

1

Dupree Lamont Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1   under penalty of perjury the clinician Comments
2   were template language prepopulated into the
3   field.

4           Therefore The defendants and
5   there Counsel should be Saction for cost to file
6   this motion and to correct the record.

7   I.        ARGUMENT

8   MAKING MISREPRESENTATION OF FACT IN THERE
9   SIGNED WRITINGS REGARDING DR. SHERMAN FALSE
10  CLINICIAN COMMENTS IN THERE ANSWER TO
11  PLAINTIFF FIFTH AMENDED COMPLAINT WITH A
12  VIEW TO GAINING A TACTICAL ADVANTAGE
13  IN THERE SUMMARY JUDGEMENT MOTION...

14         LYNDSAY Crenshaw state Bar NO. 24
15  6743, JIAYE ZHOU state Bar NO. 351483 and
16  Marisa Kirschenbauer state Bar NO. 226729 have
17  Complete access to my medical and Mental Health
18  File.

19         Lyndsay Crenshaw state Bar NO.
20  246743, JIAYE ZHOU State Bar NO. 351483 and
21  Marisa Kirschen Bauer state Bar NO. 226729
22  applied. "Sixth Affirmative Defense" [1] quote.
23  (To the extent that Plaintiff's damages claims
24  are based on mental or emotional injury, they
25  must be dismissed where there is no showing of
26  physical injury as required by 42 U.S.C. § 1997
27  e (e). Plaintiff Cannot prove he received more
28  than de minimis physical injuries as a result

[1] This Gives proponderance of evidence that they re-
Vied my mental health file.

Dupree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1  of Defendant's alleged actions.)

2  Lee Defendants Answer to Plaint-

3  iffs Fifth Amended Complaint pg. 16 lines 9-13. This

4  material evidence of fact proves that the Defend-

5  ants and there Counsel Recklessly, Knowingly made

6  numerous false statement fact in there signed wri-

7  tings, in there answer to plaintiff's FAC:

8  1. Defendants lack sufficient information or

9  knowledge to admit or deny them.

10  2. In response to paragraph sixteen Defendants

11  admit that on August 30, 2017 and on October 18,

12  2017. DR. Sherman was present at the ICC meetings

13  and Confirmed the "subject had the ability to un-

14  derstand ICC proceedings and his mental health

15  was stable with no decompensation."

16  The Defendants and there coun-

17  sel failed to take reasonable remidial measures,

18  including correcting the record which violates

19  Cal. Rules of Prof'l Conduct, Rule 3.3 and Fede-

20  ral Rule of civil procedure. 11.

21  The Defendant's and there coun-

22  sel signed writting's are blantantly contradic-

23  ted by plaintiff FAC EXHIBITS "A thru F".

24  These authentic medical/mental

25  Health File which they have reviewed. Once

26  Defendants and there Counsel failed to correct

27  and disclose these false hoods to this honorable

28  court that the Defendant's were using a

3

Case 2:19-cv-00458-DMC   Document 145   Filed 10/08/24   Page 6 of 33

1  device known as a template that contained false
2  clinician comments, they entered the realm of
3  Sanction's. see CRPC. 3.3 (a)(3), Pacific Harbor
4  Capitol, Inc. v. Carnival Air Lines, Inc., 210 F.3d
5  1112, 1118 (9th Cir. 2000).

6              The Defendants and there coun-
7  sel maintain a untenable position, to influen-
8  ce and manipulate these proceeding's with reckless
9  mistatesments in Bad Faith, in order to execute a impr-
10  oper motive to gain a tactical advantage inthere
11  motion for partial Summary Judgement see Fink V.
12  Gomez 239 F.3d 989, 99/ (9th cir. 2001).

13              The Defendants and there counsel
14  unethical, improper conduct, wilfully abuse of
15  this judicial process which is the administration
16  of Justice, Truth and Honor see Roadway Expre-
17  ss 447 U.S. 752, 100 J. ct. 2455, 65 L. Ed. 2d
18  488 (1980).

19  II. THE UNDUE INFLUENCE OF WITNESS
20  OR.SHERMAN...

21  Each Attorney General undoubtedly has an
22  important duty of confidentiality to there client
23  and must surely advocate there clients position
24  vigorusly, but only if it is the truth which the
25  client seek's to advance.

26              The Judicial system can pro-
27  vide no harbor for clever devices known as
28  "Template", "scrivener's error", to exercise the

4

1  improper motive to divert the search, mislead
2  pro-se plaintiff or the Honorable court, or cover
3  up the unlawful false clinician comments that
4  which is necessary for opposition to Defendant's
5  Summary Judgement motions, in Justice in the end.
6           Dr. Sherman was charged with mak-
7  ing false clinician comments which are blantantly
8  contradicted by plaintiff medical/mental health
9  records and plaintiff Verified FAC EXHIBIT-A
10  thru H.
11           The defendants and there counsel
12  have a sufficiently culpable state of that they
13  in bad faith blinded themselves to the material
14  fact that I was put in crisis calming see FAC
15  EXHIBIT-B page 18 section titled "safety/
16  Treatment plan.
17           The Defendant's and there
18  counsel violated the present federal witness
19  tampering statute, 18 U.S.C. 1512(b) as they
20  do not have a verified declaration from
21  DR. Sherman, stating when and why she changed
22  her previous verified declaration which she
23  denied making the false clinician comments and
24  she believes it was scrivener's error.
25           Now they claim DR.Sherman
26  was present and made the clinician comments
27  but lack sufficient information or knowledge
28  to admit or deny the remaining allegation in

5

1. in this section. Supervising Deputy Attorney General
2. Lyndsay Crenshaw, Marisa Kirchenbauer and
3. Deputy attorney General JIAYE ZHOU are charged
4. with violating 18 U.S.C. 1503; Stanley V. Wong,
5. 8006 U.S. Dist. LEXIS 35273

6. **III.     CONCEALMENT**
7. THERE IS NO POINT TO A LAWSUIT IF DEFE-
8. NDANTS AND THERE COUNSEL MERELY APPLIES
9. LAW TO LIES TRUE FACTS MUST BE THE
10. FOUNDATION FOR ANY JUST RESULT...
11. During Discovery Defendants
12. and there counsel, Acts and omissions constitu-
13. tes inequitable conduct with intent to decieve
14. and gain a tactical advantage in there Motion
15. for partial Summary Judgement.
16. On May 31, 2024 I submitted
17. meet and Confer to Deputy Attorney General
18. JIAYE ZHOU state Bar No. 351483 See EXHIBIT
19. B. The Defendants objected which precludes
20. material evidence so that pro. se plaintiff
21. cannot support defenses in opposition to there
22. motion for partial Summary Judgment See
23. EXHIBIT- C.
24. On May 1, 2023 Defendants
25. and there counsel with bad faith objected to
26. issuing Plaintiff The Complete record of the
27. Enforcement Unit of there investigation
28. RE: Angela Sherman false clinician comments

1. See EXHIBIT-0.

2. On 6-12-2024 or there abouts Plaintiff mailed

3. via institutional mail, Plaintiff 5th request

4. for Documents to JIAYE ZHOU Deputy Attorn-

5. ey General Please see EXHIBIT-E.

6.     The Defendant Counsel's signed

7. Writtings, pleadings, motions and representations

8. to this Honorable court concealed and omit-

9. ted that the defendants were using a device

10. known as template language.

11.     Preponderance of evidence DR. Sher-

12. man notified the Board of psychology that her

13. codefendants were using a device known as

14. a template that contained false clinician com-

15. ments.

16.     The CSP-Solano-ASU Sign in log's

17. prove DR. Sherman was not present and Defend-

18. ant Dernoncourt actively Interfered with my

19. emergency treatment from Mary Spurgeon Reg-

20. istered Nurse see EXHIBIT-F.

21.     Plaintiff Level of mental health

22. Care was lowered to ccc ms level of mental

23. Health care during The act to court process.

24.     That allowed Counsel to make

25. partial representations that are misleading

26. such as "scrivener's error", or they don't have

27. sufficient information because the favorable

28. material facts to Plaintiff claim have been

① Omnibus motions, Answer to FAC, Application to
Vacate Discovery, summary Judgement motions and
application to extend time to respond to plaintiff
opposition

Case 2:19-cv-00455-DMC   Document 145   Filed 10/09/24   Page 10 of 33

Dupree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

concealed. See *Hodsdon v. Mars, Inc,* 891 F.3d 857,
863 (9th Cir. 2018).

The gravamen of the misconduct
charged is not the fact that DR. Sherman changed
her testimony but that her counsel caused the
false testimony.

## CONCLUSION

under the Honorable Court's inherent powers
defendants and there counsel should be sanct-
ioned $12.00 each for the cost of this motion and
hit with a order to show cause.

Date: October 6, 2024                    Respectfully Submitted

                                         Dupree L. Adkins
                                         Dupree L. Adkins

## VERIFICATION

I have read the foregoing complaint and hereby
verify that the matters alleged therein are true, ex-
cept as to matters alleged on information and bel-
ief, and, as to those, I believe them to be true. I
certify under penalty of perjury that the foreg-
oing is true and correct.

Executed at Stockton, California, on October 6, 2024

Dupree L. Adkins
Dupree Lamont Adkins

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

Dupree Lamont Adkins,          Case No. 2:19-CV-00458-DMC-
          Plaintiff,           ( PC)

     V.                        Declaration of Plaintiff

KERNAN, et al.,               Dupree Lamont Adkins IN support
     Defendants.               MOTION FOR SANCTIONS

I, Dupree Lamont Adkins, declare as follows:

1. I am the Plaintiff in this civil Action, Kernan, et al., I am competent to testify to the matters set forth in this declaration and, if called upon by this court, would do so

2. In Defendant A. SHERMANS responses TO Plaintiff's First set of Interrogatories responded, "no mental health assessment took place during ICC, Defendant believes it was scrivener's error, OR. Sherman was unable to conduct a mental Health assessment of Plaintiff, there should be no witnesses to an assessment that did not occur and OR. Sherman do not recall meeting Plaintiff while he was housed in CSP-SOL-ASU.

3. Defendant L. Garcia declared under penalty of perjury that the clinician comments were template language prepopulated into the field.

4. Plaintiff has two confidential witnesses that

1

Dufree L. Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

1  stated DR. Sherman oraly informed them that the
2  defendants were using a template on day's she
3  did not attend CSP-Solano-ASU "ICC".
4  5. Based on a preponderance of material evidence of
5  fact DR. Sherman informed the California Board of
6  Psychology Enforcement Analyst F that the false
7  clinician comments are Template language used
8  on days she did not attend CSP-Solano-ASU"ICC"
9  6. Due To my claim of Psychological injury Lyndsay
10 Crenshaw state. Bar NO.246743, JIAYE ZHOU State
11 Bar NO. 357483, and Marksa KirschenBauer State Bar
12 NO. 296729 reviewed my medical/mental health file
13 and presented there sixth Affirmative Defense of no
14 showing of physical injury as required by 42 U.S.C.
15 § 1997 e (e).
16 7. On may. 31,2024 I submitted via Institutional
17 mail a meet and Confer Letter to JIAYE ZHOU
18 for CSP-Solano-ASU employee sign in log which
19 corroberates the material fact that it was Defe-
20 ndant Dernoncourt who interfered with my emerg-
21 ency treatment for Hypertensive treatment.
22 8. I based this Declaration on my personal
23 Knowledge.
24       I Dufree Lamont Adkins declare under
25 penalty of perjury, the laws of the United States,
26 State of California the above mentioned is true
27 and Correct to the best of my knowledge.
28 Date: October 6, 2024            Dufree L. Adkins

2

Dufree L. Adkins #K50645
CHC
P.O. Box
Stockton, CA 95213

INDEX TO AUTHENTIC EXHIBITS...

EXHIBIT-A; California Board of PSYCHOLOGY
RE: Sherman, Angela. C. Control Number: 600201800
0284...

EXHIBIT-B; Meet and Confer TO JIAYE
ZHOU...

EXHIBIT-C; Defendant's Kernan, Sherman and
Demoncourt response To Plaintiff's Third set
of Requests for Production of Documents...

EXHIBIT-D; Defendant's, Sherman response to
Plaintiff's Fourth set of Requests For Produc-
tion of Documents...

EXHIBIT-E; Plaintiff Dufree Lamont Adkins
5th request for Production of Documents...

EXHIBIT-F; Plaintiff Meet and Conferred
by Plaintiff Adkins...

EXHIBIT-A
California Board of Psychology
RE: Sherman, Angela C Control Number:
60020/8000284



California Board of
# PSYCHOLOGY

1625 North Market Blvd., Suite N-215, Sacramento, CA 95834
T (916) 574-7720   F (916) 574-8671   Toll-Free (866) 503-3221
www.psychology.ca.gov

April 27, 2018

Dupree Adkins, CDCR #K50645
CMC State Prison
PO Box 8101
San Luis Obispo, CA 93409

**Re: Angela Sherman**
**Control No.: 600 2018 000284**

Dear Mr. Adkins:

This letter is concerning the correspondence received by the Board of Psychology (Board) regarding your complaint against Angela Sherman which was previously closed due to not having certain documentation. The case has been reopened.

If you have any questions, please contact Enforcement Analyst F at BOPEnforcement@dca.ca.gov.

Sincerely,

Enforcement Unit
California Board of Psychology

EXHIBIT-B

Meet and Confer TO JIAYE ZHOU

Dupree Lamont Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| Dupree Lamont Adkins, | case NO. 2:19-cv-0458-DMC-P |
|---|---|
| Plaintiff, | |
| V. | Meet and confer Defendants McComas, Sherman, Neuschmil |
| Deborah Blackwell, et al., | |
| Defendants. | |

RE: PRODUCTION OF DOCUMENTS SET: TWO

I'm unable to meet and confer as I'm incarcerated at California Health Care Facility in stockton, CA.

I don't have authority to arrange confidential phone call's or zoom call's. I'm writing to meet and confer, clarify my position in hopes that you amend your answers where you can.

RFP. NO.17:
California State Prison Solano Administration Segregation unit officers/Visitor sign in log relevant to M. Dernoncourt, time, reasons 10/12/2017

RTRFP NO.17:
Objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation. Official information privilege. Health and Safety code

Section 123115. Privacy. Compound

Plaintiff's position every staff member upon entering California State Prison must sign in the time and reasons for doing so.

This log gives rise to my claim that it was M. Dernoncourt who callously interfered with my emergency medical treatment by Mary Spurgeon. The log also identifies plaintiff witness who activated the code

RFP NO. 18:

California State Prison Solano Administration Segregation Unit officers/visitor sign in log relevant to Mary Spurgeon, time, reason's on 10/12/2017.

RTRFP NO. 18

objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation. Official information privilege. Health and Safety code section 123115. Privacy. Compound.

Plaintiff position, every staff member upon entering California State Prison must sign in the time and reason's for doing so. This log gives rise to my claim that it was M. Dernoncourt who callously interfered with my emergency medical treatment by mary Spurgeon.

The log also indentify plaintiff witness who activated the. I appreciate your consideration and await your response in 45 days.

Dated: June 2, 2024

Respectfully Submitted,
Dupree L. Adkins

2

## PROOF OF SERVICE BY MAIL
## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF San Joaquin

I am a citizen of the County of San Diego , State of California. I am a citizen
of the United States of America. I am over the age of eighteen (18) and not a party to this
action. I am a resident of the County of San Joaquin, CDCR# KSO695.

My address is:

California Health Care Facility

P.O. Box 213040

Stockton, Ca 95213

On May 31 , 20██ I served via United States Mail a copy of the following
document(s): meet and confer letter

The above-noted legal document(s) was placed in a sealed envelope, with postage
thereon fully prepaid, addressed to the person at the address indicated below pursuant to
California Code of Civil Procedure Section 1013. I placed the envelope or package in a
mailbox or other like facility addressed to: VIAYE ZHOU, State Bar NO. 351483
Deputy Attorney General, 600 West Broadway, Suite 1800
San Diego, CA 92101, P.O. Box 85266, San Diego, CA 92186-5266

I declare under penalty of perjury that the foregoing is true and correct to the
best of my knowledge. This document was executed on May 31 , 20 24 in San Joaquin
County, California.

Dufree Lamont Adkins

Type or Print Name

Dufree L. Adkins

Signature

# EXHIBIT-C

Defendant's Kernan, Sherman and Dernoncourts
response TO Plaintiff's Third Set of Request's
for Production of Documents...

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   LYNDSAY CRENSHAW, State Bar No. 246743
    Supervising Deputy Attorney General
3   SARAH E. SINGER, State Bar No. 242841
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 321-5774
    Facsimile: (619) 645-2581
7   E-mail: Sarah.Singer@doj.ca.gov
    *Attorneys for Defendants*
8   *E. Arnold, D. Blackwell, M. Dernoncourt, R. Douglas, L. Garcia, J. Gastelo, S. Kernan, J. Lee,*
    *M. McComas, K. McQuaid, R. Neuschmid, and A. Sherman*
9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

SACRAMENTO DIVISION

12

13

14

| | |
|---|---|
| **DUPREE LAMONT ADKINS,** | Case No. 2:19-cv-00458-DAD-DMC |
| Plaintiff, | **DEFENDANTS' KERNAN, SHERMAN, AND DERNONCOURT'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| **KERNAN, et al.,** | |
| Defendants. | |

20

21

22   **PROPOUNDING PARTY:**    **PLAINTIFF DUPREE LAMONT ADKINS**

23   **RESPONDING PARTY:**    **DEFENDANT KERNAN, SHERMAN, and DERNONCOURT**

24   **SET NO.:**    **THREE**

25

26

27

28

1

1

**PRELIMINARY STATEMENT**

2   The information provided in these responses is true and correct, according to Defendants'

3   best knowledge at this time, but it is subject to future correction for omissions, errors, or

4   mistakes. Defendants reserve the right to produce evidence of any subsequently discovered facts

5   or interpretations thereof, and to amend, modify, or otherwise change the responses, in

6   accordance with applicable discovery rules. Defendants make these responses to the Request for

7   Production of Documents in accordance with Federal Rule of Civil Procedure 34. These requests

8   for production are reproduced exactly as drafted by Plaintiff.

9   **REQUEST FOR PRODUCTION NO. 1**:

10   California State Prison Solano, Administrative Segregation Unit visitor log for 10-12-2017.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

12   Objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation.

13   Official information privilege. Health and Safety Code section 123115. Privacy.

14   **REQUEST FOR PRODUCTION NO. 2**:

15   California State Prison Solano, Administrative Segregation Unit visitor log for 08/30/2017.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

17   Objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation.

18   Official information privilege. Health and Safety Code section 123115. Privacy.

19   **REQUEST FOR PRODUCTION NO. 3**:

20   California State Prison Solano, Administrative Segregation Unit visitor log for 10/18/17.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

22   Objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation.

23   Official information privilege. Health and Safety Code section 123115. Privacy.

24   **REQUEST FOR PRODUCTION NO. 4**:

25   California Department of Corrections and Rehabilitation Job duties for the Recorder at

26   Institution Classification Committee.

27   / / /

28   / / /

2

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

2 |     Objection. Lacks foundation. Vague, ambiguous, and overbroad as to subject matter, "job

3 | duties," and as to time.

4 | **REQUEST FOR PRODUCTION NO. 5**:

5 |     Mental Health Services Delivery System Program Guide, Chapters pertaining to

6 | Psychologist to clinician contact of inmate-patient under there mental health care. For example

7 | plaintiff met with Callari, Vita Lic CSW on 8/29/2017, Psychologist Angela Sherman must

8 | contact Callari, Vita Lic CSW regarding her mental health evaluation of me, plaintiff which is

9 | Exhibit A of plaintiff's complaint.

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

11 |     Objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation.

12 | Official information privilege. Health and Safety Code section 123115. Privacy. Compound.

13 | Seeks documents that may not be relevant to any claim or defense, not proportional to the claims,

14 | and not proportional to the needs of the case, considering the importance of the issues at stake in

15 | the action, the amount in controversy, the parties' relative access to relevant information, the

16 | parties' resources, the importance of discovery in resolving the issues, and whether the burden or

17 | expense of the proposed discovery outweighs its likely benefit.

18 | Dated: May 1, 2023                         Respectfully submitted,

19 |

20 |                                  ROB BONTA
                                 Attorney General of California
                                 LYNDSAY CRENSHAW
                                 Supervising Deputy Attorney General

21 |

22 |

23 |                                  *Sarah E. Singer*

24 |                                  SARAH E. SINGER
                                 Deputy Attorney General

25 |                                  *Attorneys for Defendants*
                                 *E. Arnold, D. Blackwell, M. Dernoncourt, R.*

26 |                                  *Douglas, L. Garcia, J. Gastelo, S. Kernan, J.*
                                 *Lee, M. McComas, K. McQuaid, R.*

27 |                                  *Neuschmid, and A. Sherman*

28 | SA2022301558
83935338.docx

EXHIBIT-D

Defendant Sherman's Response
To Plaintiff's Fourth set of Requests For
Production of Documents...

1   ROB BONTA, State Bar No. 202668
    Attorney General of California
2   LYNDSAY CRENSHAW, State Bar No. 246743
    Supervising Deputy Attorney General
3   SARAH E. SINGER, State Bar No. 242841
    Deputy Attorney General
4   600 West Broadway, Suite 1800
    San Diego, CA 92101
5   P.O. Box 85266
    San Diego, CA 92186-5266
6   Telephone: (619) 321-5774
    Facsimile: (619) 645-2581
7   E-mail: Sarah.Singer@doj.ca.gov
    *Attorneys for Defendants*
8   *E. Arnold, D. Blackwell, M. Dernoncourt, R. Douglas, L. Garcia, J. Gastelo, S. Kernan, J. Lee,*
    *M. McComas, K. McQuaid, R. Neuschmid, and A. Sherman*
9

10          IN THE UNITED STATES DISTRICT COURT

11          FOR THE EASTERN DISTRICT OF CALIFORNIA

12                  SACRAMENTO DIVISION

13

14

15  **DUPREE LAMONT ADKINS,**                 Case No. 2:19-cv-00458-DAD-DMC

16                              Plaintiff,    **DEFENDANT SHERMAN'S RESPONSE
                                              TO PLAINTIFF'S FOURTH SET OF**
17           v.                               **REQUESTS FOR PRODUCTION OF
                                              DOCUMENTS**
18
    **KERNAN, et al. ,**
19
                              Defendants.
20

21

22  **PROPOUNDING PARTY:     PLAINTIFF DUPREE LAMONT ADKINS**

23  **RESPONDING PARTY:      DEFENDANT A. SHERMAN**

24  **SET NO.:               FOUR**

25

26

27

28

                                        1

**PRELIMINARY STATEMENT**

The information provided in these responses is true and correct, according to Defendant's best knowledge at this time, but it is subject to future correction for omissions, errors, or mistakes. Defendant reserves the right to produce evidence of any subsequently discovered facts or interpretations thereof, and to amend, modify, or otherwise change the responses, in accordance with applicable discovery rules. Defendant makes these responses to the Request for Production of Documents in accordance with Federal Rule of Civil Procedure 34. These requests for production are reproduced exactly as drafted by Plaintiff.

**REQUEST FOR PRODUCTION NO. 1:**

The complete "Enforcement Unit Board of Behavioral Sciences Re: Angela Sherman; Complaint No.: 2002018001376, "Record," January 19, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation. Official information privilege. Health and Safety Code section 123115. Privacy. Compound. Seeks documents that are not be relevant to any claim or defense, not proportional to the claims, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 2:**

The complete "Enforcement Unit" California Board of Psychology Re: Angela Sherman Control No.: 600 2018 000284 "Record," May 17, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Vague, ambiguous, and overbroad as to subject matter. Lacks foundation. Official information privilege. Health and Safety Code section 123115. Privacy. Compound. Seeks documents that are not be relevant to any claim or defense, not proportional to the claims, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

2

1   parties' resources, the importance of discovery in resolving the issues, and whether the burden or

2   expense of the proposed discovery outweighs its likely benefit.

3   Dated: May 1, 2023                                  Respectfully submitted,

4                                                        ROB BONTA
                                                         Attorney General of California
5                                                        LYNDSAY CRENSHAW
                                                         Supervising Deputy Attorney General
6

7                                                        *Sarah E. Suy*

8

9                                                        SARAH E. SINGER
                                                         Deputy Attorney General
10                                                       *Attorneys for Defendants*
                                                         *E. Arnold, D. Blackwell, M. Dernoncourt, R.*
11                                                       *Douglas, L. Garcia, J. Gastelo, S. Kernan, J.*
                                                         *Lee, M. McComas, K. McQuaid, R.*
12                                                       *Neuschmid, and A. Sherman*

13  SA2022301558
    83935272.docx
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                3

EXHIBIT- E

Plaintiff Dupree Lamont Adkins
5th request for Production
Of Documents.

Dufree L. Adkins #K50645
CHCF HG.3-602-R13070
Stockton, CA 95213

1  IN THE UNITED STATES DISTRICT COURT

2  FOR THE EASTERN DISTRICT OF CALIFORNIA

3  SACRAMENTO DIVISION

4

5  Dupree Lamont Adkins,               case NO. 2:19-CV-0458-DMC

6         Plaintiff,                    P

7         V.                            Plaintiff Dupree Lamont

8  DEBORAH BLACKWELL, etal.,           Adkins 5th request For

9         Defendants.                   Production of Documents

10

11  Pursuant to Rule 34 of The Federal Rules of

12  Civil Procedure, Plaintiff requests that Defend-

13  ant M. Dernoncourt produce for inspection

14  and copying the following document:

15  1. Any and all documents that support you were

16  not responsible for Plaintiff's mental Health

17  designation on 10-12-17.

18  2. Any and All documents that listed Plaintiff

19  at the CCCMS Mental Health Services Delivery

20  system at the time of your CSP-Solano-Asu 114

21  D review on 10-12-17.

22  I request that you produce these documents

23  in 45 days.

24  Date:                          Respectfully,

25  June 16, 2024                  Dupree L. Adkins

26                                 Dupree Lamont Adkins

27

28

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dufree Lamont Adkins, | Case No. 2:19-CV-0458- |
| Plaintiff, | DMC-P |
| V. | Plaintiff Dufree Lamont |
| DEBORAH BLACKWELL, etal. | Adkins 5th request for |
| Defendants. | Production of Documents |

### PROOF OF SERVICE

I hereby certify that on ~~June 16, 2024~~ I served a copy of the attached request for production of Documents for defendant M.Vernoncourt and Interrogatories for defendant M. Fregoso by placing a copy in a postage paid envelope add-ressed to the person hereinafter listed, by depo-siting said enevelope in the United States Mail at California Health Care Facility Stockton California; JIAYE ZHOU, office of the Attor-ney General, 600 West Broadway, suite 1800, San Diego, CA 92101, P.O. Box 85266, San Diego, CA 92186-5266.

I declare under penalty of perjury that the foregoing is true and correct.

Dufree L. Adkins

Dufree Lamont Adkins

(Derror 6-12-24)

EXHIBIT F

Meet and Conferred by Plaintiff
Dufree Lamont Adkins.

DuPree Lamont Adkins #K50645
CHCF
P.O. Box 213040
Stockton, CA 95213

COPY

3-9-2023

RE: Meet and Conferred

      Plaintiff requested the sign in log at California State Prison Solano Administrative Segregation Unit for: 10-12-2017 which proves Dernon-court was the employee who interfered and delayed with my treatment from RN Spurgeon;

      8/30/2017 will prove no employee named Scrievner, employee with the title scrievner signed in nor did defendant A. Sherman.

      The Same on 10/18/2017! The Job duties of the Recorder at Institution Classification Committee will prove all policies, procedures, rules, regulation's and policies were followed thus creating a genuine material fact that defendant A. Sherman was intentionaly dishonest by verification that Her false clinician comments were scrievner error.

      The mental Health Services Delivery System Program Guide Documents will prove defendant A. Sherman was intentionally dishonest in her verified Attachement 1 and Attachement 2.

      When I don't recieve these documents in the time frame of the Honorable Court, I well have no other recourse but to use everyfiber of my being to Compel you sir.

      AS you were...

DuPree Lamont Adkins

1

Dufree Lamont Adkins #K56645
CHCF
P.O. Box 213040
Stockton, CA 95213

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| Dufree Lamont Adkins, Plaintiff | Case No. 2:19-CV-00458-DMC-(PC) |
|---|---|
| v. | PROOF OF SERVICE |
| Kernan, et al., Defendants. | |

I hereby certify that on October 6, 2024, I served a copy of the attached MOTION FOR SANCTIONS by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at Stockton California.

State of California Department of Justice office of Deputy Attorney General JIAYE ZHOU 600 West broadway Suite 1800 San Diego, CA 92101, P.O. Box 85266, San Diego, CA 92186-5266; United States District Court Eastern District of California office of The Clerk 501 I Street, Suite 4-200, Sacramento, CA 95814-2322.

I declare under penalty of perjury that the foregoing is true and correct.

Dufree L. Adkins

Dufree Lamont Adkins