Rob Bonta, State Bar No. 202668
Attorney General of California
Lyndsay Crenshaw, State Bar No. 246743
Supervising Deputy Attorney General
Jiaye Zhou, State Bar No. 351483
Deputy Attorney General
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9694
 Fax:  (619) 645-2581
 E-mail:  jiaye.zhou@doj.ca.gov
*Attorneys for Defendants*
*Fregoso, Sherman, McComas, McQuaid, Blackwell,*
*Lee, Neuschmid, Garcia, Arnold, Dernoncourt,*
*Gastelo, and Douglas*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **DUPREE LAMONT ADKINS,**<br><br>Plaintiff,<br><br>v.<br><br>**KERNAN, et al. ,**<br><br>Defendants. | 2:19-cv-00458-DMC (PC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO DISQUALIFY DEFENDANTS' COUNSEL AND SANCTIONS (ECF NOS. 144, 145)**<br><br>Judge:     The Honorable Dennis M. Cota<br>Trial Date:   Not Set<br>Action Filed: March 14, 2019 |

## INTRODUCTION

The Court should deny Plaintiff's motions for disqualification of counsel and sanctions as substantively and procedurally defective. (ECF Nos. 144, 145.)  Additionally, in light of the inundated docket, Defendants respectfully request that they be excused from the requirement under Local Rule 230(*l*) to respond to every filing for the duration of the case and that, if the Court requires a response, it affirmatively directs Defendants to do so.

1

## FACT AND PROCEDURAL HISTORY

Plaintiff initiated this action in March 2019.  On September 8, 2022, Plaintiff brought his first motion for disqualification.  (ECF No. 63.)  Plaintiff alleges that the defense counsel "create[d] [an] 'appearance of impropriety,' racial bias, professional impropriety, ethical concerns, conflict of interest, lacked jurisdiction, and fail[ed] one's public fiduciary duties to investigate or responsibilities to Plaintiff."  (*Id.*)  The Court denied the motion as "conclusory, baseless, and fails to establish grounds for disqualification of counsel."  (ECF No. 68.)

On September 27, 2024, Plaintiff filed his second motion for disqualification and sanctions.  (ECF No. 144.)  Twelve days later, Plaintiff filed a third motion, again seeking sanctions.  (ECF No. 145.)

## ARGUMENT

### I. PLAINTIFF'S FALSE ACCUSATION IS UNFOUNDED, PREMATURE, AND VIOLATING THE PLRA.

Like their predecessor, Plaintiff's motions allege a litany of ethical violations, including duty of candor, appearance of impropriety, and undue influence on the witness.  (ECF No. 144 at 7-11; ECF No. 145 at 6-10.)  All claims hinge on a false accusation that the defense counsel knowingly misrepresented a material fact.  (*See e.g.*, ECF No. 144 at 8-9.)  Like last time, the Court should deny Plaintiff's motions as "conclusory, baseless, and fails to establish grounds for disqualification of counsel."  (ECF No. 68.)

Specifically, Plaintiff takes issues with the following language in Defendants' answer to Plaintiff's Fifth Amended Complaint:

> In response to paragraph sixteen, Defendants admit that on August 30, 2017, and on October 18, 2017, Dr. Sherman was present at the ICC meetings and confirmed the "Subject had the ability to understand ICC proceedings and his mental health was stable with no decompensation."  However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

(ECF No. 111 at 4:22-26.)

According to Plaintiff, because Dr. Sherman's clinician comments regarding Plaintiff's mental health condition were false, the defense counsel knowingly misrepresented the

2

Defs.' Oppo to Pl.'s Mots. for Disqualification of Counsel and Sanctions  (2:19-cv-00458-DMC (PC))

information to the Court. (*Id*. at 9.) Furthermore, by filing a motion for partial summary judgment based on Plaintiff's failure to exhaust, the defense counsel pursued a tactical advantage and "prolonged and multiplied the proceedings." (*Id*.) Plaintiff's argument fell short for three reasons.

First, contrary to Plaintiff's accusation, Defendants' answer accurately reflected both Classification Committee Chronos, which state, "Mental Health staff A. Sherman, Psychologist, was present and confirmed that Subject had the ability to understand ICC proceedings and that his mental health was stable with no decompensation." (ECF No. 144 at 14, 15.) Additionally, Defendants' answer was consistent with Defendant Dr. Sherman's responses to Plaintiff's interrogatories. Dr. Sherman repeatedly asserted, "I was unable to conduct an [in-person] assessment because Plaintiff refused to attend." (ECF No. 144 at 20.) In other words, because of Plaintiff's refusal to attend the in-person classification meeting, Dr. Sherman could only assess Plaintiff's mental health condition by reviewing his medical records, which showed that Plaintiff's mental health condition was stable with no decompensation. Therefore, the defense counsel truthfully presented the evidence to the Court with no alteration.

Second, Plaintiff's argument ignored that whether Dr. Sherman's clinician comments were false is a question of fact. "It is well-settled that questions of law are for the court, and questions of fact are for the jury. A litigant is entitled to a jury trial if and only if there are material issues of fact in dispute. *Parklane Hosiery Co, Inc. v. Shore,* 439 U.S. 322, 336 (1979); *In re Peterson,* 253 U.S. 300, 310 (1920). Here, assuming Plaintiff survives the motion for partial summary judgment regarding his failure to exhaust administrative remedies, Plaintiff's argument is premature that the defense counsel knowingly and intentionally misrepresented the fact. The fact has yet to be determined by the jury, and similarly, no expert witness has been retained to opine on this issue.

Lastly, Plaintiff disparaged the defense counsel for "relentlessly pursu[ing]…a tactical advantage in their motion for summary judgment re: exhaustion." (ECF No. 144 at 9; ECF No. 145 at 4.) Plaintiff's argument ignores that, under the Prison Litigation Reform Act, "a prisoner confined in any jail, prison, or other correctional facility" must exhaust all available

3

Defs.' Oppo to Pl.'s Mots. for Disqualification of Counsel and Sanctions  (2:19-cv-00458-DMC (PC))

administrative remedies before initiating a civil action with respect to prison conditions. 42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Therefore, the defense counsels did nothing else but promote their clients' best interests.

## II.  PLAINTIFF'S REQUESTS FOR SANCTIONS ARE PROCEDURALLY DEFICIENT.

The Court should also deny Plaintiff's motions because Plaintiff has failed to comply with the safe harbor rule under Rule 11(c)(2).  When sanctions are sought by the opposing party, the opposing party must comply with Rule 11's "safe harbor" provision. *See Barber v. Miller*, 146 F. 3d, 707, 710-11 (9th Cir. 1998); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (2001) ("[T]he procedural requirements of Rule 11[(c)(2)]'s 'safe harbor' are mandatory.")  Rule 11's safe harbor provision provides that a party may not file a motion for sanctions under Rule 11 unless the party against whom sanctions are sought is served with the motion and given 21 days to either withdraw or correct the paper that is the subject of the motion.  Fed. R. Civ. Pro. 11(c)(2).  Within the Ninth Circuit, the safe harbor provision is strictly enforced. *Holgate v. Baldwin*, 425 F.3d 671, 678 (2005) ("We enforce this safe harbor provision strictly.").

Here, Plaintiff repeatedly ignores the safe harbor rule.  Since Plaintiff's first motion for sanctions, Plaintiff has constantly failed to contact the defense counsel regarding any paper that might be subject to this rule, let alone provide 21 days to cure the alleged defect.  As such, the Court should deny Plaintiff's motions because the failure to follow the procedure outlined in Rule 11(c)(2) precludes the moving party from obtaining an award of sanctions. *Radcliffe*, 254 F.3d at 789.

## III.  IN LIGHT OF THE INUNDATED DOCKET, DEFENDANTS RESPECTFULLY ASK FOR THE COURT'S CLARIFICATION.

Defendants respectfully request that they be excused from the requirement of Local Rule 230(*l*), requiring a response to every brief filed by Plaintiff.  Since the inception of this matter, Plaintiff has demonstrated a strong propensity to file numerous frivolous motions, many of which contain unfounded accusations, as shown in the three motions for disqualification and sanctions.  Therefore, in light of the inundated docket, Defendants respectfully request that they be excused

4

Defs.' Oppo to Pl.'s Mots. for Disqualification of Counsel and Sanctions  (2:19-cv-00458-DMC (PC))

from the requirement to respond to every filing for the duration of the case and that, if the Court requires a response, it affirmatively directs Defendants to respond.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motions for disqualifications and sanctions as procedurally and substantively defective.

Dated:  October 18, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
LYNDSAY CRENSHAW
Supervising Deputy Attorney General

*/s/ Jiaye Zhou*

JIAYE ZHOU
Deputy Attorney General
*Attorneys for Defendants*
*Fregoso, Sherman, McComas, McQuaid,*
*Blackwell, Lee, Neuschmid, Garcia, Arnold,*
*Dernoncourt, Gastelo, and Douglas*

SA2022301558

5

Defs.' Oppo to Pl.'s Mots. for Disqualification of Counsel and Sanctions  (2:19-cv-00458-DMC (PC))

# CERTIFICATE OF SERVICE

| Case Name: | **Dupree Adkins (K50645) v. Kernan, et al.** | No. | **2:19-cv-00458** |
|---|---|---|---|

I hereby certify that on <u>October 18, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO DISQUALIFY DEFENDANTS' COUNSEL AND SANCTIONS (ECF NOS. 144, 145)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>October 18, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid for delivery within three (3) calendar days to the following non-CM/ECF participants:

DuPree Lamont Adkins
CDCR No. K50645
California Health Care Facility - Stockton
P.O. Box 213040
Stockton, CA 95213
***In Pro Se***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October  18, 2024</u>, at San Diego, California.

| G. Noguera | /s/ G. Noguera |
|---|---|
| Declarant | Signature |

SA2022301558
84790562.POS_Dupree.docx