IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUPREE LAMONT ADKINS,<br><br>Plaintiff,<br><br>v.<br><br>DEBORAH BLACKWELL, et al.,<br><br>Defendants. | No. 2:19-CV-0458-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second motion for disqualification of the California Department of Justice, Office of the Attorney General, as counsel for Defendants. See ECF No. 144. Also before the Court is Plaintiff's motion that sanctions be imposed on defense counsel. See ECF No. 145. Defendants have filed an opposition to both motions. See ECF No. 147. Plaintiff has filed a reply. See ECF No. 148.

///
///
///
///
///
///

1

Plaintiff's motions stem from his assertion that defense counsel has falsely represented a material fact. Specifically, Plaintiff challenges language in Defendants' answer to Plaintiff's fifth amended complaint in which Defendants assert as follows in response to paragraph sixteen:

> In response to paragraph sixteen, Defendants admit that on August 30, 2017, and on October 18, 2017, Dr. Sherman was present at the ICC meetings and confirmed the "Subject had the ability to understand ICC proceedings and his mental health was stable with no decompensation." However, Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this section and, therefore, deny them.

ECF No. 111, pg. 4.

According to Plaintiff, Defendant Sherman's clinician notes, cited in Defendants' answer, were false and defense counsel knowingly misrepresented this information to the Court. Plaintiff also asserts that, by filing a motion for summary judgment regarding exhaustion (discussed in a separate order), defense counsel has inappropriately pursued a tactical advantage and prolonged the proceedings.

The Court does not agree with Plaintiff that Defendants' statement in their answer warrants either disqualification or imposition of sanctions. As Defendants correctly observe, whether Defendant Sherman's statement was false is a question of fact reserved for a jury. Defendants believe the statement is true and averred as such in their responsive pleading. Whether Plaintiff can prove the statement to be false is a question for a later date. Moreover, the Court cannot fault defense counsel for pursuing every arguable defense, particular regarding exhaustion which is mandatory in prisoner civil rights cases.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to disqualify and for sanctions, ECF Nos. 144 and 145, are denied.

Dated: March 26, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE